1  MOLLY M. LENS (S.B. #283867)
     mlens@omm.com
2  DANIEL M. PETROCELLI (S.B. #97802)
     dpetrocelli@omm.com
3  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 8th Floor
4  Los Angeles, California  90067-6035
   Telephone:  +1 310 553 6700
5  Facsimile:   +1 310 246 6779

6  *Attorneys for Defendant*
   *Paramount Pictures Corporation*
7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11  SHOSH YONAY and YUVAL YONAY,          Case No. 2:22-CV-3846-PA

12                      Plaintiffs,        **DEFENDANT PARAMOUNT
                                           PICTURES CORPORATION'S
13            v.                           REQUEST FOR JUDICIAL
                                           NOTICE IN SUPPORT OF
14  PARAMOUNT PICTURES                     MOTION TO DISMISS
    CORPORATION, a Delaware corporation,   PLAINTIFFS' FIRST
15  and DOES 1-10,                         AMENDED COMPLAINT**

16                      Defendants.        **Hearing Date:** November 7, 2022
                                           **Hearing Time:** 1:30 PM
17                                         **Place:** Courtroom 9A
                                           **Judge:** Hon. Percy Anderson
18

19

20

21

22

23

24

25

26

27

28

1    Defendant Paramount Pictures Corporation ("PPC") respectfully requests

2    that the Court take judicial notice of Exhibits A-E to the Declaration of Patrick S.

3    McNally ("McNally Declaration") made in support of PPC's Motion to Dismiss

4    Plaintiffs' Complaint ("Motion").

5    Rule 201 of the Federal Rules of Evidence provides that a court "must take

6    judicial notice if a party requests it and the court is supplied with the necessary

7    information" of an adjudicative fact, where the fact is "not subject to reasonable

8    dispute because it . . . can be accurately and readily determined from sources whose

9    accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2), (c)(2).  In

10   ruling on a motion to dismiss for failure to state a claim, the Court may consider

11   "documents attached to the complaint, documents incorporated by reference in the

12   complaint, or matters of judicial notice . . . without converting the motion to

13   dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d

14   903, 907–08 (9th Cir. 2003).

15   Accordingly, the Court can, and should, consider the following Exhibits

16   when ruling on PPC's Motion:

17   ***Yonay's Article and* Top Gun: Maverick**.  Exhibits A and B to the McNally

18   Declaration are true and correct copies of Ehud Yonay's 1983 article entitled "Top

19   Guns" (the "Article") and the 2022 film *Top Gun: Maverick* ("Maverick"),

20   respectively.  Because the Complaint alleges that *Maverick* infringes Plaintiffs'

21   copyright in the Article, and discusses the purported similarities between the works,

22   both works are subject to judicial notice and are otherwise incorporated by

23   reference into the Complaint.  *See, e.g., Silas v. HBO*, 201 F. Supp. 3d 1158, 1168

24   (C.D. Cal. 2016) (taking judicial notice of a motion picture trailer, a shortened

25   trailer, a screenplay, and the *Ballers* television series that were all referenced in the

26   plaintiff's copyright complaint but not attached), *aff'd* 713 F. App'x 626, 627 (9th

27   Cir. 2018); *Gilbert v. New Line Prods., Inc.*, 2009 WL 7422458, at *2 (C.D. Cal.

28   Nov. 16, 2009) (taking judicial notice of the screenplays plaintiff alleged were

1

1    infringed, as well as defendants' alleged infringing movie); *Campbell v. Walt*

2    *Disney Co.*, 718 F. Supp. 2d 1108, 1111 n.3 (N.D. Cal. 2010) (same); *Fillmore v.*

3    *Blumhouse Productions, LLC*, 2017 WL 4708018, at *2 (C.D. Cal. July 7, 2017)

4    (considering manuscript and film referenced in, but not attached to, plaintiff's

5    complaint).[1]

6        ***Excerpt of Ehud Yonay's 1993 Book.***  Exhibit C to the McNally Declaration

7    is a true and correct copy of the cover page from Ehud Yonay's 1993 book *No*

8    *Margin for Error: The Making of the Israeli Air Force.*  The Court may take

9    judicial notice of the fact of the publication of this book because it is a fact that

10   "can be accurately and readily determined from sources whose accuracy cannot

11   reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Especially as the book was

12   authored by Yonay, the accuracy of this fact cannot be reasonably questioned.  *See,*

13   *e.g., Clinical Nutrition Centers, Inc. v. Mayo Found. for Med. Educ. & Rsch.*, 135

14   F. Supp. 3d 1267, 1271 (N.D. Ga. 2013) (taking judicial notice of the date of a

15   book's publication); *United States v. Davis*, 2012 WL 1313498, at *6 n. 4 (M.D.

16   Pa. Apr. 17, 2012) (same); *Poindexter v. Warner/Chappell Music Inc.*, 2009 WL

17   302064, at *1 n.1 (S.D.N.Y. Feb. 9, 2009) (taking judicial notice of song titles in

18   album).

19

20

21

22

23

---

24   [1] *See also Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it
     may be incorporated by reference into a complaint if the plaintiff refers extensively to the
25   document or the document forms the basis of the plaintiff's claim."); *Sobhani v.*
     *@radical.media, Inc.*, 257 F. Supp. 2d 1234, 1236 n.1 (C.D. Cal. 2003) (considering
26   content of motion picture *Cast Away*, which was the subject of the plaintiff's copyright
     claim); *Burnett v. Twentieth Century Fox*, 491 F. Supp. 2d 962, 966 (C.D. Cal. 2007)
27   (considering content of television program that formed basis of copyright claim but was
     not attached to complaint); *Kennedy v. Paramount Pictures Corp.*, 2013 WL 1285109, at
28   *3 (S.D. Cal. Mar. 27, 2013) (incorporating by reference a DVD copy of defendant's film
     *Titanic* after plaintiff referenced the film in the complaint).

1   ***The Contract Between Ehud Yonay and* California Magazine.**   Exhibit D

2   to the McNally Declaration is a true and correct copy of an April 29, 1983 contract

3   between Ehud Yonay and California Magazine, Inc. (the "*California Magazine*

4   Contract").   "Ninth Circuit law permits the Court to consider documents not

5   specifically incorporated by reference if the 'plaintiff's claim depends on the

6   contents of the document, the defendant attaches the document to its motion to

7   dismiss, and the parties do not dispute the authenticity of the document, even

8   though the plaintiff does not explicitly allege the contents of that document in the

9   complaint.'"   *Zella v. E.W. Scripps Co.,* 529 F. Supp. 2d 1124, 1131 (C.D. Cal.

10   2007) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)).   Here,

11   Plaintiffs' Complaint depends on the *California Magazine* Contract's contents.

12   Specifically, Plaintiffs claim that they are "the sole owners of the U.S. copyright in

13   [Yonay's article]," Compl. ¶ 29, and devote many paragraphs of the Complaint to

14   the copyright's "chain of title," including its registration, *id.* ¶¶ 21–28, 68.   The

15   *California Magazine* Contract is part of that chain of title.   Indeed, as the Complaint

16   recites, "Enud Yonay's Story was originally published on April 21, 1983 in the

17   May 1983 issue of *California* magazine and was registered in the U.S. Copyright

18   Office on October 3, 1983 (Reg. No. TX0001213463)," *id.* ¶ 21, which, of course,

19   only occurred because of the *California Magazine* Contract.   Moreover, California

20   Magazine registered the cited copyright registration.[2]   The Court should therefore

21   consider its contents when adjudicating PPC's Motion to Dismiss.   *See, e.g., Coto*

22   *Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (agreement not

23   mentioned in the complaint could be considered on review of dismissal because

24   plaintiff's claim depended on the agreement's contents).

25   ***The 1975 Senate Report.***   Exhibit E to the McNally Declaration is a true and

26   correct copy of a United States Senate report of a 1975 hearing before the

27

28   [2] The Court can take judicial notice of the copyright registration, which is Exhibit F to the McNally Declaration, as it is incorporated by reference in the complaint.

3

1    Committee on Armed Services ("Senate Report").  Courts routinely take judicial

2    notice of governmental documents under Rule 201(b)(2).  *See, e.g., Crofts v.*

3    *Issaquah Sch. Dist. No. 411*, 22 F.4th 1048, 1051 (9th Cir. 2022) (taking judicial

4    notice of letter written by government); *Dudum v. Arntz*, 640 F.3d 1098, 1101 n.6

5    (9th Cir. 2011) (judicial notice may be taken of official information that is posted

6    on a government website); *Ning Xianhua v. Oath Holdings, Inc.*, 536 F. Supp. 3d

7    535, 546 (N.D. Cal. 2021) (taking judicial notice of a Senate report); *Lopez v. Bank*

8    *of Am., N.A.*, 505 F. Supp. 3d 961, 969–71 (N.D. Cal. 2020) (courts may generally

9    take judicial notice of transcripts of congressional hearings).  The Court should

10   similarly take judicial notice of the facts in the Senate Report.

11                               *      *      *

12        For the foregoing reasons, when considering PPC's Motion to Dismiss

13   Plaintiff's Complaint, the Court should take judicial notice of the materials attached

14   to the McNally Declaration as Exhibits A-E.

15

16    Dated:  September 28, 2022            O'MELVENY & MYERS LLP

17                                         By:    /s/ Molly M. Lens
                                                  Molly M. Lens

18                                         *Attorney for Defendant*
                                           *Paramount Pictures Corporation*
19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE
CASE NO. 2:22-CV-3846-PA