| | |
|---|---|
| 1 | MOLLY M. LENS (S.B. #283867) |
|   | mlens@omm.com |
| 2 | DANIEL M. PETROCELLI (S.B. #97802) |
|   | dpetrocelli@omm.com |
| 3 | O'MELVENY & MYERS LLP |
|   | 1999 Avenue of the Stars, 8th Floor |
| 4 | Los Angeles, California  90067-6035 |
|   | Telephone:  +1 310 553 6700 |
| 5 | Facsimile:   +1 310 246 6779 |

*Attorneys for Defendant*
*Paramount Pictures Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY and YUVAL YONAY,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:22-CV-3846-PA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT PARAMOUNT PICTURES CORPORATION'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**Hearing Date:** November 7, 2022<br>**Hearing Time:** 1:30 PM<br>**Place:** Courtroom 9A<br>**Judge:** Hon. Percy Anderson |

# [Proposed] Order

Pending before the Court is Paramount Picture Corporation ("PPC")'s Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion"). For the reasons summarized below, the Court grants the Motion.

At the outset, Plaintiffs fail to state a claim for copyright infringement because they do not plausibly allege a substantial similarity between the original, *protectable* elements of PPC's 2022 film *Top Gun: Maverick* ("*Maverick*") and Ehud Yonay's 1983 nonfiction article *Top Guns* (the "Article"). *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018). Factual information "may not . . . form the basis for a copyright claim." *Corbello v. Valli*, 974 F.3d 965, 971 (9th Cir. 2020). The same is true for ideas, *scènes à faire*, and stock scenes and themes. *See Musero v. Mosaic Media Grp., Inc.*, 2010 WL 11595453, at *2 (C.D. Cal. Aug 9, 2020). Such unprotectable elements aside, *Maverick* and the Article are wholly dissimilar works. Among other things, they advance unrelated plots, contain different sequencing, pacing, and moods, and utilize distinct characters, themes, and dialogue. As a result, *Maverick* does not infringe on Plaintiffs' copyright in the Article.

Because there is no substantial similarity between the Article and *Maverick*, *Maverick* is not a derivative work of the Article as a matter of law, and thus, Plaintiffs' declaratory relief claim also fails.

Finally, Plaintiffs' contract claim fares no better. Plaintiffs' assertion that Yonay's 1983 assignment of his motion picture rights in the Article to PPC (the "Assignment") obligated PPC to provide him with a credit on *Maverick* is undermined by the Assignment's unambiguous language. *See Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1040 (C.D. Cal. 2008) ("Resolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous."). The Assignment plainly requires that a film be

1  produced under the Assignment's copyright grant before any credit obligation is
2  triggered.  Dkt. 16, Ex. 2 at ¶ 7(b).  Here, because *Maverick* does not use any of the
3  Article's protectible expression—and because Plaintiffs themselves allege that PPC
4  did not possess any rights under the Assignment after Plaintiffs' copyright
5  termination, Am. Compl. ¶ 37—*Maverick* necessarily was not produced under the
6  Assignment's grant.  So no credit is due.
7        Accordingly, the Court hereby **ORDERS** that the Motion is **GRANTED**.
8  Plaintiffs' First Amended Complaint is hereby dismissed with prejudice.
9        **IT IS SO ORDERED.**

11  Dated: _____  _____
12                                                          The Honorable Percy Anderson
                                                        Judge, United States District Court
13                                                          for the Central District of California