MOLLY M. LENS (S.B. #283867)
mlens@omm.com
DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone:   +1 310 553 6700
Facsimile:    +1 310 246 6779

*Attorneys for Defendant
Paramount Pictures Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY and YUVAL YONAY,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:22-CV-3846-PA<br><br>**DEFENDANT PARAMOUNT PICTURES CORPORATION'S REPLY TO PLAINTIFFS' OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE**<br><br>**Hearing Date:** November 7, 2022<br>**Hearing Time:** 1:30 PM<br>**Place:** Courtroom 9A<br>**Judge:** Hon. Percy Anderson |

The Court should deny Plaintiffs' objections (the "Objections") to PPC's Request for Judicial Notice in their entirety.

***First***, and as an initial matter, Plaintiffs notably do not object to PPC's request that the Court consider the Article (included in Exhibit A) and the *Maverick* DVD (Exhibit B), since both works are expressly referenced in the FAC. *See, e.g.*, FAC ¶¶ 1-2. Based only on a review of the Article and *Maverick*, the Court can and should decide that Plaintiffs' copyright claims fail as a matter of law.

***Second***, PPC does not seek an early summary judgment. As explained in the Request for Judicial Notice, the Court may properly take judicial notice of Exhibits A-E to the McNally Declaration without converting the Motion to a motion for summary judgment. In ruling on a motion to dismiss, courts may consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice . . . without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). Should the Court agree with Plaintiffs that certain of the exhibits (or portions of exhibits) to which Plaintiffs object are not judicially noticeable, the Court can, and should, simply disregard them because, as explained in the Motion, they are unnecessary for resolution. *See, e.g.*, Mot. n.1 and n.13.[1]

***Third***, Plaintiffs are incorrect that the Court may not consider the "Contents" page of Exhibit A. They mistakenly insist that PPC is asking the Court to take judicial notice of the *truth* of the listed articles' contents. Objections at 3–4. But PPC has no interest in, for example, whether California's "best Mexican restaurant" is indeed superior to all other Mexican restaurants in the state. McNally Decl., Ex. A at 3. Instead, PPC merely asks the Court to take judicial notice of the listed articles' titles and attendant descriptions—all of which are otherwise incorporated

---

[1] In an apparent attempt to avoid the 25-page limit for opposition briefs under the Central District Local Rules, Plaintiffs devote more than two pages of their Objections to legal arguments that the Court should disregard. *See* Objections at 10-12.

by reference in the First Amended Complaint, *see* FAC ¶ 21 (noting that the Article "was originally published . . . in the May 1983 issue of *California* magazine").[2]

**Fourth**, and relatedly, PPC does not ask the Court to take judicial notice of the truth of Exhibit C, which is the cover page from Ehud Yonay's 1993 book *No Margin for Error: The Making of the Israeli Air Force*. Plaintiffs offer no explanation why judicial notice "of the fact of the publication of th[e] book," Request for Judicial Notice at 2, is impermissible, and the Court should grant PPC's request. *See, e.g.*, *Clinical Nutrition Centers, Inc. v. Mayo Found. for Med. Educ. & Rsch.*, 135 F. Supp. 3d 1267, 1271 (N.D. Ga. 2013) (taking judicial notice of the date of a book's publication); *United States v. Davis*, 2012 WL 1313498, at *6 n. 4 (M.D. Pa. Apr. 17, 2012) (same). Contrary to Plaintiffs' argument, Objections at 5, PPC does not reference, much less ask the Court to judicially notice, the "particulars" of the book's contents.

**Fifth**, Exhibit D of the McNally Declaration, the April 29, 1983 contract between Mr. Yonay and California Magazine, Inc. (the "*California Magazine* Contract"), is also judicially noticeable. Plaintiffs contend that PPC cannot, on a motion to dismiss, "seek judicial notice of the contents of a contract that is neither referenced in the FAC nor a matter of public record." Opposition at 6. But this proposition is flatly contradicted by *Knievel v. ESPN*, in which the Ninth Circuit noted that courts *can* consider a document whose contents are not explicitly alleged in the complaint if "the plaintiff's claim depends on the contents of [the] document." 393 F.3d 1068, 1076 (9th Cir. 2005). That is precisely the case here, since the *California Magazine* Contract is the very reason that California Magazine was able to file the copyright registration that Plaintiffs rely on in the FAC. FAC ¶ 21; *see also* 17 U.S.C. § 411(a) (copyright registration a prerequisite to sue for copyright infringement). Plaintiffs' claim of copyright infringement is thus

---

[2] Plaintiffs themselves characterize the articles in *California Magazine* as "long-form non-fiction." *See* FAC ¶ 21.

premised on their sole ownership of the U.S. copyright in Yonay's Article, and the *California Magazine* Contract is a necessary link in the copyright's "chain of title." *See* FAC ¶¶ 21–29. Because Plaintiffs' claim "depends on" the contents of the *California Magazine* Contract, those contents are subject to judicial notice.[3]

***Finally***, the Court should take judicial notice of the truth of the contents of Exhibit E, a 1975 Senate Report describing various aspects of the Top Gun program. Plaintiffs' various objections fall short upon scrutiny. Their reference to *Gingery v. City of Glendale* is inapposite. There, the Court declined to take notice of "various historical facts and governmental statements" because that information was not "necessary or relevant" to the pending motions. *See* 2014 WL 10987395, at *2 (C.D. Cal. Aug. 4, 2014). Here, by contrast, the information contained in the Senate Report speaks directly to the factual nature of the Article, and is undoubtedly relevant to disposition of PPC's Motion. *See* Motion at 15 n. 13.[4]

Plaintiffs also assert that the contents of the Senate Report are not "generally known" and cannot "be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Objections at 8. But they provide no reason why a published report from the United States Senate should be treated any differently than other government publications whose contents *are* subject to judicial notice. *See, e.g.*, *Dudum v. Arntz*, 640 F.3d 1098, 1101 n.6 (9th Cir. 2011) (taking judicial notice of a city's official election results as posted on a government website, "whose accuracy cannot reasonably be questioned"). Instead, Plaintiffs attempt to rely on cases that did not involve a government publication or had judicial notice denied for an unrelated reason. *See Bain v. Film Independent, Inc.*,

---

[3] Plaintiffs attempt to distinguish *Knievel* by arguing that what was judicially noticed there "was at the crux of the case." Objections at 6. But the same is true here. The contents of the *California Magazine* Contract speak to the factual nature of the Article—an issue Plaintiffs cannot credibly deny is at the "crux" of this dispute.

[4] To be sure, although the Senate Report is certainly relevant, it is not necessary for resolution of the Motion.

2018 WL 6930766, at *3 (C.D. Cal. Aug. 9, 2018) (private websites); *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.,* 595 Fed. Appx. 670, 672 (9th Cir. 2014) (party did not identify facts for judicial notice); *Alexiadis v. Cambridge Systematics, Inc.,* 2022 WL 3137458, at *4 (C.D. Cal. June 15, 2022) (emails between counsel); *Silas v. Home Box Office, Inc.*, 201 F. Supp. 3d 1158, 1170 (C.D. Cal. 2016) (elements common to prior works).

    Plaintiffs further argue that the Senate Report's contents are inadmissible hearsay, but the exception for public records applies. *See* Fed. R. Evid. 803(8). The contents are the statement of a Navy official "set[ting] out the [Navy's] activities," and Plaintiffs do not show that "the source of information or other circumstances indicate a lack of trustworthiness." *See id.* If anything, Plaintiffs implicitly acknowledge the truth of the Senate Report's contents when they attempt to distinguish the Article rather than contest the Report's underlying facts. Objections at 9-10 ("The Senate Report presents this bare information largely in a 'question and answer' format and is completely devoid of the creative expression employed by Yonay.").

    Because the contents of the Senate Report remain undisputed and come from a trustworthy source, they should be judicially noticed for their truth.

*   *   *

    For the foregoing reasons, when considering PPC's Motion to Dismiss the First Amended Complaint, the Court can, and should, take judicial notice of the materials attached to the McNally Declaration as Exhibits A-E.

Dated: October 19, 2022            O'MELVENY & MYERS LLP

                                       By:  /s/ Molly M. Lens
                                                Molly M. Lens

*Attorney for Defendant
Paramount Pictures Corporation*