UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | November 9, 2022 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**         **IN CHAMBERS — COURT ORDER**

Before the Court is a Motion to Dismiss Plaintiffs' First Amended Complaint filed by defendant Paramount Pictures Corporation ("Defendant"). (Docket No. 20.) Defendants challenge the sufficiency of all three claims contained in the First Amended Complaint ("FAC") filed by plaintiffs Shosh Yonay and Yuval Yonay ("Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 7, 2022, is vacated, and the matter taken off calendar.

## I.    Background

On April 21, 1983, California Magazine published an article written by Ehud Yonay ("Yonay" or "Author") entitled "Top Guns" ("Article" or "Story"). (Docket No. 16 ¶ 21.) Plaintiffs are Yonay's heirs. The subject of the Article is the Top Gun naval training base in Miramar, California. Plaintiffs, in the FAC, describe the Article, in part, as follows:

> [T]he Author's copyrighted Story was written in a remarkably vivid and cinematic fashion…. Rather than focusing on the historical details of the training school, the Story focuses on the pilots (the "Top Guns") and their personal experiences, singling out two in particular, a hotshot pilot ("Yogi") and his radio intercept officer ("Possum"), as they are hammered into a team. It skillfully selects accounts of the pilots' personal lives and their "hops" (flight maneuvers) to construct a romanticized, first-hand experience of what it is like to be a member of an elite Navy fighter squadron.

(Docket No. 16 ¶ 22.) Shortly after the Article was published, Defendant secured an "Assignment of Rights," dated May 18, 1983, for motion picture rights to the Article, among

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | November 9, 2022 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

other rights as well ("1983 Agreement").  (Id. ¶ 23.)  This 1983 Agreement was signed by both Yonay and Defendant.  The terms of the Agreement include the following:

> The Purchaser agrees, however, to announce on the film of any motion picture photoplay that may be produced by it hereunder and substantially based upon or adapted from said work or any version or adaptation thereof, substantially incorporating the plot, theme, characterizations, motive and treatment of said work or any version or adaptation thereof, that said motion picture photoplay is based upon or adapted from or suggested by a work written by the Author, or words to that effect, and, if the Purchaser shall so elect, upon such other material as may be incorporated in any such motion picture photoplay, with or without the names of the authors of such other material….

(Docket No. 16-2 at p. 8 ¶ 7(b).)  "Said work" is defined in the 1983 Agreement as "a certain published story entitled 'TOP GUNS.'"  (Id. at p. 6 ¶ 1(a).)  Then, in 1986, Defendant released the film "Top Gun" ("Film").  The Article is described in the Complaint as "the clear genesis of" the Film.  (Docket No. 16 ¶ 26.)

According to the FAC, on January 23, 2018, Plaintiffs sent Defendant a "statutory notice of termination," pursuant to 17 U.S.C. 203(a), "terminating the Author's grant in the 1983 Agreement of all rights under U.S. copyright in the Story."  (Id. 16 ¶ 27-28.)  Plaintiffs assert that the termination became effective on January 24, 2020.

In 2022, Defendant released a sequel to the Film, entitled "Top Gun: Maverick" ("Sequel").  (Id. ¶ 1.)  The FAC asserts that the Sequel, like the Film, is "derived from" the Article.  (Id. ¶ 36.)  Plaintiffs explain that the Article told the story of a naval training program that was "personified" by Yonay "through the eyes of two lieutenants in the course, a hotshot pilot ('Yogi') and his friend and second in the two-man cockpit ('Possum')."  (Id. ¶ 30.)  According to the FAC, Yonay's "vivid imagery" and "colorful telling" "brought to life what could have easily been a barren subject of facts and figures."  (Id. ¶ 31-32.)

Plaintiffs allege that "but for the Author's literary efforts and his Story's evocative prose and narrative, Paramount's 1986 Film and its highly successful 2022 Sequel would not exist."  (Id. ¶ 26.)  Plaintiffs further allege that the Sequel contains key elements that are substantially similar to the Article, and attach a list of more than seventy (70) alleged substantial similarities between the Article and the Sequel as Exhibit 1 to the FAC.  (Docket No. 16-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | November 9, 2022 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

Plaintiffs assert three claims in their FAC: (1) breach of contract, (2) declaratory relief, and (3) copyright infringement. (Docket No. 16.) In its Motion to Dismiss, Defendant argues that Plaintiffs have not sufficiently pled that the Sequel and the Article are substantially similar and therefore Plaintiffs have failed to state a claim for copyright infringement upon which relief can be granted. Defendant also asserts that Plaintiffs' requested declaratory relief rises and falls with the copyright infringement claim because Plaintiffs seek an order from the Court declaring that "the Sequel is derivative of Ehud Yonay's Story." (Id. ¶ 64.) Defendant further argues that Plaintiffs have failed to state a claim for breach of contract because the Sequel was not "produced under" the 1983 Agreement and/or because the Sequel is not substantially based on or adapted from the Article.

The Court addresses each of Plaintiffs' claims in turn, beginning with the copyright infringement claim as it largely affects the remaining claims.

## II.  Legal Standards

### A.  Motion to Dismiss

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | November 9, 2022 |
|---|---|---|---|

| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. |
|---|---|

a right to relief above the speculative level...." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted).  In construing the Twombly standard, the Supreme Court has advised that a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  Id. at 664.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.

When deciding a [Rule] 12(b)(6) motion to dismiss, courts look solely within the four corners of the complaint, as well as at any exhibits attached therein.  See C.R. Laurence Co. v. Frameless Hardware Co. LLC, No. 221CV01334JWHRAOX, 2022 WL 2035952, at *4 (C.D. Cal. Feb. 14, 2022) (citation omitted); Golden v. High Desert State Prison, No. 2:14-CV-1923 JAM KJN, 2015 WL 3419391, at *1 (E.D. Cal. May 27, 2015) ("Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.") (citing Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir.1990)).

### B.    Judicial Notice

Defendant has requested that the Court take judicial notice of (1) a copy of the Article-including two pages from California Magazine that are not part of the Article but that precede it-, (2) a DVD copy of the Sequel motion picture, (3) a contract between Yonay and California Magazine, (4) a book written by Yonay, and (5) a 1975 Senate Report.  (Docket No. 20-2.).  Plaintiffs do not object to the DVD or the Article itself, but Plaintiffs do object to the remaining documents, as well as the two pages preceding the Article in California Magazine.

When evaluating a Rule 12(b)(6) motion, a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | November 9, 2022 |
|----------|----------------------|------|------------------|

| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. |
|-------|---------------------------------------------------------------|

complaint, or matters of judicial notice...." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Under this doctrine, courts may take judicial notice of adjudicative facts that are "'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'" Id. at 909 (quoting Fed. R. Evid. 201(b)(2)). A court may also judicially notice matters of public record. Lee v. City of L.A., 250 F.3d 668, 789 (9th Cir. 2001). The Court grants Defendant's request for judicial notice of the Article (but not the two pages preceding the Article) and the DVD copy of the Sequel motion picture because both are incorporated into Plaintiffs' FAC by reference. See Adkins v. Apple Inc., 147 F. Supp. 3d 913, 920 n. 9 (N.D. Cal. 2014) (taking judicial notice of pre-suit notice to defendant where Plaintiffs had not opposed this request and, in their opposition brief, implicitly concede that the referenced letter is the alleged notice which they provided to defendant). Additionally, the 1975 Senate Report is a public record and the Court grants Defendant's request for judicial notice thereof. However, in granting these requests for judicial notice, the Court does not grant said notice as to the truth of the matters asserted therein.

The Court declines to take judicial notice of Yonay's book, the contract between California Magazine and Yonay, and the first two pages preceding the Article in California Magazine.

**III.    Analysis**

**A.    Copyright Infringement**

Defendant's primary argument in its Motion to Dismiss is that Plaintiffs have not sufficiently pled in their FAC that the Article and the Sequel are "substantially similar." The Court disagrees.

"'Substantial similarity' refers to similarity of expression, not merely similarity of ideas or concepts." Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1398 (9th Cir. 1997) (citation omitted). Only protected expression is relevant for purposes of assessing substantial similarity. See Shaw v. Lindheim, 919 F.2d 1353, 1361 (9th Cir. 1990); see also Smart Inventions, Inc. v. Allied Commc'ns Corp., 94 F. Supp. 2d 1060, 1066 (C.D. Cal. 2000) ("It is an axiom of copyright law that ideas are not protected."). In determining if two works are substantially similar, the Ninth Circuit's test contains both an extrinsic and an intrinsic component. Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1077 (9th Cir. 2006). When assessing substantial similarity as a matter of law, however, "courts apply only the extrinsic test." Id. "[T]he intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | November 9, 2022 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

In applying the extrinsic test to determine whether two works are substantially similar for copyright infringement purposes, a court "compares, not the basic plot ideas for stories, but the actual concrete elements that make up the total sequence of events and the relationships between the major characters." Berkic v. Crichton, 761 F.2d 1289, 1293 (9th Cir. 1985). The extrinsic test places the burden on the plaintiff to identify the sources of the alleged similarity between the plaintiff's work and the allegedly infringing work. See Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1443 (9th Cir. 1994). Once the plaintiff has identified the alleged similarities, "[u]sing analytic dissection, and, if necessary, expert testimony, the court must determine whether any of the allegedly similar features are protected by copyright." Id. In comparing these features, the Court must first filter out any "unprotectable elements" such as familiar stock scenes, scenes-a-faire, and facts and ideas. Id. (discussing scenes-a-faire); Cavalier, 297 F.3d at 823 (quoting Berkic, 761 F.2d at 1294) (discussing stock scenes and scenes-a-faire); Harper & Row, Publishers v. Nation Enterprises, 471 U.S. 539, 547-48, 105 S. Ct. 2218, 2223-24 (1985) (discussing facts and ideas).

Because analytical dissection and substantial similarity between protected elements of works are "usually extremely close issue[s] of fact," the Ninth Circuit disfavors dismissals on the ground of substantial similarity at the Rule 12(b)(6) stage. Zindel v. Fox Searchlight Pictures Inc., 815 F. App'x 158, 159 (9th Cir. 2020)

Here, the Court finds that there are enough alleged similarities between the Article and the Sequel for reasonable minds to differ on the issue of substantial similarity, including the filtering out of unprotected elements. Accordingly, additional development of the factual record would shed light on the issues pertinent to the Court's analysis under the extrinsic test. The Court finds that, at this early stage, the FAC provides a sufficient basis to conclude the alleged similarities between the Article and the Sequel defeat Defendant's Rule 12(b)(6) challenge.

**B.      Breach of Contract and Declaratory Relief**

As Defendant points out in its Motion to Dismiss, Plaintiffs' declaratory judgment claim largely rises and falls with Plaintiffs' copyright infringement claim. Plaintiffs seek a declaration from the Court that the Sequel "is derivative of" the Article, and, just as with the copyright infringement claim, Plaintiffs have sufficiently pled such in their Complaint.

With respect to Plaintiffs' breach of contract claim, Defendant argues that the 1983 Agreement only requires Defendant to credit Yonay on a film if the film was "produced under the Assignment's copyright grant (i.e. 'produced by it hereunder'), *and* (2) the film must be substantially based on or adapted from the Article or an adaptation of the Article, taking into

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | November 9, 2022 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

account plot, theme, characterizations, motive, and treatment." (Docket No. 20 at p. 24.) (emphasis in original.) Plaintiffs, however, argue that the "and" in paragraph 7(b) of the 1983 Agreement is a hendiadys and, therefore, because the Sequel is "substantially based upon" the Article, the Sequel had to have been "produced under" the 1983 Agreement. (Docket No. 21 at p. 25.)

No matter which interpretation of the 1983 Agreement the Court applies, Plaintiffs, at this stage in litigation, have sufficiently pled their breach of contract claim. First, should the Court interpret the 1983 Agreement such that "produced hereunder" necessarily means "substantially based upon," as Plaintiffs urge, then the breach of contract claim is largely affected by the Courts aforementioned determination that Plaintiffs properly pled the "substantial similarity" requirement of their copyright infringement claim. While the question then still remains whether the 1983 Agreement applies temporally to the Sequel, the record does not indicate, nor has Defendant argued, that the Sequel was not in production prior to the January 24, 2020 termination of the grant under the 1983 Agreement. Alternately, should the Court interpret the 1983 Agreement such that "produced hereunder" and "substantially based upon" impose separate requirements, then both the meaning of the term "produced" and possibly the production timeline of the Sequel become important to the Court's analysis of this claim. This information is not currently in the record before the Court, and the Court is therefore unable to resolve the issue at this stage of the proceedings. Instead, the Court concludes that Plaintiffs' claim for breach of contract satisfies the federal pleading standard.

In sum, Plaintiffs have sufficiently pleaded all three causes of action to survive Defendant's Motion to Dismiss.

### **Conclusion**

For all of the foregoing reasons, the Court denies the Motion to Dismiss. The Court concludes that the FAC contains sufficient well-pleaded facts to state viable claims for copyright infringement, breach of contract, and declaratory relief. Defendant shall file its Answer to the FAC by no later than November 28, 2022. The Court will additionally issue an Order Setting Scheduling Conference.

IT IS SO ORDERED.