MOLLY M. LENS (S.B. #283867)
 mlens@omm.com
DANIEL M. PETROCELLI (S.B. #97802)
 dpetrocelli@omm.com
PATRICK S. MCNALLY (S.B. #302062)
 pmcnally@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Attorneys for Paramount Pictures Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 22-CV-03846-PA-GJS<br><br>**PARAMOUNT PICTURES CORPORATION'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |

# ANSWER

Through its undersigned attorneys, Defendant Paramount Pictures Corporation ("Paramount Pictures") answers in response to the above-captioned amended complaint as follows:

# NATURE OF THE ACTION

1. Paramount Pictures admits that Yonay is the author of the 1983 article entitled "Top Guns." Paramount Pictures vigorously denies that *Top Gun* and *Top Gun: Maverick* are derivative works of Ehud Yonay's non-fiction article about the real-life naval facility known as "Top Gun." By claiming that *Top Gun: Maverick* infringes Yonay's non-fiction article, the Yonays impermissibly seek to give themselves a monopoly over historical facts that are free to all creators. The Yonays' claims thus run afoul of "[t]he most fundamental axiom of copyright law … that 'no author may copyright … the facts he narrates.'" *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344–45 (1991); *Corbello v. Valli*, 974 F.3d 965, 971 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2856 (2021) (factual information "may not … form the basis for a copyright claim").

2. Admits that Paramount Pictures licensed the rights to the non-fiction article and that the credit "[s]uggested by Ehud Yonay's article 'Top Guns' in California Magazine" appeared in the film's end crawl, but denies that Paramount Pictures was obligated to license the rights and/or provide Yonay with any credit, and denies the remaining allegations of paragraph 2.

3. Admits that the Yonays served a termination notice on Paramount Pictures on or about January 23, 2018, and that the Yonays appear to have filed such notice with the Copyright Office, but otherwise alleges that paragraph 3 contains conclusions of law to which no answer is required.

4. Denies the allegations of paragraph 4, and/or alleges that such allegations contain conclusions of law to which no answer is required.

5. Admits that Paramount Pictures is a multinational company that owns valuable intellectual property, including copyrights, but denies the remaining allegations of paragraph 5.

## PARTIES

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Admits the allegations of paragraph 8.

9. Alleges that paragraph 9 contains conclusions of law to which no answer is required.

10. Alleges that paragraph 10 contains conclusions of law to which no answer is required.

11. Alleges that paragraph 11 contains conclusions of law to which no answer is required.

12. Alleges that paragraph 12 contains conclusions of law to which no answer is required.

## STATUTORY BACKGROUND

13. Alleges that paragraph 13 contains conclusions of law to which no answer is required.

14. Alleges that paragraph 14 contains conclusions of law to which no answer is required.

15. Alleges that paragraph 15 contains conclusions of law to which no answer is required.

16. Alleges that paragraph 16 contains conclusions of law to which no answer is required.

17. Alleges that paragraph 17 contains conclusions of law to which no answer is required.

18. Alleges that paragraph 18 contains conclusions of law to which no answer is required.

19. Alleges that paragraph 19 contains conclusions of law to which no answer is required.

20. Alleges that paragraph 20 contains conclusions of law to which no answer is required.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

21. Admits that *California* Magazine published non-fiction works, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21, and/or alleges that such allegations contain conclusions of law to which no answer is required.

22. Admits that *Top Gun* and *Top Gun: Maverick* have reached worldwide audiences, that Paramount Pictures licensed the rights to the non-fiction article, and that the non-fiction article contains historical details. Denies knowledge or information sufficient to form a belief as to the truth of the allegation that the magazine had a "modest circulation [and] was not well known," and denies the remaining allegations (including the Yonays' characterization of the non-fiction article), and refers the Court to the non-fiction article for its full contents.

23. Admits that Paramount Pictures licensed the exclusive motion picture, television, and merchandising rights to the non-fiction article in a May 1983 agreement, but denies the remaining allegations of paragraph 23, and refers the Court to the 1983 Agreement for its full contents.

24. Denies the allegations of paragraph 24 (including the suggestion that the 1983 Agreement's use of the phrase "published story written by Ehud Yonay entitled 'Top Guns'" has any legal import), but admits that paragraph 24 selectively quotes from the 1983 Agreement and refers the Court to the 1983 Agreement for its full contents.

25. Denies the allegations of paragraph 25 and/or alleges that such allegations contain conclusions of law to which no answer is required.

26. Denies the allegations of paragraph 26 and/or alleges that such allegations contain conclusions of law to which no answer is required.

27. Admits that the Yonays served a termination notice on Paramount Pictures on or around January 23, 2018, but denies the remaining allegations of paragraph 27 and/or alleges that such allegations contain conclusions of law to which no answer is required.

28. Alleges that paragraph 28 contains conclusions of law to which no answer is required.

29. Alleges that paragraph 29 contains conclusions of law to which no answer is required.

30. Denies the Yonays' characterization of the non-fiction article in paragraph 30, and refers the Court to the article for its full contents.

31. Denies the Yonays' characterization of the non-fiction article in paragraph 31, and refers the Court to the article for its full contents.

32. Admits that Paramount Pictures licensed the rights to the non-fiction article after its publication, but denies the remaining allegations of paragraph 32, including the Yonays' characterization of the non-fiction article.

33. Admits that the original *Top Gun* was produced by Jerry Bruckheimer and was based on a screenplay by Jim Cash and Jack Epps, Jr., and that the credit "[s]uggested by Ehud Yonay's article 'Top Guns' in California Magazine" appeared in the film's end crawl, but denies the remaining allegations of paragraph 33 and/or alleges that such allegations contain conclusions of law to which no answer is required.

34. Admits that *Top Gun: Maverick* is a sequel to the original *Top Gun*, but denies the remaining allegations of paragraph 34 and/or alleges that such allegations contain conclusions of law to which no answer is required.

35. Denies the allegations of paragraph 35 and/or alleges that such allegations contain conclusions of law to which no answer is required.

36. Admits that Paramount Pictures did not require a license from the Yonays for *Top Gun: Maverick*, but denies the remaining allegations of paragraph 36 and/or alleges that such allegations contain conclusions of law to which no answer is required.

37. Denies the allegations of paragraph 37 and/or alleges that such allegations contain conclusions of law to which no answer is required.

38. Admits the allegations of paragraph 38.

39. Denies the allegations of paragraph 39 and/or alleges that such allegations contain conclusions of law to which no answer is required.

40. Admits that on or about January 23, 2018, the Yonays served Paramount Pictures with their Notice of Termination, that on or about May 11, 2022, the Yonays sent Paramount Pictures a cease-and-desist letter regarding *Top Gun: Maverick*, and that on or about May 13, 2022, Paramount sent a letter explaining why the Yonays were incorrect, and refers to such letters for their full contents, but denies the remaining allegations of paragraph 40 and/or alleges that such allegations contain conclusions of law to which no answer is required.

41. Admits that Paramount Pictures continues to distribute and exploit *Top Gun: Maverick*, but denies the remaining allegations of paragraph 41 and/or alleges that such allegations contain conclusions of law to which no answer is required.

42. Denies the allegations of paragraph 42 and/or alleges that such allegations contain conclusions of law to which no answer is required.

## COUNT I: BREACH OF CONTRACT

43. Incorporates herein the answers to paragraphs 1 through 42.

44. Alleges that paragraph 44 contains conclusions of law to which no answer is required.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and/or alleges that such allegations contain conclusions of law to which no answer is required.

46. Denies the allegations of paragraph 46 and/or alleges that such allegations contain conclusions of law to which no answer is required.

47. Denies the allegations of paragraph 47 and/or alleges that such allegations contain conclusions of law to which no answer is required.

48. Denies the allegations of paragraph 48 (including the suggestion that Paramount Pictures was obligated to provide Yonay with a credit on *Top Gun: Maverick*), but admits that paragraph 48 selectively quotes from the 1983 Agreement and refers the Court to the actual 1983 Agreement for its full contents.

49. Admits that the credit "[s]uggested by Ehud Yonay's article 'Top Guns' in California Magazine" appeared in the original *Top Gun*'s end crawl, but denies the remaining allegations of paragraph 49 (including the suggestion that Paramount Pictures was obligated to license the rights and/or provide Yonay with any credit), and/or alleges that such allegations contain conclusions of law to which no answer is required.

50. Denies the allegations of paragraph 50 and/or alleges that such allegations contain conclusions of law to which no answer is required.

51. Admits that *Top Gun: Maverick* contains a few seconds-long flashbacks to the original *Top Gun*, but denies the remaining allegations of paragraph 51 and/or alleges that such allegations contain conclusions of law to which no answer is required.

52. Admits that Ehud Yonay was not entitled to receive, and did not receive, any credit on *Top Gun: Maverick*, but denies the remaining allegations of paragraph 52 and/or alleges that such allegations contain conclusions of law to which no answer is required.

53. Denies the allegations of paragraph 53 and/or alleges that such allegations contain conclusions of law to which no answer is required.

54. Denies the allegations of paragraph 54 and/or alleges that such allegations contain conclusions of law to which no answer is required.

55. Denies the allegations of paragraph 55 and/or alleges that such allegations contain conclusions of law to which no answer is required.

56. Denies the allegations of paragraph 56 and/or alleges that such allegations contain conclusions of law to which no answer is required.

57. Denies the allegations of paragraph 57 and/or alleges that such allegations contain conclusions of law to which no answer is required.

## COUNT II: DECLARATORY RELIEF

58. Incorporates herein the answers to paragraphs 1 through 57.

59. Alleges that paragraph 59 contains conclusions of law to which no answer is required.

60. Alleges that paragraph 60 contains conclusions of law to which no answer is required.

61. Admits the allegations of paragraph 61.

62. Admits the allegations of paragraph 62.

63. Admits that the Yonays contend that, but for the non-fiction article, *Top Gun* and *Top Gun: Maverick* would not exist, but denies that Paramount Pictures has expressed a position on the issue or that there is any legal relevance to the question.

64. Admits that the Yonays desire a judicial determination as described in paragraph 64, but denies that they are entitled to such a determination.

65. Admits that the Yonays desire a judicial determination as described in paragraph 65, but denies that they are entitled to such a determination.

66. Denies the allegations of paragraph 66 and/or alleges that such allegations contain conclusions of law to which no answer is required.

## COUNT III: COPYRIGHT INFRINGEMENT

67. Incorporates herein the answers to paragraphs 1 through 66.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and/or alleges that such allegations contain conclusions of law to which no answer is required.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and/or alleges that such allegations contain conclusions of law to which no answer is required.

70. Denies the allegations of paragraph 70 and/or alleges that such allegations contain conclusions of law to which no answer is required.

71. Denies the allegations of paragraph 71 and/or alleges that such allegations contain conclusions of law to which no answer is required.

72. Admits that the Yonays sent an email and certified letter on or about May 11, 2022, and refers to that letter for its full contents, but denies the remaining allegations of paragraph 72 and/or alleges that such allegations contain conclusions of law to which no answer is required.

73. Denies the allegations of paragraph 73 and/or alleges that such allegations contain conclusions of law to which no answer is required.

74. Denies the allegations of paragraph 74 and/or alleges that such allegations contain conclusions of law to which no answer is required.

75. Denies the allegations of paragraph 75 and/or alleges that such allegations contain conclusions of law to which no answer is required.

76. Denies the allegations of paragraph 76 and/or alleges that such allegations contain conclusions of law to which no answer is required.

77. Denies the allegations of paragraph 77 and/or alleges that such allegations contain conclusions of law to which no answer is required.

78. Denies the allegations of paragraph 78 and/or alleges that such allegations contain conclusions of law to which no answer is required.

79.  Denies the allegations of paragraph 79 and/or alleges that such allegations contain conclusions of law to which no answer is required.

## PRAYER FOR RELIEF

Denies the Prayer for Relief contained in the wherefore clause and accompanying paragraphs 1-14, and denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief, or any relief whatsoever.

\* \* \* \*

## AFFIRMATIVE DEFENSES

As separate and additional defenses to the complaint, and without suggesting or conceding that they have the burden of proof on any such defenses, Paramount Pictures hereby alleges the following affirmative defenses, while reserving the right to assert any other applicable legal or equitable defense.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Yonays' claims are barred, in whole or in part, because the Yonays fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(First Amendment)

The Yonays' claims are barred, in whole or in part, by the First Amendment.

## THIRD AFFIRMATIVE DEFENSE

(Lack of, Invalid, or Untimely Copyright Registration and/or Renewal)

The Yonays' claims are barred, in whole or in part, because the non-fiction article was not registered and/or the registration was defective.

## FOURTH AFFIRMATIVE DEFENSE

(Lack of Ownership)

The Yonays' claims are barred, in whole or in part, because the Yonays do not own the non-fiction article allegedly at issue here.

## FIFTH AFFIRMATIVE DEFENSE

(License)

The Yonays' claims are barred, in whole or in part, because Paramount Pictures has or had a license to use the non-fiction article.

## SIXTH AFFIRMATIVE DEFENSE

(Lack of Standing)

The Yonays' claims are barred, in whole or in part, because the Yonays do not have standing.

## SEVENTH AFFIRMATIVE DEFENSE

(Derivative Works Exception)

The Yonays' claims are barred, in whole or in part by the derivative works exception.  *See* 17 U.S.C. § 203(b).

## EIGHTH AFFIRMATIVE DEFENSE

(Fair Use)

The Yonays' claims are barred, in whole or in part, because Paramount Pictures' alleged use of the non-fiction article constitutes fair use.

## NINTH AFFIRMATIVE DEFENSE

(*De Minimis* Infringement)

The Yonays' claims are barred, in whole or in part, because any infringement by Paramount Pictures was, at most, *de minimis* and not actionable.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Damages)

The Yonays' claims are barred, in whole or in part, because the Yonays have not suffered any damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Substantial Compliance)

The Yonays' claims are barred, in whole or in part, because Paramount Pictures substantially complied with its purported contractual obligations, if any.

## TWELFTH AFFIRMATIVE DEFENSE

(Estoppel)

The Yonays' claims are barred, in whole or in part, by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver)

The Yonays' claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure of Consideration)

The Yonays' claims are barred, in whole or in part, by reason of the failure of consideration with respect to all or part of the contract at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Acquiescence)

The Yonays' claims are barred, in whole or in part, by reason of acquiescence.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Excuse of Performance)

The Yonays' claims are barred, in whole or in part, by excuse of performance.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Frustration of Purpose)

The Yonays' claims are barred, in whole or in part, by the doctrine of frustration of purpose.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure of a Condition Precedent)

The Yonays' claims are barred, in whole or in part, by the failure of a condition precedent or conditions precedent.

## NINETEENTH AFFIRMATIVE DEFENSE

(Anticipatory Repudiation)

The Yonays' claims are barred, in whole or in part, by the doctrine of anticipatory repudiation.

## TWENTIETH AFFIRMATIVE DEFENSE

(Additional Defenses)

Paramount Pictures reserves the right to allege other affirmative defenses as they may become known during the course of discovery.

## PARAMOUNT PICTURES' PRAYER FOR RELIEF

WHEREFORE, Paramount Pictures prays for judgment against the Yonays and in favor of Paramount Pictures, and for such other relief as the Court deems proper, including attorneys' fees under 17 U.S.C. § 505.

Dated: November 28, 2022

MOLLY M. LENS
O'MELVENY & MYERS LLP

By: /s/ Molly M. Lens
Molly M. Lens

*Attorneys for Paramount Pictures Corporation*