1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 SHOSH YONAY, et al., | Case No.  CV 22-3846 PA (GSJx) |
| 12          Plaintiff, | SCHEDULING MEETING OF COUNSEL |
| 13       v. | [FRCP 16, 26(f)] |
| 14 PARAMOUNT PICTURES | SCHEDULING CONFERENCE |
| 15 CORPORATION, et al., | set for January 9, 2023, at 10:30 a.m. |
| 16         Defendant. | [FRCP 26(f)] |

17

18        This action has been assigned to the calendar of United States District Judge Percy

19 Anderson.  The responsibility for the progress of litigation in the federal courts falls not only

20 upon the attorneys in the action, but upon the court as well.

21        In order "to secure the just, speedy, and inexpensive determination of every action,"

22 (Fed. R. Civ. P.  1), all counsel are hereby ordered to familiarize themselves with the Federal

23 Rules of Civil Procedure and the Local Rules of the Central District of California.

24        Counsel please note the changes made to former Local Rule 6, now superseded, by

25 Fed. R. Civ. P. 16 and 26(f), effective December 1, 2000.  A Scheduling Conference is set

26 . . . .

27 . . . .

28 . . . .

for the date and time set forth in the caption.[1]  Counsel shall meet at least twenty-one (21) days in advance of the Scheduling Conference to prepare a jointly signed report for the court to be submitted no less than fourteen (14) days before the Scheduling Conference.  The report is to contain the items set forth below.  Pursuant to Fed. R. Civ. P. 16(c), the parties shall be represented by counsel with authority to enter into stipulations regarding all matters pertaining to conduct of the case.

The joint report to be submitted shall contain the items listed in Fed. R. Civ. P. 26(f), the parties' recommendations and agreements, if any, about the final scheduling order as listed in Fed. R. Civ. P. 16(b)(1) through (6), and those items listed in Fed. R. Civ. P. 16(c) which counsel believe will be useful to discuss at the Scheduling Conference.  Items which must be listed are the following:

(1)     a listing and proposed schedule of written discovery, depositions, and a proposed discovery cut-off date;

(2)     a listing and proposed schedule of law and motion matters, and a proposed dispositive motion cut-off date;

(3)     a statement of what efforts have been made to settle or resolve the case to date and what settlement procedure is recommended pursuant to Local Rule 16-14.4 (specifically excluding any statement of the terms discussed);

(4)     an estimated length of trial and a proposed date for the Final Pretrial Conference and for Trial;

(5)     a discussion of other parties likely to be added;

(6)     whether trial will be by jury or to the court;

---

[1]     Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference required by Fed. R. Civ. P. 16(b).  At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

(7)    any other issues affecting the status or management of the case; and

(8)    proposals regarding severance, bifurcation or other ordering of proof.

In addition, the Scheduling Conference Report shall contain the following:

(1)    a short synopsis of the principal issues in the case;

(2)    a statement of whether pleadings are likely to be amended;

(3)    a statement as to issues which any party believes may be determined by motion.

At the Scheduling Conference, the court will set a date for discovery cut-off[2], a final date by which dispositive motions must be set for hearing, a Final Pretrial Conference date, and a trial date.  The parties should also be aware that pursuant to Fed. R. Civ. P. 26(f), no later than fourteen (14) days after the Scheduling Conference, the parties must submit an agreed discovery plan to the court for approval; this subject will be discussed at the Scheduling Conference.  The parties should recommend to the court whether or not the requirement of a discovery plan should be waived.

A continuance of the Scheduling Conference will be granted only for good cause. (Counsel are informed that continuance of the Scheduling Conference causes commensurate delay in the trial date.)  **The failure to submit a joint report in advance of the Scheduling Conference or the failure to attend the Scheduling Conference may result in the dismissal of the action, striking the answer and entering a default, and/or the imposition of sanctions**.

---

[2]    This is not the date by which discovery requests must be served; but the date by which all discovery is to be completed.  Any motion challenging the adequacy of discovery responses must be filed timely, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is granted.  The Court requires compliance with Local Rule 37-1 and 37-2 in the  preparation and filing of discovery motions.  Except in the case of an extreme emergency which was not created by the lawyer bringing the motion, discovery motions may not be heard on an ex parte basis.

A settlement procedure appropriate to the particular case will be used in every civil action pursuant to Local Rule 16-15.1.  In the Scheduling Conference Report, counsel are to recommend a specific settlement procedure provided for in Local Rule 16-15 which will be utilized in this case.  This Court participates in the Court-Directed ADR Program.  <u>See</u> General Order 11-10.  Accordingly, except in extraordinary circumstances, the Court will not refer the parties to the Magistrate Judge assigned to this action to conduct the settlement conference.  As a result, in most instances, the available alternatives for consideration are:

ADR Procedure No. 2:

The parties shall appear before a neutral selected from the Court's Mediation Panel (Local Rule 16-15.4(2); or

ADR Procedure No. 3:

The parties shall participate in a private dispute resolution proceeding (Local Rule 16-15.4(3).

The Court does not utilize ADR Procedure No. 1 (Local Rule 16-15.4(1), but the parties are free to seek the Court's approval to engage in an alternative settlement mechanism not listed in Local Rule 16-15.4.

The report to the Court as to the above items should be preceded by a thorough and frank discussion among the attorneys for the parties.  A Joint Scheduling Report which does not comply with FRCP 16, 26(f) and this Order may cause continuance of the Scheduling Conference and possible award of sanctions under FRCP 16(f) against the party or parties responsible.

Motions shall be filed in accordance with Local Rule 7.  This Court hears motions on **Mondays, commencing at 1:30 p.m.  No supplemental brief shall be filed without prior leave of Court**.  No motion shall be noticed for hearing for more than thirty-five (35) days after service of the motion unless otherwise ordered by the Court.  All law and motion matters, except for motions in limine, must be set for hearing (not filing) by the motion

1  cutoff date).  Adherence to the timing requirements is mandatory for chambers' preparation

2  of motion matters.

3      Counsel should take note of the changes to the Local Rules affecting motion practice

4  in the Central District. Among other things, Local Rule 7-3 requires counsel to engage in a

5  pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion

6  and any potential resolution."  Counsel should discuss the issues sufficiently that if a motion

7  is still necessary, the briefing may be directed to those substantive issues requiring

8  resolution by the Court.  Counsel should resolve minor procedural or other nonsubstantive

9  matters during the conference.

10     **Memoranda of Points and Authorities in support of or in opposition to motions**

11  **shall not exceed 25 pages.  Replies shall not exceed 12 pages.** Only in rare instances and

12  for good cause shown will the Court grant an application to extend these page limitations.

13  **Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman font is used,**

14  **the size must be no less than 14; if Courier is used, the size must be no less than 12.**

15  Footnotes shall be in typeface no more than one size smaller than text size and shall be used

16  sparingly.  Filings which do not conform to the Local Rules and this Order will not be

17  considered.

18     Each party filing or opposing a motion or seeking the determination of any matter

19  shall file a Proposed Order setting forth the relief or action sought and a brief statement of

20  the rationale for the decision with appropriate citations.  The proposing party shall also

21  submit a copy of the Proposed Order to the Court's ECF e-mail address, in WordPerfect

22  format (X9 or earlier versions) or Microsoft Word (Word 365 or earlier versions).

23     Counsel are reminded ex parte applications are solely for extraordinary relief.  See

24  Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal.

25  1995).

26

27

28

1        Counsel for plaintiff shall immediately serve this Order on all parties, including any

2   new parties to the action.

3        IT IS SO ORDERED.

4    Date:  November 28, 2022                    _____

5                                                    Percy Anderson
                                              UNITED STATES DISTRICT JUDGE

6

7   Revised: 3/11/2021

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28