Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. # 318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. # 66473)
*alex@kozinski.com*
719 Yarmouth Rd, Suite 101
Palos Verdes Estates, CA 90274
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHOSH YONAY, an individual, and YUVAL YONAY, an individual,

Plaintiffs,

v.

PARAMOUNT PICTURES CORPORATION, a Delaware corporation,

Defendant.

Case No. 2:22-CV-3846-PA
Assigned to: Hon. Percy Anderson

**JOINT RULE 26(F) REPORT**

**Hearing Date:** January 9, 2023
**Hearing Time:** 10:30 A.M.
**Ctrm:** 9A

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), and this Court's Order (Dkt. 26), Plaintiffs Shosh Yonay and Yuval Yonay ("Plaintiffs") and Defendant Paramount Pictures Corporation ("Paramount Pictures") submit the following Joint Rule 26(f) Report.

**A. Synopsis of Principal Issues**

This is an action alleging copyright infringement of Ehud Yonay's ("Yonay") work "Top Guns" ("Work") by Paramount Pictures' 2022 film, *Top Gun: Maverick* ("*Maverick*") and for Paramount Pictures' alleged breach of its 1983 agreement ("Agreement") with Yonay for film and other rights to the Work. On January 23, 2018, Plaintiffs allegedly exercised their termination rights under the 1976 Copyright Act, 17 U.S.C. § 203(a), and claim to have recovered, on January 24, 2020, all rights under U.S. copyright to the Work that had previously been assigned to Paramount Pictures. Plaintiffs allege that Paramount Pictures produced and distributed *Maverick* without licensing the Work, and did not credit Yonay or the Work on *Maverick*. Plaintiffs contend that Paramount Pictures thereby infringed the Work's copyright and that Paramount Pictures' failure to credit Yonay on *Maverick* breached the Agreement. Paramount Pictures denies all liability.

**B. Initial Disclosures**

The parties stipulate to exchange the initial disclosures as required by Rule 26(a) on or before January 20, 2023. The disclosures shall contain the information identified in Rule 26(a)(1) and shall be supplemented as required by Rule 26(e)(1). The parties do not seek any changes to the disclosure requirements under Rule 26(a), apart from their timing.

**C. Proposed Schedule**

The Parties have been unable to agree on a proposed schedule and thus separately set forth their respective proposals below. Regardless of which schedule is so-ordered by the Court, the Parties agree that any party, individually

or collectively, may seek leave of the Court to change any of the so-ordered dates for good cause.

**Plaintiffs' Proposal**.

As discussed further in Section H(c) *infra*, Plaintiffs propose a non-bifurcated schedule with liability and damages-related discovery taken together as follows:

1. June 9, 2023: Deadline to amend pleadings and/or add new parties.
2. November 3, 2023: Expert report deadline.
3. November 22, 2023: Rebuttal expert report deadline.
4. December 22, 2023: Discovery cut off (including written discovery and fact and excerpt depositions).
5. February 2, 2024: Last day to file dispositive motions.
6. March 11, 2024: Last day to file motions in limine.
7. April 8, 2024: Final pretrial conference
8. May 6, 2024: Trial (one-week).

**Paramount Pictures' Proposal**.

Paramount Pictures respectfully requests that discovery be bifurcated as per the schedule below, with damages-related discovery deferred until after the Court adjudicates a motion for summary judgment on liability on Plaintiffs' copyright infringement claim. "Courts frequently bifurcate trademark or copyright infringement cases when liability is a threshold issue." *Wixen Music Publ'g, Inc. v. Triller, Inc.*, 2021 WL 4816627, at *3 (C.D. Cal. Aug. 11, 2021)(collecting cases). Here, as the Court is aware from Paramount Pictures' motion to dismiss, liability is very much a threshold issue given that Plaintiffs' underlying work is a non-fiction article. *See, e.g.*, *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344–45 (1991) ("The most fundamental axiom of copyright law is that 'no author may copyright … the facts he narrates.'");

*Corbello v. Valli*, 974 F.3d 965, 971 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2856 (2021) (factual information "may not … form the basis for a copyright claim").

Proceeding in this manner would be the most efficient and economical way to proceed, especially given that damages-related discovery does not overlap with the liability-related discovery. *See, e.g., Bassil v. Webster*, 2021 WL 1235258, at *2 (C.D. Cal. Jan. 15, 2021) (granting motion in copyright infringement action to bifurcate liability and damages discovery, noting the lack of overlap between liability and damages discovery in support). Further, bifurcation is appropriate due to the potentially high degree of complexity and associated costs of damages discovery as well as the potential for disputes regarding damages discovery. *See id*. at *2 (explaining that damages discovery was likely to involve a high degree of complexity and disputes requiring court intervention and citing *Nimmer* for the proposition that "[o]ne of the most difficult problems in the computation of profits for which the defendant is liable arises when the infringing work inextricably intermingles noninfringing material with plaintiff's protectable material"). Even further still, Paramount Pictures notes that—even with bifurcation—Paramount Pictures' schedule is *quicker* than Plaintiffs' and thus Plaintiffs cannot make a claim of prejudice. *See id*. at *3 (rejecting claim of prejudice by party opposing bifurcation request because that party's schedule was not quicker than that proposed by party seeking bifurcation).

Bifurcation is warranted in this case for an additional practical reason – *Maverick* was released theatrically only seven months ago, and recently returned to theaters for a limited re-release ahead of its debut on the Paramount Plus streaming service. *See* Rebecca Rubin, *'Top Gun: Maverick' Returns to Theaters for Limited Re-Release*, VARIETY (Nov. 29, 2022), available at variety.com. Accordingly, the damages-related facts to be "discovered" are very

much still changing. Bifurcation would therefore schedule damages discovery for late 2023, when *Maverick*'s revenue is expected to change less meaningfully month-to-month, and be more efficient because any designated experts would not need to amend their opinions based on meaningfully revised revenue figures.

Paramount Pictures thus proposes the following schedule:

1. June 26, 2023: Liability expert report deadline.
2. July 17, 2023: Liability rebuttal expert report deadline.
3. July 31, 2023: Liability discovery cutoff (including written discovery and fact and excerpt depositions).
4. August 7, 2023: Deadline to file dispositive motion.
5. September 18, 2023: Hearing deadline for dispositive motion on liability.
6. November 20, 2023: Damages expert report deadline.
7. December 11, 2023: Damages rebuttal report deadline
8. January 8, 2024: Damages discovery cutoff (including written discovery and depositions) and last day to file motions.
9. February 12, 2024: Final pre-trial conference and last day to hear motions.
10. March 11, 2024: Trial (one week)

In the event that the Court declines to bifurcate liability and damages discovery based on this Rule 26(f) report, Paramount Pictures respectfully reserves the right to formally move on this issue.[1]

**D. <u>Proposed Discovery Plan</u>**

The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. The

[11] Further, in the event that the Court does not bifurcate discovery based on this report, Paramount Pictures is amenable to Plaintiffs' proposed schedule, subject to its reservation of rights.

parties intend to take necessary discovery into the claims and defenses raised in this action. The parties further agree that this paragraph is without prejudice to or limitation of either party's ability to take relevant and appropriate discovery as well as either party's ability to oppose any requested discovery, and all parties reserve all rights with respect thereto.

**E. Issues of Disclosure, Discovery, or Preservation of ESI**

The parties agree to meet and confer to negotiate a protocol for the production of any Electronically Stored Information ("ESI"), to the extent the need for ESI arises.

**F. Privilege and Protective Orders**

The parties agree to enter into an appropriate standard stipulated protective order for the exchange of confidential information. The parties agree that attorney-client communications and/or documents protected by the work product doctrine created on or after June 6, 2022 do not need to be included on a privilege log.

**G. Proposed Limitations on Discovery**

While reserving all rights, the parties do not currently request any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Central District Local Rules.

**H. Additional Items**

**a. Settlement**

The parties have not engaged in settlement discussion, but agree to ADR Procedure No. 2 (Court Mediation Panel).

**b. Additional Parties**

At this stage in the litigation, the parties do not anticipate adding any additional parties.

**c. Severance, Bifurcation, and Ordering of Proof**

**Plaintiffs' Proposal.**

Plaintiffs propose a non-bifurcated schedule with liability and damages-related discovery taken together so as to most efficiently litigate this case. As a preliminary matter, bifurcation of liability and damages discovery is inappropriate here because they are interwoven issues. Liability on Plaintiffs' claim for breach of contract, for example, *necessitates proof of damages*. *See e.g.*, *Richman v. Hartley* 224 Cal.App.4th 1182, 1186 (2014) ("To prevail on a cause of action for breach of contract, the plaintiff must prove . . . damage to the plaintiff."). Bifurcation would thus require needlessly duplicative and costly discovery, including expert discovery, into *the fact* of damages and then separately, months later, *the quantum* of damages.

Paramount Pictures' proposal that Plaintiffs take damages discovery with respect to their claim for breach of contract but not copyright infringement would create a host of logistical issues. The task of parsing the narrow and artificial distinction between the fact and quantum of damages and those which are attributable to Paramount Pictures' breach of contract but not its copyright infringement is fraught with uncertainty, which would likely lead to *more* discovery disputes between the parties, not fewer. Paramount Pictures cites *Bassil v. Webster*, 2021 WL 1235258 (C.D. Cal. Jan. 15, 2021) and *Wixen Music Publ'g, Inc. v. Triller, Inc.*, 2021 WL 4816627 (C.D. Cal. Aug. 11, 2021), but those cases only involved a copyright infringement claim—of which "damages" is not normally an element of liability—and are therefore unhelpful here.

Moreover, and in any event, the damages in this case are not prohibitively changeful. Paramount Pictures cites the re-release of *Maverick* in theaters as cause to bifurcate the case, but the article it references makes clear that the re-release has already come and gone (Rebecca Rubin, *'Top Gun: Maverick' Returns to Theaters for Limited Re-Release*, VARIETY (Nov. 29, 2022)

("Paramount is re-releasing the blockbuster sequel on the big screen . . . from Dec. 2 through Dec. 15.")) and that *Maverick* has already long been available for home-streaming, eliminating concerns of meaningful month-to-month changes during discovery. *Id*. Additionally, the parties have each proposed expert report deadlines in November 2023, and as such, bifurcation will have no bearing on whether experts might potentially amend their reports to account for revised revenue figures. Based on the foregoing, and for the sake of economy and efficiency, Plaintiffs respectfully request a non-bifurcated schedule.

**Paramount Pictures' Proposal.**

As discussed *supra* at § C, Paramount Pictures requests that the Court bifurcate the liability and damages phases of discovery. Plaintiffs' opposition to Paramount Pictures' bifurcation proposal relies primarily on their breach of contract claim. As an initial matter, however, this is the proverbial tail wagging the dog. Indeed, Plaintiffs did not even add the breach of contract claim—limited to a narrow credit issue—until their first amended complaint. And, contrary to Plaintiffs' unsupported claim, there is no overlap between the alleged copyright-infringement damages and the alleged breach of contract damages, with the latter limited to the claim that Yonay was entitled to a credit on *Maverick*. Put simply, the limited contract claim cannot justify expensive and complex discovery on Plaintiffs' copyright infringement claim before liability is resolved on that claim. Moreover, while Plaintiffs correctly observe that they will need to prove damages to ultimately succeed on their claim, Plaintiffs ignore that Courts regularly decide liability on breach of contract claim on summary judgment without resolving the issue of damages—precisely as Paramount Pictures' proposed schedule would permit. *See, e.g.*, *Adler v. Solar Power, Inc.*, 2018 WL 1626162, at *12 (S.D.N.Y. Mar. 30, 2018) (granting summary judgment on breach of contract claim on liability only and denying motion as to damages on such claim).

All that said, Paramount Pictures' concern is with the costly and complex discovery into damages on Plaintiffs' copyright infringement claim and thus does not oppose damages discovery on Plaintiffs' narrow breach of contract claim occurring concurrently with liability-based discovery on the copyright infringement and breach of contract claims, as long as damages-discovery on Plaintiffs' copyright infringement claim is deferred pending a ruling on liability on that claim. *See, e.g.*, *Bassil*, 2021 WL 1235258, at *2; *Wixen Music Publ'g.*, 2021 WL 4816627, at *3.

**d. Amended Pleadings**

At this stage in the litigation, the parties do not currently anticipate the need for amened pleadings, but reserve the right to amend or seek leave to amend as applicable.

**e. Rule 16 Orders**

The parties do not request that the Court issue any other orders under Rule 26(c) or Rule 16(b)-(c) at this time.

**f. Motion Practice**

The parties expect to engage in dispositive motion practice, including motion(s) for summary judgment. The parties plan to file any such motion pursuant to the schedule set by the Court. The parties agree to provide at least fourteen (14) days for any opposition to any dispositive motion.

**I. Other Issues Affecting Case Status Or Management**

The parties do not foresee any other issues affecting the status or management of the case at this time.

Dated: December 23, 2022

Respectfully submitted,

**TOBEROFF & ASSOCIATES, P.C.**

By: */s/ Marc Toberoff*
Marc Toberoff

*mtoberoff@toberoffandassociates.com*
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiffs*

Dated: December 23, 2022

MOLLY M. LENS
DANIEL M. PETROCELLI
PATRICK S. MCNALLY
O'MELVENY AND MYERS LLP

By: */s/ Molly M. Lens*
Molly M. Lens

*Attorneys for Paramount Pictures Corporation*

Pursuant to Local rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Date: December 23, 2022

**TOBEROFF & ASSOCIATES, P.C.**

By: */s/ Marc Toberoff*
Marc Toberoff

*Attorneys for Plaintiffs*