UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | January 6, 2023 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|
| Kamilla Sali-Suleyman | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**   IN CHAMBERS

      The Court has received the parties' joint 26(f) report and finds that a scheduling conference is not necessary. Dates set by the Court in this action are listed in the "Schedule of Trial and Pretrial Dates" attached to this order. The dates set by the Court are firm dates. Absent extraordinary circumstances, which must satisfy the requirements of Federal Rule of Civil Procedure 16(b) and be brought to the Court's attention in a timely manner, the Court will not modify these dates. The scheduling conference currently on calendar for January 9, 2023, at 10:30 a.m. is hereby vacated, and the matter taken off calendar.

      The Court notes that the parties estimate that trial will consume as many as 7 trial days. It is the Court's practice to impose limits on the length of civil trials. Based on the Court's current understanding of this action, the parties are highly unlikely to have as much time to try this case as they appear to anticipate.

      The Court has entered a Protective Order in this action. A copy of the Protective Order will be served on the parties. The Protective Order may be modified or supplemented by the parties. However, given the trial and pretrial dates set by the Court, disputes concerning the Protective Order should not delay the parties' prosecution of this action.

      This case is referred to the Court's Mediation Panel. Alternatively, the parties may agree to use the services of a private mediator. If the parties elect to use a private mediator, they must file within fourteen (14) days a notice of election of private mediation with the name of the private mediator selected. If the parties have not selected a Panel Mediator within twenty-one (21) days or filed a notice of election of private mediation within fourteen (14) days, the ADR Program (213-894-2993) will assign a Panel Mediator.

      In the parties joint 26(f) report, Defendant requests that discovery be bifurcated, with damages-related discovery deferred until after the Court adjudicates a motion for summary judgment on Plaintiffs' copyright infringement claim. (Docket No. 27 at pp. 3–5.) A court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | January 6, 2023 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

broad discretion under Federal Rule of Civil Procedure 42(b) to bifurcate proceedings "[f]or convenience, to avoid prejudice, or to expedite or economize." Fed. R. Civ. P. 42(b); see also Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). "It is implicit that the court also ha[s] [the] power to limit discovery to the segregated issues." Ellingson Timber Co. v. Great N. Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970) (citations omitted). "One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." Id. (citations omitted). Factors a court may consider in determining whether to bifurcate discovery include the "complexity of the issues, factual proof, risk of jury confusion, difference between the separated issues, and the chance that separation will lead to economy in discovery." Moreno v. NBCUniversal Media, LLC, 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) (internal quotations omitted). "After considering the benefits of bifurcation, the Court considers whether it would prejudice the opposing party." Bassil v. Webster, No. 220CV05099SBPDX, 2021 WL 1235258, at *3 (C.D. Cal. Jan. 15, 2021).

  Here, bifurcation of discovery into a liability phase and damages phase would promote convenience, efficiency, and judicial economy. Additionally, the damages and liability issues can reasonably be severed so as to potentially benefit all parties. To prove Defendant liable on the copyright infringement claim, for example, Plaintiffs will be required to show that they have legally cognizable rights in the 1983 article "Top Guns" and that Defendant infringed upon those rights. The question of damages, on the other hand, is likely to involve a detailed and extensive analysis of revenue and profits from the "Top Gun: Maverick" film. Thus, the complexity of this case and the likely cost of discovery on damages make bifurcation appropriate. Plaintiffs argue that bifurcation will increase the number of discovery disputes. The Court expects the parties to cooperate in good faith to comply with and reasonably implement this bifurcation order and finds that the benefits of bifurcation outweigh the costs of any disputes.

  The Court therefore orders that discovery is to be bifurcated into liability and damages phases and stays damages discovery until the Court rules on Defendant's anticipated motion for summary judgment on liability, or until further order of the Court. The deadline to complete discovery related to liability is now July 7, 2023, and the deadline to complete discovery related to damages is November 27, 2023.[1/] Defendant shall file its motion for summary judgment on

---

[1/]  The deadlines for the parties' disclosure of expert testimony and reports for liability shall be calculated based on the liability discovery cutoff date, and the deadlines for the parties' disclosure of expert testimony and reports for damages shall be calculated based on the damages discovery cutoff date. See Standing Order (Docket No. 10) ¶ 3(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | January 6, 2023 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

the issue of liability on or before August 14, 2023.  Plaintiffs' opposition shall be filed by August 28, 2023.  Defendant's reply, if any, is due on or before September 5, 2023.  The Court will hear Defendant's motion for summary judgment on September 18, 2023, at 1:30 p.m.  All other dates in the attached Schedule of Trial and Pretrial Dates remain unchanged.

    IT IS SO ORDERED.

Schedule of Trial and Pretrial Dates

| CASE NO.: | CV 22-03846 |
|---|---|

| PARTIES: | Shosh Yonay, et al.<br>-v-<br>Paramount Pictures Corporation, et al. |
|---|---|
| COMPLAINT FILED: | 06/06/22 |

| TRIAL TYPE: | Jury |
|---|---|

| SETTLEMENT CHOICE:<br>Court/Magistrate<br>Court's Mediation Panel<br>Private Dispute Resolution<br>Judicial Settlement Panel | <br><br>X<br><br> |
|---|---|

| DATE | MATTER |
|---|---|
| 02/06/24 | Jury Trial at 9:00 a.m. |
| 02/01/24 | File Final Trial Exhibit Stipulation |
| 01/29/24 | Hearing on Motions in Limine at 1:30 p.m.<br>Hearing on Disputed Jury Instructions at 1:30 p.m. |
| 01/05/24 | Final Pretrial Conference at 1:30 p.m.<br>Motions in Limine to be Filed<br>Proposed Voir Dire Questions & Agreed-to Statement of Case |
| 12/21/23 | Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation<br>File Contentions of Fact & Law<br>Exhibit & Witness Lists<br>File Joint Status Report Regarding Settlement<br>File Agreed Upon Set of Instructions & Verdict Forms<br>File Joint Statement Regarding Disputed Instructions, Verdicts, etc. |
| 12/11/23 | Last Date to Conduct Settlement Conference |
| 12/04/23 | Last Day for Hearing Motions |
| 11/27/23 | Discovery Cut-off |
| 04/03/23 | Last Day for Hearing on Motion to Amend Pleadings or Add Parties |