MOLLY M. LENS (S.B. #283867)
  mlens@omm.com
DANIEL M. PETROCELLI (S.B. #97802)
  dpetrocelli@omm.com
MATTHEW KAISER (S.B. #304714)
  mkaiser@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone:  +1 310 553 6700
Facsimile:   +1 310 246 6779

*Attorneys for Defendant*
*Paramount Pictures Corporation*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY and YUVAL YONAY,<br><br>             Plaintiffs,<br><br>        v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation, and DOES 1-10,<br><br>             Defendants. | Case No. 2:22-CV-3846-PA-GJS<br><br>**DECLARATION OF MOLLY M. LENS IN SUPPORT OF DEFENDANT PARAMOUNT PICTURES CORPORATION'S NOTICE OF MOTION AND MOTION TO COMPEL**<br><br>**Hearing Date:**  Aug. 21, 2023<br>**Hearing Time:**  3:00 p.m.<br>**Place:**  Courtroom 640<br>**Judge:**  Hon. Percy Anderson<br>**Magistrate Judge**:  Hon. Gail J. Standish<br>**Liability Disc. Cutoff:**  Oct. 6, 2023<br>**Damages Disc. Cutoff:**  Feb. 23, 2024 |

1    I, Molly M. Lens, declare and state:

2    1.    I am counsel for Defendant Paramount Pictures Corporation

3    ("PPC") in the above-entitled action and a member of the Bar of this Court.  I make

4    this declaration in support of PPC's Motion to Compel ("Motion").  I have personal

5    knowledge of the matters set forth in this declaration and if called to testify to the

6    facts stated herein, I could and would do so competently.

7    **Documents**

8    2.    Attached hereto as **Exhibit A** is a true and correct copy of PPC's First

9    Set of Requests for Production, served on January 10, 2023.

10    3.    Attached hereto as **Exhibit B** is a true and correct copy of Plaintiffs'

11    Responses and Objections to PPC's First Set of Requests for Production, served on

12    February 9, 2023.

13    4.    Attached hereto as **Exhibit C** is a true and correct copy of PPC's First

14    Set of Interrogatories to Plaintiff Shosh Yonay, served on March 7, 2023.

15    5.    Attached hereto as **Exhibit D** is a true and correct copy of PPC's First

16    Set of Interrogatories to Plaintiff Yuval Yonay, served on March 7, 2023.

17    6.    Attached hereto as **Exhibit E** is a true and correct copy of PPC's First

18    Set of Requests for Admission to Shosh Yonay, served on March 7, 2023.

19    7.    Attached hereto as **Exhibit F** is a true and correct copy of PPC's First

20    Set of Requests for Admission to Yuval Yonay, served on March 7, 2023.

21    8.    Attached hereto as **Exhibit G** is a true and correct copy of Shosh

22    Yonay's Responses and Objections to PPC's First Set of Interrogatories, served on

23    April 6, 2023.

24    9.    Attached hereto as **Exhibit H** is a true and correct copy of Yuval

25    Yonay's Responses and Objections to PPC's First Set of Interrogatories, served on

26    April 6, 2023.

27    10.    Attached hereto as **Exhibit I** is a true and correct copy of Shosh

28

1

1  Yonay's Responses and Objections to PPC's First Set of Requests for Admission,
2  served on April 6, 2023.

3        11.    Attached hereto as **Exhibit J** is a true and correct copy of Yuval
4  Yonay's Responses and Objections to PPC's First Set of Requests for Admission,
5  served on April 6, 2023.

6        12.    Attached hereto as **Exhibit K** is a true and correct copy of a February
7  17, 2023 letter that PPC sent to Plaintiffs.

8        13.    Attached hereto as **Exhibit L** is a true and correct copy of an email
9  chain between PPC and Plaintiffs, containing emails dated between February 17,
10 2023 and March 6, 2023.

11       14.    Attached hereto as **Exhibit M** is a true and correct copy of a March 6,
12 2023 letter that Plaintiffs sent to PPC.

13       15.    Attached hereto as **Exhibit N** is a true and correct copy of an email
14 chain between PPC and Plaintiffs, containing emails between March 17, 2023 and
15 May 8, 2023.

16       16.    Attached hereto as **Exhibit O** is a true and correct copy of a May 8,
17 2023 letter that PPC sent to Plaintiffs.

18                        **Meet-and-Confer Efforts**

19       17.    On February 17, following Plaintiffs' service of their Objections and
20 Responses to PPC's First Set of Requests for Production, PPC sent Plaintiffs a letter
21 detailing a number of issues with Plaintiffs' responses and requesting a meet-and-
22 confer conference the following week.  *See* Exhibit L at 6; *see also* Exhibit K.

23       18.    After five days went by without any acknowledgement of this request,
24 PPC reiterated its request for a meet and confer, offering February 24 as a date to
25 meet and confer.  *See* Exhibit L at 6.  On the evening of February 24, Plaintiffs
26 responded, stating that due to their work for different clients on an unrelated matter,
27 they would not make themselves available to meet until the following week.  *Id*. at

28

LENS DECLARATION
ISO MOTION TO COMPEL
CASE NO. 2:22-CV-3846-PA-GJS

5. That same evening, PPC asked Plaintiffs to meet and confer on February 27. *Id*. at 4–5. Plaintiffs did not respond. After PPC followed up again on March 1, *id*. at 4, the parties agreed to meet and confer on March 6. *Id*. at 3.

19. On the morning of March 6, Plaintiffs sent PPC a letter regarding PPC's responses to Plaintiffs' Requests for Production. *Id*. at 3; *see also* Exhibit M.

20. Later that day, during the scheduled meet and confer, Plaintiffs took the position that they would not discuss the issues in PPC's February 17 letter unless PPC agreed to also discuss Plaintiffs' letter of that same day. *See* Exhibit L at 1. As I had not yet had an opportunity to review Plaintiffs' letter in detail (much less discuss it with PPC) and Plaintiffs refused to discuss PPC's February 17 letter, the meet and confer was delayed to the following day.

21. During the March 7 meet and confer, the parties walked through the issues in PPC's February 17 letter. Plaintiffs' counsel, however, explained that they had not yet discussed the issues raised in PPC's letter with their clients. Plaintiffs' counsel stated that they would confer with their clients and respond to the outstanding inquiries by March 17.

22. On March 17, having received no response from Plaintiffs, PPC reached out to remind Plaintiffs of their commitment to respond by that day. *See* Exhibit N at 3–4. Plaintiffs did not respond. PPC followed up again on March 30 and once more on April 14. *Id*. at 2. Again, Plaintiffs did not respond.

23. On May 8, PPC sent Plaintiffs a Rule 37-1 letter addressing (1) deficiencies in Plaintiffs' responses to Paramount's Interrogatories and Requests for Admission; (2) Plaintiffs' failure to produce any documents, (3) and Plaintiffs' refusal to meaningfully participate in discovery. *See* Exhibit N at 1; *see also* Exhibit O. PPC suggested specific dates for a meet-and-confer conference, and requested that Plaintiff provide alternative dates if the proposed dates were

LENS DECLARATION
ISO MOTION TO COMPEL
CASE NO. 2:22-CV-3846-PA-GJS

unworkable.  *See* Exhibit O at 6.  Ten days later, after not hearing from Plaintiffs, PPC followed up.  *Id*., Ex. N at 1.  Plaintiffs again did not respond and has not made themselves available to meet and confer in the intervening months.

<div align="center"><u>**Document Productions**</u></div>

24.    As of the date of this motion, Plaintiffs still have not produced any documents or remedied any deficiencies in their written responses that PPC identified in its February 17 and May 8 letters.

25.    PPC made its first production of documents with its initial disclosures on January 20, 2023.  PPC then proceeded to make additional productions on April 21, 2023 and July 20, 2023.  Subject to its right and obligation to supplement, PPC has now completed its rolling production of documents and has produced more than 12,000 documents.

<div align="center"><u>**Orders**</u></div>

26.    Attached hereto as **Exhibit P** is a true and correct copy of Judge Anderson's June 13, 2022 Standing Order, Dkt. 10.

27.    Attached hereto as **Exhibit Q** is a true and correct copy of Judge Anderson's January 6, 2023 Scheduling Order, Dkt. 30.

28.    Attached hereto as **Exhibit R** is a true and correct copy of Judge Anderson's June 9, 2023 Order Granting Joint Stipulation Regarding Modification of Trial and Pretrial Dates, Dkt. 36.

29.    Attached hereto as **Exhibit S** is a true and correct copy of Judge Anderson's June 12, 2023 Scheduling Order, Dkt. 37.

1     I declare under penalty of perjury that the foregoing is true and correct.

2  Executed on July 24, 2023 in Los Angeles, CA.

3

4

5                                              */s/ Molly M. Lens*
                                               Molly M. Lens

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LENS DECLARATION
ISO MOTION TO COMPEL
CASE NO. 2:22-CV-3846-PA-GJS

# Exhibit A

1   MOLLY M. LENS (S.B. #283867)
        mlens@omm.com
2   DANIEL M. PETROCELLI (S.B. #97802)
        dpetrocelli@omm.com
3   PATRICK S. MCNALLY (S.B. #302062)
        pmcnally@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 8th Floor
5   Los Angeles, California 90067
    Telephone:   (310) 553-6700
6   Facsimile:   (310) 246-6779

7   *Attorneys for Paramount Pictures
    Corporation*
8

                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11  SHOSH YONAY, and YUVAL            Case No. 2:22-CV-3846-PA
    YONAY,
12                                    **PARAMOUNT PICTURES'**
              Plaintiffs,             **FIRST SET OF REQUESTS FOR**
13                                    **PRODUCTION OF**
           v.                         **DOCUMENTS**
14
    PARAMOUNT PICTURES                HON. PERCY ANDERSON
15  CORPORATION, a Delaware
    Corporation,
16
              Defendant.
17

18  **PROPOUNDING PARTY**:   Paramount Pictures Corporation

19  **RESPONDING PARTY**:     Shosh Yonay and Yuval Yonay

20  **SET NUMBER**:           One

21

22

23

24

25

26

27

28

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Paramount Pictures Corporation ("Paramount Pictures") hereby propounds the following First Set of Requests for Production of Documents ("Requests") on Plaintiffs Shosh Yonay and Yuval Yonay ("Plaintiffs").  Paramount Pictures requests that Plaintiffs respond under oath and in writing to these Requests within 30 days of the date of service at the offices of O'Melveny & Myers, 1999 Avenue of the Stars, Los Angeles, California, 90067, or such other time and place as may be agreed upon by counsel, and produce for inspection and copying all documents and tangible things responsive to these Requests.  Corrections and supplemental responses and production of documents are required to be made as provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

1.     "1983 AGREEMENT" means the contract between Ehud Yonay and Paramount Pictures, dated May 18, 1983, referenced in the Amended Complaint.

2.     "AGREEMENT" means any contract, whether written or oral, expres or implied.

3.     "ARTICLE" means all versions, iterations, and drafts of the 1983 article "Top Guns" by YONAY, INCLUDING the version published in California Magazine.

4.     "YONAY" means Ehud Yonay, and any other PERSON acting or purporting to act on his behalf.

5.     "DOCUMENTS" is to be interpreted broadly and includes all forms of writings, data, tangible things, and other documents contemplated by Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001.  A draft or non-identical copy is a separate DOCUMENT within the meaning of the term.

6.     "COMMUNICATIONS" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, INCLUDING any inquiry, request, dialogue, discussion, conversation, interview,

correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, text message, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any PERSONS.

7.     "TOP GUN" means the motion picture *Top Gun* that was released theatrically in 1986.

8.     "MAVERICK" means the motion picture *Top Gun: Maverick* that was released theatrically in 2022.

9.     "PERSON(S)" means, without limitation, any individual, corporation, partnership, limited partnership, sole proprietorship, association, trust, or legal entity, and any department(s) or division(s) therein, and includes the present and former officers, executives, directors, employees, attorneys, agents, representatives, and all other PERSONS acting or purporting to act on behalf of any of them, and any of their present or former parent corporations, subsidiaries affiliates, divisions, predecessors, and successors-in-interest.

10.     "REFER" or "RELATE" means, without limitation, evidence, regard, concern, discuss, reflect, summarize, constitute, contain, study, assess, analyze, explain, mention, show, embody, discuss, describe, or comment upon—directly or indirectly—the subject matter identified.

11.     "YOU," "YOUR," and "PLAINTIFF" mean, collectively and severally, Shosh Yonay and Yuval Yonay and any other PERSON acting or purporting to act on their behalf.

12.     "TOP GUN SCHOOL" means the U.S. Naval training base, formally known as U.S. Navy Fighter Weapons School.

13.     "INCLUDING" means "including, but not limited to."

14.     "Any" and "All" are interchangeable.

1.     The singular form includes the plural form, and vice versa.

15.     As used herein, "and" or "or" shall be construed both conjunctively and disjunctively, and each will include the other whenever such a dual

construction would serve to bring within a category documents or information that would not otherwise be within its scope; "each" means "each and every."

16.    YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical and legal matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another PERSON that has physical possession of the DOCUMENT.

17.    Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

18.    No part of a Request shall be left unanswered merely because an objection is made to another part of the Request.

19.    If an objection is made to any of these Requests, the response shall state whether DOCUMENTS are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive DOCUMENTS will occur notwithstanding such objection.

20.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state that a diligent search and reasonable inquiry has been made in an effort to locate the items, state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

21.    With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

22.    The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENT may be determined, if necessary.

PARAMOUNT PICTURES' 1ST SET RFPS
CASE NO. 2:22-CV-3846-PA

23.     Please produce all DOCUMENTS maintained or stored electronically in TIFF format (branded with production numbers and, as appropriate, redactions and protective order legending) accompanied by data files which reference the beginning and ending image bates numbers for each DOCUMENT and associated image cross-reference files, family group indications, and all metadata intact and in an appropriate and useable manner Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed.

24.     Please produce Excel files in native format.

25.     DOCUMENTS attached to each other shall not be separated and the parent-child relationship of DOCUMENTS must be kept intact.

26.     Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

27.     Please organize electronic DOCUMENTS or other materials produced for inspection in the same manner that YOU store them (*e.g.*, if a DOCUMENT is maintained by a custodian, such as an e-mail residing on an e-mail server, please organize it for production by custodian; if maintained in a subfolder of "My Documents" on a custodian's hard drive, please organize it for production by custodian with path information preserved, etc.).

28.     These requests require production of paper DOCUMENTS in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below.  If you choose the former method, the DOCUMENTS are to be produced in the boxes, file folders, bindings or other containers in which the DOCUMENTS are found.  The titles, labels or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.  All responsive DOCUMENTS maintained in paper, hard-copy form shall be produced electronically in TIFF format.

29.     If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each DOCUMENT or portion of a DOCUMENT withheld:

(a)     The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

(b)     The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

(c)     A general description of the subject matter of the DOCUMENT;

(d)     The basis of any claim of privilege;

(e)     The general nature of the document (letter, memo, email, etc.); and

(f)     If work-product is asserted, the proceeding for which the DOCUMENT was created.

30.     For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

(a)     The reason the DOCUMENT is no longer in YOUR possession, custody or control;

(b)     The PERSON, if any, who has possession, custody or control or, if unknown, so state; and

(c)     If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.*, destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the PERSON authorizing disposal; (v) the PERSON disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

31.     These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response or production if YOU determine that YOUR response or production is incomplete or incorrect.  Paramount Pictures specifically reserves the right to seek supplementary responses and production of documents before trial.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, INCLUDING COMMUNICATIONS and AGREEMENTS (and drafts thereof), that REFER or RELATE to the ARTICLE.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to any registrations of the ARTICLE with the United States Copyright Office, INCLUDING CORRESPONDENCE with the United States Copyright Office.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to the Notice of Termination, dated on or around January 23, 2018, referred to in the Amended Complaint, INCLUDING CORRESPONDENCE with the United States Copyright Office.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that REFER or RELATE to YOUR allegation that YOU are the successor-in-interest to YONAY's rights to the ARTICLE or under the 1983 AGREEMENT.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS, INCLUDING COMMUNICATIONS and AGREEMENTS, that REFER or RELATE to California Magazine.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support YOUR allegation in Paragraph 21 of the Amended Complaint that California Magazine was a "purveyor of New Journalism" that employed "unconventional literary techniques and the subjective literary style of long-form non-fiction."

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to the 1983 AGREEMENT, INCLUDING any prior drafts.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that RELATE or REFER to TOP GUN or PERSONS once-associated with such school.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that RELATE or REFER to MAVERICK.

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to the TOP GUN SCHOOL, INCLUDING any correspondence to or from the TOP GUN SCHOOL.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to any inspiration for the ARTICLE.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to any sources (INCLUDING PERSONS or DOCUMENTS) relied on or considered in writing the ARTICLE.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to any comments or statements (written or oral) by YONAY regarding

1  the ARTICLE, INCLUDING interviews, speeches, or publications.

2  **REQUEST FOR PRODUCTION NO. 14:**

3       All COMMUNICATIONS with students, graduates, or instructors at the TOP

4  GUN SCHOOL.

5  **REQUEST FOR PRODUCTION NO. 15:**

6       All COMMUNICATIONS with any PERSON mentioned in the ARTICLE,

7  INCLUDING Alex ("Yogi") Hnarakis, Dave ("Possum") Cully, or Lieutenant

8  Commander C.J. ("Heater").

9  **REQUEST FOR PRODUCTION NO. 16:**

10       All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

11  RELATE to Alex ("Yogi") Hnarakis or Dave ("Possum") Cully.

12  **REQUEST FOR PRODUCTION NO. 17:**

13       All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

14  RELATE to U.S. Navy aviation, airplanes, pilots, weapons, schools, or training

15  programs.

16  **REQUEST FOR PRODUCTION NO. 18:**

17       All notes, research materials, or interviews (oral or written) regarding the

18  ARTICLE.

19  **REQUEST FOR PRODUCTION NO. 19:**

20       All drafts, iterations, and versions of the ARTICLE.

21  **REQUEST FOR PRODUCTION NO. 20:**

22       All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

23  RELATE to a description or characterization of the themes of the ARTICLE.

24  **REQUEST FOR PRODUCTION NO. 21:**

25       All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

26  RELATE to a description or characterization of the themes of TOP GUN or

27  MAVERICK.

28

- 8 -

1 | **REQUEST FOR PRODUCTION NO. 22:**

2 |      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

3 | RELATE to a description or characterization of the plot of the ARTICLE.

4 | **REQUEST FOR PRODUCTION NO. 23:**

5 |      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

6 | RELATE to a description or characterization of the plot of TOP GUN or

7 | MAVERICK.

8 | **REQUEST FOR PRODUCTION NO. 24:**

9 |      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

10 | RELATE to a description or characterization of any of the subjects of the

11 | ARTICLE.

12 | **REQUEST FOR PRODUCTION NO. 25:**

13 |      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

14 | RELATE to a description or characterization of any of the subjects of TOP GUN or

15 | MAVERICK.

16 | **REQUEST FOR PRODUCTION NO. 26:**

17 |      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

18 | RELATE to a description or characterization of any dialogue or quotes in the

19 | ARTICLE.

20 | **REQUEST FOR PRODUCTION NO. 27:**

21 |      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

22 | RELATE to a description or characterization of any dialogue or quotes in TOP

23 | GUN or MAVERICK.

24 | **REQUEST FOR PRODUCTION NO. 28:**

25 |      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

26 | RELATE to a description or characterization of the pace of the ARTICLE.

27 | **REQUEST FOR PRODUCTION NO. 29:**

28 |      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

1  RELATE to a description or characterization of the pace of TOP GUN or

2  MAVERICK.

3  **REQUEST FOR PRODUCTION NO. 30:**

4      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

5  RELATE to a description or characterization of the setting(s) of the ARTICLE.

6  **REQUEST FOR PRODUCTION NO. 31:**

7      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

8  RELATE to a description or characterization of the setting(s) of TOP GUN or

9  MAVERICK.

10  **REQUEST FOR PRODUCTION NO. 32:**

11      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

12  RELATE to a description or characterization of the mood(s) of the ARTICLE.

13  **REQUEST FOR PRODUCTION NO. 33:**

14      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

15  RELATE to a description or characterization of the mood(s) of TOP GUN or

16  MAVERICK.

17  **REQUEST FOR PRODUCTION NO. 34:**

18      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

19  RELATE to a description or characterization of the physical objects of the

20  ARTICLE, INCLUDING fighter jets and other military equipment.

21  **REQUEST FOR PRODUCTION NO. 35:**

22      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

23  RELATE to a description or characterization of the physical objects of TOP GUN

24  or MAVERICK, INCLUDING fighter jets and other military equipment.

25  **REQUEST FOR PRODUCTION NO. 36:**

26      All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to

27  YONAY's education, profession, or formal training.

28

**REQUEST FOR PRODUCTION NO. 37:**

All published versions any works, INCLUDING books, articles, and stories, authored, in whole or in part, by YONAY, INCLUDING the ARTICLE and *No Margin for Error: The Making of the Israeli Air Force*.

**REQUEST FOR PRODUCTION NO. 38:**

All drafts, iterations, and versions of YONAY's work: *No Margin for Error: The Making of the Israeli Air Force*.

**REQUEST FOR PRODUCTION NO. 39:**

All notes, research materials, or interviews (oral or written) regarding YONAY's work: *No Margin for Error: The Making of the Israeli Air Force*.

**REQUEST FOR PRODUCTION NO. 40:**

All AGREEMENTS that REFER or RELATE to any work authored, in whole or in part, by YONAY.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to YONAY's speeches, interviews, lectures, or promotional materials.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to YONAY's biography, resume, CV, or summary of work.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that support YOUR allegation in the Amended Complaint that Paramount Pictures "willfully failed to provide the Author with credit" on MAVERICK.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that support YOUR allegation in the Amended Complaint that TOP GUN is derived from or was substantially based upon the ARTICLE.

1   **REQUEST FOR PRODUCTION NO. 45:**

2       All DOCUMENTS, INCLUDING COMMUNICATIONS, that support

3   YOUR allegation in the Amended Complaint that MAVERICK is derived from or

4   was substantially based upon the ARTICLE.

5   **REQUEST FOR PRODUCTION NO. 46:**

6       All DOCUMENTS, INCLUDING COMMUNICATIONS, that support

7   YOUR allegation in the Amended Complaint that MAVERICK "was not completed

8   until long after January 24, 2020."

9   **REQUEST FOR PRODUCTION NO. 47:**

10      All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

11   RELATE to any COMMUNICATIONS attached to or referenced in the Amended

12   Complaint.

13   **REQUEST FOR PRODUCTION NO. 48:**

14      All DOCUMENTS, INCLUDING COMMUNICATIONS, that YOU intend

15   to rely on to support YOUR claims, including at trial.

16   **REQUEST FOR PRODUCTION NO. 49:**

17      All DOCUMENTS that REFER or RELATE to any non-privileged

18   investigation YOU have done regarding YOUR claims, the ARTICLE, TOP GUN

19   or MAVERICK.

20

21      Dated:  January 10, 2023       O'MELVENY & MYERS LLP

22

23                           By:      /s/ *Molly M. Lens*
                                           Molly M. Lens

24

25                           *Attorneys for Paramount Pictures*
                           *Corporation*

26

27

28

- 12 -

**PROOF OF PERSONAL SERVICE**

1      I am a citizen of the United States and employed in the County of Los

2  Angeles, State of California, at the law firm of O'Melveny & Myers, located at 1999

3

4  Avenue of the Stars, 8th Floor, Los Angeles, California  90067-6035.  I am over 18 and am

5  not a party to this action.

6      On January 10, 2023, I caused the personal service of the following

7  document(s):

8

9      **PARAMOUNT PICTURES' FIRST SET OF REQUESTS**
    **FOR PRODUCTION OF DOCUMENTS**

10  by requesting that an agent or employee of First Legal Support Services deliver to the

11  office of the recipient named below, either by handing the document(s) to the recipient or

12  by leaving the document(s) with the receptionist or other person apparently in charge of

13  the recipient's office:

14      Marc Toberoff
    TOBEROFF & ASSOCIATES

15      23823 Malibu Road, Suite 50-363

16      Malibu, CA 90265
    Telephone: (310) 246-3333

17      Facsimile: (310) 246-3101

18      I declare under penalty of perjury under the laws of the State of California

19  that the above is true and correct.  Executed on January 10, 2023, at Los Angeles,

20  California.

21

22  SIGNATURE: _____

23  PRINTED NAME:     Shantese Williams

24

25

26

27

28

# Exhibit B

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. # 318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. # 66473)
*alex@kozinski.com*
719 Yarmouth Rd, Suite 101
Palos Verdes Estates, CA 90274
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 2:22-CV-3846-PA<br>Assigned to: Hon. Percy Anderson<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO PARAMOUNT PICTURES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY**:     Paramount Pictures Corporation

**RESPONDING PARTY**:     Shosh Yonay and Yuval Yonay

**SET NUMBER**:     One

Pursuant to Rules 34 and 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("Local Rules"), Plaintiffs Shosh Yonay and Yuval Yonay ("Plaintiffs") hereby submit their responses and objections to Paramount Pictures' First Set of Requests for Production of Documents ("Requests" and, individually, "Request"), served by Paramount Pictures Corporation ("Defendant"), as follows:

## PRELIMINARY STATEMENT

These responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by these responses. The fact that Plaintiffs respond or object to any of the Requests should not be construed as an admission that Plaintiffs accept or admit the existence of any facts assumed by such Request, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Plaintiffs respond to part or all of any of the Requests is not intended to be and shall not be construed as a waiver of any part of any objection to any Request.

The objections and responses set forth below are preliminary and non-binding, are based solely on such information and documentation as are presently available and specifically known to Plaintiffs after having made a

diligent search and reasonable and good faith inquiry, and are made without prejudice to Plaintiffs' right to: (1) amend, alter, supplement, clarify or otherwise modify these objections and responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet been ascertained; and (3) offer expert witness opinions on any relevant matter, which opinions may be at variance with these objections and responses or the documents produced in response to the Requests.

Furthermore, Plaintiffs' responses are made without in any way intending to waive, but on the contrary, intending to preserve:

1.      The right to raise—as part of any subsequent proceeding in, or the trial of, this or any other action—all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any documents produced or identified in support of any of the responses to any portion of the Requests;

2.      The right to object on any ground—as part of any subsequent proceeding in, or the trial of, this or any other action—to the use of any documents produced or identified in support of any of the responses to any portion of the Requests;

3.      The right to object to introduction into evidence of any of these responses; and

4.      The right to object on any ground at any time to other discovery involving the subject thereof.

## GENERAL OBJECTIONS

1.      Plaintiffs object to each and every Request, definition, and instruction that purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure or the Local Rules.

2.      Plaintiffs object to each and every Request, definition, and instruction to the extent it contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. The production of any information shall not constitute Plaintiffs' agreement with or acquiescence to any such description.

3.      Plaintiffs object to each and every Request, definition, and instruction to the extent it seeks Documents that are neither relevant to any claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs will only produce documents consistent with their responses below.

4.      Plaintiffs object to each and every Request, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested Documents with reasonable particularity as required by Federal Rule of Civil Procedure 34. To the extent that a Request requires subjective judgment on the part of Plaintiffs as to what information is requested, Plaintiffs will produce responsive, non-privileged documents according to Plaintiffs' understanding of the Request.

5.      Plaintiffs object to each and every Request, definition, and instruction to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery. Plaintiffs will only produce documents consistent with their responses below.

6.      Plaintiffs object to each and every Request, definition, and instruction to the extent it lacks temporal limitation and is thus unduly burdensome and disproportionate to the needs of the case.

7.      Plaintiffs object to each and every Request to the extent it seeks Documents that are a matter of public record, already in the possession of Defendant, or otherwise equally available to the public and Defendant. Plaintiffs do not agree to produce publicly available documents, unless otherwise stated in

Plaintiffs' responses.

8.     Plaintiffs object to each and every Request to the extent that it seeks disclosure of Documents that are unreasonably cumulative or duplicative of other discovery served in this action, or are obtainable from sources that are more convenient, less burdensome, or less expensive.

9.     Plaintiffs object to each and every Request to the extent that it seeks to require Plaintiffs to use more than reasonable diligence to locate and identify responsive Documents or information. Consistent with Plaintiffs' obligations, Plaintiffs will conduct a reasonably diligent inquiry for responsive Documents.

10.     Plaintiffs object to each and every Request to the extent it seeks the production of Documents restored from backup tapes or archived data sources that are not reasonably accessible. Plaintiffs will not search backup tapes or archived data sources.

11.     Plaintiffs object to each and every Request, definition, and instruction to the extent it seeks the production of Documents other than those in Plaintiffs' possession, custody, or control.

12.     Plaintiffs object to each and every Request to the extent it seeks the production of Documents protected by the attorney-client privilege, the attorney-work product doctrine, the common interest or joint defense privileges, rules and agreements governing privacy or confidentiality, or any other applicable privilege or protection recognized under statute or applicable case law. Inadvertent production by Plaintiffs of any Documents protected by any applicable privilege or protection shall not constitute a waiver of the privilege or protection.

13.     Plaintiffs object to each and every Request, definition, and instruction to the extent it calls for a response that would infringe upon the legitimate privacy rights of Plaintiffs, and/or Plaintiffs' agents or representatives were applicable, to the full extent such privacy rights and expectations are

protected by constitution, statute, contract, court order, or public policy.

14.    Plaintiffs object to each and every Request to the extent it seeks Plaintiffs' sensitive, confidential, or proprietary business information. To the extent such Documents are responsive, relevant, and not privileged, Plaintiffs will disclose such confidential Documents pursuant to the Protective Order, and any subsequent revisions to it upon which the Parties may agree. Plaintiffs reserve the right to redact or exclude information from documents to protect unnecessary disclosure of nonresponsive or irrelevant sensitive, confidential, or proprietary business information.

15.    Plaintiffs object to each and every Request to the extent it seeks the production of "all" Documents in Plaintiffs' possession. To the extent that Plaintiffs undertake to produce Documents, Plaintiffs will conduct a reasonable search of custodians reasonably likely to have non-cumulative, non-privileged responsive Documents as qualified by Plaintiffs' objections and responses and, in the case of electronic Documents, if any, Plaintiffs will use search terms reasonably expected to yield non-privileged, responsive Documents. Plaintiffs further object to the production of "all" Documents when a subset of the Documents would be sufficient to show the pertinent information.

16.    Plaintiffs object to each Request, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information in advance of their respective deadlines under the Scheduling Order governing this case, or the Federal Rules of Civil Procedure. Plaintiffs will not produce any expert materials or information before such deadlines.

17.    Plaintiffs object to each and every Request to the extent it seeks information or the production of Documents whose disclosure would otherwise be prohibited by applicable law, rule, regulation, or contract obligation.

18.    Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Plaintiffs as to the validity of any claim or

1   defense asserted by Defendant.

2      19.   All objections as to the relevance, authenticity, or admissibility of

3   any Documents produced are expressly reserved by Plaintiffs.

4      20.   To the extent that Plaintiffs respond to any of the Requests, they

5   reserve the right to object on any grounds, at any time, to other discovery

6   Requests involving or relating to the subject matter of the Requests that

7   Plaintiffs have responded to herein.

8      21.   An objection or an undertaking to produce Documents pursuant to a

9   particular Request should not be construed to indicate that responsive

10  Documents actually exist.

11     22.   Plaintiffs reserve all objections to the use of these responses. All

12  such objections may be interposed by Plaintiffs at the time of trial or as

13  otherwise required by the rules or order of the Court.

14     23.   Plaintiffs' responses herein shall not in any way constitute an

15  adoption of the Defendant's purported "Definitions" of words or phrases or

16  "Instructions" contained in the Requests. Plaintiffs object to the Definitions,

17  Instructions, and Requests to the extent they: (i) are vague, ambiguous,

18  compound, overly broad, unduly burdensome, and not reasonably tailored to

19  avoid imposing undue burden and expense on Plaintiffs; (ii) seek Documents or

20  information for an undefined period of time or, if defined, cover and span an

21  unreasonably long or burdensome time period, and therefore are burdensome

22  and oppressive; (iii) are inconsistent with the ordinary and customary meaning

23  of the words or phrases they purport to define; (iv) seek to impose obligations

24  different from, or in excess of, those created by the Federal Rules of Civil

25  Procedure or Local Rules; (v) include assertions of purported fact that are

26  inaccurate or disputed by the parties to this action; and/or (vi) incorporate other

27  purported defined terms that suffer from such defects. In responding to the

28  Requests, Plaintiffs have, where possible, employed what Plaintiffs regard as the

reasonable, common-sense interpretation of the Request in light of the relevant issues in the case.

24.     Plaintiffs object to Definition No. 3 as argumentative, inaccurate, and a misdescription of Ehud Yonay's work, "Top Guns," hereinafter referred to as the "Story."

25.     Plaintiffs object to Instruction No. 21 as overbroad and unduly burdensome to the extent it requires Plaintiffs to, without exception, harvest Documents "in a manner that maintains the integrity and readability of all data, including all metadata." Plaintiffs will undertake reasonable efforts to protect all data and metadata where practicable but reserve rights to deviate as circumstances require.

26.     Plaintiffs object to Instruction No. 22 as overbroad and unduly burdensome to the extent it requires Plaintiffs to, without exception, "ensure[] that the source of each Document may be determined, if necessary." Plaintiffs will undertake reasonable efforts to ensure as such but reserves rights to deviate as circumstances require.

27.     Plaintiffs object to Instruction No. 25 as overbroad and unduly burdensome to the extent it requires Plaintiffs to, without exception, not separate attached Documents and to maintain the "parent-child" relationship of Documents. Plaintiffs will undertake reasonable efforts to follow Instruction No. 25 but reserve rights to deviate as circumstances require.

28.     Plaintiffs object to Instruction Nos. 26-28 as overbroad and unduly burdensome to the extent they purport to require Plaintiffs to trace back and reconfigure the storage structure of Documents. Plaintiffs will produce Documents as they are currently stored, kept and/or organized (unless doing so would reveal attorney-work product and/or privileged information).

29.     Plaintiffs object to Instruction No. 29 to the extent that it purports to require Plaintiffs to log Documents on an individual, as opposed to categorical

basis.

30.     Plaintiffs object to Instruction No. 30 as overbroad and unduly burdensome to the extent it creates a burden on Plaintiffs beyond that permitted by the Federal and Local Rules.

31.     Plaintiffs object to the time and place identified in the Requests for the Production of Documents. Plaintiffs will produce such Documents within a reasonable time after service of these responses and objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS
## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS, INCLUDING COMMUNICATIONS and AGREEMENTS (and drafts thereof), that REFER or RELATE to the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to any registrations of the ARTICLE with the United States Copyright Office, INCLUDING CORRESPONDENCE with the United States Copyright Office.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to the Notice of Termination, dated on or around January 23, 2018, referred to in the Amended Complaint, INCLUDING CORRESPONDENCE with the United States Copyright Office.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly

10

burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that REFER or RELATE to YOUR allegation that YOU are the successor-in-interest to YONAY's rights to the ARTICLE or under the 1983 AGREEMENT.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available

under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce non-privileged, responsive documents sufficient to show Plaintiffs are Yonay's successors-in-interest, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS, INCLUDING COMMUNICATIONS and AGREEMENTS, that REFER or RELATE to California Magazine.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged documents that REFER or RELATE to California Magazine's publication of Yonay's Story, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS that support YOUR allegation in Paragraph 21 of the Amended Complaint that California Magazine was a "purveyor of New Journalism" that employed "unconventional literary techniques and the subjective literary style of long-form non-fiction."

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to the 1983 AGREEMENT, INCLUDING any prior drafts.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar

as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that RELATE or REFER to TOP GUN or PERSONS once-associated with such school.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiffs also object to this Request as vague and ambiguous as to "TOP GUN" as opposed to "TOP GUN SCHOOL" and "PERSONS once-associated with such school." Subject to, and

without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that RELATE or REFER to MAVERICK.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to the TOP GUN SCHOOL, INCLUDING any correspondence to or from the TOP GUN SCHOOL.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to any inspiration for the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request as overbroad, vague, and ambiguous as to its use of the phrase "inspiration for." Plaintiffs further

object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to any sources (INCLUDING PERSONS or DOCUMENTS) relied on or considered in writing the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a

17

protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to any comments or statements (written or oral) by YONAY regarding the ARTICLE, INCLUDING interviews, speeches, or publications.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS with students, graduates, or instructors at the TOP GUN SCHOOL.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar

as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request as repetitive and redundant of other Requests, e.g., Request No. 10. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS with any PERSON mentioned in the ARTICLE, INCLUDING Alex ("Yogi") Hnarakis, Dave ("Possum") Cully, or Lieutenant Commander C.J. ("Heater").

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without

waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to Alex ("Yogi") Hnarakis or Dave ("Possum") Cully.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request as repetitive and redundant of other Requests, e.g., Request No. 15. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to U.S. Navy aviation, airplanes, pilots, weapons, schools, or training

programs.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 18:**

All notes, research materials, or interviews (oral or written) regarding the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it

seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 19:**

All drafts, iterations, and versions of the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or

RELATE to a description or characterization of the themes of the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of the themes of TOP GUN or MAVERICK.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any

potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of the plot of the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of the plot of TOP GUN or MAVERICK.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of any of the subjects of the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar

as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiffs further object to this Request as vague and ambiguous as to "a description or characterization of any of the subjects" of the Story. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will construe "the subjects of" to mean "the subject matter of" and conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of any of the subjects of TOP GUN or MAVERICK.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the

attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiffs further object to this Request as vague and ambiguous as to "subjects of *Top Gun* or *Maverick*." Subject to, and without waiving, the General Objections and these specific objections, Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will construe "the subjects of" to mean "the subject matter of" and will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of any dialogue or quotes in the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents,

to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of any dialogue or quotes in TOP GUN or MAVERICK.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of the pace of the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of the pace of TOP GUN or MAVERICK.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without

waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of the setting(s) of the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of the setting(s) of TOP GUN or MAVERICK.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of the mood(s) of the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the

attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of the mood(s) of TOP GUN or MAVERICK.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of the physical objects of the ARTICLE, INCLUDING fighter jets and other military equipment.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiffs further object to this Request as vague and ambiguous as to "physical objects" of the Story. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to a description or characterization of the physical objects of TOP GUN or MAVERICK, INCLUDING fighter jets and other military equipment.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiffs further object to this Request as vague and ambiguous as to "physical objects of *Top Gun* or *Maverick*." Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS that REFER or RELATE to YONAY's education, profession, or formal training.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available

under law or arising from contractual obligation. Plaintiffs further object to this Request as vague and ambiguous as to "education, profession, or formal training." Plaintiffs are willing to meet and confer concerning the breadth and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All published versions any works [*sic*], INCLUDING books, articles, and stories, authored, in whole or in part, by YONAY, INCLUDING the ARTICLE and *No Margin for Error: The Making of the Israeli Air Force*.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiffs are willing to meet and confer concerning the breadth and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All drafts, iterations, and versions of YONAY's work: *No Margin for Error: The Making of the Israeli Air Force*.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents

are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiffs are willing to meet and confer concerning the breadth and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All notes, research materials, or interviews (oral or written) regarding YONAY's work: *No Margin for Error: The Making of the Israeli Air Force.*

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiffs are willing to meet and confer concerning the breadth and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All AGREEMENTS that REFER or RELATE to any work authored, in whole or in part, by YONAY.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiffs are willing to meet and confer concerning the breadth and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to YONAY's speeches, interviews, lectures, or promotional materials.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiffs are willing to meet and confer concerning the breadth and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to YONAY's biography, resume, CV, or summary of work.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Plaintiffs are willing to meet and confer concerning the breadth and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that support YOUR allegation in the Amended Complaint that Paramount Pictures "willfully failed to provide the Author with credit" on MAVERICK.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will

38

conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that support YOUR allegation in the Amended Complaint that TOP GUN is derived from or was substantially based upon the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that support YOUR allegation in the Amended Complaint that MAVERICK is derived from or was substantially based upon the ARTICLE.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that support YOUR allegation in the Amended Complaint that MAVERICK "was not completed until long after January 24, 2020."

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it

seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that REFER or RELATE to any COMMUNICATIONS attached to or referenced in the Amended Complaint.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

41

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS, INCLUDING COMMUNICATIONS, that YOU intend to rely on to support YOUR claims, including at trial.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS that REFER or RELATE to any non-privileged investigation YOU have done regarding YOUR claims, the ARTICLE, TOP GUN or MAVERICK.

**RESPONSE:**

Plaintiffs object to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, particularly insofar as it seeks "any" and "all" documents without regard to whether such documents

are relevant to this action. Such a Request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Plaintiffs further object to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Plaintiffs will conduct a reasonably diligent search of documents within Plaintiffs' possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

Dated: February 9, 2023              **TOBEROFF & ASSOCIATES, P.C.**

                                     By:    */s/ Marc Toberoff*
                                            Marc Toberoff

                                     *mtoberoff@toberoffandassociates.com*
                                     23823 Malibu Road, Suite 50-363
                                     Malibu, CA 90265
                                     Telephone: (310) 246-3333
                                     Facsimile: (310) 246-3101

                                     *Attorneys for Plaintiffs*

**PROOF OF SERVICE**

I, Jaymie Parkkinen, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On February 9, 2023, I caused the following document:

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO PARAMOUNT PICTURES' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

to be served as follows:

[ ]   **BY ELECTRONIC MAIL** -  I caused the above-described document to be served by electronic mail transmission on the interested parties noted below, where an electronic mail address is indicated.

[x]   **BY MAIL** – I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On February 9, 2023, I put a true and correct copy of the above-referenced document in a sealed envelope, with postage fully prepaid, and placed the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

44

1  Daniel M. Petrocelli
2  dpetrocelli@omm.com
   Molly M. Lens
3  mlens@omm.com
   Patrick S. McNally
4  pmcnally@omm.com
5  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 8th Floor
6  Los Angeles, California 90067
7

8

9       I declare under penalty of perjury under the laws of the United States that

10  the above is true and correct. Executed on February 9, 2023, at Malibu, California.

11
                              _____
12                                 */s/ Jaymie Parkkinen*
                                    Jaymie Parkkinen
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit C

1 MOLLY M. LENS (S.B. #283867)
mlens@omm.com
2 DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
3 PATRICK S. MCNALLY (S.B. #302062)
pmcnally@omm.com
4 O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
5 Los Angeles, California 90067
Telephone:  (310) 553-6700
6 Facsimile:   (310) 246-6779

7 *Attorneys for Paramount Pictures Corporation*

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

11 SHOSH YONAY, an individual, and
YUVAL YONAY, an individual,      Case No. 2:22-CV-3846-PA-GJS

12                                 **PARAMOUNT PICTURES'**
        Plaintiffs,                **FIRST SET OF**
13                                 **INTERROGATORIES TO**
                                   **PLAINTIFF SHOSH YONAY**
     v.
14                                 HON. PERCY ANDERSON
15 PARAMOUNT PICTURES
   CORPORATION, a Delaware
16 Corporation,

17         Defendant.

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Paramount Pictures Corporation ("Paramount Pictures") hereby propounds the following First Set of Interrogatories ("Interrogatories") on Plaintiff Shosh Yonay ("Plaintiff").  Paramount Pictures requests that Plaintiff respond under oath and in writing to each Interrogatory within thirty (30) days of service.  The Interrogatories are continuing in nature, and Plaintiff is hereby requested to timely supplement her responses to each and every Interrogatory whenever they learn that the response is in some material aspect incomplete or incorrect, in accordance with Federal Rule of Civil Procedure 26(e).

## **DEFINITIONS**

1.     "1983 AGREEMENT" means the contract between Ehud Yonay and Paramount Pictures, dated May 18, 1983, referenced in the Amended Complaint.

2.     "ARTICLE" means the 1983 article "Top Guns" by Ehud Yonay, published in California Magazine.

3.     "EXPRESSION" means any element or expression that is fixed in a tangible form, irrespective of whether it constitutes PROTECTABLE EXPRESSION.

4.     "FACTUAL" means having actual existence and having objective reality—i.e., not FICTIONAL.

5.     "FICTIONAL" means "FICTIONAL" means untrue or invented—*i.e.*, not FACTUAL.

6.     "MAVERICK" means the motion picture *Top Gun: Maverick* that was released theatrically in 2022.

7.     "PERSON" means, without limitation, any individual, corporation, partnership, limited partnership, sole proprietorship, association, trust, or legal entity, and any department(s) or division(s) therein, and includes the present and former officers, executives, directors, employees, attorneys, agents, representatives, and all other PERSONS acting or purporting to act on behalf of any of them, and

1    any of their present or former parent corporations, subsidiaries, affiliates, divisions,

2    predecessors, and successors-in-interest.

3           8.    "PROTECTABLE EXPRESSION" means EXPRESSION that is

4    protectable under copyright law.  *See, e.g.*, *Skidmore as Tr. for Randy Craig Wolfe*

5    *Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) ("[B]ecause only

6    substantial similarity in protectable expression may constitute actionable copying

7    that results in infringement liability, it is essential to distinguish between the

8    protected and unprotected material in a plaintiff's work." (internal citations and

9    quotations omitted)); *Corbello v. Valli*, 974 F.3d 965, 975 (9th Cir. 2020)

10   ("Protectable expression includes the specific details of an author's rendering of

11   ideas.  The court must take care to inquire only whether the protectable elements,

12   standing alone, are substantially similar.  In so doing, we filter out and disregard the

13   non-protectable elements.  Non-protectable elements include ideas; historical facts;

14   common phrases; scenes-a-faire (that is, situations and incidents that flow

15   necessarily or naturally from a basic plot premise or generic plot line) and familiar

16   stock scenes and themes that are staples of literature." (internal citations and

17   quotations omitted, cleaned up)).

18          9.    "YOU" OR "YOUR" means Shosh Yonay and any other PERSON

19   acting or purporting to act on her behalf.

20                           **INSTRUCTIONS**

21          1.    In answering the following Interrogatories, YOU shall furnish all

22   information that is available to YOU, including information in the possession,

23   custody, or control of YOUR attorneys, accountants, investigators, experts,

24   representatives, or other agents.

25          2.    If, in answering the following, YOU are unable to answer fully an

26   Interrogatory, after exercising due diligence to obtain the information to do so,

27   YOU shall answer said Interrogatory to the fullest extent possible, specifying

28   YOUR inability to answer the remainder, describing the efforts taken by YOU to

PARAMOUNT PICTURES' FIRST SET OF
INTERROGATORIES TO SHOSH YONAY
NO. 2:22-CV-3846-PA-GJS

1    obtain the information to fully answer said Interrogatory, and stating whatever

2    information or knowledge YOU have concerning the unanswered portion thereof.

3         3.    If, in answering the following Interrogatories, YOU state in whole or

4    in part that "I do not know" or "unknown" or otherwise indicate any similar lack of

5    knowledge, YOU shall state in detail all efforts made to obtain the information

6    requested, the nature of any continuing efforts in that regard, and by whom any

7    such efforts were and are being made.

8         4.    YOU are instructed to respond to each Interrogatory in full, and to

9    base YOUR response upon all non-privileged information in YOUR possession,

10   custody, or control, including information in the possession, custody, or control of

11   YOUR representatives, employees, agents, or attorneys.

12        5.    In the event any information is withheld on a claim of privilege or

13   otherwise, describe the nature and basis for YOUR claim, identify the requested

14   information that is being withheld with sufficient particularity to enable a claim of

15   privilege or immunity to be adjudicated, including by identifying the author or

16   originator, the addressees and/or recipients, the date, the nature and general subject

17   matter of the document or information, the present custodian and location (if

18   applicable), and cite any authority which YOU assert supports any claim of

19   privilege or immunity.  If a legal objection based on a claim of privilege or

20   immunity from disclosure applies only to a part of an Interrogatory, but not to its

21   entirety, then state the part to which the claim of privilege or immunity applies and

22   respond to the remainder of the Interrogatory.

23        6.    If, in answering these Interrogatories, YOU claim any ambiguity in

24   interpreting either the Interrogatory or a definition or instruction applicable thereto,

25   such claim shall not be utilized by YOU as a basis for refusing to respond.  Rather,

26   YOU shall set forth in a part of YOUR response to such an Interrogatory the

27   language deemed to be ambiguous and the interpretation chosen or used in

28   responding to the Interrogatory.

PARAMOUNT PICTURES' FIRST SET OF
INTERROGATORIES TO SHOSH YONAY
NO. 2:22-CV-3846-PA-GJS

7.      YOU shall respond completely to each Interrogatory, setting forth the question in full followed by each answer.

8.      Questions regarding the interpretation of these Interrogatories should be resolved in favor of the broadest possible construction.

9.      These Interrogatories are to be considered as continuing and YOU are requested to provide, by way of supplementary responses hereto, such additional information as YOU or any PERSONS acting on YOUR behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to these Interrogatories.  Such supplementary responses are to be served upon counsel for Plaintiff within thirty (30) days after receipt of such information or Documents.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify any and all EXPRESSION in the ARTICLE that YOU contend is FICTIONAL or not FACTUAL.

**INTERROGATORY NO. 2:**

Identify all EXPRESSION in the ARTICLE that YOU contend constitutes PROTECTABLE EXPRESSION.

**INTERROGATORY NO. 3:**

Identify all EXPRESSION in MAVERICK that YOU contend is substantially similar to the PROTECTABLE EXPRESSION in the ARTICLE that YOU identified in response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Explain in detail the basis for YOUR contention that YOU have the right to enforce Ehud Yonay's rights under the 1983 AGREEMENT.

1

2   Dated:  March 7, 2023                    O'MELVENY & MYERS LLP

3                                            By:    */s/ Molly M. Lens*
                                                    Molly M. Lens
4
                                             *Attorneys for Paramount Pictures*
5                                            *Corporation*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF PERSONAL SERVICE**

2    I am a citizen of the United States and employed in Los Angeles County,

3   California, at the office of a member of the bar of this Court at whose direction this

4   service was made.  I am over the age of eighteen years and not a party to the within

5   action.  I am a resident of or employed in the county where the service described below

6   occurred.  My business address is 1999 Avenue of the Stars, 8th Floor, Los Angeles,

7   California 90067-6035.  On March 7, 2023, I caused the personal service of the following

8   document(s):

9
**PARAMOUNT PICTURES' FIRST SET OF INTERROGATORIES TO
PLAINTIFF SHOSH YONAY**
10

11   by requesting that an agent or employee of First Legal Support Services deliver to the

12   office of each recipient named below, either by handing the document(s) to the recipient

13   or by leaving the document(s) with the receptionist or other person apparently in charge of

14   each recipient's office:

15
Marc Toberoff
Toberoff & Associates, P.C.
16
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
17

18    I declare under penalty of perjury under the laws of the United States that

19   the above is true and correct.  Executed on March 7, 2023, at Los Angeles, California.

20

21   _____
     Cathy Greenfield

22

23

24

25

26

27

28

PARAMOUNT PICTURES' FIRST SET OF
INTERROGATORIES TO SHOSH YONAY
NO. 2:22-CV-3846-PA-GJS

# Exhibit D

1   MOLLY M. LENS (S.B. #283867)
    mlens@omm.com
2   DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
3   PATRICK S. MCNALLY (S.B. #302062)
    pmcnally@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 8th Floor
5   Los Angeles, California 90067
    Telephone:  (310) 553-6700
6   Facsimile:   (310) 246-6779

7   *Attorneys for Paramount Pictures Corporation*

8               **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  SHOSH YONAY, an individual, and          Case No. 2:22-CV-3846-PA-GJS
    YUVAL YONAY, an individual,
12                                           **PARAMOUNT PICTURES'
                    Plaintiffs,              FIRST SET OF
13                                           INTERROGATORIES TO
             v.                              PLAINTIFF YUVAL YONAY**
14
    PARAMOUNT PICTURES                       HON. PERCY ANDERSON
15  CORPORATION, a Delaware
    Corporation,
16
                    Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Paramount Pictures Corporation ("Paramount Pictures") hereby propounds the following First Set of Interrogatories ("Interrogatories") on Plaintiff Yuval Yonay ("Plaintiff").  Paramount Pictures requests that Plaintiff respond under oath and in writing to each Interrogatory within thirty (30) days of service.  The Interrogatories are continuing in nature, and Plaintiff is hereby requested to timely supplement his responses to each and every Interrogatory whenever they learn that the response is in some material aspect incomplete or incorrect, in accordance with Federal Rule of Civil Procedure 26(e).

## **DEFINITIONS**

1.     "1983 AGREEMENT" means the contract between Ehud Yonay and Paramount Pictures, dated May 18, 1983, referenced in the Amended Complaint.

2.     "ARTICLE" means the 1983 article "Top Guns" by Ehud Yonay, published in California Magazine.

3.     "EXPRESSION" means any element or expression that is fixed in a tangible form, irrespective of whether it constitutes PROTECTABLE EXPRESSION.

4.     "FACTUAL" means having actual existence and having objective reality—i.e., not FICTIONAL.

5.     "FICTIONAL" means untrue or invented—*i.e.*, not FACTUAL.

6.     "MAVERICK" means the motion picture *Top Gun: Maverick* that was released theatrically in 2022.

7.     "PERSON" means, without limitation, any individual, corporation, partnership, limited partnership, sole proprietorship, association, trust, or legal entity, and any department(s) or division(s) therein, and includes the present and former officers, executives, directors, employees, attorneys, agents, representatives, and all other PERSONS acting or purporting to act on behalf of any of them, and

1   any of their present or former parent corporations, subsidiaries, affiliates, divisions,

2   predecessors, and successors-in-interest.

3       8.      "PROTECTABLE EXPRESSION" means EXPRESSION that is

4   protectable under copyright law.  *See, e.g.*, *Skidmore as Tr. for Randy Craig Wolfe*

5   *Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) ("[B]ecause only

6   substantial similarity in protectable expression may constitute actionable copying

7   that results in infringement liability, it is essential to distinguish between the

8   protected and unprotected material in a plaintiff's work." (internal citations and

9   quotations omitted)); *Corbello v. Valli*, 974 F.3d 965, 975 (9th Cir. 2020)

10  ("Protectable expression includes the specific details of an author's rendering of

11  ideas.  The court must take care to inquire only whether the protectable elements,

12  standing alone, are substantially similar.  In so doing, we filter out and disregard the

13  non-protectable elements.  Non-protectable elements include ideas; historical facts;

14  common phrases; scenes-a-faire (that is, situations and incidents that flow

15  necessarily or naturally from a basic plot premise or generic plot line) and familiar

16  stock scenes and themes that are staples of literature." (internal citations and

17  quotations omitted, cleaned up)).

18      9.      "YOU" OR "YOUR" means Yuval Yonay and any other PERSON

19  acting or purporting to act on his behalf.

20                          **INSTRUCTIONS**

21      1.      In answering the following Interrogatories, YOU shall furnish all

22  information that is available to YOU, including information in the possession,

23  custody, or control of YOUR attorneys, accountants, investigators, experts,

24  representatives, or other agents.

25      2.      If, in answering the following, YOU are unable to answer fully an

26  Interrogatory, after exercising due diligence to obtain the information to do so,

27  YOU shall answer said Interrogatory to the fullest extent possible, specifying

28  YOUR inability to answer the remainder, describing the efforts taken by YOU to

1    obtain the information to fully answer said Interrogatory, and stating whatever
2    information or knowledge YOU have concerning the unanswered portion thereof.

3        3.    If, in answering the following Interrogatories, YOU state in whole or
4    in part that "I do not know" or "unknown" or otherwise indicate any similar lack of
5    knowledge, YOU shall state in detail all efforts made to obtain the information
6    requested, the nature of any continuing efforts in that regard, and by whom any
7    such efforts were and are being made.

8        4.    YOU are instructed to respond to each Interrogatory in full, and to
9    base YOUR response upon all non-privileged information in YOUR possession,
10    custody, or control, including information in the possession, custody, or control of
11    YOUR representatives, employees, agents, or attorneys.

12        5.    In the event any information is withheld on a claim of privilege or
13    otherwise, describe the nature and basis for YOUR claim, identify the requested
14    information that is being withheld with sufficient particularity to enable a claim of
15    privilege or immunity to be adjudicated, including by identifying the author or
16    originator, the addressees and/or recipients, the date, the nature and general subject
17    matter of the document or information, the present custodian and location (if
18    applicable), and cite any authority which YOU assert supports any claim of
19    privilege or immunity.  If a legal objection based on a claim of privilege or
20    immunity from disclosure applies only to a part of an Interrogatory, but not to its
21    entirety, then state the part to which the claim of privilege or immunity applies and
22    respond to the remainder of the Interrogatory.

23        6.    If, in answering these Interrogatories, YOU claim any ambiguity in
24    interpreting either the Interrogatory or a definition or instruction applicable thereto,
25    such claim shall not be utilized by YOU as a basis for refusing to respond.  Rather,
26    YOU shall set forth in a part of YOUR response to such an Interrogatory the
27    language deemed to be ambiguous and the interpretation chosen or used in
28    responding to the Interrogatory.

PARAMOUNT PICTURES' FIRST SET OF
INTERROGATORIES TO YUVAL YONAY
NO. 2:22-CV-3846-PA-GJS

7.      YOU shall respond completely to each Interrogatory, setting forth the question in full followed by each answer.

8.      Questions regarding the interpretation of these Interrogatories should be resolved in favor of the broadest possible construction.

9.      These Interrogatories are to be considered as continuing and YOU are requested to provide, by way of supplementary responses hereto, such additional information as YOU or any PERSONS acting on YOUR behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to these Interrogatories.  Such supplementary responses are to be served upon counsel for Plaintiff within thirty (30) days after receipt of such information or Documents.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify any and all EXPRESSION in the ARTICLE that YOU contend is FICTIONAL or not FACTUAL.

**INTERROGATORY NO. 2:**

Identify all EXPRESSION in the ARTICLE that YOU contend constitutes PROTECTABLE EXPRESSION.

**INTERROGATORY NO. 3:**

Identify all EXPRESSION in MAVERICK that YOU contend is substantially similar to the PROTECTABLE EXPRESSION in the ARTICLE that YOU identified in response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**

Explain in detail the basis for YOUR contention that YOU have the right to enforce Ehud Yonay's rights under the 1983 AGREEMENT.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  March 7, 2023

O'MELVENY & MYERS LLP

By:   */s/ Molly M. Lens*
Molly M. Lens

*Attorneys for Paramount Pictures Corporation*

PARAMOUNT PICTURES' FIRST SET OF
INTERROGATORIES TO YUVAL YONAY
NO. 2:22-CV-3846-PA-GJS

1

2

3

4

5

6

7

8

<div align="center">

**PROOF OF PERSONAL SERVICE**

</div>

        I am a citizen of the United States and employed in Los Angeles County, California, at the office of a member of the bar of this Court at whose direction this service was made.  I am over the age of eighteen years and not a party to the within action.  I am a resident of or employed in the county where the service described below occurred.  My business address is 1999 Avenue of the Stars, 8th Floor, Los Angeles, California 90067-6035.  On March 7, 2023, I caused the personal service of the following document(s):

9

10

<div align="center">

**PARAMOUNT PICTURES' FIRST SET OF INTERROGATORIES TO PLAINTIFF YUVAL YONAY**

</div>

11

12

13

14

by requesting that an agent or employee of First Legal Support Services deliver to the office of each recipient named below, either by handing the document(s) to the recipient or by leaving the document(s) with the receptionist or other person apparently in charge of each recipient's office:

15

16

17

        Marc Toberoff
        Toberoff & Associates, P.C.
        23823 Malibu Road, Suite 50-363
        Malibu, CA 90265

18

19

        I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on March 7, 2023, at Los Angeles, California.

20

21

                       _Cathy Greenfield_
                       Cathy Greenfield

22

23

24

25

26

27

28

<div align="right">

PARAMOUNT PICTURES' FIRST SET OF
INTERROGATORIES TO YUVAL YONAY
NO. 2:22-CV-3846-PA-GJS

</div>

# Exhibit E

1   MOLLY M. LENS (S.B. #283867)
    mlens@omm.com
2   DANIEL M. PETROCELLI (S.B. #97802)
    dpetrocelli@omm.com
3   PATRICK S. MCNALLY (S.B. #302062)
    pmcnally@omm.com
4   O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 8th Floor
5   Los Angeles, California 90067
    Telephone:   (310) 553-6700
6   Facsimile:   (310) 246-6779

7   *Attorneys for Paramount Pictures Corporation*

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  SHOSH YONAY, an individual, and          Case No. 2:22-CV-3846-PA-GJS
    YUVAL YONAY, an individual,
12                                            **PARAMOUNT PICTURES'**
              Plaintiffs,                     **FIRST SET OF REQUESTS FOR**
13                                            **ADMISSION TO PLAINTIFF**
         v.                                   **SHOSH YONAY**
14
    PARAMOUNT PICTURES                        **HON. PERCY ANDERSON**
15  CORPORATION, a Delaware
    Corporation,
16
              Defendant.
17

18

19

20

21

22

23

24

25

26

27

28
                                          PARAMOUNT PICTURES' FIRST SET OF
                                             REQUESTS FOR ADMISSION
                                                 ON SHOSH YONAY
                                               NO. 2:22-CV-3846-PA-GJS

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Paramount Pictures Corporation ("Paramount Pictures") hereby propounds the following First Set of Requests for Admission (collectively, "Requests," and individually, "Request") on Plaintiff Shosh Yonay.  Paramount Pictures requests that YOU respond under oath and in writing to each Request within thirty (30) days of service.  The Requests are continuing in nature, and YOU are hereby requested to timely supplement YOUR responses to each and every Request whenever YOU learn that the response is in some material aspect incomplete or incorrect, in accordance with Federal Rule of Civil Procedure 26(e).

### DEFINITIONS

1.      "ARTICLE" means the 1983 article "Top Guns" by Ehud Yonay, published in California Magazine.

2.      "FACTUAL" means having actual existence and having objective reality—*i.e.*, not FICTIONAL.

3.      "FICTIONAL" means untrue or invented—*i.e.*, not FACTUAL.

4.      "PERSON" means, without limitation, any individual, corporation, partnership, limited partnership, sole proprietorship, association, trust, or legal entity, and any department(s) or division(s) therein, and includes the present and former officers, executives, directors, employees, attorneys, agents, representatives, and all other PERSONS acting or purporting to act on behalf of any of them, and any of their present or former parent corporations, subsidiaries, affiliates, divisions, predecessors, and successors-in-interest.

5.      "YOU" and "YOUR" means Shosh Yonay and any other PERSON acting or purporting to act on her behalf.

### INSTRUCTIONS

1.      These Requests concern all information in YOUR possession, custody, or control, including information in the possession of YOUR attorneys, agents,

- 2 -

servants, representatives, consultants, accountants, investigators, subordinates, or other PERSONS directly or indirectly employed or retained by them, or anyone else acting on YOUR behalf or subject to YOUR control.

2. Any Request not specifically denied in the time provided will be deemed admitted unless YOU provide a sworn statement in response to the matter either denying the matter or setting forth in detail the reason why YOU cannot truthfully admit or deny the matter.

3. Should YOU contend that any matter about which an admission is requested cannot be fairly admitted without some material qualification, provide a sworn statement setting forth in detail the basis for this contention or admitting the matter with such qualification or explanation.

4. A denial must fairly meet the substance of the Request.  If YOU cannot, in good faith, admit the truth of a statement or part of a statement, or deny the truth of a statement or part of a statement, but rather believe that YOU must admit or deny with qualification, specify: (i) those parts of the statement that YOU admit as true, (ii) those parts of the statement as to which YOUR admission or denial is qualified, along with the nature of the qualification, and (iii) those parts of the statement that YOU deny.

5. If YOU deny, or otherwise fail to admit the truth of a statement or part of a statement, based on YOUR lack of information or knowledge, explain the reasonable inquiry that YOU have made and why the information known or readily obtainable by YOU is insufficient to enable YOU to admit or deny the truth of the statement or part thereof.

6. Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

7. Questions regarding the interpretation of these Requests should be resolved in favor of the broadest possible construction.

8.      Pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), these Requests shall be deemed continuing in nature and YOU are requested to provide, by way of supplementary responses hereto, such additional information as YOU or any PERSONS acting on YOUR behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to these Requests.  Such supplementary responses are to be served upon counsel for Paramount Pictures within thirty (30) days after receipt of such information.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Ehud Yonay was a journalist.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the ARTICLE is a FACTUAL work.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the ARTICLE does not contain any FICTIONAL elements.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Ehud Yonay agreed with California Magazine with respect to the Article that Yonay would "use all reasonable care in reporting and writing the article to make sure that it is factual and accurate, that it is not obscene, that it does not defame or invade the privacy of any person, and that it does not infringe the copyright of any person or business.  (This means that you will be careful to follow the standards and practices of good journalism, and thus it helps to protect you and CALIFORNIA from lawsuits.)."

**REQUEST FOR ADMISSION NO. 5:**

Admit that the only published works authored by Ehud Yonay were FACTUAL works.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Alex ("Yogi") Hnarakis discussed in the Article is FACTUAL.

- 4 -

1    **REQUEST FOR ADMISSION NO. 7:**

2         Admit that Dave ("Possum") Cully discussed in the Article is FACTUAL.

3    **REQUEST FOR ADMISSION NO. 8:**

4         Admit that Randy Cunningham discussed in the Article is FACTUAL.

5    **REQUEST FOR ADMISSION NO. 9:**

6         Admit that the "WELCOME TO FIGHTERTOWN U.S.A." sign referenced

7    in the Article is FACTUAL.

8    **REQUEST FOR ADMISSION NO. 10:**

9         Admit that the Naval Air Station Miramar discussed in the Article is

10   FACTUAL.

11   **REQUEST FOR ADMISSION NO. 11:**

12        Admit that "Top Gun" was the nickname for the Naval Air Station Miramar.

13   **REQUEST FOR ADMISSION NO. 12:**

14        Admit that the "Wolfpack" discussed in the Article is FACTUAL.

15   **REQUEST FOR ADMISSION NO. 13:**

16        Admit that the "afterburner in top fighter jets" discussed in the Article is

17   FACTUAL.

18   **REQUEST FOR ADMISSION NO. 14:**

19        Admit that the statement that "pulling Gs—withstanding several times the

20   force of the earth's gravitational pull" in the Article is FACTUAL.

21   **REQUEST FOR ADMISSION NO. 15:**

22        Admit that the statement that "at high angles of flight, not enough air flows

23   into the engines of the top fighter jets, and they can die" in the Article is

24   FACTUAL.

25

26

27

28

PARAMOUNT PICTURES' FIRST SET OF
REQUESTS FOR ADMISSION
ON SHOSH YONAY
NO. 2:22-CV-3846-PA-GJS

1   **REQUEST FOR ADMISSION NO. 16:**

2        Admit that the reference to "pilots drink[ing] beer and carous[ing]" in the

3   Article is FACTUAL.

4   **REQUEST FOR ADMISSION NO. 17:**

5        Admit that the reference to pilots being "cocky" and "sometimes reckless" in

6   the Article is FACTUAL.

7   **REQUEST FOR ADMISSION NO. 18:**

8        Admit that the reference to "fighter pilots fraternizing as a way of bonding

9   and blowing off steam" in the Article is FACTUAL.

10  **REQUEST FOR ADMISSION NO. 19:**

11       Admit that the reference to the "bell" in the Article is FACTUAL.

12  **REQUEST FOR ADMISSION NO. 20:**

13       Admit that the reference to the "bar" in the Article is FACTUAL.

14  **REQUEST FOR ADMISSION NO. 21:**

15       Admit that the reference to the "club" in the Article is FACTUAL.

16  **REQUEST FOR ADMISSION NO. 22:**

17       Admit that the statement that the wings of the F-14 are able to expand,

18  referenced in the Article is FACTUAL.

19

20       Dated:  March 7, 2023              O'MELVENY & MYERS LLP

21

22                                        By:   */s/ Molly M. Lens*
                                               Molly M. Lens

23                                        *Attorneys for Paramount Pictures*
                                          *Corporation*
24

25

26

27

28

PARAMOUNT PICTURES' FIRST SET OF
REQUESTS FOR ADMISSION
ON SHOSH YONAY
NO. 2:22-CV-3846-PA-GJS

1

## PROOF OF PERSONAL SERVICE

2        I am a citizen of the United States and employed in Los Angeles County,

3   California, at the office of a member of the bar of this Court at whose direction this

4   service was made.  I am over the age of eighteen years and not a party to the within

5   action.  I am a resident of or employed in the county where the service described below

6   occurred.  My business address is 1999 Avenue of the Stars, 8th Floor, Los Angeles,

7   California 90067-6035.  On March 7, 2023, I caused the personal service of the following

8   document(s):

9
## PARAMOUNT PICTURES' FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF SHOSH YONAY
10

11   by requesting that an agent or employee of First Legal Support Services deliver to the

12   office of the recipient named below, either by handing the document(s) to the recipient or

13   by leaving the document(s) with the receptionist or other person apparently in charge of

14   the recipient's office:

15           Marc Toberoff
        Toberoff & Associates, P.C.
16           23823 Malibu Road, Suite 50-363
        Malibu, CA 90265
17

18        I declare under penalty of perjury under the laws of the United States that

19   the above is true and correct.  Executed on March 7, 2023, at Los Angeles, California.

20

21           _Cathy Greenfield._
        Cathy Greenfield

22

23

24

25

26

27

28

PARAMOUNT PICTURES' FIRST SET OF
REQUESTS FOR ADMISSION
ON SHOSH YONAY
NO. 2:22-CV-3846-PA-GJS

# Exhibit F

MOLLY M. LENS (S.B. #283867)
mlens@omm.com
DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
PATRICK S. MCNALLY (S.B. #302062)
pmcnally@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone:   (310) 553-6700
Facsimile:   (310) 246-6779

*Attorneys for Paramount Pictures Corporation*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual,<br><br>                    Plaintiffs,<br><br>          v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware Corporation,<br><br>                    Defendant. | Case No. 2:22-CV-3846-PA-GJS<br><br>**PARAMOUNT PICTURES' FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF YUVAL YONAY**<br><br>**HON. PERCY ANDERSON** |

PARAMOUNT PICTURES' FIRST SET OF
REQUESTS FOR ADMISSION
ON YUVAL YONAY
NO. 2:22-CV-3846-PA-GJS

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant

2    Paramount Pictures Corporation ("Paramount Pictures") hereby propounds the

3    following First Set of Requests for Admission (collectively, "Requests," and

4    individually, "Request") on Plaintiff Yuval Yonay.  Paramount Pictures requests

5    that YOU respond under oath and in writing to each Request within thirty (30) days

6    of service.  The Requests are continuing in nature, and YOU are hereby requested

7    to timely supplement YOUR responses to each and every Request whenever YOU

8    learn that the response is in some material aspect incomplete or incorrect, in

9    accordance with Federal Rule of Civil Procedure 26(e).

10                              **DEFINITIONS**

11    1.    "ARTICLE" means the 1983 article "Top Guns" by Ehud Yonay,

12    published in California Magazine.

13    2.    "FACTUAL" means having actual existence and having objective

14    reality—*i.e.*, not FICTIONAL.

15    3.    "FICTIONAL" means untrue or invented—*i.e.*, not FACTUAL.

16    4.    "PERSON" means, without limitation, any individual, corporation,

17    partnership, limited partnership, sole proprietorship, association, trust, or legal

18    entity, and any department(s) or division(s) therein, and includes the present and

19    former officers, executives, directors, employees, attorneys, agents, representatives,

20    and all other PERSONS acting or purporting to act on behalf of any of them, and

21    any of their present or former parent corporations, subsidiaries, affiliates, divisions,

22    predecessors, and successors-in-interest.

23    5.    "YOU" and "YOUR" means Yuval Yonay and any other PERSON

24    acting or purporting to act on his behalf.

25                              **INSTRUCTIONS**

26    1.    These Requests concern all information in YOUR possession, custody,

27    or control, including information in the possession of YOUR attorneys, agents,

28

PARAMOUNT PICTURES' FIRST SET OF
REQUESTS FOR ADMISSION
ON YUVAL YONAY
NO. 2:22-CV-3846-PA-GJS

servants, representatives, consultants, accountants, investigators, subordinates, or other PERSONS directly or indirectly employed or retained by them, or anyone else acting on YOUR behalf or subject to YOUR control.

2.      Any Request not specifically denied in the time provided will be deemed admitted unless YOU provide a sworn statement in response to the matter either denying the matter or setting forth in detail the reason why YOU cannot truthfully admit or deny the matter.

3.      Should YOU contend that any matter about which an admission is requested cannot be fairly admitted without some material qualification, provide a sworn statement setting forth in detail the basis for this contention or admitting the matter with such qualification or explanation.

4.      A denial must fairly meet the substance of the Request.  If YOU cannot, in good faith, admit the truth of a statement or part of a statement, or deny the truth of a statement or part of a statement, but rather believe that YOU must admit or deny with qualification, specify: (i) those parts of the statement that YOU admit as true, (ii) those parts of the statement as to which YOUR admission or denial is qualified, along with the nature of the qualification, and (iii) those parts of the statement that YOU deny.

5.      If YOU deny, or otherwise fail to admit the truth of a statement or part of a statement, based on YOUR lack of information or knowledge, explain the reasonable inquiry that YOU have made and why the information known or readily obtainable by YOU is insufficient to enable YOU to admit or deny the truth of the statement or part thereof.

6.      Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

7.      Questions regarding the interpretation of these Requests should be resolved in favor of the broadest possible construction.

8.      Pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), these Requests shall be deemed continuing in nature and YOU are requested to provide, by way of supplementary responses hereto, such additional information as YOU or any PERSONS acting on YOUR behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to these Requests.  Such supplementary responses are to be served upon counsel for Paramount Pictures within thirty (30) days after receipt of such information.

## REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that Ehud Yonay was a journalist.

## REQUEST FOR ADMISSION NO. 2:

Admit that the ARTICLE is a FACTUAL work.

## REQUEST FOR ADMISSION NO. 3:

Admit that the ARTICLE does not contain any FICTIONAL elements.

## REQUEST FOR ADMISSION NO. 4:

Admit that Ehud Yonay agreed with California Magazine with respect to the Article that Yonay would "use all reasonable care in reporting and writing the article to make sure that it is factual and accurate, that it is not obscene, that it does not defame or invade the privacy of any person, and that it does not infringe the copyright of any person or business.  (This means that you will be careful to follow the standards and practices of good journalism, and thus it helps to protect you and CALIFORNIA from lawsuits.)."

## REQUEST FOR ADMISSION NO. 5:

Admit that the only published works authored by Ehud Yonay were FACTUAL works.

## REQUEST FOR ADMISSION NO. 6:

Admit that Alex ("Yogi") Hnarakis discussed in the Article is FACTUAL.

1  **REQUEST FOR ADMISSION NO. 7:**

2      Admit that Dave ("Possum") Cully discussed in the Article is FACTUAL.

3  **REQUEST FOR ADMISSION NO. 8:**

4      Admit that Randy Cunningham discussed in the Article is FACTUAL.

5  **REQUEST FOR ADMISSION NO. 9:**

6      Admit that the "WELCOME TO FIGHTERTOWN U.S.A." sign referenced

7  in the Article is FACTUAL.

8  **REQUEST FOR ADMISSION NO. 10:**

9      Admit that the Naval Air Station Miramar discussed in the Article is

10 FACTUAL.

11 **REQUEST FOR ADMISSION NO. 11:**

12     Admit that "Top Gun" was the nickname for the Naval Air Station Miramar.

13 **REQUEST FOR ADMISSION NO. 12:**

14     Admit that the "Wolfpack" discussed in the Article is FACTUAL.

15 **REQUEST FOR ADMISSION NO. 13:**

16     Admit that the "afterburner in top fighter jets" discussed in the Article is

17 FACTUAL.

18 **REQUEST FOR ADMISSION NO. 14:**

19     Admit that the statement that "pulling Gs—withstanding several times the

20 force of the earth's gravitational pull" in the Article is FACTUAL.

21 **REQUEST FOR ADMISSION NO. 15:**

22     Admit that the statement that "at high angles of flight, not enough air flows

23 into the engines of the top fighter jets, and they can die" in the Article is

24 FACTUAL.

25

26

27

28

PARAMOUNT PICTURES' FIRST SET OF
REQUESTS FOR ADMISSION
ON YUVAL YONAY
NO. 2:22-CV-3846-PA-GJS

1  **REQUEST FOR ADMISSION NO. 16:**

2      Admit that the reference to "pilots drink[ing] beer and carous[ing]" in the

3  Article is FACTUAL.

4  **REQUEST FOR ADMISSION NO. 17:**

5      Admit that the reference to pilots being "cocky" and "sometimes reckless" in

6  the Article is FACTUAL.

7  **REQUEST FOR ADMISSION NO. 18:**

8      Admit that the reference to "fighter pilots fraternizing as a way of bonding

9  and blowing off steam" in the Article is FACTUAL.

10  **REQUEST FOR ADMISSION NO. 19:**

11      Admit that the reference to the "bell" in the Article is FACTUAL.

12  **REQUEST FOR ADMISSION NO. 20:**

13      Admit that the reference to the "bar" in the Article is FACTUAL.

14  **REQUEST FOR ADMISSION NO. 21:**

15      Admit that the reference to the "club" in the Article is FACTUAL.

16  **REQUEST FOR ADMISSION NO. 22:**

17      Admit that the statement that the wings of the F-14 are able to expand,

18  referenced in the Article is FACTUAL.

19

20      Dated:  March 7, 2023        O'MELVENY & MYERS LLP

21

22                             By:  */s/ Molly M. Lens*
                                 Molly M. Lens

23                           *Attorneys for Paramount Pictures*

24                           *Corporation*

25

26

27

28

**PROOF OF PERSONAL SERVICE**

1
2          I am a citizen of the United States and employed in Los Angeles County,
3   California, at the office of a member of the bar of this Court at whose direction this
4   service was made.  I am over the age of eighteen years and not a party to the within
5   action.  I am a resident of or employed in the county where the service described below
6   occurred.  My business address is 1999 Avenue of the Stars, 8th Floor, Los Angeles,
7   California 90067-6035.  On March 7, 2023, I caused the personal service of the following
8   document(s):

9          **PARAMOUNT PICTURES' FIRST SET OF REQUESTS FOR
10         ADMISSION TO PLAINTIFF YUVAL YONAY**

11  by requesting that an agent or employee of First Legal Support Services deliver to the
12  office of the recipient named below, either by handing the document(s) to the recipient or
13  by leaving the document(s) with the receptionist or other person apparently in charge of
14  the recipient's office:

15                     Marc Toberoff
16                     Toberoff & Associates, P.C.
                       23823 Malibu Road, Suite 50-363
17                     Malibu, CA 90265

18         I declare under penalty of perjury under the laws of the United States that
19  the above is true and correct.  Executed on March 7, 2023, at Los Angeles, California.

20
21                     _____
                       Cathy Greenfield
22
23
24
25
26
27
28

PARAMOUNT PICTURES' FIRST SET OF
REQUESTS FOR ADMISSION
ON YUVAL YONAY
NO. 2:22-CV-3846-PA-GJS

# Exhibit G

1 | Marc Toberoff (S.B. #188547)
2 | *mtoberoff@toberoffandassociates.com*
  | Jaymie Parkkinen (S.B. #318394)
3 | *jparkkinen@toberoffandassociates.com*
  | TOBEROFF & ASSOCIATES, P.C.
4 | 23823 Malibu Road, Suite 50-363
5 | Malibu, CA 90265
  | Telephone: (310) 246-3333
6 | Facsimile: (310) 246-3101
7 |
8 | Alex Kozinski (S.B. # 66473)
  | *alex@kozinski.com*
9 | 719 Yarmouth Rd, Suite 101
  | Palos Verdes Estates, CA 90274
10 | Telephone: (310) 541-5885
11 | Facsimile: (310) 265-4653
12 |
  | *Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual, | Case No. 2:22-CV-3846-PA-GJS |
| Plaintiffs, | **PLAINTIFF SHOSH YONAY'S RESPONSES AND OBJECTIONS TO PARAMOUNT'S FIRST SET OF INTERROGATORIES TO SHOSH YONAY** |
| v. | |
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation, | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Shosh Yonay ("Plaintiff") hereby submits these responses and objections to the First Set of Interrogatories to Plaintiff Shosh Yonay ("Interrogatories" and, individually, "Interrogatory"), served by Paramount Pictures Corporation ("Paramount"), as follows:

## PRELIMINARY STATEMENT

These responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. These responses shall not be used in connection with any other proceeding.

No incidental or implied admissions are intended by these responses. The fact that Plaintiff responds or objects to any of the Interrogatories should not be construed as an admission that Plaintiff accepts or admits the existence of any facts assumed by such Interrogatory, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Plaintiff responds to part or all of any of the Interrogatories is not intended to be and shall not be construed as a waiver of any part of any objection to any Interrogatory.

Plaintiff is still in the process of investigating the facts of this case and searching for responsive information and Documents, which is a particularly burdensome and expensive undertaking given that many of the relevant events took place decades ago. Nor has Plaintiff completed discovery or concluded preparation for summary judgment or trial. As a result, Plaintiff's objections and responses herein are preliminary and based on information and Documents that are presently available and specifically known to Plaintiff after having made a diligent search and reasonable and good faith inquiry, and are made without

prejudice to Plaintiff's right to: (1) amend, alter, supplement, clarify or otherwise modify these objections and responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any Documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet been ascertained; and (3) offer expert witness opinions on any relevant matter, which opinions may be at variance with these objections and responses or the information and Documents referenced in response to Paramount's Interrogatories.

Furthermore, Plaintiff's responses are made without in any way intending to waive, but on the contrary, intending to preserve:

1.     The right to raise—as part of any subsequent proceeding in, or the trial of, this or any other action—all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any information or Documents produced or identified in support of any of the responses to any portion of Paramount's Interrogatories;

2.     The right to object on any ground—as part of any subsequent proceeding in, or the trial of, this or any other action—to the use of any information or Documents produced or identified in support of any of the responses to any portion of Paramount's Interrogatories;

3.     The right to object to introduction into evidence of any of these responses; and

4.     The right to object on any ground at any time to other discovery involving the subject thereof.

## **GENERAL OBJECTIONS**

Plaintiff objects to each particular Interrogatory on the following grounds, which are hereby incorporated within each response set forth below:

1.     Plaintiff objects to each and every Interrogatory, definition, and instruction that purports to impose obligations beyond those required or permitted

by the Federal Rules of Civil Procedure or the Local Rules. Plaintiff interprets each and every Interrogatory, definition, and instruction to be consistent with the Federal Rules of Civil Procedure and Local Rules.

2.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it contains argumentative, inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. Any response to any Interrogatory shall not constitute Plaintiff's agreement with or acquiescence to any such description.

3.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is neither relevant to any claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff will only disclose information consistent with Plaintiff's responses below.

4.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested information with reasonable particularity. To the extent that an Interrogatory requires subjective judgment on the part of Plaintiff as to what information is requested, Plaintiff will disclose responsive, non-privileged information according to Plaintiff's understanding of the Interrogatory.

5.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery. Plaintiff will only disclose information consistent with Plaintiff's responses below.

6.     Plaintiff objects to each and every Interrogatory to the extent it seeks information that is a matter of public record, already in the possession of Paramount, or otherwise equally available to the public and Paramount. Plaintiff objects to Paramount's Instructions on this same basis. That said, without committing to undertake a search specifically for information in the public record,

Plaintiff will not withhold any responsive information of which Plaintiff is aware because it may also be available in the public record. Plaintiff will not undertake a search of the public record for Paramount.

7. Plaintiff objects to each and every Interrogatory to the extent that it seeks disclosure of information that is unreasonably cumulative or duplicative of other discovery served in this action, or is obtainable from sources that are more convenient, less burdensome, or less expensive.

8. Plaintiff objects to each and every Interrogatory to the extent that it seeks to require Plaintiff to use more than reasonable diligence to locate and identify responsive information. Consistent with Plaintiff's obligations, Plaintiff will conduct a reasonably diligent inquiry for responsive information and Documents.

9. Plaintiff objects to the Interrogatories, including, but not limited to, the "Definitions" and "Instructions," including without limitation Instruction No. 1, to the extent they purport to impose any obligations upon Plaintiff that exceed those imposed by the Federal and Local Rules. Plaintiff's responses are based on Plaintiff's personal knowledge, the knowledge of Plaintiff's agents, and *reliable* information found in documents in Plaintiff's possession, custody, or control.

10. Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is not within Plaintiff's possession, custody, or control.

11. Plaintiff objects to each and every Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, rules and agreements governing privacy or confidentiality, or any other applicable privilege or protection recognized under statute or applicable case law. Inadvertent disclosure by Plaintiff of any information protected by any applicable privilege or protection shall not constitute a waiver, in whole or in part, of the privilege or protection.

12.     Plaintiff objects to each and every Interrogatory to the extent it seeks Plaintiff's sensitive, confidential, or proprietary business information. To the extent such information is responsive, relevant, and not privileged, Plaintiff will disclose such confidential information pursuant to the Protective Order, and any subsequent revisions to that Protective Order upon which the Parties may agree.

13.     Plaintiff objects to each Interrogatory, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information in advance of their respective deadlines under the Scheduling Order governing this case and/or the Federal Rules of Civil Procedure. Plaintiff will not disclose any expert materials or information before such deadlines.

14.     Plaintiff objects to each and every Interrogatory to the extent it seeks information the disclosure of which would be prohibited by applicable law, rule, regulation, or contractual obligation. In particular, Plaintiff objects to each and every Interrogatory to the extent it seeks information subject to confidentiality obligations (such as settlement agreements with third-parties) or protective orders. Plaintiff cannot, and will not, identify any such information unless and until Plaintiff is relieved of the confidentiality obligations with respect to such information, and nothing contained in any response to any Interrogatory should be considered an agreement to identify such information.

15.     Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Plaintiff as to the validity of any claim or defense asserted by Paramount.

16.     All objections as to the relevance, authenticity, or admissibility of these responses and any information referenced therein are expressly reserved by Plaintiff.

17.     To the extent that Plaintiff responds to any of the Interrogatories, Plaintiff reserves the right to object on any grounds, at any time, to other discovery requests involving or relating to the subject matter of the Interrogatories that

Plaintiff has responded to herein.

18.     Plaintiff reserves all objections to the use of these responses. All such objections may be interposed by Plaintiff at the time of trial or as otherwise required by the rules or order of the Court.

19.     Plaintiff's responses herein shall not in any way constitute an adoption of Paramount's purported "Definitions" of words or phrases or "Instructions" contained in the Interrogatories. Plaintiff objects to the Definitions, Instructions, and Interrogatories to the extent they: (i) are vague, ambiguous, compound, overbroad, unduly burdensome, and not reasonably tailored to avoid imposing undue burden and expense on Plaintiff; (ii) seek information for an undefined period of time or, if defined, cover and span an unreasonably long or burdensome time period, and therefore are burdensome and oppressive; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iv) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure or Local Rules; (v) include assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (vi) incorporate other purported defined terms that suffer from such defects. In responding to the Interrogatories, Plaintiff has, where possible, employed what Plaintiff regards as the reasonable, common-sense interpretation of the Interrogatory in light of the relevant issues in the case.

20.     Plaintiff objects to each Interrogatory to the extent that it assumes the existence, relevance, materiality, truth, admissibility, or authenticity of any particular information, or assumes the validity of any claim or defense. In responding to these Interrogatories, Plaintiff does not make any admissions or waive any rights or objections, all of which are expressly preserved.

21.     Plaintiff objects to each Interrogatory to the extent that it requires Plaintiff to draw a legal conclusion.

22.     Plaintiff reserves the right to revise, amend, or supplement Plaintiff's

objections, responses, and/or production, and to use in discovery and at trial any information that is omitted as a result of mistake, inadvertence, or oversight. Plaintiff notes that discovery is ongoing and that Plaintiff's responses are based on the information that is presently available and specifically known to Plaintiff.

23.    Plaintiff objects to Instruction No. 5 to the extent that it purports to require Plaintiff to log information, as though the Interrogatories are requests for production. Plaintiff does not agree to provide privileged information or a privilege log with respect to these Interrogatories.

24.    The fact that Plaintiff may reassert particular objections in responding to individual Interrogatories should not be construed as limiting the generality of the foregoing objections. The General Objections set forth herein are asserted with respect to each and every Interrogatory.

### SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Identify any and all EXPRESSION in the ARTICLE that YOU contend is FICTIONAL or not FACTUAL.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates Plaintiff's Preliminary Statement and General Objections as though fully set forth herein. Plaintiff objects to the terms "ARTICLE," "EXPRESSION," "FICTIONAL," and "FACTUAL" as vague, ambiguous, and argumentative. Plaintiff further objects to this Interrogatory more broadly on the grounds that it is vague, overbroad, and unduly burdensome, because, without limitation, it is unclear whether literary and creative elements (e.g., metaphor, hyperbole, personification, etc.) are encompassed by this Interrogatory. Plaintiff further objects because this Interrogatory seeks information which is irrelevant to either parties' claims or defenses, is not proportional to the needs of the case, and is a premature contention interrogatory. *See Gravestock v. Abilene Motor Express, Inc.*, 2017

WL 10592155, at *5-6 (C.D. Cal. Sept. 14, 2017) (denying motion to compel as to contention interrogatory that asked party to identify facts supporting a contention); *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) ("Indeed, it is generally accepted that courts [will] not order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011) (extending plaintiff's deadline to respond to contention interrogatories until 30 days before the discovery cut-off). Further still, Plaintiff objects to this Interrogatory because it improperly seeks legal conclusions, prematurely seeks expert opinions, and objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Plaintiff reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 2:**

Identify all EXPRESSION in the ARTICLE that YOU contend constitutes PROTECTABLE EXPRESSION.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates Plaintiff's Preliminary Statement and General Objections as though fully set forth herein. Plaintiff objects to the terms "ARTICLE," "EXPRESSION," and "PROTECTABLE EXPRESSION" as vague, ambiguous, and argumentative. Plaintiff further objects to this Interrogatory more broadly on the grounds that it is vague, overbroad, and unduly burdensome. Plaintiff further objects because this Interrogatory seeks information which is irrelevant to either parties' claims or defenses, is not

proportional to the needs of the case, and is a premature contention interrogatory. *See Gravestock v. Abilene Motor Express, Inc.*, 2017 WL 10592155, at *5-6 (C.D. Cal. Sept. 14, 2017) (denying motion to compel as to contention interrogatory that asked party to identify facts supporting a contention); *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) ("Indeed, it is generally accepted that courts [will] not order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011) (extending plaintiff's deadline to respond to contention interrogatories until 30 days before the discovery cut-off). Further still, Plaintiff objects to this Interrogatory because it improperly seeks legal conclusions, including the identification of "PROTECTABLE EXPRESSION," prematurely seeks expert opinions, and objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Without waiving the foregoing general or specific objections, Plaintiff responds that Ehud Yonay's "Top Guns" story ("Story"), and each part within it, is protectable expression. Plaintiff reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 3:**

Identify all EXPRESSION in MAVERICK that YOU contend is substantially similar to the PROTECTABLE EXPRESSION in the ARTICLE that YOU identified in response to Interrogatory No. 2.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates Plaintiff's Preliminary Statement and General Objections as though fully set forth herein. Plaintiff objects to the terms "ARTICLE," "EXPRESSION," and "PROTECTABLE EXPRESSION" as vague, ambiguous, and argumentative. Plaintiff further objects to this Interrogatory more broadly on the grounds that it is vague, overbroad, and unduly burdensome. Plaintiff further objects because this Interrogatory seeks information which is irrelevant to either parties' claims or defenses, is not proportional to the needs of the case, and is a premature contention interrogatory. *See Gravestock v. Abilene Motor Express, Inc.*, 2017 WL 10592155, at *5-6 (C.D. Cal. Sept. 14, 2017) (denying motion to compel as to contention interrogatory that asked party to identify facts supporting a contention); *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) ("Indeed, it is generally accepted that courts [will] not order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011) (extending plaintiff's deadline to respond to contention interrogatories until 30 days before the discovery cut-off). Further still, Plaintiff objects to this Interrogatory because it improperly seeks legal conclusions, including the identification of "PROTECTABLE EXPRESSION," prematurely seeks expert opinions, and objects to this Interrogatory to the extent it seeks  information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Subject to and without waiving the foregoing general and specific objections, and *without limitation*, Plaintiff refers Paramount to the Chart of

Similarities, attached as Exhibit 1 to the First Amended Complaint, and incorporates it herein in response to this Interrogatory.

Plaintiff reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 4:**

Explain in detail the basis for YOUR contention that YOU have the right to enforce Ehud Yonay's rights under the 1983 AGREEMENT.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates Plaintiff's Preliminary Statement and General Objections as though fully set forth herein. Plaintiff objects to this Interrogatory more broadly on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects because this Interrogatory constitutes a premature contention interrogatory. *See Gravestock v. Abilene Motor Express, Inc.*, 2017 WL 10592155, at *5-6 (C.D. Cal. Sept. 14, 2017) (denying motion to compel as to contention interrogatory that asked party to identify facts supporting a contention); *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) ("Indeed, it is generally accepted that courts [will] not order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011) (extending plaintiff's deadline to respond to contention interrogatories until 30 days before the discovery cut-off). Further still, Plaintiff objects to this Interrogatory because it improperly seeks legal conclusions, prematurely seeks expert opinions, and objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: Plaintiffs are the heirs of Ehud Yonay and as such, are the successors-in-interest to his rights and entitlements under the 1983 Agreement.

Plaintiff reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

Date: April 4, 2023                    By: _____ */s/ Marc Toberoff* _____
                                            Marc Toberoff

                                       TOBEROFF & ASSOCIATES, P.C.
                                       *mtoberoff@toberoffandassociates.com*
                                       23823 Malibu Road, Suite 50-363
                                       Malibu, CA 90265
                                       Telephone: (310) 246-3333
                                       Facsimile: (310) 246-3101

                                       *Attorneys for Plaintiffs*

1

## **VERIFICATION OF INTERROGATORY RESPONSES**

2      I, Shosh Yonay, Plaintiff in this matter, declare, based on a diligent and
3   reasonable inquiry, that the foregoing answers are true and correct to the best of
4   my personal knowledge, and the knowledge of my agents.

5

6      I verify under penalty of perjury that the foregoing is true and correct.

7

8   DATED: _April 4 2023_                       _Shosh Yonay_

9                                               Shosh Yonay

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

## PROOF OF SERVICE

I, Jaymie Parkkinen, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On April 6, 2023, I caused the following document:

**PLAINTIFF SHOSH YONAY'S RESPONSES AND OBJECTIONS TO PARAMOUNT'S FIRST SET OF INTERROGATORIES TO SHOSH YONAY**

to be served as follows:

[ ]   **BY ELECTRONIC MAIL** -  I caused the above-described document to be served by electronic mail transmission on the interested parties noted below, where an electronic mail address is indicated.

[x]   **BY MAIL** – I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On April 5, 2023, I put a true and correct copy of the above-referenced document in a sealed envelope, with postage fully prepaid, and placed the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

Daniel M. Petrocelli
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Patrick S. McNally
pmcnally@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067


     I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on April 6, 2023, at Malibu, California.


                       */s/ Jaymie Parkkinen*
                         Jaymie Parkkinen

# Exhibit H

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandsociates.com*
Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandsociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. # 66473)
*alex@kozinski.com*
719 Yarmouth Rd, Suite 101
Palos Verdes Estates, CA 90274
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 2:22-CV-3846-PA-GJS<br><br>**PLAINTIFF YUVAL YONAY'S RESPONSES AND OBJECTIONS TO PARAMOUNT'S FIRST SET OF INTERROGATORIES TO YUVAL YONAY** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Shosh Yonay ("Plaintiff") hereby submits these responses and objections to the First Set of Interrogatories to Plaintiff Shosh Yonay ("Interrogatories" and, individually, "Interrogatory"), served by Paramount Pictures Corporation ("Paramount"), as follows:

## PRELIMINARY STATEMENT

These responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. These responses shall not be used in connection with any other proceeding.

No incidental or implied admissions are intended by these responses. The fact that Plaintiff responds or objects to any of the Interrogatories should not be construed as an admission that Plaintiff accepts or admits the existence of any facts assumed by such Interrogatory, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Plaintiff responds to part or all of any of the Interrogatories is not intended to be and shall not be construed as a waiver of any part of any objection to any Interrogatory.

Plaintiff is still in the process of investigating the facts of this case and searching for responsive information and Documents, which is a particularly burdensome and expensive undertaking given that many of the relevant events took place decades ago. Nor has Plaintiff completed discovery or concluded preparation for summary judgment or trial. As a result, Plaintiff's objections and responses herein are preliminary and based on information and Documents that are presently available and specifically known to Plaintiff after having made a diligent search and reasonable and good faith inquiry, and are made without

prejudice to Plaintiff's right to: (1) amend, alter, supplement, clarify or otherwise modify these objections and responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any Documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet been ascertained; and (3) offer expert witness opinions on any relevant matter, which opinions may be at variance with these objections and responses or the information and Documents referenced in response to Paramount's Interrogatories.

Furthermore, Plaintiff's responses are made without in any way intending to waive, but on the contrary, intending to preserve:

1.    The right to raise—as part of any subsequent proceeding in, or the trial of, this or any other action—all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any information or Documents produced or identified in support of any of the responses to any portion of Paramount's Interrogatories;

2.    The right to object on any ground—as part of any subsequent proceeding in, or the trial of, this or any other action—to the use of any information or Documents produced or identified in support of any of the responses to any portion of Paramount's Interrogatories;

3.    The right to object to introduction into evidence of any of these responses; and

4.    The right to object on any ground at any time to other discovery involving the subject thereof.

## **GENERAL OBJECTIONS**

Plaintiff objects to each particular Interrogatory on the following grounds, which are hereby incorporated within each response set forth below:

1.    Plaintiff objects to each and every Interrogatory, definition, and instruction that purports to impose obligations beyond those required or permitted

by the Federal Rules of Civil Procedure or the Local Rules. Plaintiff interprets each and every Interrogatory, definition, and instruction to be consistent with the Federal Rules of Civil Procedure and Local Rules.

2.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it contains argumentative, inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. Any response to any Interrogatory shall not constitute Plaintiff's agreement with or acquiescence to any such description.

3.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is neither relevant to any claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff will only disclose information consistent with Plaintiff's responses below.

4.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested information with reasonable particularity. To the extent that an Interrogatory requires subjective judgment on the part of Plaintiff as to what information is requested, Plaintiff will disclose responsive, non-privileged information according to Plaintiff's understanding of the Interrogatory.

5.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery. Plaintiff will only disclose information consistent with Plaintiff's responses below.

6.     Plaintiff objects to each and every Interrogatory to the extent it seeks information that is a matter of public record, already in the possession of Paramount, or otherwise equally available to the public and Paramount. Plaintiff objects to Paramount's Instructions on this same basis. That said, without committing to undertake a search specifically for information in the public record,

Plaintiff will not withhold any responsive information of which Plaintiff is aware because it may also be available in the public record. Plaintiff will not undertake a search of the public record for Paramount.

7.    Plaintiff objects to each and every Interrogatory to the extent that it seeks disclosure of information that is unreasonably cumulative or duplicative of other discovery served in this action, or is obtainable from sources that are more convenient, less burdensome, or less expensive.

8.    Plaintiff objects to each and every Interrogatory to the extent that it seeks to require Plaintiff to use more than reasonable diligence to locate and identify responsive information. Consistent with Plaintiff's obligations, Plaintiff will conduct a reasonably diligent inquiry for responsive information and Documents.

9.    Plaintiff objects to the Interrogatories, including, but not limited to, the "Definitions" and "Instructions," including without limitation Instruction No. 1, to the extent they purport to impose any obligations upon Plaintiff that exceed those imposed by the Federal and Local Rules. Plaintiff's responses are based on Plaintiff's personal knowledge, the knowledge of Plaintiff's agents, and *reliable* information found in documents in Plaintiff's possession, custody, or control.

10.    Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is not within Plaintiff's possession, custody, or control.

11.    Plaintiff objects to each and every Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest or joint defense privileges, rules and agreements governing privacy or confidentiality, or any other applicable privilege or protection recognized under statute or applicable case law. Inadvertent disclosure by Plaintiff of any information protected by any applicable privilege or protection shall not constitute a waiver, in whole or in part, of the privilege or protection.

12.     Plaintiff objects to each and every Interrogatory to the extent it seeks Plaintiff's sensitive, confidential, or proprietary business information. To the extent such information is responsive, relevant, and not privileged, Plaintiff will disclose such confidential information pursuant to the Protective Order, and any subsequent revisions to that Protective Order upon which the Parties may agree.

13.     Plaintiff objects to each Interrogatory, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information in advance of their respective deadlines under the Scheduling Order governing this case and/or the Federal Rules of Civil Procedure. Plaintiff will not disclose any expert materials or information before such deadlines.

14.     Plaintiff objects to each and every Interrogatory to the extent it seeks information the disclosure of which would be prohibited by applicable law, rule, regulation, or contractual obligation. In particular, Plaintiff objects to each and every Interrogatory to the extent it seeks information subject to confidentiality obligations (such as settlement agreements with third-parties) or protective orders. Plaintiff cannot, and will not, identify any such information unless and until Plaintiff is relieved of the confidentiality obligations with respect to such information, and nothing contained in any response to any Interrogatory should be considered an agreement to identify such information.

15.     Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Plaintiff as to the validity of any claim or defense asserted by Paramount.

16.     All objections as to the relevance, authenticity, or admissibility of these responses and any information referenced therein are expressly reserved by Plaintiff.

17.     To the extent that Plaintiff responds to any of the Interrogatories, Plaintiff reserves the right to object on any grounds, at any time, to other discovery requests involving or relating to the subject matter of the Interrogatories that

Plaintiff has responded to herein.

18.     Plaintiff reserves all objections to the use of these responses. All such objections may be interposed by Plaintiff at the time of trial or as otherwise required by the rules or order of the Court.

19.     Plaintiff's responses herein shall not in any way constitute an adoption of Paramount's purported "Definitions" of words or phrases or "Instructions" contained in the Interrogatories. Plaintiff objects to the Definitions, Instructions, and Interrogatories to the extent they: (i) are vague, ambiguous, compound, overbroad, unduly burdensome, and not reasonably tailored to avoid imposing undue burden and expense on Plaintiff; (ii) seek information for an undefined period of time or, if defined, cover and span an unreasonably long or burdensome time period, and therefore are burdensome and oppressive; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iv) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure or Local Rules; (v) include assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (vi) incorporate other purported defined terms that suffer from such defects. In responding to the Interrogatories, Plaintiff has, where possible, employed what Plaintiff regards as the reasonable, common-sense interpretation of the Interrogatory in light of the relevant issues in the case.

20.     Plaintiff objects to each Interrogatory to the extent that it assumes the existence, relevance, materiality, truth, admissibility, or authenticity of any particular information, or assumes the validity of any claim or defense. In responding to these Interrogatories, Plaintiff does not make any admissions or waive any rights or objections, all of which are expressly preserved.

21.     Plaintiff objects to each Interrogatory to the extent that it requires Plaintiff to draw a legal conclusion.

22.     Plaintiff reserves the right to revise, amend, or supplement Plaintiff's

objections, responses, and/or production, and to use in discovery and at trial any information that is omitted as a result of mistake, inadvertence, or oversight. Plaintiff notes that discovery is ongoing and that Plaintiff's responses are based on the information that is presently available and specifically known to Plaintiff.

23.    Plaintiff objects to Instruction No. 5 to the extent that it purports to require Plaintiff to log information, as though the Interrogatories are requests for production. Plaintiff does not agree to provide privileged information or a privilege log with respect to these Interrogatories.

24.    The fact that Plaintiff may reassert particular objections in responding to individual Interrogatories should not be construed as limiting the generality of the foregoing objections. The General Objections set forth herein are asserted with respect to each and every Interrogatory.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:**

Identify any and all EXPRESSION in the ARTICLE that YOU contend is FICTIONAL or not FACTUAL.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates Plaintiff's Preliminary Statement and General Objections as though fully set forth herein. Plaintiff objects to the terms "ARTICLE," "EXPRESSION," "FICTIONAL," and "FACTUAL" as vague, ambiguous, and argumentative. Plaintiff further objects to this Interrogatory more broadly on the grounds that it is vague, overbroad, and unduly burdensome, because, without limitation, it is unclear whether literary and creative elements (e.g., metaphor, hyperbole, personification, etc.) are encompassed by this Interrogatory. Plaintiff further objects because this Interrogatory seeks information which is irrelevant to either parties' claims or defenses, is not proportional to the needs of the case, and is a premature contention interrogatory. *See Gravestock v. Abilene Motor Express, Inc.*, 2017

WL 10592155, at *5-6 (C.D. Cal. Sept. 14, 2017) (denying motion to compel as to contention interrogatory that asked party to identify facts supporting a contention); *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) ("Indeed, it is generally accepted that courts [will] not order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011) (extending plaintiff's deadline to respond to contention interrogatories until 30 days before the discovery cut-off). Further still, Plaintiff objects to this Interrogatory because it improperly seeks legal conclusions, prematurely seeks expert opinions, and objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Plaintiff reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 2:**

Identify all EXPRESSION in the ARTICLE that YOU contend constitutes PROTECTABLE EXPRESSION.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates Plaintiff's Preliminary Statement and General Objections as though fully set forth herein. Plaintiff objects to the terms "ARTICLE," "EXPRESSION," and "PROTECTABLE EXPRESSION" as vague, ambiguous, and argumentative. Plaintiff further objects to this Interrogatory more broadly on the grounds that it is vague, overbroad, and unduly burdensome. Plaintiff further objects because this Interrogatory seeks information which is irrelevant to either parties' claims or defenses, is not

proportional to the needs of the case, and is a premature contention interrogatory. *See Gravestock v. Abilene Motor Express, Inc.*, 2017 WL 10592155, at *5-6 (C.D. Cal. Sept. 14, 2017) (denying motion to compel as to contention interrogatory that asked party to identify facts supporting a contention); *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) ("Indeed, it is generally accepted that courts [will] not order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011) (extending plaintiff's deadline to respond to contention interrogatories until 30 days before the discovery cut-off). Further still, Plaintiff objects to this Interrogatory because it improperly seeks legal conclusions, including the identification of "PROTECTABLE EXPRESSION," prematurely seeks expert opinions, and objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Without waiving the foregoing general or specific objections, Plaintiff responds that Ehud Yonay's "Top Guns" story ("Story"), and each part within it, is protectable expression. Plaintiff reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 3:**

Identify all EXPRESSION in MAVERICK that YOU contend is substantially similar to the PROTECTABLE EXPRESSION in the ARTICLE that YOU identified in response to Interrogatory No. 2.

10

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates Plaintiff's Preliminary Statement and General Objections as though fully set forth herein. Plaintiff objects to the terms "ARTICLE," "EXPRESSION," and "PROTECTABLE EXPRESSION" as vague, ambiguous, and argumentative. Plaintiff further objects to this Interrogatory more broadly on the grounds that it is vague, overbroad, and unduly burdensome. Plaintiff further objects because this Interrogatory seeks information which is irrelevant to either parties' claims or defenses, is not proportional to the needs of the case, and is a premature contention interrogatory. *See Gravestock v. Abilene Motor Express, Inc.*, 2017 WL 10592155, at *5-6 (C.D. Cal. Sept. 14, 2017) (denying motion to compel as to contention interrogatory that asked party to identify facts supporting a contention); *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) ("Indeed, it is generally accepted that courts [will] not order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011) (extending plaintiff's deadline to respond to contention interrogatories until 30 days before the discovery cut-off). Further still, Plaintiff objects to this Interrogatory because it improperly seeks legal conclusions, including the identification of "PROTECTABLE EXPRESSION," prematurely seeks expert opinions, and objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Subject to and without waiving the foregoing general and specific objections, and *without limitation*, Plaintiff refers Paramount to the Chart of

Similarities, attached as Exhibit 1 to the First Amended Complaint, and incorporates it herein in response to this Interrogatory.

Plaintiff reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 4:**

Explain in detail the basis for YOUR contention that YOU have the right to enforce Ehud Yonay's rights under the 1983 AGREEMENT.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates Plaintiff's Preliminary Statement and General Objections as though fully set forth herein. Plaintiff objects to this Interrogatory more broadly on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome. Plaintiff further objects because this Interrogatory constitutes a premature contention interrogatory. *See Gravestock v. Abilene Motor Express, Inc.*, 2017 WL 10592155, at *5-6 (C.D. Cal. Sept. 14, 2017) (denying motion to compel as to contention interrogatory that asked party to identify facts supporting a contention); *In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *3 (C.D. Cal. Sept. 23, 2016) ("Indeed, it is generally accepted that courts [will] not order responses to contention interrogatories until late in the pretrial period and that the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."); *Kas v. Mercedes-Benz U.S.A., LLC*, 2011 WL 13234106, at *3 (C.D. Cal. Nov. 8, 2011) (extending plaintiff's deadline to respond to contention interrogatories until 30 days before the discovery cut-off). Further still, Plaintiff objects to this Interrogatory because it improperly seeks legal conclusions, prematurely seeks expert opinions, and objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Subject to and without waiving the foregoing general and specific objections, Plaintiff responds as follows: Plaintiffs are the heirs of Ehud Yonay and as such, are the successors-in-interest to his rights and entitlements under the 1983 Agreement.

Plaintiff reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

Date: April 4, 2023                    By: _____ */s/ Marc Toberoff*_____
                                            Marc Toberoff

                                       TOBEROFF & ASSOCIATES, P.C.
                                       *mtoberoff@toberoffandassociates.com*
                                       23823 Malibu Road, Suite 50-363
                                       Malibu, CA 90265
                                       Telephone: (310) 246-3333
                                       Facsimile: (310) 246-3101

                                       *Attorneys for Plaintiffs*

## **VERIFICATION OF INTERROGATORY RESPONSES**

I, Yuval Yonay, Plaintiff in this matter, declare, based on a diligent and reasonable inquiry, that the foregoing answers are true and correct to the best of my personal knowledge, and the knowledge of my agents.

I verify under penalty of perjury that the foregoing is true and correct.

DATED: 6.4.23 _____        _____
                                                    Yuval Yonay

<div align="center"><b><u>PROOF OF SERVICE</u></b></div>

I, Jaymie Parkkinen, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On April 6, 2023, I caused the following document:

**PLAINTIFF YUVAL YONAY'S RESPONSES AND OBJECTIONS TO PARAMOUNT'S FIRST SET OF INTERROGATORIES TO YUVAL YONAY**

to be served as follows:

[ ]   **BY ELECTRONIC MAIL** -  I caused the above-described document to be served by electronic mail transmission on the interested parties noted below, where an electronic mail address is indicated.

[x]   **BY MAIL** – I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On April 5, 2023, I put a true and correct copy of the above-referenced document in a sealed envelope, with postage fully prepaid, and placed the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

1  Daniel M. Petrocelli
   dpetrocelli@omm.com
2  Molly M. Lens
   mlens@omm.com
3  Patrick S. McNally
   pmcnally@omm.com
4
5  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 8th Floor
6  Los Angeles, California 90067

7

8

9        I declare under penalty of perjury under the laws of the United States that

10 the above is true and correct. Executed on April 6, 2023, at Malibu, California.

11

12                                          _____/s/ Jaymie Parkkinen_____
                                                    Jaymie Parkkinen
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit I

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. # 66473)
*alex@kozinski.com*
719 Yarmouth Rd, Suite 101
Palos Verdes Estates, CA 90274
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 2:22-CV-3846-PA-GJS<br><br>**PLAINTIFF SHOSH YONAY'S RESPONSES AND OBJECTIONS TO PARAMOUNT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF SHOSH YONAY** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (not Rule 33, as Paramount stated), Plaintiff Shosh Yonay ("Plaintiff") hereby submits these Objections and Responses ("Responses") to Defendant Paramount Pictures Corporation's ("Paramount") Requests for Admission ("Requests").

## PRELIMINARY STATEMENT

Plaintiff's Responses are based on the information reasonably and currently known to Plaintiff. Given that discovery is ongoing, Plaintiff reserves all rights to supplement these Responses as more information becomes available.

Nothing in these Responses is or shall be construed as an implied or incidental admission of any fact, event, circumstance, claim, or defense and no incidental or implied admissions are intended by Plaintiff's Responses to the Requests. The supplying of any fact does not constitute an admission by Plaintiff that such fact is relevant or admissible. By these Responses, Plaintiff does not intend to waive, and does not waive, any objection at trial to the admission into evidence of these Responses, in whole or in part, or any documents produced in connection with them. Rather, Plaintiff intends to preserve, and does preserve, all objections to the admission into evidence of these Responses, in whole or in part, and the documents produced in connection with them, including, without limitation, objections based on relevance, foundation, authority, or privilege, as well as any and all objections based on the Federal Rules of Evidence or otherwise.

The Responses set forth herein are based on information now available to Plaintiff. Discovery is ongoing, and Plaintiff reserves the right to amend, modify, supplement, or alter these Responses as warranted by subsequently discovered information, and also to rely upon subsequently discovered information or information omitted from these Responses due to mistake, error, or inadvertence. Plaintiff's Responses to the Requests are made without prejudice to Plaintiff's right to provide supplemental responses and objections.

## GENERAL OBJECTIONS

Plaintiff objects to the Requests on each of the following grounds, and incorporates by reference each of the following objections in the Response to each individual Request within it:

1.      Plaintiff objects to the Requests to the extent they seek information transmitted and maintained in confidence between Plaintiff and any person or entity in Plaintiff's counsel for the purpose of obtaining legal advice or representation, on the ground that such information is protected from disclosure by the attorney-client privilege;

2.      Plaintiff objects to the Requests to the extent they seek information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Plaintiff or any other person or entity, on the ground that such information is protected for disclosure by the attorney work product privilege;

3.      Plaintiff objects to the Requests to the extent they seek information which is not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure; and

4.      Plaintiff objects to the Requests to the extent they impose any obligation beyond those set forth in Rule 36 of the Federal Rules of Civil Procedure including, without limitation, the assertion that the Requests are "continuing" and all purported instructions included therein pertaining to the content of Plaintiff's written response.

Each of the responses below incorporates by reference the foregoing objections, qualifications, and limitations. Without waiving any of these objections, qualifications, and limitations, Plaintiff responds as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST FOR ADMISSION NO. 1

1    Admit that Ehud Yonay was a journalist.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 1**

3    Plaintiff objects to this Request on the ground that "journalist" is not

4    defined, that the Request is vague and ambiguous, and on the grounds that it

5    seeks information not relevant or proportional to the parties' claims or defenses

6    or the needs of the case. Plaintiff further objects to this Request on the basis that

7    the scope of time encompassed by the Request is not limited and the Request is

8    therefore overbroad, further vague and ambiguous and unduly burdensome. On

9    these bases, this Request is denied.

10   **REQUEST FOR ADMISSION NO. 2**

11   Admit that the ARTICLE is a FACTUAL work.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 2**

13   Plaintiff objects to this Request on the grounds that the terms "ARTICLE"

14   and "FACTUAL", as defined, are vague, ambiguous, and/or argumentative. It is

15   not clear whether literary elements and expression (e.g., metaphors, imagery,

16   personification, hyperbole) are encompassed by this Request. Plaintiff further

17   objects on the basis that this Request calls for a legal conclusion and premature

18   expert opinion and objects to the extent it is argumentative, and assumes and/or

19   mischaracterizes purported facts. On these bases, this Request is denied.

20   **REQUEST FOR ADMISSION NO. 3**

21   Admit that the ARTICLE does not contain any FICTIONAL elements.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 3**

23   Plaintiff objects to this Request on the grounds that the terms "ARTICLE"

24   and "FICTIONAL", as defined, are vague, ambiguous, and/or argumentative. It

25   is not clear whether literary elements and expression (e.g., metaphors, imagery,

26   personification, hyperbole) are encompassed by this Request. Plaintiff further

27   objects on the basis that this Request calls for a legal conclusion and premature

28   expert opinion and objects to the extent it is argumentative, and assumes and/or

4

mischaracterizes purported facts. On these bases, this Request is denied.

**REQUEST FOR ADMISSION NO. 4**

Admit that Ehud Yonay agreed with California Magazine with respect to the Article that Yonay would "use all reasonable care in reporting and writing the article to make sure that it is factual and accurate, that it is not obscene, that it does not defame or invade the privacy of any person, and that it does not infringe the copyright of any person or business. (This means that you will be careful to follow the standards and practices of good journalism, and thus it helps to protect you and CALIFORNIA from lawsuits.)."

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Plaintiff objects to this Request on the grounds that the term "agreed" as used herein is undefined and vague and ambiguous, and that the Request purports to quote from an outside source which it fails to identify. Plaintiff further objects on the basis that this Request calls for a legal conclusion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff further objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2). On these bases, this Request is denied.

**REQUEST FOR ADMISSION NO. 5**

Admit that the only published works authored by Ehud Yonay were FACTUAL works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Plaintiff objects to this Request on the grounds that the term "FACTUAL", as defined, is vague, ambiguous, and/or argumentative. It is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects to this Request on the grounds that it is overbroad and seeks information not relevant or proportional to the needs of the case. Plaintiff further objects on

the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. On these bases, this Request is denied.

**REQUEST FOR ADMISSION NO. 6**

Admit that Alex ("Yogi") Hnarakis discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative with respect to Alex Hnarakis. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserve the right to supplement this response.

**REQUEST FOR ADMISSION NO. 7**

Admit that Dave ("Possum") Cully discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative with respect to David Cully. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit

or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 8**

Admit that Randy Cunningham discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative with respect to Randy Cunningham. Moreover, it is not clear whether literary elements (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 9**

Admit that the "WELCOME TO FIGHTERTOWN U.S.A." sign referenced in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Plaintiff objects to this Request on the grounds that the terms "Article," "referenced," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 10**

Admit that the Naval Air Station Miramar discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 11**

Admit that "Top Gun" was the nickname for the Naval Air Station Miramar.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

Plaintiff objects on the basis that this Request is vague and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 12**

Admit that the "Wolfpack" discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal

conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 13**

Admit that the "afterburner in top fighter jets" discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 14**

Admit that the statement that "pulling Gs—withstanding several times the force of the earth's gravitational pull" in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**

Plaintiff objects to this Request on the grounds that the terms "Article" and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff

lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 15**

Admit that the statement that "at high angles of flight, not enough air flows into the engines of the top fighter jets, and they can die" in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

Plaintiff objects to this Request on the grounds that the terms "Article" and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 16**

Admit that the reference to "pilots drink[ing] beer and carous[ing]" in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**

Plaintiff objects to this Request on the grounds that the terms "Article," "reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is

denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 17**

Admit that the reference to pilots being "cocky" and "sometimes reckless" in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17**

Plaintiff objects to this Request on the grounds that the terms "Article," "reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 18**

Admit that the reference to "fighter pilots fraternizing as a way of bonding and blowing off steam" in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18**

Plaintiff objects to this Request on the grounds that the terms "Article," "reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 19**

Admit that the reference to the "bell" in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**

Plaintiff objects to this Request on the grounds that the terms "Article," "reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 20**

Admit that the reference to the "bar" in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20**

Plaintiff objects to this Request on the grounds that the terms "Article," "reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 21**

Admit that the reference to the "club" in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21**

Plaintiff objects to this Request on the grounds that the terms "Article,"

"reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 22**

Admit that the statement that the wings of the F-14 are able to expand, referenced in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**

Plaintiff objects to this Request on the grounds that the terms "Article," "referenced," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

Date: April 6, 2023

By: _____/s/ Marc Toberoff_____
Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.
*mtoberoff@toberoffandassociates.com*
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

*Attorneys for Plaintiffs*

13

## **PROOF OF SERVICE**

I, Jaymie Parkkinen, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On April 6, 2023, I caused the following document:

**PLAINTIFF SHOSH YONAY'S RESPONSES AND OBJECTIONS TO PARAMOUNT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF SHOSH YONAY**

to be served as follows:

[ ]   **BY ELECTRONIC MAIL** -  I caused the above-described document to be served by electronic mail transmission on the interested parties noted below, where an electronic mail address is indicated.

[x]   **BY MAIL** – I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On April 6, 2023, I put a true and correct copy of the above-referenced document in a sealed envelope, with postage fully prepaid, and placed the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

Daniel M. Petrocelli
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Patrick S. McNally
pmcnally@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

   I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on April 6, 2023, at Malibu, California.


_____ */s/ Jaymie Parkkinen* _____
Jaymie Parkkinen

# Exhibit J

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. # 66473)
*alex@kozinski.com*
719 Yarmouth Rd, Suite 101
Palos Verdes Estates, CA 90274
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual, | Case No. 2:22-CV-3846-PA-GJS |
| Plaintiffs, | **PLAINTIFF YUVAL YONAY'S RESPONSES AND OBJECTIONS TO PARAMOUNT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF YUVAL YONAY** |
| v. | |
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation, | |
| Defendant. | |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (not Rule 33, as Paramount stated), Plaintiff Shosh Yonay ("Plaintiff") hereby submits these Objections and Responses ("Responses") to Defendant Paramount Pictures Corporation's ("Paramount") Requests for Admission ("Requests").

## PRELIMINARY STATEMENT

Plaintiff's Responses are based on the information reasonably and currently known to Plaintiff. Given that discovery is ongoing, Plaintiff reserves all rights to supplement these Responses as more information becomes available.

Nothing in these Responses is or shall be construed as an implied or incidental admission of any fact, event, circumstance, claim, or defense and no incidental or implied admissions are intended by Plaintiff's Responses to the Requests. The supplying of any fact does not constitute an admission by Plaintiff that such fact is relevant or admissible. By these Responses, Plaintiff does not intend to waive, and does not waive, any objection at trial to the admission into evidence of these Responses, in whole or in part, or any documents produced in connection with them. Rather, Plaintiff intends to preserve, and does preserve, all objections to the admission into evidence of these Responses, in whole or in part, and the documents produced in connection with them, including, without limitation, objections based on relevance, foundation, authority, or privilege, as well as any and all objections based on the Federal Rules of Evidence or otherwise.

The Responses set forth herein are based on information now available to Plaintiff. Discovery is ongoing, and Plaintiff reserves the right to amend, modify, supplement, or alter these Responses as warranted by subsequently discovered information, and also to rely upon subsequently discovered information or information omitted from these Responses due to mistake, error, or inadvertence. Plaintiff's Responses to the Requests are made without prejudice to Plaintiff's right to provide supplemental responses and objections.

2

## **GENERAL OBJECTIONS**

Plaintiff objects to the Requests on each of the following grounds, and incorporates by reference each of the following objections in the Response to each individual Request within it:

1.      Plaintiff objects to the Requests to the extent they seek information transmitted and maintained in confidence between Plaintiff and any person or entity in Plaintiff's counsel for the purpose of obtaining legal advice or representation, on the ground that such information is protected from disclosure by the attorney-client privilege;

2.      Plaintiff objects to the Requests to the extent they seek information with any confidential impression, conclusion, opinion, legal research, or legal theory of counsel for Plaintiff or any other person or entity, on the ground that such information is protected for disclosure by the attorney work product privilege;

3.      Plaintiff objects to the Requests to the extent they seek information which is not reasonably calculated to lead to the discovery of admissible evidence, on the ground that it exceeds the permissible scope of discovery delimited by Rule 26(b)(1) of the Federal Rules of Civil Procedure; and

4.      Plaintiff objects to the Requests to the extent they impose any obligation beyond those set forth in Rule 36 of the Federal Rules of Civil Procedure including, without limitation, the assertion that the Requests are "continuing" and all purported instructions included therein pertaining to the content of Plaintiff's written response.

Each of the responses below incorporates by reference the foregoing objections, qualifications, and limitations. Without waiving any of these objections, qualifications, and limitations, Plaintiff responds as follows:

## **SPECIFIC OBJECTIONS AND RESPONSES**

## **REQUEST FOR ADMISSION NO. 1**

1  Admit that Ehud Yonay was a journalist.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 1**

3  Plaintiff objects to this Request on the ground that "journalist" is not

4  defined, that the Request is vague and ambiguous, and on the grounds that it

5  seeks information not relevant or proportional to the parties' claims or defenses

6  or the needs of the case. Plaintiff further objects to this Request on the basis that

7  the scope of time encompassed by the Request is not limited and the Request is

8  therefore overbroad, further vague and ambiguous and unduly burdensome. On

9  these bases, this Request is denied.

10  **REQUEST FOR ADMISSION NO. 2**

11  Admit that the ARTICLE is a FACTUAL work.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 2**

13  Plaintiff objects to this Request on the grounds that the terms "ARTICLE"

14  and "FACTUAL", as defined, are vague, ambiguous, and/or argumentative. It is

15  not clear whether literary elements and expression (e.g., metaphors, imagery,

16  personification, hyperbole) are encompassed by this Request. Plaintiff further

17  objects on the basis that this Request calls for a legal conclusion and premature

18  expert opinion and objects to the extent it is argumentative, and assumes and/or

19  mischaracterizes purported facts. On these bases, this Request is denied.

20  **REQUEST FOR ADMISSION NO. 3**

21  Admit that the ARTICLE does not contain any FICTIONAL elements.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 3**

23  Plaintiff objects to this Request on the grounds that the terms "ARTICLE"

24  and "FICTIONAL", as defined, are vague, ambiguous, and/or argumentative. It

25  is not clear whether literary elements and expression (e.g., metaphors, imagery,

26  personification, hyperbole) are encompassed by this Request. Plaintiff further

27  objects on the basis that this Request calls for a legal conclusion and premature

28  expert opinion and objects to the extent it is argumentative, and assumes and/or

mischaracterizes purported facts. On these bases, this Request is denied.

**REQUEST FOR ADMISSION NO. 4**

Admit that Ehud Yonay agreed with California Magazine with respect to the Article that Yonay would "use all reasonable care in reporting and writing the article to make sure that it is factual and accurate, that it is not obscene, that it does not defame or invade the privacy of any person, and that it does not infringe the copyright of any person or business. (This means that you will be careful to follow the standards and practices of good journalism, and thus it helps to protect you and CALIFORNIA from lawsuits.)."

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Plaintiff objects to this Request on the grounds that the term "agreed" as used herein is undefined and vague and ambiguous, and that the Request purports to quote from an outside source which it fails to identify. Plaintiff further objects on the basis that this Request calls for a legal conclusion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff further objects to this Request on the ground that it is compound and fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2). On these bases, this Request is denied.

**REQUEST FOR ADMISSION NO. 5**

Admit that the only published works authored by Ehud Yonay were FACTUAL works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Plaintiff objects to this Request on the grounds that the term "FACTUAL", as defined, is vague, ambiguous, and/or argumentative. It is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects to this Request on the grounds that it is overbroad and seeks information not relevant or proportional to the needs of the case. Plaintiff further objects on

5

the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. On these bases, this Request is denied.

**REQUEST FOR ADMISSION NO. 6**

Admit that Alex ("Yogi") Hnarakis discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative with respect to Alex Hnarakis. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserve the right to supplement this response.

**REQUEST FOR ADMISSION NO. 7**

Admit that Dave ("Possum") Cully discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative with respect to David Cully. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit

or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 8**

Admit that Randy Cunningham discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative with respect to Randy Cunningham. Moreover, it is not clear whether literary elements (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 9**

Admit that the "WELCOME TO FIGHTERTOWN U.S.A." sign referenced in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Plaintiff objects to this Request on the grounds that the terms "Article," "referenced," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 10**

Admit that the Naval Air Station Miramar discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 11**

Admit that "Top Gun" was the nickname for the Naval Air Station Miramar.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

Plaintiff objects on the basis that this Request is vague and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 12**

Admit that the "Wolfpack" discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal

conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 13**

Admit that the "afterburner in top fighter jets" discussed in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

Plaintiff objects to this Request on the grounds that the terms "Article," "discussed," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 14**

Admit that the statement that "pulling Gs—withstanding several times the force of the earth's gravitational pull" in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14**

Plaintiff objects to this Request on the grounds that the terms "Article" and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff

1  lacks sufficient information to admit or deny this Request, and on that basis, it is

2  denied. Plaintiff reserves the right to supplement this response.

3  **REQUEST FOR ADMISSION NO. 15**

4      Admit that the statement that "at high angles of flight, not enough air

5  flows into the engines of the top fighter jets, and they can die" in the Article is

6  FACTUAL.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 15**

8      Plaintiff objects to this Request on the grounds that the terms "Article"

9  and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative.

10 Moreover, it is not clear whether literary elements and expression (e.g.,

11 metaphors, imagery, personification, hyperbole) are encompassed by this

12 Request. Plaintiff further objects on the basis that this Request calls for a legal

13 conclusion and premature expert opinion and objects to the extent it is

14 argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff

15 lacks sufficient information to admit or deny this Request, and on that basis, it is

16 denied. Plaintiff reserves the right to supplement this response.

17 **REQUEST FOR ADMISSION NO. 16**

18     Admit that the reference to "pilots drink[ing] beer and carous[ing]" in the

19 Article is FACTUAL.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 16**

21     Plaintiff objects to this Request on the grounds that the terms "Article,"

22 "reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or

23 argumentative. Moreover, it is not clear whether literary elements and expression

24 (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this

25 Request. Plaintiff further objects on the basis that this Request calls for a legal

26 conclusion and premature expert opinion and objects to the extent it is

27 argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff

28 lacks sufficient information to admit or deny this Request, and on that basis, it is

1  denied. Plaintiff reserves the right to supplement this response.

2  **REQUEST FOR ADMISSION NO. 17**

3      Admit that the reference to pilots being "cocky" and "sometimes reckless"
4  in the Article is FACTUAL.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 17**

6      Plaintiff objects to this Request on the grounds that the terms "Article,"
7  "reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or
8  argumentative. Moreover, it is not clear whether literary elements and expression
9  (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this
10  Request. Plaintiff further objects on the basis that this Request calls for a legal
11  conclusion and premature expert opinion and objects to the extent it is
12  argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff
13  lacks sufficient information to admit or deny this Request, and on that basis, it is
14  denied. Plaintiff reserves the right to supplement this response.

15  **REQUEST FOR ADMISSION NO. 18**

16      Admit that the reference to "fighter pilots fraternizing as a way of bonding
17  and blowing off steam" in the Article is FACTUAL.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 18**

19      Plaintiff objects to this Request on the grounds that the terms "Article,"
20  "reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or
21  argumentative. Moreover, it is not clear whether literary elements and expression
22  (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this
23  Request. Plaintiff further objects on the basis that this Request calls for a legal
24  conclusion and premature expert opinion and objects to the extent it is
25  argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff
26  lacks sufficient information to admit or deny this Request, and on that basis, it is
27  denied. Plaintiff reserves the right to supplement this response.

28

1    **REQUEST FOR ADMISSION NO. 19**

2       Admit that the reference to the "bell" in the Article is FACTUAL.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 19**

4       Plaintiff objects to this Request on the grounds that the terms "Article,"

5 "reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or

6 argumentative. Moreover, it is not clear whether literary elements and expression

7 (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this

8 Request. Plaintiff further objects on the basis that this Request calls for a legal

9 conclusion and premature expert opinion and objects to the extent it is

10 argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff

11 lacks sufficient information to admit or deny this Request, and on that basis, it is

12 denied. Plaintiff reserves the right to supplement this response.

13    **REQUEST FOR ADMISSION NO. 20**

14       Admit that the reference to the "bar" in the Article is FACTUAL.

15    **RESPONSE TO REQUEST FOR ADMISSION NO. 20**

16       Plaintiff objects to this Request on the grounds that the terms "Article,"

17 "reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or

18 argumentative. Moreover, it is not clear whether literary elements and expression

19 (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this

20 Request. Plaintiff further objects on the basis that this Request calls for a legal

21 conclusion and premature expert opinion and objects to the extent it is

22 argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff

23 lacks sufficient information to admit or deny this Request, and on that basis, it is

24 denied. Plaintiff reserves the right to supplement this response.

25    **REQUEST FOR ADMISSION NO. 21**

26       Admit that the reference to the "club" in the Article is FACTUAL.

27    **RESPONSE TO REQUEST FOR ADMISSION NO. 21**

28       Plaintiff objects to this Request on the grounds that the terms "Article,"

"reference," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

**REQUEST FOR ADMISSION NO. 22**

Admit that the statement that the wings of the F-14 are able to expand, referenced in the Article is FACTUAL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22**

Plaintiff objects to this Request on the grounds that the terms "Article," "referenced," and "FACTUAL" (as defined) are vague, ambiguous, and/or argumentative. Moreover, it is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by this Request. Plaintiff further objects on the basis that this Request calls for a legal conclusion and premature expert opinion and objects to the extent it is argumentative, and assumes and/or mischaracterizes purported facts. Plaintiff lacks sufficient information to admit or deny this Request, and on that basis, it is denied. Plaintiff reserves the right to supplement this response.

Date: April 6, 2023

By: _____*/s/ Marc Toberoff*_____
Marc Toberoff
TOBEROFF & ASSOCIATES, P.C.
*mtoberoff@toberoffandassociates.com*
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

*Attorneys for Plaintiffs*

1

## **PROOF OF SERVICE**

2       I, Jaymie Parkkinen, declare:

3       I am over the age of eighteen years and not a party to the within action. I

4   am a resident of or employed in the county where the service described below

5   occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA

6   90265. On April 6, 2023, I caused the following document:

7   **PLAINTIFF YUVAL YONAY'S RESPONSES AND OBJECTIONS TO**

8   **PARAMOUNT'S FIRST SET OF REQUESTS FOR ADMISSION TO**

9   **PLAINTIFF YUVAL YONAY**

10  to be served as follows:

11  [  ]    **BY ELECTRONIC MAIL** -  I caused the above-described document to

12  be served by electronic mail transmission on the interested parties noted below,

13  where an electronic mail address is indicated.

14  [x]    **BY MAIL** – I am readily familiar with this firm's practice for collection

15  and processing of correspondence for mailing with the United States Postal

16  Service. In the ordinary course of business, correspondence collected from me

17  would be processed on the same day, with postage thereon fully prepaid and

18  placed for deposit that day with the United States Postal Service. On April 6, 2023,

19  I put a true and correct copy of the above-referenced document in a sealed

20  envelope, with postage fully prepaid, and placed the envelope for collection and

21  mailing today with the United States Postal Service in accordance with the firm's

22  ordinary business practices, addressed as follows:

23  Daniel M. Petrocelli
    dpetrocelli@omm.com
24  Molly M. Lens
    mlens@omm.com
25  Patrick S. McNally
26  pmcnally@omm.com
27  O'MELVENY & MYERS LLP
    1999 Avenue of the Stars, 8th Floor
28  Los Angeles, California 90067

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on April 6, 2023, at Malibu, California.

                              _____*/s/ Jaymie Parkkinen*_____
                              Jaymie Parkkinen

# Exhibit K



O'Melveny & Myers LLP    T: +1 310 553 6700                       File Number:
1999 Avenue of the Stars    F: +1 310 246 6779
8th Floor    omm.com
Los Angeles, CA 90067-6035

February 17, 2023                                         **Molly M. Lens**
                                                     D: +1 310 246 8593
                                                     mlens@omm.com

**BY EMAIL**

Marc Toberoff
Toberoff & Associates
23823 Malibu Road, Suite 50-363
Malibu, CA 90265

Re:      ***Yonay et al. v. Paramount Pictures Corporation – Paramount Pictures' Meet and
Confer Letter  Plaintiffs' Responses and Objections to Paramount Pictures' First
Set of Requests for Production***

Dear Marc:

I write in response to Plaintiffs' Responses and Objections to Paramount Picture Corporation's
("Paramount Pictures") First Set of Requests for Production of Documents, and to address the
following issues.

     1.    **Publicly available documents.**   General Objection ¶ 7 states that Plaintiffs " do not
agree to produce publicly available documents, unless otherwise stated in Plaintiffs' responses."
This objection is not proper or consistent with governing authority.   "The Federal Rules do not
shield publicly available documents from discovery merely because of their accessibility," and
"[a] limitation of this nature would lead to patently absurd consequences" by requiring parties to
scour the universe for responsive information in the public domain.   *Nat.-Immunogenics Corp. v.
Newport Trial Grp.*, 2017 WL 10573941, at *6 (C.D. Cal. Nov. 16, 2017) (quoting *Shatsky v.
Syrian Arab Republic*, 312 F.R.D. 219, 223-24 (D.D.C. 2015)); *see also Prime Focus Creative
Servs. Canada, Inc. v. Legend3D, Inc.*, 2016 WL 6662724, at *3 (C.D. Cal. July 8, 2016)
("Defendant is entitled to see what plaintiff has in *its* possession, custody, or control.")
(emphasis in original).   Accordingly, please confirm that Plaintiffs will amend their responses to
confirm that they will include publicly available documents in their possession, custody, or
control as part of their production of non-privileged, responsive documents.[1]

     2.    **Plaintiffs' apparent refusal to produce non-privileged, responsive documents that
"are … subject to a protective order or confidentiality requirement."**   Paramount Pictures
appreciates that, with respect to most RFPs, Plaintiffs have agreed to produce non-privileged
responsive documents.   However, Plaintiffs have carved out all documents that "are not
otherwise subject to a protective order or confidentiality agreement."   *E.g.*, Response to RFP
No. 1.   While that reservation may make sense in some disputes (*i.e.*, cases involving document

---

[1] Paramount Pictures will do the same.   To the extent that Paramount Pictures identifies publicly available
documents in its possession, custody or control, it will produce them.   To be clear, however, Paramount
Pictures will not produce publicly available documents that are outside its possession, custody, or control,
unless Paramount Pictures intends to rely on them.

O'Melveny

productions from prior litigations involving protective orders), it has no application here. Accordingly, please confirm that Plaintiffs will amend their responses to remove this reservation from all responses where it has been asserted.

**3.  Documents relating to California Magazine (RFP No. 5).**  RFP No. 5 seeks documents, including communications, referring or relating to California Magazine.  This request seeks highly relevant information concerning Plaintiffs' claims.  However, Plaintiffs have agreed only to produce "non-privileged documents that REFER or RELATE to California Magazine's publication of Yonay's Story, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement."  *See* Plaintiffs' Responses and Objections, RFP No. 5.  This response is insufficient.  As an initial matter, it is unclear whether Plaintiffs are intending to withhold documents related to, for example, the writing, editing, or fact-checking of *Top Guns*, as opposed to its "publication."  Moreover, all documents in Plaintiffs' possession, custody, or control relating to California Magazine are relevant, irrespective of whether those documents pertain to *Top Guns*.  Indeed, Plaintiffs' own complaint makes allegations about the type of material published by California Magazine.  FAC ¶ 21 (characterizing California Magazine "as a purveyor of 'New Journalism,' which employs unconventional literary techniques and the subjective literary style of long-form").  Paramount Pictures is entitled to all Plaintiffs' documents and communications related to California Magazine, whether related to *Top Guns* or not, so that it can test that assertion.  If, for example, Ehud Yonay had other dealings with California Magazine that further supported Paramount Pictures' contention that California Magazine focused on factual/non-fiction works, and undermine Plaintiffs' allegations regarding "new journalism," documents relating to such dealing would unquestionably be relevant.

**4.  Plaintiffs' offer to meet and confer on RFP Nos. 36-42.**  In response to six requests, Plaintiffs have declined to produce any documents, but have offered to meet and confer with Paramount Pictures.

- **Request Nos. 36 and 42** seek information concerning Yonay's professional, resume, or biography.  These documents are material because they are anticipated to confirm that Yonay was a non-fiction writer.  We also doubt there is any material burden associated with the production of these documents.  Accordingly, we ask that Plaintiffs confirm their agreement to produce responsive documents to these requests.

- **Request Nos. 37** seek the published versions of works authored by Yonay.  The requested documents are relevant because they will establish that Yonay was a non-fiction writer.  We also disagree that there is any material burden associated with the production of these documents.  Accordingly, we ask that Plaintiffs confirm their agreement to produce responsive documents to this request.

- **Request Nos. 38 and 39** seek documents relating to *No Margin for Error:  The Making of the Israeli Air Force*.  As you know, like *Top Guns*, *No Margin for Error* is a non-fiction work authored by Yonay about military aviation.  Yonay's source materials for this book will thus demonstrate not only this fact but also how Yonay conducted research for his non-fiction works.  Similarly the drafts of the book will show Yonay's drafting process, including an effort to be factually accurate.  We also disagree that there is any material burden associated with the production of these documents.



Accordingly, we ask that Plaintiffs confirm their agreement to produce responsive materials to these requests..

- **Request No. 40** seeks any agreements that Yonay entered into relating to any works that he authored.  The requested agreements are relevant because they may, for example, establish that Yonay made warranties as to the non-fiction nature of his works, as he did with his agreement for *Top Guns*.  We also disagree that there is any material burden associated with the production of these agreements.  Accordingly, we ask that Plaintiffs confirm their agreement to produce responsive agreements to this request.

- **Request No. 41** seeks documents relating to Yonay's speeches, interviews, lectures, or promotional materials.  These documents are relevant because they may confirm, for example, that Yonay considered *Top Guns* to be a non-fiction work.  As another example, Yonay may have given lectures about how to write a non-fiction work.  We also doubt that there is any material burden associated with the production of any such responsive documents.  Accordingly, we ask that Plaintiffs confirm their agreement to produce responsive materials.

To the extent that Plaintiffs are not willing to agree to the above, please let us know when Plaintiffs are available to meet and confer next week regarding the above issues.


Very truly yours,


/s/ Molly M. Lens
Molly M. Lens
Of O'Melveny & Myers LLP

3

# Exhibit L

| From: | Lens, Molly M. |
|---|---|
| To: | Marc Toberoff |
| Cc: | Jaymie Parkkinen; McNally, Patrick S.; Shenoy, Arjun |
| Subject: | RE: Yonay v. Paramount - Correspondence Re Plaintiffs" Responses & Objections to PPC"s First Set of RFPs |
| Date: | Monday, March 6, 2023 1:15:06 PM |

Marc –

This confirms your refusal to speak with us about our February 17 letter today and your insistence that we must also discuss your March 6 letter (sent a few hours ago) at the same time.  We object to Plaintiffs continuing to refuse to meet and confer with us on our February 17 letter.  However, we cannot make you comply with your obligations.  Accordingly, this confirms that the parties will speak tomorrow at 3:00 pm.  At that point, I will have had time to read the letter but cannot guarantee that I will have had the opportunity to speak with Paramount on the issues before then.  In any event, you have recognized this fact and said that you understand we'll need to confirm with our client after tomorrow's discussion.  Please circulate a dial in for tomorrow.

Molly

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593
_____
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Monday, March 6, 2023 1:01 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>; McNally, Patrick S. <pmcnally@omm.com>; Shenoy, Arjun <ashenoy@omm.com>
**Subject:** Re: Yonay v. Paramount - Correspondence Re Plaintiffs' Responses & Objections to PPC's First Set of RFPs

[EXTERNAL MESSAGE]

Molly;

Please call my mobile phone 310-736-5666 or provide a dial in number.

Thank you.

Marc Toberoff
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com
_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Mon, Mar 6, 2023 at 12:57 PM Lens, Molly M. <mlens@omm.com> wrote:

> We will call you at your office number.
>
> **Molly M. Lens**
> mlens@omm.com
> O: +1-310-246-8593
> _____
> O'Melveny & Myers LLP
> 1999 Avenue of the Stars, 7th Floor
> Los Angeles, CA  90067
> Website | LinkedIn | Twitter | Bio
>
> *This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*
>
> ---
>
> **From:** Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
> **Sent:** Monday, March 6, 2023 12:56 PM
> **To:** McNally, Patrick S. <pmcnally@omm.com>
> **Cc:** Lens, Molly M. <mlens@omm.com>; Marc Toberoff <mtoberoff@toberoffandassociates.com>
> **Subject:** Re: Yonay v. Paramount - Correspondence Re Plaintiffs' Responses & Objections to PPC's First Set of RFPs
>
> [EXTERNAL MESSAGE]
>
> Patrick:
>
> Are you circulating a dial in for the conference?
>
> Jaymie Parkkinen
> Toberoff & Associates, P.C.
> 23823 Malibu Road, Suite 50-363
> Malibu, California 90265
> Tel: 310.246.3333

2

Fax: 310.246.3101
toberoffandassociates.com
_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.


On Mon, Mar 6, 2023 at 10:24 AM Jaymie Parkkinen <jparkkinen@toberoffandassociates.com> wrote:

> Counsel:
>
> Please see the attached correspondence, which we intend to discuss with you at the parties' conference. We look forward to speaking with you at 1pm.
>
> Jaymie Parkkinen
> Toberoff & Associates, P.C.
> 23823 Malibu Road, Suite 50-363
> Malibu, California 90265
> Tel: 310.246.3333
> Fax: 310.246.3101
> toberoffandassociates.com
> _____
>
> This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.
>
>
> On Thu, Mar 2, 2023 at 9:42 PM McNally, Patrick S. <pmcnally@omm.com> wrote:
>
>> Jaymie – On Monday, it will have been more two weeks since we requested that the parties meet and confer regarding your discovery responses. We will defer the conversation to Monday, as you request, but will expect the same courtesies with respect to our schedules when the situation is reversed. Let's talk Monday at 1:00 pm.
>>
>> Thanks,
>> Patrick
>>
>> **From:** Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
>> **Sent:** Thursday, March 2, 2023 12:14 PM
>> **To:** McNally, Patrick S. <pmcnally@omm.com>
>> **Cc:** Lens, Molly M. <mlens@omm.com>; Marc Toberoff <mtoberoff@toberoffandassociates.com>
>> **Subject:** Re: Yonay v. Paramount - Correspondence Re Plaintiffs' Responses & Objections to PPC's First Set of RFPs

3

[EXTERNAL MESSAGE]

Patrick:

You waited until after close of business yesterday to schedule a call for today, and our availability, which we provided to you last Friday, has since changed. We are unavailable today and have expert depositions in our other case tomorrow, and would thus like to schedule a time to speak with you on Monday. What time works for you then?

Jaymie Parkkinen
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com

_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Wed, Mar 1, 2023 at 7:15 PM McNally, Patrick S. <pmcnally@omm.com> wrote:

> Jaymie –
>
> Given your failure to respond, you've successfully delayed our requested meet and confer until tomorrow.  We'll call you tomorrow at 2:00 pm.
>
> Patrick
>
> _____
>
> **From:** Lens, Molly M. <mlens@omm.com>
> **Sent:** Friday, February 24, 2023 6:30 PM
> **To:** Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>; McNally, Patrick S. <pmcnally@omm.com>
> **Cc:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
> **Subject:** RE: Yonay v. Paramount - Correspondence Re Plaintiffs' Responses & Objections to PPC's First Set of RFPs
>
> Jaymie –
>
> We disagree that you can refuse to make yourselves available on one case simply because you're working on another case.  We also disagree that you can continue to delay our requested meet and confer so that you can raise issues with our discovery.  Monday should be free for both you and Marc for the reasons that we

4

discussed this afternoon and we ask that you make yourselves available then. The parties can schedule a separate time to meet and confer on any yet-unraised issues with respect to Paramount's discovery, if and when you raise any such issues.

Molly

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Sent:** Friday, February 24, 2023 6:22 PM
**To:** McNally, Patrick S. <pmcnally@omm.com>
**Cc:** Marc Toberoff <mtoberoff@toberoffandassociates.com>; Lens, Molly M. <mlens@omm.com>
**Subject:** Re: Yonay v. Paramount - Correspondence Re Plaintiffs' Responses & Objections to PPC's First Set of RFPs

[EXTERNAL MESSAGE]

Patrick:

As Molly no doubt has informed you, the current discovery deadline in a different case we share is next week. For obvious reasons, our focus has been on those matters. We would like to schedule a time to meet and confer with you regarding discovery, as there are numerous issues with Paramount's responses and production, which we will detail next week. Are you free Thursday afternoon to discuss?

Regards,

Jaymie Parkkinen
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com
_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Wed, Feb 22, 2023 at 5:17 PM McNally, Patrick S. <pmcnally@omm.com> wrote:

Counsel:  Following up on the below, please confirm your availability to meet and confer on Friday at 4:00 pm.

Thanks,
Patrick

**From:** McNally, Patrick S.
**Sent:** Friday, February 17, 2023 6:59 PM
**To:** Marc Toberoff <mtoberoff@toberoffandassociates.com>; 'Jaymie Parkkinen' <jparkkinen@toberoffandassociates.com>
**Cc:** Lens, Molly M. <mlens@omm.com>
**Subject:** Yonay v. Paramount - Correspondence Re Plaintiffs' Responses & Objections to PPC's First Set of RFPs

Counsel:

Please see the attached correspondence.

Thanks,
Patrick

## O'Melveny

**Patrick S. McNally**
pmcnally@omm.com
O: +1-310-246-8456

O'Melveny & Myers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

6

# Exhibit M

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
*jparkkinen@toberoffandassociates.com*

March 6, 2023

<u>Via Email</u>

Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

**RE:**   ***Yonay v. Paramount Pictures Corporation***
<u>**Meet and Confer Letter Regarding Defendant's**</u>
<u>**Responses to Plaintiffs' First RFPs**</u>

Dear Molly:

We write to meet and confer with you pursuant to Local Rule 37-1 concerning Defendant's deficient production and Responses to Plaintiffs' First Set of Requests for Production of Documents (the "RFPs"). We first address Defendant's objections and thereafter Defendant's substantive responses.

## I.   **Defendant's Objections**

For all objections based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, we would like to ensure that Defendant is not withholding any documents based on these asserted privileges. If Defendant does, it must produce a privilege log, itemizing each document withheld within 30 days of such withholding. Please confirm Defendant's agreement.

Defendant has similarly refused to produce documents created after May 11, 2022, the date of Plaintiffs' cease-and-desist letter to Defendant, but *Top Gun: Maverick* ("2022 Sequel") was not even released theatrically until May 27, 2022, and as such, responsive documents dated after May 11 would likely, on their face, be relevant. Defendant's objection is frivolous and must be withdrawn.

Defendant objected to RFP Nos. 17-28, which seek Defendant's description or characterization of the original 1983 *Top Guns* story ("Story"), *Top Gun*'s ("1986 Film"), and the 2022 Sequel's literary devices, on the basis that these RFPs seek "information relating to the exploitation of *Top Gun* and/or *Maverick* outside the United States." These are frivolous objections because, although Plaintiffs' termination rights were effective only in the United States, this is irrelevant to the issue of Paramount's own "descriptions or characterizations" of the Story, 1986 Film, or 2022 Sequel.

**TOBEROFF & ASSOCIATES, P.C.**

March 6, 2023
Molly M. Lens
Page: 2

## II. Defendant's Responses

RFP No. 8 requests all Documents, Including Communications, reflecting negotiations of any Agreement(s) Concerning the Story. Defendant's response to this request misconstrues the terms "reflecting negotiations" to mean "memorializing negotiations." Documents memorializing negotiations implies Documents created after an agreement or consensus has been reached, as opposed to the Communications which took place before such agreement or consensus. To be clear, "reflecting negotiations" includes Documents memorializing negotiations, *as well as Documents, Including Communications, preceding the memorialization*, such as all drafts of such Agreements and all Communications concerning the negotiation of such Agreements. As such, Defendant must amend its response to RFP No. 8 and make a fulsome production of responsive documents without further delay.

RFP No. 9 requests all Documents, Including Communications, Concerning the development of the story and screenplay of the 1986 Film and RFP No. 10 requests all Documents, Including Communications Concerning the development of the story and screenplay of the 2022 Sequel. Defendant's responses to RFP Nos. 9 and 10 state that the phrase "the development of the story and screenplay of the 1986 film [or 2022 Sequel]" is vague and ambiguous. On the contrary, RFP Nos. 9 and 10 are straightforward and clear. The 1986 Film contains many elements taken from the original 1983 Story and the derivative 2022 Sequel contains many elements of the 1986 Film, as well as the Story. Paramount, as a major motion picture studio, knows very well what development of a motion picture story and screenplay refers to in the motion picture industry, as does its counsel. Documents pertaining to both the 1986 Film and 2022 Sequel are relevant, and must be produced. Please confirm Defendant will do so.

RFP Nos. 11 and 13 request Documents sufficient to identify any and all material or sources relied upon in the development of the story or screenplay for the 1986 Film or the 2022 Sequel and RFP Nos. 12 and 14 request all Communications Concerning any and all material or sources relied upon in the development of the story or screenplay for the 1986 Film or the 2022 Sequel. Defendant objects that the phrase "sources relied upon" is vague and ambiguous. However, "sources relied upon" speaks for itself, and obviously means the source material that was used in drafting and creating the stories and screenplays for the 1986 Film and 2022 Sequel. We trust this moots Defendant's objections.

RFP Nos. 15 and 16 request all drafts, iterations, outlines, treatments, and versions of the 1986 Film and the 2022 Sequel's story and screenplay. Defendant objects that the terms "iterations" and "story" are vague and ambiguous. However, "iterations" and "story" speak for themselves. Please confirm that Defendant is not withholding any documents based on these frivolous objections.

RFP No. 43 requests all interviews of any talent involved in the 2022 Sequel. Defendant objects that the request seek "documents that are equally accessible to Plaintiffs as a matter of public record." Although some interviews may be matters of public record, that fact does not make the objection proper. Defendant is required to produce all responsive documents in its possession, custody, or control, regardless of whether such documents are also in the public record. Please confirm Defendant will do so.

**TOBEROFF & ASSOCIATES, P.C.**

March 6, 2023
Molly M. Lens
Page: 3

      RFP No. 53 requests copies of all production, shooting, and/or postproduction schedules and sub-schedules for the 2022 Sequel. Defendant objected that the term "sub-schedules" is vague and ambiguous. "Sub-schedules" refers to schedules within a schedule. For example, a **macro-level schedule** may map out the timing of principal photography, reshoots, and post production. Within that schedule are sub-schedules, such as the schedule for each day within, for example, the postproduction schedule. And further, sub-schedules contain the plan for each hour within each day. Such schedules are often printed out and distributed to the cast and crew in a given day or week. Defendant's promise to produce "copies of the final production calendar(s) and post-production schedule(s) for *Maverick*," but not the sub-schedules will not do. Nor is it sufficient to merely produce the final calendar or schedules. Defendant has asserted, as a purported defense, that the 2022 Sequel was largely completed by the effective termination date of Plaintiffs' notice of termination. Though this is not a legitimate defense, the granular evolution of the 2022 Sequel's production and postproduction schedules are very relevant to it as such schedules will reflect what was completed and not completed as time went on. Please confirm that Defendant will make a fulsome production of all responsive documents.

      RFP No. 56 request Documents sufficient to show when the 2022 Sequel was "picture locked" (i.e., when the editing of the 2022 Sequel was completed), Including the dates of all locked cuts and the final picture lock for the 2022 Sequel and RFP No. 57 requests Documents sufficient to show when the final audio mix for the 2022 Sequel was completed. Such terms are not vague or ambiguous, particularly to a large film studio like Defendant. Please confirm no documents are being withheld based on this frivolous objection.

      Finally, Defendant has only produced some screenplay draft and final contracts, and has thus, failed to produce any documents responsive to most of Plaintiffs' RFPs. Please confirm that Defendant complete its production within two weeks from today.

      We look forward to speaking with you concerning these issues during the parties' scheduled conference. All rights are expressly reserved.

Very truly yours,

Jaymie Parkkinen

# Exhibit N

| | |
|---|---|
| **From:** | Lens, Molly M. |
| **To:** | Marc Toberoff; Jaymie Parkkinen |
| **Cc:** | McNally, Patrick S.; Shenoy, Arjun; Pena, Ana; Kaiser, Matthew |
| **Subject:** | RE: TGM: Plaintiffs" RFPs |
| **Date:** | Thursday, May 18, 2023 12:30:36 PM |
| **Attachments:** | 2023.05.08 - TGM - M&C Lettter.pdf |

Marc and Jaymie -

On May 8, we sent you the attached Rule 37-1 letter, requesting a meet and confer regarding Plaintiffs' deficient objections and responses to Paramount's ROGs, RFAs, and RFPs.  As you know, Local Rule 37-1 provides that "counsel for the opposing party must confer with counsel for the moving party within ten days after the moving party serves a letter requesting such conference" unless "relieved by written order of the Court upon good cause shown."  Today is thus the last day for you to timely make yourselves available, and we ask that you do so.

Molly

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Lens, Molly M.
**Sent:** Monday, May 8, 2023 10:19 AM
**To:** Marc Toberoff <mtoberoff@toberoffandassociates.com>; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Cc:** McNally, Patrick S. <pmcnally@omm.com>; Shenoy, Arjun <ashenoy@omm.com>; Pena, Ana <apena@omm.com>
**Subject:** RE: TGM: Plaintiffs' RFPs

Counsel – Please see the attached.

Molly

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that*

1

*may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Friday, April 14, 2023 2:04 PM
**To:** Marc Toberoff <mtoberoff@toberoffandassociates.com>; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Cc:** McNally, Patrick S. <pmcnally@omm.com>; Shenoy, Arjun <ashenoy@omm.com>; Pena, Ana <apena@omm.com>
**Subject:** RE: TGM: Plaintiffs' RFPs

Counsel –

Following up again.

Thanks,

Molly

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Thursday, March 30, 2023 12:09 PM
**To:** Marc Toberoff <mtoberoff@toberoffandassociates.com>; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Cc:** McNally, Patrick S. <pmcnally@omm.com>; Shenoy, Arjun <ashenoy@omm.com>; Pena, Ana <apena@omm.com>
**Subject:** RE: TGM: Plaintiffs' RFPs

Counsel –

During the March 7 meet and confer, you agreed to get back to us by March 17 on the issues raised in our February 17 letter.  However, we have not yet heard from you.  As it will be six weeks tomorrow since we raised these issues, we would appreciate a response.

Thanks,

Molly

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Friday, March 17, 2023 2:53 PM
**To:** Marc Toberoff <mtoberoff@toberoffandassociates.com>; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Cc:** McNally, Patrick S. <pmcnally@omm.com>; Shenoy, Arjun <ashenoy@omm.com>; Pena, Ana <apena@omm.com>
**Subject:** TGM: Plaintiffs' RFPs

Hi Marc and Jaymie –

As agreed during our March 7 meet and confer, we are writing to provide you with an update on the open issues that you've raised with respect to Paramount's responses and objections to Plaintiffs' requests for production.

- Regarding a date cutoff for discovery, Paramount Pictures will agree to produce documents through the date of the complaint (June 6, 2022).  In addition, while maintaining that the burden of producing any documents post-dating the complaint outweighs any conceivable burden, in an effort to resolve the parties' dispute, and subject to the parties' agreement on logging privileged documents, Paramount agrees to run a search for Ehud Yonay's name across Paramount Pictures' custodians without a date restriction and will produce any non-privileged, responsive documents identified through this search.  Even further still, as noted below, Paramount Pictures will produce documents identifying media coverage for *Top Gun: Maverick* through today's date.  While Paramount contends that it has already agreed to go above and beyond what is required, to the extent that Plaintiffs can make a specific proffer of relevance and need for other categories of documents that they contend should be produced post-dating the complaint, Paramount is willing to consider such any such proffer.

- As for Paramount's objection, asserted as to Plaintiffs' marketing-related requests, that Paramount will not produce documents relating to the exploitation of *Maverick* outside the United States, Paramount will agree to produce responsive documents relating to exploitation of *Maverick* outside the U.S. to the extent that they are identified in response to Paramount's collection efforts.  Paramount, however, does not agree to undertake any additional or separate search efforts for any such

3

documents.  That said, Paramount's search efforts include custodians with responsibility for worldwide marketing.

- For RFP No. 8 ("All Documents, Including Communications, reflecting negotiations of any Agreement(s) Concerning the Work"), Paramount Pictures agreed in its response to produce "non-privileged documents memorializing the negotiations of agreements relating to the Work."  As requested, Paramount confirms that its agreement includes communications relating to, and drafts of, such agreements.

- For RFP No. 10 ("All Documents, Including Communications, Concerning the development of the story and screenplay of the 2022 Sequel"), Paramount Pictures agreed ~~to~~ in its response to produce "non-privileged scripts, treatments, and outlines, as well as drafts thereof and notes or comments on such scripts, treatments and outlines, for *Maverick*."  As requested, Paramount confirms that its agreement includes communications about the story and screenplay.

- Regarding articles and press about *Maverick*, Paramount Pictures agreed in its response to produce "documents sufficient to identify press interviews arranged by Paramount Pictures related to *Maverick* given by the talent involved therewith." Additionally, Paramount subscribed to a service that aggregated domestic press coverage of the film and Paramount agrees to produce such reports, even though all the identified stories, interviews, videos etc. are in the public record.

- For RFP No. 53 ("Copies of all production, shooting, and/or postproduction schedules and sub-schedules for the 2022 Sequel"), we reiterate that Plaintiffs should review the schedules we have agreed to produce before asserting that any further production is required.  At the same time, Paramount is working to determine whether there are any central repositories of schedules that could be produced without undue burden.  We will update you when we have one.

We look forward to receiving Plaintiffs' update later today, as agreed, on the open issues that Paramount raised in its February 17 meet-and-confer letter.

Thanks,

Molly

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593
_____

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

# Exhibit O



O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number: 0903423-00392

May 8, 2023

**Molly M. Lens**
D: +1 310 246 8593
mlens@omm.com

Marc Toberoff
Jaymie Parkkinen
Toberoff & Associates
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Re:   _**Shosh Yonay et al v. Paramount Pictures Corporation et al, Case No. 2:22-cv-03846-PA-GJS**_

Dear Marc and Jaymie:

We write to address Plaintiffs' habitual refusal to meaningfully participate in discovery.

1.   **Plaintiffs' Failure to Produce A Single Document.**

Judge Anderson's standing order provides "it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery."  _See_ Dkt. 10.  As you know, the Scheduling Conference was scheduled for January 9, 2023.  Plaintiffs, however, failed to produce any documents in advance of such date.

Promptly thereafter, Paramount Pictures Corporation ("Paramount") served its First Set of Requests for Production on January 13, 2023.  In the intervening four months, however, Plaintiffs have continued to flout their discovery obligations—failing to produce a _single document_.

Moreover, Plaintiffs have ignored Paramount's repeated attempts to meet and confer.  Case in point, Paramount sent Plaintiffs a meet-and-confer letter back on February 17, 2023, detailing various deficiencies with Plaintiffs' responses to Paramount's First Set of Requests for Production and asking that Plaintiffs make themselves available to meet and confer.  Paramount then followed up on this request to meet and confer on February 22, February 24, March 1, and March 6.  Plaintiffs, however, did not make themselves available to meet and confer until March 7—that is, over two weeks after Paramount reached out.  What's more, Plaintiffs even went so

Austin · Century City · Dallas · Los Angeles · Newport Beach · New York · San Francisco · Silicon Valley · Washington, DC
Beijing · Brussels · Hong Kong · London · Seoul · Shanghai · Singapore · Tokyo



far as to refuse to meet and confer with Paramount about its February 17 letter on March 7 unless Paramount agreed to also discuss Plaintiffs' *March 6* letter at this same time.[1]

Plaintiffs' refusal to meaningfully engage in the meet-and-confer process continued at the parties' March 7 meet and confer.  Indeed, you revealed that you had not even discussed the issues raised in Paramount's February 17 letter with your clients, meaning Paramount did not receive any answers to its long-pending inquires.  Rather, you said that you would respond to our February 17 inquiries by March 17.  On March 17, when Paramount's inquiries had been pending for a month, Paramount reminded you of your agreement to respond on that day.[2]  You did not respond.  Paramount then followed up on March 30 and April 14.  You did not respond to those outreaches either.

It is now May 8.  Plaintiffs have refused to produce any documents, and have repeatedly—over many months—failed to meet and confer about their obligation to produce documents.

### 2.  <u>Plaintiffs' Failure to Answer Paramount's Interrogatories</u>.

On March 7, 2023, Paramount served its First Set of Interrogatories on Plaintiffs, with each set containing the same four interrogatories.  On April 6, Plaintiffs served their objections and responses—refusing to respond altogether to one interrogatory on the basis of boilerplate objections and providing grossly deficient "responses" to the remaining three.

**Interrogatory No. 1**.  This interrogatory asks Plaintiffs to identify any and all expression in the Article that Plaintiffs contend is fictional or not factual.  Plaintiffs first attempt to evade answering this interrogatory by objecting that the terms "Article," "expression," "fictional," and "factual," are somehow vague and ambiguous.  Not so.  "A responding party has 'an obligation to construe discovery requests in a reasonable manner.'"  *See, e.g., L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390, 396 (C.D. Cal. 2022) (*quoting Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 618- 19 (D. Colo. 2007) (ellipsis omitted)).  As an initial matter, these are readily understandable words, requiring no definition.  Notwithstanding this, Paramount's interrrogatories include definitions, precisely to avoid any needless dispute on these common words.  Specifically, the Article is defined as the 1983 article "Top Guns" by Yonay, the work at the very center of Plaintiffs' lawsuit, while "expression" is a well-known copyright term, and Paramount's interrogatories define the term consistent with the Copyright Act and case law interpreting it.  Similarly, Paramount's definition of "factual" and "fictional" are drawn from Merriam-Webster Dictionary, which defines "factual" as "of or relating to facts," with "facts" defined to as "something that has actual existence" or "objective reality," which is

---

[1] In fact, the parties were initially scheduled to meet and confer about Paramount's February 17 letter on March 6—the same day that Plaintiffs rushed out their March 6 letter.  Plaintiffs, however, refused to participate in the conversation after Paramount explained that it was not prepared to discuss Plaintiffs' March 6 letter on that call, given that Paramount had only received it hours before.

[2] On March 17, unlike Plaintiffs, Paramount provided its promised responses to the issues discussed during the March 7 meet and confer.

O'Melveny

precisely how the term is defined in Paramount's interrogatories.  Plaintiffs' relevance objection is plainly meritless because it ignores a key principle of copyright law—*i.e.,* that factual information "may not … form the basis for a copyright claim."  *Corbello v. Valli*, 974 F.3d 965, 971 (9th Cir. 2020).  Moreover, whether any expression in the Article is fact or fiction is not a legal opinion, nor do we understand how it could be protected by the attorney-client or work product privileges.  Finally, since discovery closes in just two months, we are now "late in the pretrial period," when cases Plaintiffs cited find contention interrogatories are proper.  *See In re Allergan, Inc. Sec. Litig.*, 2016 WL 10719393, at *4 (C.D. Cal. Sept. 23, 2016).  Even further still, because facts are not copyrightable, "[r]equiring the answer to these 'factual' contention interrogatories is 'consistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint[.]'"  *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997).  Thus, Plaintiffs "must answer [this] interrogator[y] with information as they now possess."  *Id.*[3]

   **Interrogatory No. 2**.  This interrogatory asks Plaintiffs to identify all expression in the Article that they contend constitutes protectable expression.  Plaintiffs assert all of the same makeweight objections discussed above, which fail for the same reasons here.  Nor is Plaintiffs' threadbare response—that the entire Article "and each part within it, is protectable expression"—adequate.  It is axiomatic that courts applying the extrinsic test "must take care to inquire only whether the protectable elements, standing alone, are substantially similar," and therefore must "filter out and disregard the non-protectable elements."  *Cavalier v. Random House, Inc*., 297 F.3d 815, 822 (9th Cir. 2002).  To be clear, to the extent that Plaintiffs are truly contending that nothing in the Article is unprotectable expression, then Paramount will accept Plaintiffs' response.  However, Plaintiffs cannot claim in response to this interrogatory that everything is protectable and then claim otherwise in response to Paramount's intended motion for summary judgment.  *See Gonzalez v. Ford Motor Co*., 2019 WL 6122554, at *4 (C.D. Cal. Oct. 23, 2019) ("Plaintiff cannot create an issue of fact at summary judgment by contradicting his prior sworn deposition testimony and interrogatory responses."); *Wleklinski v. Targus, Inc*., 2007 WL 9711248, at *2 (C.D. Cal. Feb. 13, 2007) (party bound by, and could not amend, interrogatory responses to create fact issue at summary judgment).

   **Interrogatory No. 3**.  This interrogatory asks Plaintiffs to identify all expression in *Top Gun Maverick* that they contend is substantially similar to the protectable expression in the Article.  In addition to asserting the same meritless objections discussed above, Plaintiffs respond by referring Paramount "*without limitation*" to the purported "Chart of Similarities" attached as Exhibit 1 to the First Amended Complaint.  That response is, by its own terms,

---

[3] This information includes, of course, information in Plaintiffs' attorneys or other agents (like Yonay's literary agents) control.  *See, e.g., Ferguson v. Wilcher*, 2019 WL 3017670, at *1 (C.D. Cal. Apr. 3, 2019) ("[I]n answering interrogatories, a party is charged with knowledge of what its agents know, or what is in records available to it, or even, for purposes of Rule 33, information others have given it on which it intends to rely in its suit.  Neither can a party refuse to respond to an interrogatory requesting factual information because that information is known only to its attorney.") (citations and quotations omitted).

O'Melveny

incomplete, and therefore deficient.  *See Bryant v. Mattel, Inc.*, 2007 WL 5430893, at *7 (C.D. Cal. May 18, 2007) (ordering complete response where party served incomplete answers); *Meggitt (Orange Cnty.), Inc. v. Nie*, 2015 WL 12743840, at *1 (C.D. Cal. Feb. 18, 2015) (same). Paramount is entitled to know all elements of expression in *Top Gun Maverick* that Plaintiffs contend are substantially similar to any protectable expression in the Article.  Plaintiffs must provide a complete response.

**Interrogatory No. 4**.  This interrogatory asks Plaintiffs to explain in detail the basis for their contention that they have the right to enforce Yonay's rights under the 1983 Agreement. After copying and pasting the same objections discussed above, Plaintiffs state that they are "the heirs of Ehud Yonay and as such, are the successors-in-interest to his rights and entitlements under the 1983 Agreement."  That terse response provides no detailed basis whatsoever.  For example, are Plaintiffs Yonay's heirs under a will?  If so, which specific terms render them Yonay's successor-in-interest under the 1983 Agreement?  And if Yonay died without a will, why do Plaintiffs believe they step into Yonay's shoes under the 1983 Agreement?  To fully and fairly answer this interrogatory, Defendants must do much more than simply call themselves Yonay's heirs, and they must amend their response accordingly.

**3.  Plaintiffs' Failure to Answer Paramount's Request for Admission.**

On March 7, 2023, Paramount served its First Sets of Requests for Admission on Plaintiffs, with each set containing the same twenty-two Requests.  On April 6, Plaintiffs responded by serving evasive objections and responses, which did not admit a single request.

As to the first five Requests for Admission, which asked for admissions to basic facts, Plaintiffs refused to respond on the basis of a series of boilerplate denials.  None of these objections has merit.

**Request for Admission No. 1**.  This request asks Plaintiffs to each admit that Yonay was a journalist.   Plaintiffs first sought to evade the request by objecting that "journalist" is somehow vague and ambiguous.  As noted above, "[a] responding party has 'an obligation to construe discovery requests in a reasonable manner.'"  *See, e.g., L.A. Terminals, Inc.*, 340 F.R.D. at 396.  As the Merriam-Webster Dictionary confirms, a "journalist" is "a person engaged in journalism," with "journalism" defined to be "the collection and editing of news for presentation through the media."  And, contrary to Plaintiffs' continued objections, the request does not seek "information not relevant or proportional to the parties' claims or defenses or the needs of the case."  Finally, as to Plaintiffs' objection that the request does not specify the time period, Paramount confirms that the time period is obviously the relevant time period—that is, when Yonay wrote the Article.  Plaintiff must answer this request.

**Request for Admission Nos. 2 & 3**.  These requests ask Plaintiffs to each admit that the Article is a factual work and that the Article does not contain any fictional elements. "Factual" and "fictional" are common words in the English language and required no definition. Notwithstanding them, precisely in an attempt to avoid any game playing by Plaintiffs, Paramount defined both.  Yet Plaintiffs still argue that these straightforward words and definitions—which track those provided by dictionaries, including *Merriam-Webster*—are "vague

4

O'Melveny

and ambiguous and/or argumentative."  They are not.  Nor do the requests "call for a legal conclusion" or "assume and/or mischaracterize facts."  Plaintiffs must answer these requests.

**Request for Admission No. 4**.  This request asks Plaintiffs to each admit that Yonay's contract with California Magazine contains certain quoted language.  Plaintiffs, however, refused to admit this irrefutable fact based on a series of specious boilerplate objections.  Plaintiffs' objections are a textbook example of why the law requires that responding party's have an obligation to construe discovery requests reasonably.  For example, it is not ambiguous what the verb "agreed" means with respect to a contract.  And it is equally obvious that the request quotes from Yonay's contract with California Magazine.  Similarly, the request patently does not ask for a "legal conclusion," is not "argumentative," and is not "compound."   Plaintiffs must answer this request.

**Request for Admission No. 5**.  This request asks Plaintiffs to admit that the only published works authored by Ehud Yonay were factual works.  Again Plaintiffs have attempted to avoid this straightforward request by claiming that the definition of factual—that is, "having actual existence and having objective reality" is "vague, ambiguous and/or argumentative." And Plaintiffs again claim that the request seeks information not relevant or proportional to the needs of the case.  Leaving aside that this is a single request for admission, the obvious import is that—like Yonay's other published works—the Article is a nonfiction piece, which is the issue at the heart of the case.  Finally, the request objectively does not call "for a legal conclusion" or a premature "expert opinion," is not "argumentative," and does not "assume[] and/or mischaracter[s] purported facts."  Plaintiffs must answer these requests.

And, as to the remaining Requests for Admission—that is **Request for Admission Nos. 6 to 22**—after again asserting a series of boilerplate objections, Plaintiffs claim that they purportedly lack sufficient information to admit or deny the request.  Rule 36, however, is clear:  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information that it knows can or readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4). A reasonable inquiry requires a party to obtain and review readily accessible information—such as publicly available documents.  *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981) ("[A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) … if information 'readily obtainable' is sufficient to enable him to admit or deny the matter."); *Hill v. Asset Acceptance, LLC*, 2014 WL 3014945, at *7 (S.D. Cal. July 3, 2014) (finding that defendant's "objection that the court records are publicly available" was "not [a] persuasive" reason for refusing to admit or deny a request for admission and compelling additional investigation and supplemental responses).  A reasonable inquiry under Rule 36 also "means that a party has to ask its counsel, and if its counsel knows the response, the party needs to use that information to admit or deny."  *New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 405 F. Supp. 3d 1233, 1253 (D.N.M. 2019); *see also T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997).  And if a party claims it cannot truthfully admit or deny a request, their response must "set forth 'in detail' the reasons *why* the answering party cannot truthfully admit or deny the matter."  *Asea, Inc.*, 669 F.2d at 1245 (emphasis added); *Shayler v. Yacoub*, 2020 WL 8812454,



at *3 (C.D. Cal. Dec. 23, 2020) (compelling amendment where "responses d[id] not 'specifically deny' or 'state in detail why the answering party cannot truthfully admit or deny' the RFAs as Rule 36 requires").

Plaintiffs' responses, however, contain no affirmation that they conducted a reasonable inquiry—let alone a detailed explanation of the reasons why they cannot truthfully admit or deny the requests.  Nor could Plaintiffs make such a representation, given the nature of the requests for admission at issue here.[4]

\*        \*        \*

Pursuant to CACD Local Rule 37, we ask that Plaintiffs make themselves available to meet and confer on either Wednesday or Thursday of this week.  To the extent that you are not available then, please provide alternative suggested dates and times.  In the interests of resolving some or all of these disputes without the need for court intervention, we ask that you change your approach to meeting and conferring and come prepared to discuss these issues in good faith. We will, of course, do the same.

All rights reserved.

Sincerely,

Molly M. Lens
Of O'Melveny & Myers LLP

---

[4] By way of example only, it is readily ascertainable that the Wings of the F-14 are able to expand.  *See, e.g.,* https://www.smithsonianmag.com/air-space-magazine/swing-wings-9189621/.  And, as a further example, it is equally readily ascertainable that the other identified elements in the Article are factual. *See, e.g.,* https://allhands.navy.mil/Stories/Display-Story/Article/1840180/topgun-top-school/ ("TOPGUN, or as its official title goes, the 'Navy Strike Fighter Tactics Instructor' program … is an instructional course loaded with schooling, training and tactics development …. Originally, in 1969, the school was located at Naval Air Station Miramar in San Diego").

6

# Exhibit P

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   SHOSH YONAY, et al.,                 Case No.  CV 22-3846 PA (GJSx)
12          Plaintiff,
                                          STANDING ORDER
13        v.
14   PARAMOUNT PICTURES
     CORPORATION, et al.,
15
16          Defendant.
17
18
19
20       **READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE
     AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES**.
21
22          This action has been assigned to the calendar of Judge Percy Anderson.  Both the
23   Court and the attorneys bear responsibility for the progress of litigation in the Federal
24   Courts.  To secure the just, speedy, and inexpensive determination of every action, Fed. R.
25   Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil
26   Procedure and the Local Rules of the Central District of California.
27          IT IS HEREBY ORDERED:
28

1.   **Service of the Complaint:**  The Plaintiff shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1.

2.   **Presence of Lead Counsel:**  Lead trial counsel shall attend all proceedings before this Court, including all status and settlement conferences.

3.   **Discovery:**

(a)    All discovery matters have been referred to a United States Magistrate Judge, who will hear all discovery disputes. (The Magistrate Judge's initials follow the Judge's initials next to the case number.)  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do not deliver courtesy copies of these documents to this Court.

The decision of the Magistrate Judge shall be final, subject to modification by the District Court only where it has been shown that the Magistrate Judge's Order is clearly erroneous or contrary to law.  Any party may file and serve a motion for review and reconsideration before this Court.  The moving party must file and serve the motion within ten (10) days of service of a written ruling or within ten (10) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

(b)    Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference.  At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

(c)     If expert witnesses are to be called at trial, the parties shall designate experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not later than eight weeks prior to the discovery cutoff date.  Rebuttal expert witnesses shall be designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B), not later than five weeks prior to the discovery cutoff date.  Failure to timely comply with this deadline may result in the expert being excluded at trial as a witness.

### 4.     **Electronic Filing**:

Pursuant to Local Rule 5-4, the United States District Court for the Central District of California requires electronic filing of documents.  Information about the Court's Electronic Case Filing system ("ECF") is available in Local Rule 5-4 and on the Court's website at www.cacd.uscourts.gov/cmecf.

Pursuant to Local Rule 5-4.3.1, documents filed electronically must be submitted in Portable Document Format ("PDF"), created using word-processing software, and published to PDF from the original word-processing file to permit the electronic version of the document to be searched.  Other than signature pages, PDF IMAGES CREATED BY SCANNING PAPER DOCUMENTS ARE PROHIBITED.  Violation of Local Rule 5-4.3.1 may result in the striking of the offending document and the imposition of monetary or other sanctions.

All manually filed documents (those documents excused from the electronic filing requirements by Local Rule 5-4.2) shall be served on the person as otherwise required by the Federal Rules of Civil Procedure or the Local Rules.

### 5.     **Mandatory Chambers Copies**:

Notwithstanding any contrary provision in the Local Rules, and unless otherwise ordered by the Court, Judge Anderson does not require parties to provide Mandatory Chambers Copies of documents filed through the Court's CM/ECF System.  **No party shall deliver a Mandatory Chambers Copy to Judge Anderson unless specifically ordered to do so**.  If the Court orders the delivery of a Mandatory Chambers Copy, the Mandatory Chambers Copy shall be delivered by either:  (1) delivering it to Judge Anderson's mailbox

1  located adjacent to the Clerk's Office on the fourth floor of the United States Courthouse,

2  350 West 1st Street, Los Angeles, California, no later than 12:00 noon on the business day

3  following the filing of the document; or (2) sending it by guaranteed overnight delivery to

4  the United States Courthouse, 350 West 1st Street, Suite 4311, Los Angeles, California

5  90012-4565.  Should the Mandatory Chambers Copy be sent by overnight delivery, the

6  sender shall notify the delivery service that the signature of the recipient is not required.

7        **6.**   <u>**Motions**</u>:[1]

8        (a)   <u>Time for Filing and Hearing Motions</u>:  Motions shall be filed in

9  accordance with Local Rule 7.  This Court hears motions on **Mondays, commencing at**

10 **1:30 p.m.  No supplemental brief shall be filed without prior leave of Court**.  No motion

11 shall be noticed for hearing for more than thirty-five (35) days after service of the motion

12 unless otherwise ordered by the Court.

13       Many motions to dismiss or to strike could be avoided if the parties confer in good

14 faith (as they are required to do under L.R. 7-3), especially for perceived defects in a

15 complaint, answer or counterclaim which could be corrected by amendment.  <u>See</u> <u>Chang v.</u>

16 <u>Chen</u>, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district

17 court should provide leave to amend unless it is clear that the complaint could not be saved

18 by *any* amendment).  Moreover, a party has the right to amend his complaint "once as a

19 matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).

20 A 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to

21 amend.  <u>See</u> <u>Nolen v. Fitzharris</u>, 450 F.2d 958, 958-59 (9th Cir. 1971); <u>St. Michael's</u>

22 <u>Convalescent Hospital v. California</u>, 643 F.2d 1369, 1374 (9th Cir. 1981).  And even where

23 a party has amended his Complaint once or a responsive pleading has been served, the

24

25   [1]     Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing

26 conference "to discuss thoroughly . . . the substance of the contemplated motion and any
potential resolution." Counsel should discuss the issues sufficiently so that if a motion is still

27 necessary, the briefing may be directed to those substantive issues requiring resolution by
the Court. Counsel should resolve minor procedural or other nonsubstantive matters during

28 the conference.

1  Federal Rules provide that leave to amend should be "freely given when justice so requires."

2  F.R.Civ.P. 15(a).  The Ninth Circuit requires that this policy favoring amendment be applied

3  with "extreme liberality."  <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079

4  (9th Cir. 1990).  These principles require that counsel for the plaintiff should carefully

5  evaluate the defendant's contentions as to the deficiencies in the complaint and in many

6  instances, the moving party should agree to any amendment that would cure a curable

7  defect.

8  In the unlikely event that motions under Fed. R. Civ. P. 12 challenging pleadings are

9  filed after the Rule 16 Scheduling Conference, the moving party shall attach a copy of the

10  challenged pleading to the Memorandum of Points and Authorities in support of the motion.

11  The foregoing provisions apply as well to motions to dismiss a counterclaim, answer or

12  affirmative defense, which a plaintiff might file.

13  **(b)  Length and Format of Motion Papers:  Memoranda of Points and**

14  **Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies**

15  **shall not exceed 12 pages.**  Only in rare instances and for good cause shown will the Court

16  grant an application to extend these page limitations.

17  **Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman font is**

18  **used, the size must be no less than 14; if Courier is used, the size must be no less than**

19  **12.**  Footnotes shall be in typeface no more than one size smaller than text size and shall be

20  used sparingly.

21  Filings which do not conform to the Local Rules and this Order will not be

22  considered.

23  **(c)  Citations to Case Law:**  Citations to case law **must** identify not only

24  the case being cited, but the specific page being referenced.  Certain kinds of authority are

25  considered more useful – or authoritative – than others.  If more than one authority is cited

26  in support of a proposition, these supporting authorities are to be listed such that the more

27  authoritative ones appear first.

28

**(d)** **Citations to Other Sources:** Counsel are reminded that the basic purpose of a legal citation is to allow the reader to locate a cited source accurately and efficiently. Accordingly, statutory references should identify, with specificity, which sections and subsections are being referenced (e.g., Jurisdiction over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters). Statutory references which do not indicate specifically which section and subsection are being referred to (e.g., Plaintiffs allege conduct in violation of the Federal Electronic Communication Privacy Act, 18 U.S.C. § 2511, et seq.) are to be **avoided**. Citations to treatises, manuals, and other materials should similarly include the volume and the section being referenced.

**7.** **Proposed Orders:** Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. If the Proposed Order exceeds two pages, the proposing party shall also submit a copy of the Proposed Order to the Court's ECF e-mail address, in WordPerfect format (X9 or earlier versions) or Microsoft Word (Word 365 or earlier versions).

**8.** **Ex Parte Applications:** Counsel are reminded ex parte applications are solely for extraordinary relief. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). Applications which fail to conform with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's position,** will not be considered. Any opposition must be filed not later than 24 hours after service. If counsel do not intend to oppose the ex parte application, counsel must inform the court clerk by telephone. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. The Courtroom Deputy Clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary. Absent leave of Court, the Court will not consider reply papers in support of an ex parte application.

**9.** **Under Seal Filings:** Parties shall make every effort to limit the number and volume of under seal filings. In most circumstances, parties should seek to file under seal only the specific portions of exhibits or documents for which there is a valid basis for filing under seal. Requests to file memoranda of points and authorities under seal are disfavored.

Pursuant to Local Rule 79-5.2.2, except in sealed civil cases, "no document may be filed under seal without prior approval by the Court." When seeking the Court's approval for an under seal filing, the submitting party shall comply with the procedures established in Local Rule 79-5.2.2(a). Because documents filed under seal are only visible on CM/ECF or Pacer to Court personnel and the party that filed the document, a party electronically filing a document under seal may not rely on the Court's CM/ECF System to effect service as provided in Local Rule 5-3.2.1. Therefore, documents filed electronically under seal must be served in accordance with Federal Rule of Civil Procedure 5. Additionally, at the time of filing, the documents filed electronically under seal must be accompanied either by a Proof of Service in the form required by Local Rule 5-3.1.2 or a declaration explaining why service is not required.

The submission of documents for in camera review is governed by Local Rule 79-6.

**10.** **Applications or Stipulations to Extend the Time to File any Required Document or to Continue any Pretrial or Trial Date:** No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them. Both applications and stipulations must be filed in advance of the date due and set forth:

(a) the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the pre-trial conference date and the trial date;

(b) specific, concrete reasons supporting good cause for granting the extension. In this regard, a statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations: (i.e., have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement? Has a mediator been selected?);

-7-

(c)     whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

**11.    TROs and Injunctions**:  Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rules 7-19 and 65.  Absent extraordinary circumstances, the Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served.  The opposing party may file opposing or responding papers in the interim.

**12.    Cases Removed From State Court:**  All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this Court as a supplement to the Notice of Removal, if not already included.  See 28 U.S.C. § 1447(a)(b).  If the defendant has not yet responded, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District.  If a motion was pending in state court before the case was removed, it must be re-noticed in accordance with Local Rule 7.

**13.    ERISA Cases**:  Absent an agreed upon statement of facts, the court will not hear motions for summary judgment, but will hear motions to determine the standard of review and the scope of the administrative record.  See Kearney v. Standard Ins. Co., 175 F.3d 1084 (9th Cir. 1999).  There will be a court trial (usually confined to oral argument) on the administrative record.

**14.    Class Actions**:  Consistent with Federal Rule of Civil Procedure 23's requirement that the Court must determine at "an early practicable time" whether to certify an  action as a class action, for any action purporting to commence a class action, other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 et seq., the Court orders that any Motion for Class Certification shall be filed within 120 days after service of a pleading (or, if applicable, within 120 days after the filing of a Notice of Removal), unless otherwise ordered by the Court.  Failure to timely file a Motion for Class Certification may result in the imposition of sanctions, which may include the striking of the class allegations.

**15.** **Consent to Magistrate Judge:** The parties may consent to have a United States Magistrate Judge preside over the entire case, including trial. The parties are free to select from amongst all the magistrate judges available for this purpose, not just the magistrate judge assigned to this case. (Please consult the court's website for the list of the available magistrate judges.)

**16.** **Status of Fictitiously Named Defendants:** This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint. See 28 U.S.C. §§ 1441(a), 1447.

(a) Plaintiff is normally expected to ascertain the identity of and serve any fictitiously named defendants within 90 days of the removal of the action to this Court.

(b) If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 90-day period, an ex parte application requesting permission to extend that period to effectuate service may be filed with this Court. Such application shall state the reasons therefor, and may be granted upon a showing of good cause. The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may comment within seven (7) days of the filing of the ex parte application.

(c) If plaintiff desires to substitute a named defendant for one of the fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the previously-identified defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff may apply ex parte requesting such amendment, with notice to all appearing parties. Each party shall have seven calendar days to respond. The ex parte application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party. See 28 U.S.C. § 1447(c)(d).

17. **Bankruptcy Appeals:** Counsel shall comply with the Notice Regarding Appeal from Bankruptcy Court issued at the time the appeal is filed in the District Court. The matter is considered submitted upon the filing of the appellant's reply brief. No oral argument is held unless otherwise ordered by this Court.

18. **Communications with Chambers:** Counsel shall not attempt to contact the Court or its chambers staff by telephone or by any other <u>ex parte</u> means, although counsel may contact the Courtroom Deputy, at (213) 894-1795, with appropriate inquiries. To facilitate communication with the Courtroom Deputy, counsel should list their facsimile transmission numbers along with their telephone numbers and e-mail addresses on all papers.

19. **Notice of this Order:** Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by noticed removal, defendant shall serve this Order on all other parties.

IT IS SO ORDERED.

Dated: June 13, 2022

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

revised 3/11/21

-10-

# Exhibit Q

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 22-3846 PA (GJSx) | Date | January 6, 2023 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS

The Court has received the parties' joint 26(f) report and finds that a scheduling conference is not necessary. Dates set by the Court in this action are listed in the "Schedule of Trial and Pretrial Dates" attached to this order. The dates set by the Court are firm dates. Absent extraordinary circumstances, which must satisfy the requirements of Federal Rule of Civil Procedure 16(b) and be brought to the Court's attention in a timely manner, the Court will not modify these dates. The scheduling conference currently on calendar for January 9, 2023, at 10:30 a.m. is hereby vacated, and the matter taken off calendar.

The Court notes that the parties estimate that trial will consume as many as 7 trial days. It is the Court's practice to impose limits on the length of civil trials. Based on the Court's current understanding of this action, the parties are highly unlikely to have as much time to try this case as they appear to anticipate.

The Court has entered a Protective Order in this action. A copy of the Protective Order will be served on the parties. The Protective Order may be modified or supplemented by the parties. However, given the trial and pretrial dates set by the Court, disputes concerning the Protective Order should not delay the parties' prosecution of this action.

This case is referred to the Court's Mediation Panel. Alternatively, the parties may agree to use the services of a private mediator. If the parties elect to use a private mediator, they must file within fourteen (14) days a notice of election of private mediation with the name of the private mediator selected. If the parties have not selected a Panel Mediator within twenty-one (21) days or filed a notice of election of private mediation within fourteen (14) days, the ADR Program (213-894-2993) will assign a Panel Mediator.

In the parties joint 26(f) report, Defendant requests that discovery be bifurcated, with damages-related discovery deferred until after the Court adjudicates a motion for summary judgment on Plaintiffs' copyright infringement claim. (Docket No. 27 at pp. 3–5.) A court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | January 6, 2023 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

broad discretion under Federal Rule of Civil Procedure 42(b) to bifurcate proceedings "[f]or convenience, to avoid prejudice, or to expedite or economize." Fed. R. Civ. P. 42(b); see also Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). "It is implicit that the court also ha[s] [the] power to limit discovery to the segregated issues." Ellingson Timber Co. v. Great N. Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970) (citations omitted). "One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." Id. (citations omitted). Factors a court may consider in determining whether to bifurcate discovery include the "complexity of the issues, factual proof, risk of jury confusion, difference between the separated issues, and the chance that separation will lead to economy in discovery." Moreno v. NBCUniversal Media, LLC, 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) (internal quotations omitted). "After considering the benefits of bifurcation, the Court considers whether it would prejudice the opposing party." Bassil v. Webster, No. 220CV05099SBPDX, 2021 WL 1235258, at *3 (C.D. Cal. Jan. 15, 2021).

Here, bifurcation of discovery into a liability phase and damages phase would promote convenience, efficiency, and judicial economy. Additionally, the damages and liability issues can reasonably be severed so as to potentially benefit all parties. To prove Defendant liable on the copyright infringement claim, for example, Plaintiffs will be required to show that they have legally cognizable rights in the 1983 article "Top Guns" and that Defendant infringed upon those rights. The question of damages, on the other hand, is likely to involve a detailed and extensive analysis of revenue and profits from the "Top Gun: Maverick" film. Thus, the complexity of this case and the likely cost of discovery on damages make bifurcation appropriate. Plaintiffs argue that bifurcation will increase the number of discovery disputes. The Court expects the parties to cooperate in good faith to comply with and reasonably implement this bifurcation order and finds that the benefits of bifurcation outweigh the costs of any disputes.

The Court therefore orders that discovery is to be bifurcated into liability and damages phases and stays damages discovery until the Court rules on Defendant's anticipated motion for summary judgment on liability, or until further order of the Court. The deadline to complete discovery related to liability is now July 7, 2023, and the deadline to complete discovery related to damages is November 27, 2023.[1/] Defendant shall file its motion for summary judgment on

---

[1/] The deadlines for the parties' disclosure of expert testimony and reports for liability shall be calculated based on the liability discovery cutoff date, and the deadlines for the parties' disclosure of expert testimony and reports for damages shall be calculated based on the damages discovery cutoff date. See Standing Order (Docket No. 10) ¶ 3(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | January 6, 2023 |
|---|---|---|---|

| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. |
|---|---|

the issue of liability on or before August 14, 2023. Plaintiffs' opposition shall be filed by August 28, 2023. Defendant's reply, if any, is due on or before September 5, 2023. The Court will hear Defendant's motion for summary judgment on September 18, 2023, at 1:30 p.m. All other dates in the attached Schedule of Trial and Pretrial Dates remain unchanged.

IT IS SO ORDERED.

Schedule of Trial and Pretrial Dates

| CASE NO.: | CV | 22-03846 |
|---|---|---|

**PARTIES:**           **Shosh Yonay, et al.**

                               -v-

           **Paramount Pictures Corporation, et al.**

**COMPLAINT FILED:**      06/06/22

| TRIAL TYPE: | Jury |
|---|---|

SETTLEMENT CHOICE:
Court/Magistrate
Court's Mediation Panel                  X
Private Dispute Resolution
Judicial Settlement Panel

| DATE | MATTER |
|---|---|
| **02/06/24** | Jury Trial at 9:00 a.m. |
| **02/01/24** | File Final Trial Exhibit Stipulation |
| **01/29/24** | Hearing on Motions in Limine at 1:30 p.m. |
| | Hearing on Disputed Jury Instructions at 1:30 p.m. |
| **01/05/24** | Final Pretrial Conference at 1:30 p.m. |
| | Motions in Limine to be Filed |
| | Proposed Voir Dire Questions & Agreed-to Statement of Case |
| **12/21/23** | Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation |
| | File Contentions of Fact & Law |
| | Exhibit & Witness Lists |
| | File Joint Status Report Regarding Settlement |
| | File Agreed Upon Set of Instructions & Verdict Forms |
| | File Joint Statement Regarding Disputed Instructions, Verdicts, etc. |
| **12/11/23** | Last Date to Conduct Settlement Conference |
| **12/04/23** | Last Day for Hearing Motions |
| **11/27/23** | Discovery Cut-off |
| **04/03/23** | Last Day for Hearing on Motion to Amend Pleadings or Add Parties |

# Exhibit R

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   SHOSH YONAY, an individual, and          Case No. 2:22-cv-03846-PA-GJS
     YUVAL YONAY, an individual,
12                                             **ORDER GRANTING JOINT**
                    Plaintiffs,                **STIPULATION REGARDING**
13                                             **MODIFICATION OF TRIAL AND**
                                               **PRETRIAL DATES**
            v.
14                                             District Judge: Hon. Percy Anderson
     PARAMOUNT PICTURES                        Magistrate Judge: Hon. Gail J. Standish
15   CORPORATION, a Delaware
     corporation, and DOES 1-10,
16
                    Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

# [PROPOSED] ORDER

The Court has reviewed and considered the Parties' Joint Stipulation for an order modifying the pretrial schedule. The Court hereby **GRANTS** the Joint Stipulation and **ORDERS** the following modifications to the Schedule of Trial and Pretrial Dates (ECF 30):

| Matter | Court Ordered Date | Time |
|---|---|---|
| Jury Trial | May 7, 2024 | 9:00 a.m. |
| File Final Trial Exhibit Stipulations | May 2, 2024 | |
| Hearing on Motions in Limine Hearing on Disputed Jury Instructions | April 29, 2024 | 1:30 p.m. |
| Final Pretrial Conference Motions in Limine to be Filed Proposed Voir Dire Questions & Agreed-to Statement of Case | April 5, 2024 | 1:30 p.m. |
| Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation File Contentions of Fact & Law Exhibit & Witness Lists File Joint Status Report Regarding Settlement File Agreed Upon Set of Instructions & Verdict Forms File Joint Statement Regarding Disputed Instructions, Verdicts, etc. | March 21, 2024 | |

| Matter | Court Ordered Date |
|---|---|
| Motion Hearing Cut-Off | March 4, 2024 |
| Settlement Mediation Deadline | March 11, 2024 |
| Damages Discovery Cut-Off | February 23, 2024 |
| Damages Expert Report Deadline | January 5, 2024 |
| Rebuttal Damages Expert Report Deadline | January 25, 2024 |
| Summary Judgment (Liability) Hearing Date | December 4, 2023 |
| Summary Judgment (Liability) Filing Deadline | October 23, 2023 |

[PROPOSED] ORDER

| Matter | Court Ordered Date |
|---|---|
| Liability Discovery Cut-Off | October 6, 2023 |
| Liability Expert Report Deadline | July 7, 2023 |
| Rebuttal Liability Expert Report Deadline | July 28, 2023 |

**IT IS SO ORDERED.**

Dated:  June 9, 2023

_____
Percy Anderson
United States District Judge

[PROPOSED] ORDER

# Exhibit S

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHOSH YONAY, et al.,

       Plaintiff,

v.

PARAMOUNT PICTURES
CORPORATION, et al.,

       Defendant.

Case No. CV 22-3846 PA (GJSx)

CIVIL TRIAL SCHEDULING ORDER
[FED. R. CIV. P. 16(b)]

1.    Establishing a Discovery Cut-off
Date of February 23, 2024

2.    Setting Motion Cut-off date of
March 4, 2023

3.    Setting Final Pretrial Conference for
April 5, 2024, at 1:30 p.m.

4.    Setting Jury Trial Date of May 7,
2024, at 9:00 a.m.

## I.    SCHEDULING

### A.    Discovery Cut-Off

This is the last date to complete discovery, including expert discovery, and the resolution of any discovery motions before the magistrate judge. If expert witnesses are to be called at trial, the parties shall designate experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not later than eight weeks prior to the discovery cutoff date. Rebuttal expert witnesses shall be designated and reports provided as required

by Fed. R. Civ. P. 26(a)(2)(B), not later than five weeks prior to the discovery cutoff date. Failure to timely comply with this deadline may result in the expert being excluded at trial as a witness. The Court requires compliance with Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions. Discovery motions may not be heard on an ex parte basis.

**B.    Joinder of Parties and Amendment of Pleadings**

The deadline for joining parties and amending pleadings is listed in the "Schedule of Trial and Pretrial Dates" issued by the Court. Any motions to join other parties or for leave to amend the pleadings shall be filed and served at least twenty-eight (28) days prior to the hearing deadline as required by Local Rule 6-1 so that they can be heard and decided prior to the deadline. This deadline does not apply if the deadline for joining parties or amending pleadings has already been calendared or occurred by virtue of an order issued by this Court or another court.

In addition to the requirements of Local Rule 15-1, all motions to amend the pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) state the page, line number(s), and wording of any proposed change or addition of material.

For the Court's ease of reference, the moving party shall submit to chambers a redlined version of the amended pleading.

**C.    Motion Filing Cut-Off**

The Court hears motions on Mondays at 1:30 p.m. The motion filing cut-off date is the last day motions may be heard (not filed). The Court will not decide late motions. Issues left undetermined by the passage of the motion cut-off date should be listed as issues for trial in the Final Pretrial Conference Order. As an exception to the above, motions in limine dealing with evidentiary matters may be heard at or before trial; however, summary judgment motions disguised as motions in limine will not be heard. Parties need not wait until the discovery cut-off to bring motions for summary judgment or partial summary judgment. However, in the usual case, the Court expects that more than the minimum notice will be provided to counsel opposing motions for summary judgment. In the usual case, the parties should confer and agree on the date for setting such motions.

### D. Ex Parte Applications

Ex Parte Applications are entertained solely for extraordinary relief. See Mission Power Eng. Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995). Strict adherence to proper ex parte procedures, including Local Rule 7-19, is required for any ex parte application filed with the Court.

### E. Stipulations to Extend Time

Stipulations to extend the time to file any required document or to continue any pretrial or trial date must set forth:

      1.    the existing due date or hearing date;

      2.    the current pretrial conference date and trial date;

      3.    the specific reasons supporting good cause for granting the extension or continuance. For example, a statement that a continuance "will promote settlement" or that the parties decided to suspend discovery while engaging is settlement discussions is insufficient.

      4.    whether there have been any prior requests for extensions or continuances, and whether these were granted or denied by the Court.

### F. Settlement

Local Rule 16-15.2 provides that unless otherwise ordered by the Court, the Settlement Conference shall be conducted not later than 45 days before the Pretrial Conference. The Court believes that in most cases completion of all discovery and dispositive motions will help the parties assess their positions before they embark on the costly pre-trial process. However, in many cases, the parties find it more difficult to settle after they have incurred the cost of all discovery and motion practice. Accordingly, the Court strongly encourages counsel and the parties to pursue settlement earlier.

Notwithstanding the provisions of Local Rule 16-15.5, unless the parties have received prior approval by the Court, lead trial counsel and each party shall appear at the settlement proceeding in person or, in the case of a corporation or other non-governmental entity, by a corporate representative with final authority to settle the case and who is

knowledgeable about the facts of the case.  Representatives of insurers with decision-making authority are also required to attend the settlement proceedings in person unless their presence is expressly excused by the Court.  The Court's requirement that lead trial counsel, parties, corporate representatives, and insurer representatives must appear at the settlement proceedings in person unless they have been expressly excused by the Court applies to individuals located both within and outside the Central District of California.

The Court has a keen interest in helping the parties achieve settlement.  If the parties believe that it would be more likely that a settlement would be reached if they conduct settlement conference at an earlier time than that specified by the Court, they should conduct it at that time.

The Court will not conduct settlement conferences in non-jury cases which the Court will try.  In jury cases, the Court will conduct a settlement conference at the parties' request if three conditions exist:

    1.    The parties are satisfied that the fact issues in the case will be tried to a jury;

    2.    All significant pre-trial rulings which Court must make have been made; and

    3.    The parties desire the Court to conduct the conference, understanding that if settlement fails, the Court will preside over the trial of the case.

## II. LAW AND MOTION

### A. Summary Judgment Motions

#### 1. Timing

In virtually every case, the Court expects that the moving party will provide more than the minimum twenty-eight (28) day notice for such motions.  The moving party shall submit a copy of the Statement of Uncontroverted Facts and Conclusions of Law to the Court's ECF e-mail address, in WordPerfect format (X9 or earlier versions) or Microsoft Word (Word 365 or earlier versions).

## 2. Memorandum of Points and Authorities

The movant's memorandum of points and authorities should be in the usual form required under Local Rule 7 and should contain a narrative statement of facts as to those aspects of the case that are before the Court. All facts should be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion and not to the underlying evidence.

Unless the case involves some unusual twist on Rule 56, the motion need only contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and with its interpretation under Celotex and its progeny. If at all possible, the argument should be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in issue, with the purpose of showing the existence or non-existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by Local Rule 7, and where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the separate statement if they are not in dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the fact is contravened by an additional fact in the statement of genuine issues, the citation should be to such fact by paragraph number.

## 3. Separate Statement of Undisputed Facts

The Separate Statement of Undisputed Facts is to be prepared in a two column format. The left hand column should set forth the allegedly undisputed fact. The right hand column should set forth the evidence that supports the factual statement. The fact statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The document must be in two columns; the left hand column must restate the allegedly undisputed fact, and the right hand

1  column must indicate either undisputed, or disputed.  The opposing party may dispute all or

2  only a portion of the statement, but if disputing only a portion, must clearly indicate what

3  part is being disputed.  Where the opposing party is disputing the fact in whole or part, the

4  opposing party must, in the right hand column, label and restate the moving party's evidence

5  in support of the fact, followed by the opposing party's evidence controverting the fact.

6  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the

7  party must cite to the evidence alleged to be objectionable and state the ground of the

8  objection and nothing more.  **No argument should be set forth in this document**.

9       The opposing party may submit additional material facts that bear on or relate to the

10  issues raised by the movant, which shall follow the format described above for the moving

11  party's separate statement.  These additional facts shall follow the movant's facts, shall

12  continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set

13  forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set

14  forth in the right hand column the evidence that supports that statement.

15       The moving party, in its reply, shall respond to the additional facts in the same manner

16  and format that the opposition party is required to adhere to in responding to the statement of

17  undisputed facts, as described above.

18       4.   Supporting Evidence

19       No party should submit any evidence other than the specific items of evidence or

20  testimony necessary to support or controvert a proposed statement of undisputed fact.  Thus,

21  for example, the entire transcript of a deposition, entire sets of interrogatory responses, and

22  documents that do not specifically support or controvert material in the separate statements,

23  should not be submitted in support or opposition to a motion for summary judgment. Any

24  such material will not be considered.

25       Evidence submitted in support or opposition to a motion should be submitted either by

26  way of stipulation or as exhibits to declarations sufficient to authenticate the proffered

27  evidence, and should not be attached to the Memorandum of Points and Authorities.  The

28  Court will accept counsel's authentication of deposition transcript, of written discovery

responses, and of the **receipt** of documents in discovery **if the fact that the document was in the opponent's possession is of independent significance**. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.

If evidence in support of or in opposition to a motion exceeds twenty pages, the evidence must be in a separate bound volume and include a Table of Contents.

> 5.    Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in the separate statement but not argued in that document. Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party. This memorandum should be organized **to track the paragraph numbers of the separate statement in sequence**. It should identify the specific item of evidence to which objection is made, the ground of the objection, and a very brief argument with citation to authority as to why the objection is well taken. The following is an example of the format contemplated by the Court:

> Separate Statement Paragraph 1: Objection to the supporting
>
> deposition transcript of Jane Smith at 60:1-10 on the grounds that
>
> the statement constitutes inadmissible hearsay and no exception is
>
> applicable. To the extent it is offered to prove her state of mind, it
>
> is irrelevant since her state of mind is not in issue.
>
> Fed. R. Evid. 801, 802.

**Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact:  these will be disregarded and overruled**.

**B.**   **Motions in Limine**

Motions in limine are not to be used as disguised motions for summary judgment. Their purpose is limited to alerting the Court to significant evidentiary issues that can be addressed and resolved prior to trial.

1.   Timing

Unless otherwise ordered by the Court, motions in limine will be heard on the date indicated in the "Schedule of Trial and Pretrial Dates" issued by the Court. Unless the Court in its discretion otherwise allows, no motions in limine shall be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.

2.   Limitation on Number of Motions in Limine

Unless otherwise ordered by the Court upon a showing of good cause, the Court will consider no more than four (4) motions in limine by any party. If a party seeks to file more than four (4) motions in limine, it must obtain the Court's prior permission to file additional motions in limine.

3.   Pre-Filing Meeting of Counsel

Before filing any motion in limine, counsel for the parties shall confer pursuant to Local Rule 7-3 in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible. The pre-filing meeting of counsel shall occur no later than twenty-eight (28) days prior to the date for filing of motions in limine indicated in the "Schedule of Trial and Pretrial Dates" issued by the Court. It shall be the responsibility of counsel for the moving party to arrange for this conference. The conference shall take place in person within seven days of service upon opposing counsel of a letter requesting such conference. Unless counsel agree otherwise, the conference shall take place at the office of the moving party. If both counsel are not located in the same county in the Central District, the conference may take place by telephone. The moving party's letter shall identify the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial, shall state briefly with respect to each such matter the

moving party's position (and provide any legal authority which the moving party believes is dispositive), and specify the terms of the order to be sought.

### 4. Joint Motion

If counsel are unable to resolve their differences, they shall prepare a Joint Motion in Limine. The Joint Motion in Limine shall consist of one document signed by all counsel. The Joint Motion in Limine shall contain a clear identification of the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the motion is not granted. The identification of the matters in dispute shall be followed by each party's contentions and each party's memorandum of points and authorities. The title page of the Joint Motion in Limine must state the hearing date for the motions in limine and the trial date.

The moving party shall serve its portion of the Joint Motion in Limine on the responding party fourteen (14) days prior to the date for filing of motions in limine indicated in the "Schedule of Trial and Pretrial Dates." The responding party shall then serve the opposition portion of the Joint Motion in Limine on the moving party both on paper and in an electronic format seven (7) days prior to the date for the filing of motions in limine. The moving party shall incorporate the responding party's portion into the Joint Motion in Limine, add its arguments in reply, and file and serve the Joint Motion in Limine. Neither party's portions of a Joint Motion in Limine shall exceed eight (8) pages.

Joint Motions in Limine shall be accompanied by a declaration from the moving party that includes the following: (1) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial; (2) a representation to the Court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (3) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

-9-

1　　Unless ordered by the Court, no supplemental or separate memorandum of points and

2　authorities shall be filed by either party in connection with any motion in limine.

3　　The Court will not consider any motion in limine in the absence of a joint motion or a

4　declaration from counsel for the moving party establishing that opposing counsel: (1) failed

5　to confer in a timely manner; (2) failed to provide the opposing party's portion of the joint

6　motion in a timely manner; or (3) refused to sign and return the joint motion after the

7　opposing party's portion was added. The failure of any counsel to comply with or cooperate

8　in the foregoing procedures will result in the imposition of sanctions, including a resolution

9　of the issue against the party refusing to cooperate.

10　**III.　PRETRIAL CONFERENCE AND TRIAL SETTING**

11　　This case has been placed on calendar for a Final Pretrial Conference ("PTC")

12　pursuant to F. R. Civ. P. 16 and Local Rule 16-1, unless the PTC was expressly waived at

13　the Scheduling Conference by the Court. Unless excused for good cause, each party

14　appearing in this action shall be represented at the PTC and all pretrial meetings of counsel,

15　by lead trial counsel. The failure to attend the PTC or to submit the required pretrial

16　documents may result in the dismissal of the action, striking the answer and entering a

17　default, and/or the imposition of sanctions.

18　　A continuance of the Final Pretrial Conference at counsel's request or stipulation is

19　highly unlikely. Counsel should plan to do the necessary pretrial work on a schedule which

20　will insure its completion with time to spare before the Final Pretrial Conference.

21　Specifically, failure to complete discovery work, including expert discovery, is not a ground

22　for a continuance.

23　　At the PTC, counsel should be prepared to discuss means of streamlining the trial,

24　including, but not limited to: bifurcation, presentation of non-critical testimony by

25　deposition excerpts, stipulations as to the content of testimony, presentation of testimony on

26　direct examination by declaration subject to cross-examination, and qualification of experts

27　by admitted resumes. In rare cases where the PTC is waived by the Court, counsel must

28　follow Local Rule 16-10.

**The failure to attend the pretrial conference or to submit in conformity with this order, the jury instructions, pre-trial exhibit stipulation, joint statement of the case, voir dire questions, summary of witness testimony and times estimates, proposed Pretrial Conference Order or the memorandum of contentions of fact and law may result in the dismissal of the action, striking the answer and entering default and/or the imposition of sanctions**.

  **A.**  **Pretrial and Trial Documents**

   Compliance with the requirements of Local Rules 16-1 to 16-13 is required by the Court. Carefully prepared Memoranda of Contentions of Fact (which may also serve as the trial brief) and a proposed Final Pretrial Conference Order ("PTCO") shall be submitted in accordance with the provisions of Local Rule 16-7 and the form of the PTCO shall be in conformity with the format set forth in Appendix A to the Local Rules, modified as necessary to comply with this order.

   The Memoranda of Contentions of Fact and Law, PTCO, Exhibit Lists, and Witness Lists shall be served and filed no later than fourteen (14) days before the Pre-Trial Conference.

     1.  Proposed Final Pre-Trial Conference Order

   The PTCO must contain a Table of Contents. Place in all capital letters and in bold the separately numbered headings for each category in the PTCO. Under paragraph 1, list each claim, counterclaim, or defense that has been dismissed or abandoned. In multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, please specify to which party each claim or counterclaim directed. The factual issues in dispute should track the elements of a claim or defense upon which the jury would be required to make findings. Counsel should state issues in ultimate fact form, not as evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's negligence the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the corner of 5th and Spring at 10:00 a.m. on May 3"). Issues of law should state legal issues

1  upon which the Court will be required to rule after the Pre-Trial Conference, including

2  during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

3      In drafting the PTCO, the Court expects that counsel will attempt to agree on and set

4  forth as many non-contested facts as possible.  The Court will normally read the uncontested

5  facts to the jury at the start of the trial.  Carefully drafted and comprehensively stated

6  stipulation of facts will reduce the length of trial and increase jury understanding of the case.

7      If expert witnesses are to be called at trial, each party must list and identify its

8  respective expert witnesses, both retained and non-retained in the PTCO.  **Failure of a party**

9  **to list and identify an expert witness in the PTCO shall preclude a party from calling**

10 **that expert witness at trial**.

11                  2.      Summary of Witness Testimony and Time Estimates

12     Counsel shall prepare a list of their witnesses, including a brief summary (two to three

13 paragraphs) of each witness' expected testimony and an estimate of the length of time

14 needed for direct examination; and whether the witness will testify by deposition or in

15 person.  Counsel shall exchange these lists with opposing counsel.  **Counsel shall jointly**

16 **file a single list of witness testimony summaries, including estimates for direct**

17 **examination of their own witnesses and estimates for cross-examination of opposing**

18 **witnesses**.  These statements shall be filed at the time counsel file the PTCO, i.e., fourteen

19 (14) days before the Pre-Trial Conference.  A copy of the Joint Trial Witness Form is

20 attached to this Order.

21                  3.      Jury Instructions and Verdict Forms

22     Fourteen (14) days prior to counsel's Rule 16 pre-trial meeting, counsel shall

23 exchange proposed jury instructions (general and special) and special verdict forms (if

24 applicable).  Seven (7) days prior to the Rule 16-2 meeting, counsel shall exchange any

25 objections to the instructions and special verdict forms.  Prior to, or at the time of the Rule

26 16 meeting, counsel shall meet and confer with the goal of reaching agreement on one set of

27 joint jury instructions and one special verdict form.

28

The parties should make every attempt to agree upon the jury instructions before submitting them to the Court. The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern instructions provide a statement of applicable law. When the Manual of Model Civil Jury Instructions for the Ninth Circuit provides a version of an applicable requested instruction, the parties should submit the most recent version of the Model instruction. Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text. Where California law applies, counsel should use the current edition of the Judicial Council of California Civil Jury Instructions ("CACI"). If neither of the above sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig & Lee (formerly Devitt, et al.), Federal Jury Practice and Instructions (latest edition). Each requested jury instruction shall cover only one subject or principle of law and shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction (except for the "clean" jury copy discussed below).

When the parties disagree on an instruction, the party opposing the instruction must attach a short statement (one to two paragraphs) supporting the objection, and the party submitting the instruction must attach a short statement supporting the instruction. Each statement should be on a separate page and should follow directly after the disputed instruction.

The parties ultimately must submit one document or, if the parties disagree over any proposed jury instructions, two documents. If the parties submit two documents, those documents shall consist of: (1) a set of Joint Proposed Jury Instructions and (2) a set of Disputed Jury Instructions, along with reasons supporting and opposing each disputed instruction in the format set forth in the previous paragraph.

The parties must file proposed jury instructions fourteen (14) days before the Pre-Trial Conference. Counsel shall also submit a copy of the proposed jury instructions to the Court's ECF e-mail address in WordPerfect format (X9 or earlier versions) or Microsoft

1  Word (Word 365 or earlier versions) in accordance with this paragraph and the previous

2  paragraph.

3        The Court will send a copy of the instructions into the jury room for the jury's use

4  during deliberations.  Accordingly, in addition to the file copies described above, the e-mail

5  containing the jury instructions shall contain a "clean set" of Joint Proposed and/or Disputed

6  Jury Instructions, containing only the text of each instruction set forth in full on each page,

7  with the caption "Court's Instruction No. __" (eliminating titles, supporting authority,

8  indication of party proposing, etc.).

9        An index page shall accompany all jury instructions submitted to the Court.  The

10  index page shall indicate the following:

11        (a)    The number of the instruction;

12        (b)    A brief title of the instruction;

13        (c)    The source of the instruction and any relevant case citations; and

14        (d)    The page number of the instruction.

15        EXAMPLE:

16        <u>Number</u>    <u>Title</u>          <u>Source</u>         <u>Page</u>

17        1          Trademark-Defined    9th Cir. 15.3.2    7

18                    (15 U.S.C. § 1127)

19        Along with the jury instructions, counsel shall submit any necessary special verdict

20  form fourteen (14) days before the Pre-Trial Conference and e-mail any such proposed

21  special verdict form in WordPerfect format (X9 or earlier versions) or Microsoft Word

22  (Word 365 or earlier versions) to the Court's ECF e-mail address.

23        4.    <u>Voir Dire Questions</u>

24        Counsel may, but need not, submit brief proposed <u>voir dire</u> questions for the jury at

25  the Pre-Trial Conference.  The Court will conduct its own <u>voir dire</u> after consulting any

26  proposed <u>voir dire</u> submitted by counsel.

27

28

### 5. Joint Statement of the Case

Counsel shall file a joint statement of the case prior to the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of <u>voir dire</u>. The statement should not exceed one page.

### 6. Joint Statement Regarding Settlement

Counsel shall file a single Joint Status Report Regarding Settlement at the time they file the Proposed Pre-Trial Conference Order. The Joint Statement Regarding Settlement shall include the date on which the settlement conference occurred, identify the mediator, counsel, and party representatives who appeared at the settlement conference, and indicate if the parties intend to engage in further settlement discussions.

### 7. Exhibits and Witnesses

The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the Courtroom Deputy Clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit. Each binder shall contain a Table of Contents. Counsel must comply with Local Rule 26-3 when numbering the exhibits. The Clerk's Office, located on the fourth floor of the United States Courthouse, 350 West 1st Street, Los Angeles, California can supply counsel with appropriate exhibit tags.

The Court requires the following to be submitted to the Courtroom Deputy Clerk on the first day of trial:

    (a) The original exhibits with the Court's exhibit tags. Plaintiff shall use yellow tags; defendant shall use blue tags. Each tag shall be stapled to the front of the exhibit on the upper right corner and include the case number, case name, and exhibit number.

(b)    One bench book with a copy of each exhibit for the Court's use, tabbed as described above; a copy of the witness lists).

(c)    Three (3) copies of exhibit lists. The exhibit list shall also be submitted to the Court's ECF e-mail address in both a PDF version and a WordPerfect (X9 or earlier versions) or Microsoft Word (Word 365 or earlier versions) version.

(d)    Three (3) copies of witness lists in the order in which the witnesses will be called to testify.

All counsel are to meet no later than fourteen (14) days before trial to discuss and agree to the extent possible on issues including foundation and admissibility.

### 8. Final Trial Exhibit Stipulation

The parties shall prepare a final Trial Exhibit Stipulation which shall contain each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response. All exhibits to which there is no objection shall be deemed admitted. All parties shall stipulate to the authenticity of exhibits whenever possible, and the final Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate. The final Trial Exhibit Stipulation shall be filed five days before trial. Failure to comply with this paragraph shall constitute a waiver of all objections. The final Trial Exhibit Stipulation shall be in the same form as the Pre-Trial Exhibit Stipulation.

### 9. Jury Evidence Recording System

The Court is equipped with the Jury Evidence Recording System ("JERS") that allows evidence admitted during trial to be viewed electronically in the jury deliberation room upon the conclusion of the trial. JERS provides easy access to evidence during the deliberations through the use of a large screen monitor in the jury room. JERS also provides an efficient method for tracking the receipt and introduction of evidence in document-intensive bench trials. The Court will determine how and if JERS will be used during each specific trial.

1    Additional information concerning JERS is available on the Court's website

2    (www.cacd.uscourts.gov) in the Judge's Procedures and Schedules.

3          10.    <u>Designation of Deposition Testimony</u>.  If a party desires to offer

4    deposition testimony into evidence at trial for any purpose other than impeachment, it shall

5    designate, no later than twenty-one (21) days prior to the date for filing of the PTCO, only

6    those relevant portions of the testimony it wishes to offer at trial and advise opposing

7    counsel whether the testimony shall be read, played on videotape or on a computer, or

8    submitted.  Those designations are to be shared electronically with opposing counsel.

9          If a party intends to object to the designated deposition testimony or offer counter-

10   designations, the opposing party shall electronically exchange those objections and counter-

11   designations of deposition testimony no later than fourteen (14) days prior to the filing date

12   for the filing of the PTCO.  Counter-designations are to be made only for completeness.

13   Counter-designations are not a substitute for deposition testimony a party wishes to play in

14   its case-in-chief.  The party that originally designated the deposition testimony may object to

15   the counter-designations.

16         Once the parties exchange objections, counter-designations and objections to counter-

17   designations, the parties shall combine the original designations and objections with the

18   counter-designations and objections (and brief response to the objection from the party

19   offering the counter-designation) into a single document formatted into a table as described

20   below with the counter-designations inserted either immediately preceding or following the

21   associated original designation.  The table should clearly identify the offering party and

22   whether the offered testimony is a designation or counter-designation.  The combined

23   document with the table of designations, counter-designations, and their associated

24   objections and responses shall be filed with the Court no later than the date for the filing of

25   the PTCO.

26         **<u>Do not submit blanket or boilerplate objections - these will be disregarded and</u>**

27   **<u>overruled</u>**.

28

-17-

The following is an example of the format required by the Court:

| Deposition Designation | Objection & Response |
|---|---|
| Plaintiff's Designation of Tom Jones (42:14-15, 22; 43:7-8, 17-22):<br><br>Page 42<br>14  Q.  How many managers overall at Ruiz & 15       Flint?<br><br>22  A.  I do not know.<br><br>Page 43<br>7   Q.  (Continuing by Mr. Scotten) How many 8      partners does Ruiz & Flint have?<br><br>17  A.  For a certainty, I do not know.<br>18  Q.  (Continuing by Mr. Scotten) Do you<br>         know Mr. Eugene Ruiz?<br>19  A.  Yes, sir.<br>20  Q.  What's his position at Ruiz & Flint?<br>21  A.  I would speculate that he's a partner and<br>22       owner. | Defendants' Objections:<br><br>Page 42:14-15, 22:  Irrelevant, Fed. R. Evid. 801, 802.; Page 43:21-23:  No foundation, Fed. R. Evid. 401.<br><br>Plaintiff's Response:<br><br>Mr. Jones was the corporate representative for Ruiz & Flint. |

### 11.   Pre-Trial Exhibit Stipulation

The parties shall prepare a Pre-Trial Exhibit Stipulation which shall contain each party's numbered list of trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response.  All exhibits to which there is no objection shall be deemed admitted.  All parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.

1    The Stipulation shall be substantially in the following form:

2    <center>Pre-Trial Exhibit Stipulation</center>

3    Plaintiff's Exhibits

4    Number          Description          Objection          Response to Objection

5

6    Defendant's Exhibits

7    Number          Description          Objection          Response to Objection

8

9    The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel files the

10   PTCO.  Failure to comply with this paragraph shall constitute a waiver of all objections.

11          12.   Post Trial Exhibit List

12   At or before the conclusion of the evidence, counsel for each party shall submit a

13   "clean" list of only those exhibits offered by such party that have been admitted into

14   evidence.  Such lists shall be in a form suitable for submission to the jury and shall set forth

15   the following information with respect to each exhibit to the extent applicable:

16          (a)   Exhibit Number

17          (b)   Date

18          (c)   A brief description of the exhibit that will enable jurors to identify it but

19                which does not characterize the exhibits or its contents (e.g., letter from

20                A to B; photograph of 100 Main Street).

21   **B.   Court Trials**

22   In addition to the requirements listed above that apply to non-jury trials, the Court

23   orders that counsel comply with the following in their preparation for a Court Trial.

24          1.    Findings of Fact and Conclusions of Law

25   For a non-jury trial, counsel for each party shall file and serve proposed Findings of

26   Fact and Conclusions of Law seven (7) days prior to the date for filing of the Motions in

27   Limine and the Response to Findings of Fact and Conclusions of Law indicated in the

28   "Schedule of Trial and Pretrial Dates."  The parties shall also e-mail these proposed

<center>-19-</center>

Findings of Fact and Conclusions of Law in WordPerfect format (X9 or earlier versions) or Microsoft Word (Word 365 or earlier versions) to both the Court's ECF e-mail address and opposing counsel. Counsel for each party shall then:

      (a)    Underline or highlight in red the portions which it disputes;

      (b)    Underline or highlight in blue the portions which it admits; and

      (c)    Underline or highlight in yellow the portions which it does not dispute, but deems irrelevant.

Counsel may agree with a part of a finding or conclusion, disagree with a part of it and/or consider a part of it irrelevant.

The parties should then file and serve their respective Responses to the other party's proposed Findings of Fact and Conclusions of Law on the date for filing of the Motions in Limine and the Responses to Findings of Fact and Conclusions of Law indicated in the "Schedule of Trial and Pretrial Dates."

The parties shall be prepared to submit to the court, and to exchange among themselves, supplemental Findings of Fact and Conclusions of Law during the course of the trial, with respect to which the same underlining procedure may be ordered.

        2.    <u>Witness Declarations</u>

Counsel in non-jury trials shall submit the direct testimony of their witnesses in writing in a declaration executed under penalty of perjury. This requirement does not apply to the testimony of witnesses affiliated with the opposing party who refuse to provide a trial declaration. Trial testimony declarations shall be in admissible form with appropriate foundation established for the declarant's statements. These declarations shall also include an adequate foundation and evidentiary basis for each trial exhibit a party seeks to admit through the testimony of the witness. Paragraphs in each declaration shall be numbered consecutively to facilitate the identification of paragraphs for evidentiary objections.

Counsel are to exchange and file these declarations with the Court at least twenty-one (21) days before trial, unless otherwise ordered by the Court. Fourteen (14) days before

trial, Counsel may file a separate document stating any evidentiary objections to those declarations.

Lead counsel must then meet and confer regarding any possible objections to Direct Testimony Trial Declarations. At the conference, counsel shall attempt to resolve the objections. After the conference, for any objection counsel have been unable to resolve, the parties shall, no later than seven (7) days prior trial, file a single joint statement that contains the objections and responses for all witnesses. **Do not submit blanket or boilerplate objections - these will be disregarded and overruled**. The Joint Statement shall be in the following format:

| Trial Declaration Testimony | Objection & Responses |
|---|---|
| Plaintiff's Trial Declaration of Tom Jones<br><br>¶ 14: [Text of disputed paragraph of the trial testimony declaration] | Defendant's Objection<br><br>[Cite the grounds and authority for the objection, e.g., Relevance under Fed. R. Evid. 401; Foundation under Fed. R. Evid. 901]<br>Plaintiff's Response to Objection<br>[e.g., this testimony is relevant to Plaintiff's first claim for relief because . . . .]<br>Defendant's Response<br>[e.g., this testimony is not relevant to Plaintiff's first claim for relief because . . . ] |

At trial, the Court will rule on the evidentiary objections and, depending upon the ruling, the declarations will be received in evidence, either in whole or in part, or rejected. Counsel will then conduct the cross-examination and re-direct examination at trial. This order does not apply to rebuttal witnesses.

Failure to comply with the literal terms of this Order will result in sanctions or the Court may refuse to allow that witness to testify.

# IV.    TRIAL CONDUCT

## A.    Trial Schedule

Counsel shall arrive in the Courtroom at 8:30 a.m. on the first day of trial for the purpose of handling logistical and administrative matters pertaining to the trial, including the submission of exhibits as discussed below.  On the first day of trial, and until a jury is empaneled in a Jury Trial, the Court will typically be in session from 9:00 a.m. until 5:00 p.m.  Once a jury is empaneled, trials are conducted Tuesday through Friday from 8:00 a.m. to 1:30 p.m., with two fifteen (15) minute breaks.

Before trial commences, the Court will give Counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues.  On the first day of trial, this will include a final discussion of voir dire questions and the content of the joint statement.  During the trial, the court will not hold bench or chambers conferences, it is the intention of the court that trial testimony will be presented without interruption for five or six hours each day, and all legal issues of importance must be raised in advance of trial by written noticed motions.  If there are any matters Counsel wish to discuss, inform the Courtroom Deputy and the matter can be heard at the next recess or the next day.

## B.    Time Limits

The Court will, in every case, impose time limits on the amount of time each side will have for opening statement, witness examination, and closing argument.

## C.    Courtroom Technology

If Counsel need to arrange for the installation of their own additional equipment, such as video monitors, overhead projectors, etc., notify the Courtroom Deputy no later than 4:30 p.m. the Thursday **BEFORE** trial so that the necessary arrangements can be made.

## D.    Witnesses

The parties are to exchange final witness lists in the order in which the witnesses will be called to testify together with a final joint trial witness time estimate form five (5) days prior to trial.

Plaintiff must advise defendant, no later than noon on the Friday before the commencement of trial, the names of the witnesses in the order in which they will be called to testify on the first Tuesday and Wednesday of trial. Failure to adhere to this provision of the Court's order may result in the Court precluding the witness from testifying at trial.

Counsel shall, either in advance of trial, or at least before the witness testifies, notify the clerk – preferably in writing – what exhibits the witness will be asked to testify about. The clerk then places those exhibits, each clearly labeled, before the witness at the beginning of that witness' testimony.

### E.    Voir Dire and Jury Selection

The Court will conduct voir dire after conferring with Counsel regarding potential areas of questioning. A portion of the voir dire may be based on written questions given to the jurors when they arrive at Court.

In most cases, the Court will conduct its initial voir dire of 14 prospective jurors who will be seated in the jury box. Normally the Court selects a jury of eight.

Except in an unusual case, each side will have three peremptory challenges. Therefore, if 14 jurors are in the box and all six peremptories are exercised, the remaining eight jurors will constitute the jury panel. If fewer than six peremptories are exercised, the eight low-numbered jurors (by seat number in the jury box) will constitute the jury panel.

### F.    Instructions Governing Procedure During Trial

1.    Counsel are expected to cooperate with each other during trial to insure the efficient and expeditious use of court and juror time.

2.    Counsel shall not refer to their clients or any witness over 14 years of age by their first names during trial.

3.    Do not discuss the law or argue the case in opening statements.

4.    Do not use objections for purposes of making a speech, recapitulating testimony, or attempting to guide the witness. When objecting, state only that you are objecting and the specific legal ground of the objection, e.g., hearsay, irrelevant, etc. The court will not hear arguments in front of the jury on evidentiary issues. Most unusual or

complex evidentiary issues can be foreseen and disposed of in advance; those that cannot ordinarily will be disposed of at the next recess, with the witness retained until the issue is resolved.

        5.     Counsel should not paraphrase the witness' answer into a new question which asks the same thing. For example:

        (a)     Do I understand you to mean that . . .

        (b)     Is it your testimony then that . . .

        (c)     Is it fair to say that . . .

        (d)     Can we assume then that . . .

        (e)     So that I am clear . . .

There is no need to hear the testimony of the witness two or three times. In addition having been asked and answered, often these questions are argumentative.

        6.     Counsel are to have their witnesses review all exhibits about which they will be questioned.

        7.     In multi-party cases, Counsel are expected to coordinate their cross-examination. The Court will not permit each party's counsel to repeat previous cross-examination questions.

        8.     Do not approach the Courtroom Deputy or the witness box without the Court's permission. Please return to the lectern when your purpose has been accomplished. Do not enter the well of the Court without the Court's permission.

        9.     Please rise when addressing the Court, and when the jury enters or leaves the courtroom.

        10.     Address all remarks to the Court. Do not directly address the Courtroom Deputy, the reporter, or opposing counsel. If you wish to speak with opposing counsel, ask permission to talk to counsel off the record. All requests to re-read questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

11.     Although the Court encourages the parties to stipulate to facts that are not reasonably in dispute, do not offer a stipulation unless you have previously conferred with opposing counsel and reached an agreement.

12.     All depositions to be used in the trial, either as evidence or for impeachment, must be signed and lodged with the Courtroom Deputy on the first day of trial or such earlier date as the Court may order.  If deposition transcripts available in an electronic format, they should be lodged with the hard copy.

13.     Whenever Counsel expects to offer a group of answers to interrogatories or requests for admissions, extracted from one or more lengthy documents, Counsel shall prepare a new document listing each question and  answer and identifying the document from which it was extracted.  Copies of this new document should be given to the Court and opposing counsel.

14.     While court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

15.     When a party has more than one lawyer, only one may conduct the examination of a given witness and only that lawyer may handle objections during the testimony of that witness.

16.     If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when court resumes.

17.     Do not run out of witnesses. If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

18.     Counsel are advised to be on time as the Court starts promptly.

IT IS SO ORDERED.

Dated:  June 12, 2023

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

Revised:3/11/2021