1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHOSH YONAY and YUVAL YONAY,<br><br>                    Plaintiffs,<br><br>     v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation, and DOES 1-10,<br><br>                    Defendants. | Case No. 2:22-CV-03846-PA-GJS<br><br>**[~~PROPOSED~~] ORDER**<br><br>**SEE LANGUAGE ADDED BY THE COURT**<br><br>District Judge: Hon. Percy Anderson<br>Magistrate Judge: Hon. Gail J. Standish |

## [PROPOSED] ORDER

On July 24, 2023, Defendant Paramount Pictures Corporation ("PPC") filed a Motion to Compel ("Motion") pursuant to Federal Rule of Civil Procedure 37. ECF No. 40. The Parties met and conferred on August 1, 2023, and reached a compromise agreement regarding the Motion, as reflected in the Parties' August 2, Joint Stipulation, ECF No. 43, with this Order resolving PPC's Motion. Good cause appearing therefor, the Court hereby **ORDERS** as follows:

**PPC's Requests for Production**.

1. In response to PPC's Request for Production Nos. 1-35 and 43-49, Plaintiffs shall produce all non-privileged responsive documents identified through a reasonably diligent search.

2. In response to PPC's Request for Production Nos. 36 and 42, Plaintiffs shall produce any resumes, curriculum vitae, biographies, or other documents summarizing or characterizing Ehud Yonay's profession, work, or publications identified through a reasonably diligent search.

3. In response to PPC's Request for Production No. 37, Plaintiffs shall produce any published works authored by Ehud Yonay (except that Plaintiffs need not produce *Top Guns* and *No Margin for Error*, as PPC already has a copy of these two works authored by Ehud Yonay) identified through a reasonably diligent search.

4. In response to PPC's Request for Production No. 41, Plaintiffs shall produce documents constituting any speeches and lectures by, interviews of, or promotional materials about Ehud Yonay that relate to his work, professional life, or works that he authored identified through a reasonably diligent search.

5. In response to PPC's Request for Production Nos. 38-40, the Parties shall continue to meet and confer. If the Parties are unable to reach agreement, the Parties shall file a joint status report with the Court on

or before August 11, 2023 that summarizes the Parties' respective positions in no more than one page per party.  The Court shall rule on these requests thereafter, unless the Court requests argument.

6. Plaintiffs shall complete their production of documents, including service of any privilege log, on or before August 21, 2023.

**Interrogatories**.

7. Plaintiffs shall amend their responses to PPC's Interrogatory Nos. 1-4 to provide substantive answers in compliance with Rule 33 based on information known by them and/or their counsel on or before August 21, 2023.

**Requests for Admission**.

8. Plaintiffs shall amend their responses to PPC's Requests for Admission to admit or deny each request in compliance with Rule 36 based on information known or readily obtainable by them and/or their counsel on or before August 21, 2023.

For the avoidance of doubt, in light of the above, Plaintiffs need not oppose PPC's Motion.

**The Motion is hereby DENIED as MOOT.  Given the parties' agreement to dispose of the motion, the Court's denial of the Motion shall not be considered a determination on the merits of any issue raised therein.**

*IT IS SO ORDERED.*

Dated:  ___August 7,_2023_____      _____

Hon. Gail J. Standish
United States Magistrate Judge