# EXHIBIT E

## ASSIGNMENT OF RIGHTS

AGREEMENT DATED May 18, 1983 between EHUD YONAY ("Author") and PARAMOUNT PICTURES CORPORATION ("Purchaser").

I. ASSIGNMENT OF RIGHTS: Author hereby conveys, grants and assigns to Purchaser the sole and exclusive motion picture and other rights, all as set forth in the Standard Terms and Assignment attached, in and to the following material:

> the published story written by EHUD YONAY entitled "TOP GUNS", which appeared in the May 1983 issue of California Magazine (which material, as defined in said Standard Terms is hereinafter called "Work").

II. CONSIDERATION: Purchaser agrees to pay and Author agrees to accept as full consideration for the rights herein granted and for Author's warranties and agreements herein contained:

   A. For the option period(s) hereinafter provided, the following sums:

   1. $2,000 upon signature hereof and receipt by Purchaser of a signed Publisher's Release in a form satisfactory to Purchaser and a copyright report confirming Author's representations and warranties made herein with respect to the Work. Upon such payment the rights granted hereunder shall be for a period ("initial option period") which shall commence on the date first above written and shall expire November 17, 1984.

   2. If Purchaser in it's sole discretion elects to extend the initial option period, $1,500 together with written notice of such election on or before the expiration of the initial option period. Upon such payment and notice the rights granted hereunder shall be for a further period ("second option period") expiring November 17, 1985.

   If Purchaser elects not to extend or exercise its said option, then the rights granted hereunder in and to the Work shall expire automatically at the end of the final day of the applicable option period.

   B. If Purchaser, in its sole discretion, elects to exercise its exclusive option, the sum of $17,500— $20,000.— payable:

8300306
JBS:ss/0097E

YONAY00599

Assignment of Rights
"TOP GUNS"/Ehud Yonay
May 18, 1983

1. $10,000 (less all sums paid pursuant to subparagraph A. above) upon said election to exercise the option, together with written notice of such election.

2. $10,000 upon either commencement of principal photography of the first motion picture produced by Purchaser based upon the Work, or upon the expiration of 18 months following Purchaser's notice of its election to exercise the option, whichever shall first occur.

Upon such payment and notice, the rights granted hereunder shall subsist forever in accordance with the terms of this agreement.

III. SPECIAL PROVISIONS: The provisions of Schedule I attached shall be applicable with respect to certain uses which Author and/or Purchaser may make of the Work.

IV. The terms and conditions of this agreement are those set forth hereinabove and in the Standard Terms, Schedule(s) and Exhibit(s) attached hereto, which by reference are incorporated into and made a part hereof.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this agreement as of the day and year first above written.

(Author)   _____
           EHUD YONAY

(Purchaser)   PARAMOUNT PICTURES CORPORATION

              By _____

              Its _____

## SCHEDULE I

As provided in Paragraph III. of the agreement to which this Schedule I is attached, relating to certain uses of the Work entitled "TOP GUNS", the following shall be applicable:

Author shall have the right to enter into a publication agreement for the sale of hardcover and/or softcover publication rights to a non-fiction version of the Work, and for licenses to reprint the Work in periodicals or anthologies of similar Work by Author and/or others, provided that no publication of the hardcover or softcover non-fiction version of the Work by Author under such publication agreement shall use the title "Top Guns" or shall refer to or in any other manner trade upon any motion picture based upon the Work which may be produced by Purchaser, or any novelization of the Work which Purchaser may cause to be published. If Author disposes of such hardcover and/or softcover publication rights, or reprint or anthology rights in and to the Work, Author shall be entitled to retain all sums payable by such publisher/s for such hardcover and/or softcover publication, reprint or anthology rights.

## STANDARD TERMS

for acquisition of all rights in literary material.

Attached to Agreement dated May 18, 1983 between EHUD YONAY ("Author") and PARAMOUNT PICTURES CORPORATION ("Purchaser").

FIRST: The author hereby warrants:

(a) That the Author is the sole author of a certain published story entitled "TOP GUNS" (hereinafter called "said Work") which work is wholly original with the Author and has not been copied in whole or in part from any other work, and that neither said work nor any version or adaptation thereof has ever been published anywhere throughout the world, except as hereinafter mentioned. Said work was published in the May 1983 issue of California Magazine, which holds a limited copyright with respect to said prior publication.

(b) That the Author is the sole owner of all rights hereinafter conveyed, granted and assigned to the Purchaser and that there is not now valid or outstanding any right, title or interest in or to or in connection with said work adverse to or inconsistent with the rights hereinafter conveyed, granted and assigned to the Purchaser, or by which any of said rights or the enjoyment thereof by the Purchaser, might be invalidated, impeded or impaired.

(c) That no claim has been made against the Author, and that the Author knows of no claim, that said work infringes the copyright or violates the right of first publication or any other rights in any other work and/or of any person, firm or corporation whatsoever.

FIRST A: "Guild Agreement": To the extent, if any, that this agreement is subject to the Writers Guild of America Minimum Basic Agreement, it is agreed that if there is any inconsistency between this agreement and the Guild Agreement, the latter shall prevail but only to the extent necessary to avoid the inconsistency. Purchaser shall be entitled to the full benefit of all rights of offset permitted under the Guild Agreement.

YONAY00602

\* Subject to the rights expressly retained by Author pursuant to the Agreement dated May 18, 1983 to which these Standard Terms and Conditions are attached,

\*\* the rights to which have not been expressly reserved by Author

AR 5-1-64

SECOND: \*the Author hereby conveys, grants and assigns to the Purchaser said work and the manuscripts thereof, together with any and all copyrights therein and all rights now known or hereafter accruing therein and thereto, forever and throughout the world; together with the sole and exclusive right to use said work, in whole or in part, in whatever manner the Purchaser may desire, including, but not limited to, the sole and exclusive rights: to make and cause to be made literary and dramatic and other versions and adaptations of every kind and character of said work or any part or parts thereof and/or any or all of the characters created therein; to produce, perform and represent said work and/or any versions or adaptations thereof, or any part or parts thereof, in any manner or form the Purchaser may desire; to adapt, arrange, change, interpolate in, transpose, add to and subtract from said work to such extent as the Purchaser, in its sole discretion, may desire in connection with any use which the Purchaser may make of said work; to translate said work and/or any versions or adaptations thereof or any part or parts thereof into any and all languages; to use the titles of said work, or any simulations thereof or any other titles which the Purchaser may select, in connection with any uses of said work or any versions or adaptations thereof or any part or parts thereof; to use any or all of the characters created therein and said titles or any simulations thereof in connection with any other works, whether or not the same are based upon or adapted from said work or any part or parts thereof; to combine said work and any part or parts thereof with any other works for any purpose which the Purchaser may desire; to record, reproduce and transmit sound, including spoken words, dialogue, music and/or songs, whether extracted from said work or otherwise, and to change such spoken words, dialogue, music and/or songs, if extracted from said work, and/or to interpolate other spoken words, dialogue, music and/or songs, in or in connection with or as part of the production, reproduction, transmission, exhibition and/or representation of any versions or adaptations which the Purchaser may make of said work, and to make, use, license and vend any and all records or other devices required or desired for any of the aforesaid purposes; to publish said work and/or any versions or adaptations thereof, or any part or parts thereof, and to vend copies thereof; to broadcast by radio broadcasting said work and/or any versions or adaptations and/or any part or parts thereof; to transmit said work and/or any versions or adaptations thereof or any part or parts thereof by television or any other process now known or hereafter to be devised; to copyright, vend and license said work and any such versions or adaptations or any part or parts thereof throughout the world.

THIRD: The Author agrees that the conveyance, grant and assignment herein made to the Purchaser in connection with said work shall also include such a conveyance, grant and assignment with respect to all versions and adaptations of said work,\* and the Author further agrees to provide the Purchaser with documents evidencing such conveyance, grant and assignment as to each such version and adaptation, whenever request therefor is made by the Purchaser. If any changes in, revisions of, additions to or deletions from said work, including its title, have heretofore been made or may hereafter be made for the purposes of publication, translation, dramatization or otherwise, or if any other versions have heretofore been made or may hereafter be made (in any form whatsoever), whether such changes, revisions, additions, deletions and other versions have originated with the Author or others under a license from the Author, the Purchaser shall have the same rights in and to such changes, revisions, additions, deletions and other versions as have been conveyed, granted and assigned hereunder to the Purchaser in and to said work; it being understood and agreed that all such changes, revisions, additions, deletions and other versions upon the creation thereof shall be and constitute a part of said work.

FOURTH: The Author agrees that the Author will, prior to the expiration of any copyright or copyrights in said work or any versions or adaptations thereof (as the same may be extended), renew or extend or procure the renewal or extension of any such copyright or copyrights, and will convey, grant and assign to the Purchaser such renewal or extension of copyright and the rights herein conveyed, granted and assigned for such renewal or extended term. The Author hereby irrevocably appoints the Purchaser as the attorney-in-fact of the Author to execute, deliver and record, on behalf of the Author and in the name of the Author or otherwise, any and all documents necessary or proper to secure the renewal or extension of any such copyright or copyrights and all

2

\* Notwithstanding the foregoing, Author shall not be required to warrant or indemnify with respect to any material other than that furnished to Purchaser by Author hereunder.

AR 9-30-64

rights therein and thereto for the term of such renewal or extension, and to execute, deliver and record, on behalf of the Author and in the name of the Author or otherwise, any and all assignments and other documents necessary or proper to convey, grant and assign to the Purchaser such renewal or extension of copyright and the rights herein conveyed, granted and assigned, for the term of such renewal or extension. The Author agrees that, in the event that the present Copyright Law of the United States of America, or of any other country where said work and such versions or adaptations thereof are or may hereafter be protected by copyright, shall be amended or changed or a new Copyright Law enacted, so that the term of copyright is extended or enlarged, the Purchaser shall forthwith and automatically become entitled to such renewal or extension of copyright and all the rights herein conveyed, granted and assigned to the Purchaser.

FIFTH:   The Author agrees to execute and deliver to the Purchaser and to provide the Purchaser with any and all further documents necessary or proper to evidence or secure to the Purchaser the copyright and the rights herein conveyed, granted and assigned to the Purchaser and to perfect the record thereof.

SIXTH:   The Author further agrees to indemnify and save harmless the Purchaser, its successors and assigns and its and their licensees, against all damages, losses, settlements, judgments, expenses and costs, including reasonable counsel fees, suffered, made, incurred or assumed by the Purchaser or its successors or assigns or its or their licensees, in its or their discretion and without obtaining any consent in connection therewith, growing out of or by reason of any breach of any warranty, undertaking, representation, agreement or certification made or entered into herein or hereunder by the Author.\*

SEVENTH:   (a) The Author hereby grants to the Purchaser the right to use, and to license, cause or permit others to use, the name of the Author in connection with any use, version or adaptation which the Purchaser may make of said work or any version or adaptation thereof and in connection with the advertising or publicity thereof, whether or not the same shall be substantially based upon said work or any such version or adaptation thereof. The Author agrees that, except as provided in Subdivision (b) of this Paragraph SEVENTH, the Purchaser shall not be required to announce the name of the Author in or in connection with any such use, version or adaptation, or in connection with any advertising or publicity issued by the Purchaser in connection with any such use, version or adaptation, whether or not the Purchaser shall elect to announce in or in connection with any such use, version or adaptation or such advertising or publicity thereof the name or names of the author or authors of the screenplay or other version or adaptation thereof.

(b) The Purchaser agrees, however, to announce on the film of any motion picture photoplay that may be produced by it hereunder and substantially based upon or adapted from said work or any version or adaptation thereof, substantially incorporating the plot, theme, characterizations, motive and treatment of said work or any version or adaptation thereof, that said motion picture photoplay is based upon or adapted from or suggested by a work written by the Author, or words to that effect, and, if the Purchaser shall so elect, upon such other material as may be incorporated in any such motion picture photoplay, with or without the names of the authors of such other material.

(c)   OMITTED.

(d) No casual or inadvertent failure to comply with any of the provisions of this paragraph SEVENTH shall be deemed a breach of this agreement by the Purchaser.

3

EIGHTH: Nothing contained in this agreement shall be construed to be or operate in derogation of or prejudicial to any rights, licenses, privileges or property which the Purchaser may enjoy or to which the Purchaser may be entitled as a member of the public even if this agreement were not in existence, and the Purchaser may exercise such rights, licenses, privileges and property which the Purchaser may enjoy or to which the Purchaser may be entitled as a member of the public as though this agreement were not in existence. The rights granted in this agreement by the Author to the Purchaser and the representations, warranties, undertakings and agreements made in this agreement by the Author shall endure in perpetuity and shall be in addition to any rights, licenses, privileges and property of the Purchaser referred to in the first sentence of this Paragraph EIGHTH.

NINTH: In full consideration for the rights herein conveyed, granted and assigned and agreed to be conveyed, granted and assigned and the representations, warranties, undertakings and agreements made in this agreement by the Author, the Purchaser hereby agrees to pay such amounts as may become payable pursuant to the agreement to which these Standard Terms are attached.

TENTH: With respect to each payment to be made by the Purchaser pursuant to this agreement, it is expressly understood and agreed that should the Purchaser for any reason whatever fail to make such payment as hereinabove provided, the Purchaser shall not be deemed in default hereunder unless and until, following such failure, the Author shall have given the Purchaser written notice demanding such payment and the Purchaser shall have failed to make such payment within one (1) week after the Purchaser's receipt of said notice. In any event, the Purchaser's liability for any such default and the Author's rights and remedies therefore shall be limited to the payment of money only, not exceeding the amount of any payment provided for in this agreement, and in no event shall any of the rights acquired or to be acquired by the Purchaser hereunder be affected or impaired.

ELEVENTH: Any notice or matter required or desired to be given or submitted hereunder shall be in writing and shall be addressed to the Purchaser, one copy at 1 Gulf & Western Plaza, New York,

AR 5-1-64

New York 10023, and one copy at 5555 Melrose Ave., Los Angeles, California 90038,* and shall be addressed to the Author c/o Keynan/Goff Associates, 2049 Century Park East, Suite 4370, Los Angeles, California 90067, Attn: Ms. Rosanne Keynan., or to such other addresses as the parties hereto may hereafter designate in writing, and shall be sufficiently given or submitted by personal delivery thereof to the other party at the aforesaid addresses, or by telegraphing or by mailing the same in a postpaid wrapper addressed to the other party as aforesaid, and the date of such delivery, telegraphing or mailing shall be the date of the giving of such notice. In the event that the last day on which the parties hereto are empowered to give notice pursuant to any provisions of this agreement, or to perform any other act which the parties are required or may desire to perform under or in connection with this agreement, should fall on a Saturday, Sunday or holiday, then, in that event, the parties shall have until the end of the first full business day following said Saturday, Sunday or holiday within which to give such notice or to perform such act. It is further agreed that, if any date established by any notice for the commencement of any period or the performance of any other act shall fall on a Saturday, Sunday or holiday, then such commencement date for such period or such date for the performance of any such act shall be extended until the close of the first full business day following said Saturday, Sunday or holiday.

TWELFTH: The term "Author", as used herein, shall include all the authors of said work named herein, and all the terms, covenants, conditions and other provisions hereof shall be binding upon all such authors, jointly and severally.

THIRTEENTH: This agreement shall bind and enure to the benefit of the parties hereto, their respective heirs, executors, administrators, sucessors, assigns and licensees, and the rights herein conveyed, granted and assigned, and agreed to be conveyed, granted and assigned, may be freely assigned in whole or in part by the Purchaser, its successors and assigns.

\* Attn: Legal Department

\* \* \* \* \* \* \* \* \* \* \*

5

YONAY00606

KNOW ALL MEN BY THESE PRESENTS, That, for a valuable consideration, receipt whereof is hereby acknowledged:

FIRST:    The undersigned,   EHUD YONAY

hereinafter referred to as the AUTHOR, hereby conveys, grants and assigns to

PARAMOUNT PICTURES CORPORATION

hereinafter referred to as the PURCHASER:

(a) The story entitled "TOP GUNS".                                                                      written by the Author,

(hereinafter called "said work"), ~~which work or any versions or adaptations thereof, has never been published anywhere throughout the world, and the manuscripts thereof~~, together with any and all copyrights therein and all rights now known or hereafter accruing therein and thereto, forever and throughout the world; together with the sole and exclusive right to use said work, in whole or in part, in whatever manner the Purchaser may desire, including, but not limited to, the sole and exclusive rights: to make and cause to be made literary and dramatic and other versions and adaptations of every kind and character of said work or any part or parts thereof and/or any or all of the characters created therein; to produce, perform and represent said work and/or any versions or adaptations thereof, or any part or parts thereof, in any manner or form the Purchaser may desire; to adapt, arrange, change, interpolate in, transpose, add to and subtract from said work to such extent as the Purchaser, in its sole discretion, may desire in connection with any use which the Purchaser may make of said work; to translate said work and/or any versions or adaptations thereof or any part or parts thereof into any and all languages; to use the titles of said work, or any simulations thereof or any other titles which the Purchaser may select, in connection with any uses of said work or any versions or adaptations thereof or any part or parts thereof; to use any or all of the characters created therein and said titles or any simulations thereof in connection with any other works, whether or not the same are based upon or adapted from said work or any part or parts thereof; to combine said work and any part or parts thereof with any other works for any purpose which the Purchaser may desire; to record, reproduce and transmit sound, including spoken words, dialogue, music and/or songs, whether extracted from said work or otherwise, and to change such spoken words, dialogue, music and/or songs, if extracted from said work, and/or to interpolate other spoken words, dialogue, music and/or songs in or in connection with or as part of the production, reproduction, transmission, exhibition and/or representation of any versions or adaptations which the Purchaser may make of said work, and to make, use, license and vend any and all records or other devices required or desired for any of the aforesaid purposes; to publish said work and/or any versions or adaptations thereof, or any part or parts thereof, and to vend copies thereof; to broadcast by radio broadcasting said work and/or any versions or adaptations and/or any part or parts thereof; to transmit said work and/or any versions or adaptations thereof or any part or parts thereof by television or any other process now known or hereafter to be devised; to copyright, vend and license said work and any such versions or adaptations or any part or parts thereof throughout the world.

(b)    The right, in the name of the Author, when necessary, but for the benefit of the Purchaser, to institute and prosecute any and all actions or proceedings at law or in equity for the violation, impairing or impeding of any of the rights, licenses, privileges and property herein and in the agreement referred to in Paragraph FOURTH hereof between the parties hereto, conveyed, granted and assigned or for the infringement of the copyright in said work through the medium of motion pictures or through any other medium tending to impede, impair or diminish the use and enjoyment by the Purchaser, or any of its successors, assigns or licensees, of such rights, licenses, privileges and property herein and in said agreement conveyed, granted and assigned, and to recover damages and other sums allowed by law or statute therefor, upon condition that the Purchaser indemnify and hold harmless the Author against any court costs by reason of such action or proceeding.

1

SECOND: The Author hereby agrees:

(a) That the conveyance, grant and assignment herein made to the Purchaser in connection with said work shall also include such a conveyance, grant and assignment with respect to all versions and adaptations of said work, and the Author further agrees to provide the Purchaser with documents evidencing such conveyance, grant and assignment as to each such version and adaptation, whenever request therefor is made by the Purchaser. If any changes in, revisions of, additions to or deletions from said work, including its title, have heretofore been made or may hereafter be made for the purposes of publication, translation, dramatization or otherwise, or if any other versions have heretofore been made or may hereafter be made (in any form whatsoever), whether such changes, revisions, additions, deletions and other versions have originated with the Author or others under a license from the Author, the Purchaser shall have the same rights in and to such changes, revisions, additions, deletions and other versions as have been conveyed, granted and assigned hereunder to the Purchaser in and to said work; it being understood and agreed that all such changes, revisions, additions, deletions and other versions upon the creation thereof shall be and constitute a part of said work.

(b) That the Author will, prior to the expiration of any copyright or copyrights in said work or any versions or adaptations thereof (as the same may be extended), renew or extend or procure the renewal or extension of any such copyright or copyrights, and will convey, grant and assign to the Purchaser the rights herein conveyed, granted and assigned for such renewal or extended term. The Author hereby irrevocably appoints the Purchaser as the attorney-in-fact of the Author to execute, deliver and record, on behalf of the Author and in the name of the Author or otherwise, any and all documents necessary or proper to secure the renewal or extension of any such copyright or copyrights and all rights therein and thereto for the term of such renewal or extension, and to execute, deliver and record, on behalf of the Author and in the name of the Author or otherwise, any and all assignments and other documents necessary or proper to convey, grant and assign to the Purchaser the rights herein conveyed, granted and assigned, for the term of such renewal or extension. The Author agrees that, in the event that the present Copyright Law of the United States of America, or of any other country where said work and such versions or adaptations thereof are or may hereafter be protected by copyright, shall be amended or changed or a new Copyright Law enacted, so that the term of copyright is extended or enlarged, the Purchaser shall forthwith and automatically become entitled to all the rights herein conveyed, granted and assigned to the Purchaser for such extended or enlarged term.

THIRD: The term "Author", as used herein, shall include all the authors of said work named herein, and all the terms, covenants, conditions and other provisions hereof shall be binding upon all such authors, jointly and severally.

FOURTH: This assignment is made and delivered pursuant to the terms, covenants, conditions and other provisions contained in the agreement dated May 18, 1983, between Purchaser and Author.

and the rights conveyed, granted and assigned, and agreed to be conveyed, granted and assigned, hereunder and under said agreement shall be binding upon and enure to the benefit of the parties hereto, their respective heirs, executors, administrators, successors, assigns and licensees, and the rights herein conveyed, granted and assigned, and agreed to be conveyed, granted and assigned, may be freely assigned in whole or in part by the Purchaser, its successors, assigns and licensees.

_____
EHUD YONAY ("Author")

YONAY00608

STATE OF CALIFORNIA } ss.
COUNTY OF LOS ANGELES

On this _15th_ day of _July_, 19_83_, before me, _Betty Adkins_, a Notary Public in and for said County and State, personally appeared _Ehud Yonay_, known to me to be the person whose name _is_ subscribed to the within instrument, and acknowledged to me that he executed the same.

WITNESS my hand and official seal.

_Betty Adkins_
Notary Public in and for said County and State

OFFICIAL SEAL
BETTY ADKINS
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My comm. expires FEB 15, 1986

My Commission Expires _2-15-86_

YONAY00609