Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Spencer Gibbs (S.B. #336708)
*sgibbs@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. # 66473)
*alex@kozinski.com*
719 Yarmouth Rd, Suite 101
Palos Verdes Estates, CA 90274
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 2:22-CV-3846-PA-GJS<br><br>**PLAINTIFF SHOSH YONAY'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF INTERROGATORIES TO SHOSH YONAY** |

PROPOUNDING PARTY:     PARAMOUNT PICTURES CORPORATION

RESPONDING PARTY:     SHOSH YONAY

SET NO.:     TWO

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Shosh Yonay ("Plaintiff") hereby submits these Objections and Responses ("Responses") to the Second Set of Interrogatories ("Interrogatories" and, individually, "Interrogatory"), to Plaintiff Shosh Yonay, served by Paramount Pictures Corporation ("Paramount"), as follows:

## PRELIMINARY STATEMENT

These responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. These responses shall not be used in connection with any other proceeding.

No incidental or implied admissions are intended by these responses. The fact that Plaintiff responds or objects to any of the Interrogatories should not be construed as an admission that Plaintiff accepts or admits the existence of any facts assumed by such Interrogatory, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Plaintiff responds to part or all of any of the Interrogatories is not intended to be and shall not be construed as a waiver of any part of any objection to any Interrogatory.

Plaintiff is still in the process of investigating the facts of this case and searching for responsive information and Documents, which is a particularly burdensome and expensive undertaking given that many of the relevant events took place decades ago. Nor has Plaintiff completed discovery or concluded

preparation for summary judgment or, if necessary, trial. As a result, Plaintiff's objections and responses herein are preliminary and based on information and Documents that are presently available and specifically known to Plaintiff after having made a diligent search and reasonable and good faith inquiry, and are made without prejudice to Plaintiff's right to: (1) amend, alter, supplement, clarify or otherwise modify these objections and responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any Documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet been ascertained; and (3) offer expert witness opinions on any relevant matter, which opinions may be at variance with these objections and responses or the information and Documents referenced in response to Paramount's Interrogatories

Furthermore, Plaintiff's responses are made without in any way intending to waive, but on the contrary, intending to preserve:

1.     The right to raise—as part of any subsequent proceeding in, or the trial of, this or any other action—all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any information or Documents produced or identified in support of any of the responses to any portion of Paramount's Interrogatories;

2.     The right to object on any ground—as part of any subsequent proceeding in, or the trial of, this or any other action—to the use of any information or Documents produced or identified in support of any of the responses to any portion of Paramount's Interrogatories;

3.     The right to object to introduction into evidence of any of these responses; and

4.     The right to object on any ground at any time to other discovery involving the subject thereof.

## **GENERAL OBJECTIONS**

Plaintiff objects to each particular Interrogatory on the following grounds, which are hereby incorporated within each response set forth below:

1.      Plaintiff objects to each and every Interrogatory, definition, and instruction that purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure or the Local Rules. Plaintiff interprets each and every Interrogatory, definition, and instruction to be consistent with the Federal Rules of Civil Procedure and Local Rules.

2.      Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it contains argumentative, inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. Any response to any Interrogatory shall not constitute Plaintiff's agreement with or acquiescence to any such description.

3.      Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is neither relevant to any claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff will only disclose information consistent with Plaintiff's responses below.

4.      Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested information with reasonable particularity. To the extent that an Interrogatory requires subjective judgment on the part of Plaintiff as to what information is requested, Plaintiff will disclose responsive, non-privileged information according to Plaintiff's understanding of the Interrogatory.

5.      Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery. Plaintiff will only disclose information consistent with Plaintiff's responses below.

6.      Plaintiff objects to each and every Interrogatory to the extent it seeks information that is a matter of public record, already in the possession of Paramount, or otherwise equally available to the public and Paramount. Plaintiff objects to Paramount's Instructions on this same basis. That said, without committing to undertake a search specifically for information in the public record, Plaintiff will not withhold any responsive information of which Plaintiff is aware because it may also be available in the public record. Plaintiff will not undertake a search of the public record for Paramount.

7.      Plaintiff objects to each and every Interrogatory to the extent that it seeks disclosure of information that is unreasonably cumulative or duplicative of other discovery served in this action, or is obtainable from sources that are more convenient, less burdensome, or less expensive.

8.      Plaintiff objects to each and every Interrogatory to the extent that it seeks to require Plaintiff to use more than reasonable diligence to locate and identify responsive information. Consistent with Plaintiff's obligations, Plaintiff will conduct a reasonably diligent inquiry for responsive information and Documents.

9.      Plaintiff objects to the Interrogatories, including, but not limited to, the "Definitions" and "Instructions," including without limitation Instruction No. 1, to the extent they purport to impose any obligations upon Plaintiff that exceed those imposed by the Federal and Local Rules. Plaintiff's responses are based on Plaintiff's personal knowledge, the knowledge of Plaintiff's agents, and *reliable* information found in documents in Plaintiff's possession, custody, or control.

10.     Plaintiff objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is not within Plaintiff's possession, custody, or control.

11.     Plaintiff objects to each and every Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work product

doctrine, the common interest or joint defense privileges, rules and agreements governing privacy or confidentiality, or any other applicable privilege or protection recognized under statute or applicable case law. Inadvertent disclosure by Plaintiff of any information protected by any applicable privilege or protection shall not constitute a waiver, in whole or in part, of the privilege or protection.

12.     Plaintiff objects to each and every Interrogatory to the extent it seeks Plaintiff's sensitive, confidential, or proprietary business information. To the extent such information is responsive, relevant, and not privileged, Plaintiff will disclose such confidential information pursuant to the Protective Order, and any subsequent revisions to that Protective Order upon which the Parties may agree.

13.     Plaintiff objects to each Interrogatory, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information in advance of their respective deadlines under the Scheduling Order governing this case and/or the Federal Rules of Civil Procedure. Plaintiff will not disclose any expert materials or information before such deadlines.

14.     Plaintiff objects to each and every Interrogatory to the extent it seeks information the disclosure of which would be prohibited by applicable law, rule, regulation, or contractual obligation. In particular, Plaintiff objects to each and every Interrogatory to the extent it seeks information subject to confidentiality obligations (such as settlement agreements with third-parties) or protective orders, such as the Documents produced by parties other than Plaintiff in prior litigations. Plaintiff cannot, and will not, identify any such information unless and until Plaintiff is relieved of the confidentiality obligations with respect to such information, and nothing contained in any response to any Interrogatory should be considered an agreement to identify such information.

15.     Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Plaintiff as to the validity of any claim or defense asserted by Paramount.

16.     All objections as to the relevance, authenticity, or admissibility of these responses and any information referenced therein are expressly reserved by Plaintiff.

17.     To the extent that Plaintiff responds to any of the Interrogatories, Plaintiff reserves the right to object on any grounds, at any time, to other discovery requests involving or relating to the subject matter of the Interrogatories that Plaintiff has responded to herein.

18.     Plaintiff reserves all objections to the use of these responses. All such objections may be interposed by Plaintiff at the time of trial or as otherwise required by the rules or order of the Court.

19.     Plaintiff's responses herein shall not in any way constitute an adoption of Paramount's purported "Definitions" of words or phrases or "Instructions" contained in the Interrogatories. Plaintiff objects to the Definitions, Instructions, and Interrogatories to the extent they: (i) are vague, ambiguous, compound, overbroad, unduly burdensome, and not reasonably tailored to avoid imposing undue burden and expense on Plaintiff; (ii) seek information for an undefined period of time or, if defined, cover and span an unreasonably long or burdensome time period, and therefore are burdensome and oppressive; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iv) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure or Local Rules; (v) include assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (vi) incorporate other purported defined terms that suffer from such defects. In responding to the Interrogatories, Plaintiff has, where possible, employed what Plaintiff regards as the reasonable, common-sense interpretation of the Interrogatory in light of the relevant issues in the case.

20.     Plaintiff objects to each Interrogatory to the extent that it assumes the existence, relevance, materiality, truth, admissibility, or authenticity of any

particular information, or assumes the validity of any claim or defense. In responding to these Interrogatories, Plaintiff does not make any admissions or waive any rights or objections, all of which are expressly preserved.

21.     Plaintiff objects to each Interrogatory to the extent that it requires Plaintiff to draw a legal conclusion.

22.     Plaintiff reserves the right to revise, amend, or supplement Plaintiff's objections, responses, and/or production, and to use in discovery and at trial any information that is omitted as a result of mistake, inadvertence, or oversight. Plaintiff notes that discovery is ongoing and that Plaintiff's responses are based on the information that is presently available and specifically known to Plaintiff.

23.     Plaintiff objects to Instruction No. 5 to the extent that it purports to require Plaintiff to log information, as though the Interrogatories are requests for production. Plaintiff does not agree to provide privileged information or a privilege log with respect to these Interrogatories.

24.     The fact that Plaintiff may reassert particular objections in responding to individual Interrogatories should not be construed as limiting the generality of the foregoing objections. The General Objections set forth herein are asserted with respect to each and every Interrogatory.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 5:**

Explain the basis for YOUR denial of Paramount Pictures' Request for Admission No. 3 and state all facts and identify all documents, witnesses, and other evidence YOU contend support YOUR denial.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates Plaintiff's Preliminary Statement and General Objections as though fully set forth herein. Further, Plaintiff incorporates by reference Plaintiff's Amended Responses and Objections to Paramount's Requests for Admission, which speak for themselves. Plaintiff objects to this

8

Interrogatory on the grounds that the terms "ARTICLE" and "FICTIONAL" as used in the referenced Request for Admission, and defined in the Definition section of Paramount's Requests for Admission, are vague and ambiguous. It is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by the underlying Request. Plaintiff further objects on the basis that the referenced Request calls for a legal conclusion and objects to the extent it is argumentative and assumes and/or mischaracterizes purported facts. Plaintiff objects to the Interrogatory because it is overly broad, compound and unduly burdensome, and purports to impose on Plaintiff obligations beyond those set forth in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26, 33, *et seq*. Plaintiff further objects on the grounds that the Interrogatory seeks information not in Plaintiff's possession. Plaintiff objects that the Interrogatory seeks information not likely to lead to admissible, relevant evidence. Plaintiff further objects because this Interrogatory contains no meaningful limitations (e.g., limiting it to Plaintiff's knowledge) and thus would require Plaintiff to somehow identify each any every person with knowledge. That is not reasonable, feasible, and is certainly not proportional to the needs of the case. Plaintiff further objects to the Interrogatory to the extent that it seeks information that is exempt from discovery and protected from disclosure pursuant to the attorney-client, attorney work product, or other applicable privilege. This Interrogatory calls for speculation because, in part, it is based on a request for admission that is vague, ambiguous, and uncertain. "As a general rule, a party is not required to answer interrogatories calling for speculation." 10A Fed. Proc. L. Ed. § 26:581; *see also Gregg v. Local 305 IBEW*, 2010 WL 556526, at *4 (N.D. Ind. Feb 9, 2010).

Without limiting the foregoing general and specific objections, Plaintiff responds as follows:

After a reasonable inquiry pursuant to Rule 36 of the Fed. R. Civ. P., Plaintiff lacked sufficient knowledge and verifiable information to admit or deny Paramount Pictures' Request for Admission No. 3, and on that basis, it was denied.

Plaintiff reserves the right to conduct further inquiry with respect to this interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 6:**

Explain the basis for YOUR denial of Paramount Pictures' Request for Admission No. 5 and state all facts and identify all documents, witnesses, and other evidence YOU contend support YOUR denial.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates Plaintiff's Preliminary Statement and General Objections as though fully set forth herein. Further, Plaintiff incorporates by reference Plaintiff's Amended Responses and Objections to Paramount's Requests for Admission, which speak for themselves. Plaintiff objects to the Interrogatory as the Request to which it refers contains no time limitation, and is therefore overbroad, vague and ambiguous and unduly burdensome. Plaintiff further objects to this Interrogatory on the grounds that the term "FACTUAL" as used in the referenced Request for Admission, and defined in the Definition section of Paramount's Requests for Admission, is vague, ambiguous, and argumentative. It is not clear whether literary elements and expression (e.g., metaphors, imagery, personification, hyperbole) are encompassed by the underlying Request. Plaintiff further objects on the basis that the referenced Request calls for a legal conclusion and objects to the extent it is argumentative and assumes and/or mischaracterizes purported facts. Plaintiff objects to the Interrogatory because it is overly broad, compound and unduly burdensome, and purports to impose on Plaintiff obligations beyond those set forth in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26, 33, *et seq*. Plaintiff further objects

on the grounds that the Interrogatory seeks information not in Plaintiff's possession. Plaintiff objects that the Interrogatory seeks information not likely to lead to admissible, relevant evidence. Plaintiff further objects because this Interrogatory contains no meaningful limitations (e.g., limiting it to Plaintiff's knowledge) and thus would require Plaintiff to somehow identify each any every person with knowledge. That is not reasonable, feasible, and is certainly not proportional to the needs of the case. Plaintiff further objects to the Interrogatory to the extent that it seeks information that is exempt from discovery and protected from disclosure pursuant to the attorney-client, attorney work product, or other applicable privilege. This Interrogatory calls for speculation because, in part, it is based on a request for admission that is vague, ambiguous, and uncertain. "As a general rule, a party is not required to answer interrogatories calling for speculation." 10A Fed. Proc. L. Ed. § 26:581; *see also Gregg v. Local 305 IBEW*, 2010 WL 556526, at *4 (N.D. Ind. Feb 9, 2010).

Without limiting the foregoing general and specific objections, Plaintiff responds as follows:

After a reasonable inquiry pursuant to Rule 36 of the Fed. R. Civ. P., Plaintiff lacked sufficient knowledge and verifiable information to admit or deny Paramount Pictures' Request for Admission No. 5, and on that basis, it was denied.

Plaintiff reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

///

///

Date: September 28, 2023

By: _____/s/ Marc Toberoff_____
                    Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
*mtoberoff@toberoffandassociates.com*
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333

*Attorneys for Plaintiffs*

**VERIFICATION OF SECOND SET INTERROGATORY RESPONSES**

I, Shosh Yonay, Plaintiff in this matter, hereby verify that the foregoing answers are true and correct to the best of my present knowledge and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 28, 2023 in Los Angeles, California

_____
Shosh Yonay

1

## PROOF OF SERVICE

2     I, Spencer Gibbs, declare:

3     I am over the age of eighteen years and not a party to the within action. I

4  am a resident of or employed in the county where the service described below

5  occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA

6  90265. On September 28, 2023, I caused the following document:

7     **PLAINTIFF SHOSH YONAY'S RESPONSES AND OBJECTIONS**

8     **TO DEFENDANT'S SECOND SET OF INTERROGATORIES TO**

9     **SHOSH YONAY**

10 to be served as follows:

11 []    **BY ELECTRONIC MAIL** -  I caused the above-described document to

12 be served by electronic mail transmission on the interested parties noted below,

13 where an electronic mail address is indicated.

14 [x]    **BY MAIL** – I am readily familiar with this firm's practice for

15 collection and processing of correspondence for mailing with the United

16 States Postal Service. In the ordinary course of business, correspondence

17 collected from me would be processed on the same day, with postage

18 thereon fully prepaid and placed for deposit that day with the United States

19 Postal Service. On September 28, 2023, I put a true and correct copy of the

20 above-referenced document in a sealed envelope, with postage fully prepaid, and

21 placed the envelope for collection and mailing today with the United States

22 Postal Service in accordance with the firm's ordinary business practices,

23 addressed as follows:

24

25

26

27

28

13

Daniel M. Petrocelli
Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on September 28, 2023, at Malibu, California.

Date: September 28, 2023          By: _____*/s/ Spencer Gibbs*_____
                                          Spencer Gibbs