Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. # 318394)
jparkkinen@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. # 66473)
*alex@kozinski.com*
33 Marguerite Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> PARAMOUNT PICTURES CORPORATION, a Delaware corporation, <br><br> Defendant. | Case No. 2:22-CV-3846-PA-GJS <br><br> **[PROPOSED] JUDGMENT GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** <br><br> **Hearing Date:** January 8, 2024 <br> **Hearing Time:** 1:30 PM <br> **Place:** Courtroom 9A <br> **Judge:** Hon. Percy Anderson |

The motion of Plaintiffs Shosh Yonay and Yuval Yonay ("Plaintiffs") for summary judgment against defendant Paramount Pictures Corporation ("PPC"), came for hearing on January 8, 2024. Having considered the parties' submissions, oral argument, and taken the matter under submission, the Court finds that Plaintiffs are entitled to summary judgment.

Plaintiffs moved for summary judgment on their First Claim for Declaratory Relief, Second Claim for Copyright Infringement, and Third Claim for Breach of Contract on the grounds that there is no genuine issue as to any material fact regarding PPC's actions. Plaintiffs are the statutory heirs of author Ehud Yonay ("Yonay") who in 1983 authored and published a story entitled "Top Guns" in *California Magazine* ("Story"). In 1983, shortly after the Story's publication, PPC entered into an agreement with Yonay to purchase the copyright to his Story (the "1983 Agreement") for the express purpose of creating derivative motion pictures based on it. This resulted in the 1986 film, *Top Gun* ("1986 Film"), on which Yonay and his Story received credit. In January 2018, Plaintiffs, as Yonay's statutory heirs, exercised their rights under 17 U.S.C. § 203(a) to recover the U.S. copyright to the Story by serving notices of termination of the 1983 grant to PPC, effective January 24, 2020, and duly filing the notice with the U.S. Copyright Office.

Well after January 24, 2020, PPC prepared, completed, and released a derivative work—the motion picture *Top Gun: Maverick* (the "Sequel")— based in part on the Story, without Plaintiffs' authorization, thereby infringing Plaintiffs' recovered copyright in the Story. Further, PPC willfully failed to provide Yonay and his Story with credit on its derivative film as required by Paragraph 7(b) of the 1983 Agreement.

Accordingly, the Court hereby **ORDERS** that:

1. Plaintiffs' Motion for Summary Judgment as to their claim for Copyright Infringement is **GRANTED**. PPC willfully infringed Plaintiffs'

copyright in the Story by making and distributing an unauthorized derivative work without a license or permission to do so. The Sequel is substantially similar to the Story, as it appropriates protected elements, as expressed in the Story, including characters, plot, mood, pace, sequencing, setting, dialogue, and themes as well as Yonay's selection and arrangement (including unprotected elements) of the Story.

2. Plaintiffs' Motion for Summary Judgment as to their claim for breach of contract is **GRANTED**. The 1983 Agreement is a valid and enforceable contract as to which Plaintiffs are Yonay's successors-in-interest. PPC willfully failed to provide Yonay and his Story with credit on its derivative Sequel as required by Paragraph 7(b) of the 1983 Agreement. PPC's failure to credit Yonay and his Story was neither casual nor inadvertent, and, constitutes a material breach of the 1983 Agreement.

3. Plaintiffs' Motion for Summary Judgment as to their claim for Declaratory Relief is **GRANTED**. An actual and justiciable controversy has arisen and now exists between the parties. For the reasons set out *supra*, Plaintiffs are entitled to a declaration of their rights pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* that:

    a. Plaintiffs' notice of termination regarding Yonay's copyright grant of the Story in the 1983 Agreement was valid and effective;

    b. As of January 24, 2020, the notice's effective termination date, Plaintiffs owned, and continue to own, all rights in and to an enforceable copyright to the Story in the United States;

    c. PPC's Sequel is derivative of the Story;

    d. After January 24, 2020, PPC did not have any rights to produce or exploit the Sequel or any other derivative works based in whole or in part on the Story in the United States; and

  e. The Sequel does not qualify for the "prior derivative works exception" under 17 U.S.C. § 203(b)(1) because it was not completed until long after January 24, 2020.

 4. Judgment is hereby entered in favor of Plaintiffs, and against PPC on the First, Second, and Third Claims for relief in Plaintiffs' First Amended Complaint.

 5. Whether Plaintiffs are entitled to injunctive relief shall be the subject of separate motion practice and the amount of damages to which Plaintiffs are entitled shall be determined in the bifurcated second phase of this case.

**IT IS SO ORDERED.**

Dated: _____    _____
              Honorable Percy Anderson
              U.S. District Court Judge