Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. # 66473)
*alex@kozinski.com*
33 Marguerite Drive
Palos Verdes Estates, CA 90275
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:22-CV-3846-PA-GJS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE EVIDENCE NOT PRODUCED DURING DISCOVERY**<br><br>[*Filed with: Declaration of Marc Toberoff; Declaration of Spencer Gibbs; [Proposed] Order*]<br><br>**Hearing Date:** January 8, 2024<br>**Hearing Time:** 1:30 P.M.<br>**Place:** Courtroom 9A<br>**Judge:** Hon. Percy Anderson<br><br>Oral Argument Requested |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 8, 2024 at 1:30 PM, or as soon thereafter as the matter may be heard before the Honorable Percy Anderson in Courtroom 9A of the above-captioned Court located at 350 West First Street, Los Angeles, California 90012, Plaintiffs Shosh Yonay and Yuval Yonay ("Plaintiffs") will and hereby do move this Court for an order striking evidence not produced during discovery, a digital video file of a purported December 11, 2019 "Preview Cut" of *Top Gun: Maverick* ("Sequel"), which Defendant Paramount Pictures Corporation ("PPC") has offered in support of its Opposition to Plaintiffs' Motion for Summary Judgment ("Opposition") (Dkt. 70) as well as declaration testimony concerning the video, and those portions of PPC's Opposition and Separate Statement of Genuine Disputes and Additional Facts ("AF") (Dkt. 70-1) which cite to such evidence:

1. Paragraph 11 of the Declaration of Ralph Bertelle ("Bertelle Decl." or "Bertelle Declaration") ¶¶ 10, 11, Dkt. 70-9;

2. Exhibit B to the Bertelle Declaration, Dkt. 70-11;

3. AF (Dkt. 70-1) ¶¶ 444, 445, 448-450; and

4. Opposition (Dkt. 70) at 22:11-12 (citing AF ¶ 445); 22:20-26 (citing AF ¶¶ 449-50); and 22:28 (n.16) (citing AF ¶¶ 444-45).

This Motion is made on the grounds that: (1) introduction of the Exhibit is untimely under Rule 26 of the Federal Rules of Civil Procedure and is neither harmless nor substantially justified under Rule 37; and (2) the declarant, Ralph Bertelle fails to provide a proper foundation for or demonstrate personal knowledge regarding the video; and, as such, the video cannot be authenticated. Plaintiffs' Motion is based on this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, Declaration of Marc Toberoff ("Toberoff Decl."), and Declaration of Spencer Gibbs ("Gibbs Decl."); the pleadings and records on file in this case; and other such pleadings and oral

argument as may be presented to the Court at any hearing on this motion. Pursuant to Local Rule 7-3, this Motion is made following the exchange of emails and letters of counsel which took place on November 20 and 21, 2023. Declaration of Marc Toberoff ("Tob. Decl."), ¶ 2-4 and Exs. A and B attached thereto.

Date: December 3, 2023

TOBEROFF & ASSOCIATES, P.C.

By: _____ */s/ Marc Toberoff* _____
        Marc Toberoff

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**Pages**

I.    INTRODUCTION ........................................................................1

II.    LEGAL STANDARD ................................................................1

III.   BACKGROUND .......................................................................4

     A.    PPC's Answer Confirmed its Vain Attempt to Somehow Qualify
           for Exemption Under Section 203(b)(1)...........................................4

     B.    PPC Withheld Discoverable and Responsive Documents,
           Including Exhibit B......................................................................4

     C.    PPC Notifies Plaintiffs of Its Intent to Introduce
           The Undisclosed Exhibit Just Two Days Before
           the Opposition Filing Deadline.........................................................7

IV.   THE DECLARATION AND EXHIBIT ARE
       NOT EVEN ADMISSIBLE ........................................................8

V.    PPC'S BELATED "EVIDENCE" MUST BE
       EXCLUDED UNDER RULE 37 ...............................................10

VI.   CONCLUSION .......................................................................14

# TABLE OF AUTHORITIES

## Cases

**Pages**

*A.J.C. v. San Diego Fam. Hous., LLC,*
   No. CV 22-2501, 2021 WL 6427651 (C.D. Cal. Oct. 15, 2021) ......................2

*Beyene v. Coleman Sec. Servs., Inc.,*
   854 F.2d 1179 (9th Cir. 1988) ...........................................................................9

*Chisolm v. 7-Eleven, Inc.,*
   814 F. App'x 194 (9th Cir. 2020) ...................................................................14

*Est. of Bosco by & Through Kozar v. Cnty. of Sonoma,*
   640 F. Supp. 3d 915 (N.D. Cal. 2022) ..............................................................5

*Foley v. Arostegui,*
   No. CV 14-0094, 2023 WL 6379369 (D. Nev. Sept. 29, 2023) ......................12

*Gryglak v. HSBC Bank USA, N.A.,*
   No. 22-15630, 2023 WL 3243998 (9th Cir. May 4, 2023) ...............................1

*Ingenco Holdings, LLC v. Ace Am. Ins. Co.,*
   921 F.3d 803 (9th Cir. 2019) ...........................................................................12

*James Stewart Entm't, LLC v. L&M Racing, LLC,*
   No. ED CV 12-0049, 2013 WL 12248146 (C.D. Cal. June 28, 2013) ...........13

*Lanard Toys Ltd. v. Novelty, Inc.,*
   375 F. App'x 705 (9th Cir. 2010) .....................................................................3

*Magana v. Lab'y Corp. of Am.,*
   No. CV 20-11583, 2021 WL 4233901 (C.D. Cal. Aug. 16, 2021) ...................2

*Nathalie Thuy Van v. Wal-Mart Stores, Inc.,*
   678 F. App'x 616 (9th Cir. 2017) ...................................................................12

*Norse v. City of Santa Cruz,*
   629 F.3d 966 (9th Cir. 2010)..............................................................................9

# TABLE OF AUTHORITIES

**Cases**

**Pages**

*Phan v. Costco Wholesale Corp.,*
  No. CV 19-5713, 2020 WL 5074349 (N.D. Cal. Aug. 24, 2020)......................5

*R&R Sails, Inc. v. Ins. Co. of Penn.,*
  673 F.3d 1240 (9th Cir. 2012) ...................................................... 2-3

*Rago v. Select Comfort Retail Corp.,*
  No. CV 19-2291, 2021 WL 3621890 (C.D. Cal. June 11, 2021)............... 12-13

*RES Exhibit Servs., LLC v. LNW Gaming, Inc.,*
  No. CV 22-1953, 2023 WL 6296050 (D. Nev. Sept. 27, 2023) ............... 11-12

*Ruiz v. RSCR Cal. Inc.,*
  __ F. Supp. 3d ___, 2023 WL 5088972 (C.D. Cal. July 24, 2023)...................3

*Silver State Intell. Techs., Inc. v. Garmin Int'l, Inc.,*
  32 F. Supp. 3d 1155 (D. Nev. 2014) ..................................................9

*United States v. Sumitomo Marine & Fire Ins. Co., Ltd.,*
  617 F.2d 1365 (9th Cir. 1980) .......................................................12

*Voskanyan v. Mcdonnell,*
  No. CV 21-6259, 2021 WL 1235032 (C.D. Cal. Feb. 10, 2021) ....................10

*Voyager Indem. Ins. Co. v. Zalman N., Inc.,*
  __ F. Supp. 3d ___, 2023 WL 2904591 (C.D. Cal. Apr. 7, 2023) ........... *Passim*

*Wong v. Regents of Univ. of Cal.,*
  410 F.3d 1052 (9th Cir. 2005) ........................................................3

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.,*
  259 F.3d 1101 (9th Cir. 2001) ........................................................2

*Zoslaw v. MCA Distrib. Corp.,*
  693 F.2d 870 (9th Cir. 1982) .........................................................9

# TABLE OF AUTHORITIES

**Statutes, Rules and Regulations**

**Pages**

17 U.S.C. § 203 ............................................................................. 1, 4, 14

C.D. Cal. Local Rule 7-7 ...................................................................... 9

Federal Rules of Civil Procedure

    26 ................................................................................... 1-2, 14

    37 ..................................................................................... *Passim*

    56 ............................................................................................ 9

Federal Rule of Evidence 901 ............................................................ 10

**Other Authorities**

Fed. R. Civ. P. 34, advisory committee notes (2006 amendments) ..................... 5

Fed. R. Civ. P. 37 advisory committee note (1993 amendments) ........................ 2

Fed. R. Civ. P. 56 advisory committee notes (2010 amendment) ....................... 9

## I.   **INTRODUCTION**

Defendant Paramount Pictures Corporation ("PPC") appears to be feeling the pinch from Plaintiffs' copyright infringement claim and the parties' cross-motions for summary judgment. Just *two days before* the deadline for the parties to file their Oppositions, PPC informed Plaintiffs for the first time of its intention to submit an alleged "preview cut" of *Top Gun: Maverick* in a last-ditch effort to support its half-hearted defense that the movie which would not be completed until 2022 is still somehow exempt under 17 U.S.C. § 203(b)(1). This untimely production was obviously a calculated decision as PPC had willfully failed to produce this purported "evidence" despite Plaintiffs' repeated requests for same. Nonetheless, PPC has feigned surprise that the video had not previously been produced.  Its claim of inadvertence is not credible. *See* Toberoff Decl., Ex. A (Email from PPC's Counsel, Nov. 22, 2023, 5:27 PM); Bertelle Decl. ¶ 11 & Ex. B ("Exhibit B"). The belated production of the Exhibit is untimely under Rule 26 of the Federal Rules of Civil Procedure, occurring long after the close of discovery, and is neither harmless nor substantially justified under Rule 37. It obviously also prejudices Plaintiffs who have been stripped of *any* ability to take discovery regarding the alleged preview cut to test PPC's convenient assertions regarding it. This Court should therefore strike the applicable paragraph(s) of the Bertelle Declaration, Exhibit B attached thereto and any portions of PPC's Statement of Additional Facts or Opposition relying on said evidence.

## II.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure Rule 26(e)(1)(A), a party who has responded to a request for production is "required to supplement their prior disclosures 'in a timely manner' when the prior response is 'incomplete or incorrect.'" *Gryglak v. HSBC Bank USA, N.A.*, No. 22-15630, 2023 WL 3243998, at *2 (9th Cir. May 4, 2023) (citations omitted) (affirming exclusion of

evidence on motion for summary judgment). "There is no such 'discovery is ongoing' safe harbor to excuse unjustified and unnoticed late or last-minute supplemental discovery responses and document productions. Any responsive information produced late without good reason for why it was not searched for and disclosed sooner may subject the responding party to sanctions under Rules 37(b)(2)(A) and (C)." *A.J.C. v. San Diego Fam. Hous., LLC*, No. CV 22-2501 FMO (SKx), 2021 WL 6427651, at \*4 (C.D. Cal. Oct. 15, 2021) (citing Civ. P. 37(c)(1); Fed. R. Civ. P. 26(g)(3)).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). As duly explained by this Court in a recent published decision, *Voyager Indem. Ins. Co. v. Zalman N., Inc.*, ___ F. Supp. 3d ___, 2023 WL 2904591 (C.D. Cal. Apr. 7, 2023) (Anderson, J.), *excluding* a new exhibit attached to a party's opposition to summary judgment:

> Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." ***This is a "self-executing" and "automatic" sanction.*** *See* Fed. R. Civ. P. 37 advisory committee note (1993 amendments). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

*Voyager*, ___ F. Supp. 3d ___, 2023 WL 2904591, at \*5 (emphasis added). *See also Magana v. Lab'y Corp. of Am.*, No. CV 20-11583 PA (PLAx), 2021 WL 4233901 (C.D. Cal. Aug. 16, 2021) (Anderson, J.) ("[Exclusion] is imposed unless (1) there is a substantial justification for the failure; or (2) the failure is

harmless.") (citing Fed. R. Civ. P. 37(c)(1)). This Court went on to note the legal standard to determine whether the failure to produce was "substantial justified or harmless," a standard PPC wholly fails to meet:

> There are a number of non-exclusive factors for determining whether the failure to provide a required disclosure is substantially justified or is harmless: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). Where imposition of a Rule 37(c)(1) sanction amounts "to dismissal of a claim, the district court [is] required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, and also to consider the availability of lesser sanctions." *R&R Sails, Inc.*, 673 F.3d at 1247. For purposes of the harmlessness analysis, the Ninth Circuit has explained that if a party is allowed to disregard the deadlines for its discovery obligations:
>
> > [T]he rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well. Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to. *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005).

*Voyager*, __ F. Supp. 3d ___, 2023 WL 2904591, at *5 (excluding document *dispositive* of party's claim); *see also Ruiz v. RSCR Cal. Inc.*, __ F. Supp. 3d ___, 2023 WL 5088972, at *5 (C.D. Cal. July 24, 2023) (granting plaintiff's motion to strike exhibits as well as portions of declaration and memorandum in opposition to summary judgment motion).

///

///

- 3 -

III.   **BACKGROUND**

    A.   **PPC's Answer Confirmed Its Vain Attempt to Somehow Qualify for Exemption Under Section 203(b)(1).**

PPC filed an Answer (Dkt. 25) to Plaintiffs' First Amended Complaint ("FAC") on November 28, 2022, shortly after its Motion to Dismiss was denied. PPC confirmed in its Answer its assertion that the Sequel qualified for the "prior derivative works exception" under 17 U.S.C. § 203(b)(1) based on its supposed completion prior to January 24, 2020.[1]

    B.   **PPC Withheld Discoverable and Responsive Documents, Including Exhibit B.**

***Plaintiffs Propound Document Requests on PPC (Jan. 3, 2023)***

On January 3, 2023, Plaintiffs propounded its first sets of discovery (Interrogatories, Requests for Admission, and Requests for Production of Documents) on PPC. Toberoff Decl., Ex. C. PPC's untimely video (Exhibit B) would have been responsive to any number of Plaintiffs' First Set of Requests for Production of Documents ("Requests"), *to wit*:

    44. "All Documents supporting Your Answer (Dkt. 25) filed in the Action."

    45. "All Documents on which You intend to rely for any purpose in the Action."

    52. "All Documents which support Your contention that the 2022 Sequel was 'sufficiently completed' by January 24, 2020."

---

[1] *See e.g.,* FAC ¶ 37 ("Plaintiffs are informed and believe and based thereon allege that the 2022 Sequel was not completed until May 8, 2021, more than one year after Paramount's grant in the 1983 Agreement had been statutorily terminated. The 2022 Sequel therefore, unlike the 1986 Film, does not qualify for the 'prior derivative works exception' to statutory termination, 17 U.S.C. § 203(b)(1), and thus infringes the copyright owned by the Yonays."); Answer ¶ 61 (PPC "Denies the allegations of paragraph 37 [of the FAC] and/or alleges that such allegations contain conclusions of law to which no answer is required."); FAC ¶ 61 ("The Yonays contend and Paramount denies that the 2022 Sequel does not qualify for the 'prior derivative works exception' under 17 U.S.C. § 203(b)(1) because it was not completed until long after January 24, 2020."); Answer at ¶ 61 ("Admits the allegations of paragraph 61."); *see also* FAC ¶¶ 4, 19, 40, 59; Answer ¶¶ 4, 19, 40, 59.

Toberoff Decl., Ex. C, Requests.[2] The video file PPC now seeks to introduce after cross-motions for summary judgment had been filed and just two days before oppositions were due constitutes a document (or electronically stored information, which is itself encompassed by the term) under Federal Rule of Civil Procedure 34(a)(1)(A).[3] Further, Plaintiffs' Requests included the following definition: "'Document' is defined to be synonymous in meaning and equal in scope to the usage of the term 'documents or electronically stored information' in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term." Requests, Definitions ¶ 12.

### PPC Agreed to Produce Responsive Documents (Feb. 6, 2023)

On February 6, 2023, PPC served its Responses and Objections to Plaintiffs' Requests ("Responses") in which it agreed to comply with all of the above quoted Requests.[4] Toberoff Decl., Ex. D.

---

[2] *See also* Requests, Nos. 54 ("Documents sufficient to show when principal photography for the 2022 Sequel was completed."); 55 ("Documents sufficient to show when the last reshoot and/or pickup for the 2022 Sequel was completed."); 56 ("Documents sufficient to show when the 2022 Sequel was 'picture locked' (i.e., when the editing of the 2022 Sequel was completed), Including the dates of all locked cuts and the final picture lock for the 2022 Sequel." 57 ("Documents sufficient to show when the final audio mix for the 2022 Sequel was completed."); 58 ("Documents sufficient to show when all visual effects (aka 'VFX') for the 2022 Sequel were completed."); 59 ("Documents sufficient to show when the color grading for the 2022 Sequel was completed."); 60 ("Documents sufficient to show when the 2022 Sequel Printmaster was completed.")

[3] *See Est. of Bosco by & Through Kozar v. Cnty. of Sonoma*, 640 F. Supp. 3d 915, 924 (N.D. Cal. 2022) ("ESI includes 'photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.' Fed. R. Civ. P. 34(a)(1)(A). The video footage here is 'other data or data compilations' because it is data stored on a computer server from which the information can be obtained directly.") (citing *Phan v. Costco Wholesale Corp.*, No. CV 19-5713, 2020 WL 5074349, at *2 (N.D. Cal. Aug. 24, 2020)); *see also* Fed. R. Civ. P. 34, advisory committee notes (2006 amendments) ("Rule 34 request for production of 'documents' should be understood to encompass, and the response should include, electronically stored information unless discovery in the action has clearly distinguished between electronically stored information and 'documents.' … Rule 34(a)(1) is expansive and includes any type of information that is stored electronically.").

[4] *See e.g.*, Response to Request Nos. 45 ("Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-

*Plaintiffs' Repeated Attempts to Meet and Confer with PPC*
*Regarding its Deficient Document Production*

On March 6, 2023, Plaintiffs sent to PPC a meet and confer letter pursuant to Local Rule 37-1, seeking confirmation that PPC would comply with its obligations to produce relevant documents responsive to Plaintiffs' Requests. Toberoff Decl., Ex. E.

On September 14, 2023, Plaintiffs served PPC with a second meet and confer letter concerning PPC's deficient document production and discovery abuse. Toberoff Decl., Ex. F. This included "numerous examples of redactions in Paramount's document production where no plausible legal ground for withholding such information could be asserted." *Id.* at 1.

In their September 14, 2023 letter, Plaintiffs further pointed out that "[i]n addition and without limitation, Paramount has also failed to produce the unedited underlying recordings, audio and/or video, and (in most instances) transcriptions thereof referenced in emails and elsewhere as documenting the relevant development of the sequel Top Gun: Maverick and of *Top Gun*." *Id.* at 2 (emphasis added). Plaintiffs thus clearly requested *any "recordings, audio and/or video … documenting the relevant development of the sequel Top Gun: Maverick,"* which PPC knowingly failed to produce. *Id.* (emphasis added).

On September 22, 2023, the parties held a meet and confer teleconference in which PPC's withholding of documents was discussed at length. Plaintiffs' counsel, Marc Toberoff and Spencer Gibbs, were present for the teleconference.

---

privileged documents on which Paramount Pictures intends to rely, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control."); 52 ("Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents on which Paramount Pictures intends to rely to support any contentions regarding the production status of Maverick as of January 24, 2020."); 56 ("Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents sufficient to show the dates on which the cuts of the 2022 Sequel were completed.")

- 6 -

Toberoff Decl. ¶ 9; Gibbs Decl. ¶ 2; *see also* Toberoff Decl. Ex. B. During this meet and confer, Mr. Toberoff, raised numerous issues with PPC's document production, including frivolous assertions of privilege, and withheld documents. Toberoff Decl. ¶ 10; Gibbs Decl. ¶ 3. It was further communicated to PPC that it had failed to produce a single video or audio file (excepting a DVD of the Sequel), including interviews and prior cuts of the Sequel. Toberoff Decl. ¶ 10; Gibbs Decl. ¶ 4. During the call, PPC's counsel stonewalled, arguing that its broad assertions of privilege were valid, that they had produced all relevant documents; and that any other videos and audio recordings were either irrelevant, not in PPC's possession, or were archived and inaccessible without undue burden. Toberoff Decl. ¶ 11; Gibbs Decl. ¶ 4.

Following the September 22 teleconference, PPC produced a small number of previously withheld documents, including some emails and a single video depicting a flying jet. Toberoff Decl. ¶ 12.

Discovery thereafter closed on the October 6, 2023 deadline set by the Court. *See* Dkt. 36.

**C.  PPC Notifies Plaintiffs of Its Intent to Introduce the Undisclosed Exhibit Just Two Days Before the Opposition Filing Deadline.**

On November 22, 2023, PPC served (two copies of) the Exhibit B, a DVD containing a 128-minute video file. *See* Dkt. 76. PPC alleges in its Application to File the document under seal as well as in its communications with Plaintiffs' counsel, that the failure to provide the alleged preview cut was wholly "inadvertent." *See* Dkts. 73, 75, 75-1; Toberoff Decl., Ex. A. Tellingly, PPC has *still* "inadvertent[ly]" failed to provide any other alleged cuts of the Sequel to show it progression though relevant and responsive to Plaintiffs' Requests and meet and confer efforts. *See* Toberoff Decl., Ex. C, Requests, Nos. 44, 45, 52, 54-60.

Although he provides no foundation to introduce Exhibit B, Ralph
Bertelle, PPC's alleged VP of physical production, claims Exhibit B contains a
"December 11, 2019 Preview" cut of the Sequel. Bertelle Decl. ¶ 11 & Ex. B. A
review of this DVD by Plaintiffs' counsel reveals that it does not contain any
metadata apart from that associated with the "burning" of the DVD itself on
November 16, 2023. Toberoff Decl., ¶ 13. Plaintiffs and the Court therefore lack
sufficient information to determine whether the cut contained on the DVD was
even made on the date PPC alleges. This, even though Plaintiffs properly
instructed PPC to maintain metadata associated with electronically stored
information and to otherwise harvest documents for production in a way that
maintains the accessibility and integrity of such metadata. *See* Requests,
Instructions ¶¶ 9-15.[5]

Nor did PPC identify the custodian of the document as requested by
Plaintiffs in their Requests. See *Id.* ¶ 10. The limited metadata contained on the
DVDs shows that they were created on November 16, 2023 at 1:49 AM. Thus,
PPC not only failed to produce the Exhibit until *long after the discovery cutoff,*
but PPC and its counsel even sat on it for days without alerting Plaintiffs until
November 20, 2023 just before the parties' oppositions were due, presumably to
handicap Plaintiffs' inevitable motion to strike.

## IV.   THE DECLARATION AND EXHIBIT ARE NOT EVEN ADMISSIBLE

"While the evidence presented at the summary judgment stage does not
yet need to be in a form that would be admissible at trial, the proponent must set

---

[5] *Id.* ¶ 9 ("With respect to any Document maintained or stored electronically, please harvest it
in a manner that maintains the integrity and readability of all data, including all metadata." *Id.*
¶ 10 ("The collection and production of Documents shall be performed in a manner that ensures
that the source of each Document may be determined, if necessary. In addition, please ensure
that all Documents are produced with information (such as metadata) identifying the custodian
of every Document, irrespective of whether the Document was obtained electronically or in
hard copy.")

- 8 -

out facts that it will be able to prove through admissible evidence." *Norse v. City of Santa Cruz,* 629 F.3d 966, 973 (9th Cir. 2010) (citations omitted); *see* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *accord* C.D. Cal. L.R. 7-7. ("Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)."). As required by Rule 56, documentary materials need authentication through affidavits or declarations from individuals with personal knowledge of the document. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982); *see also* Fed. R. Civ. P. 56 advisory committee notes (2010 amendments) ("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.") Thus, a "writing is not authenticated simply by attaching it to an affidavit." *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) (citation omitted).

As set forth above (§ III.C), PPC and Ralph Bertelle ("Bertelle") have not provided the proper foundation for or demonstrated his personal knowledge regarding the alleged December 2019 preview cut or any other cut of the film for that matter. His declaration fails to meet the requirements of Fed. R. Civ. P. 56(c) and (e) since it was not made on personal knowledge and does not set out facts that would be admissible in evidence. Bertelle makes conclusory factual assertions in paragraph 10, i.e., "Preview versions of Top Gun: Maverick were prepared long before the final movie was released. The latest preview version of the movie prior to January 24, 2020 was shown on December 11, 2019 to a limited audience in Paramus, New Jersey." However, "he has not explained how he would have personal knowledge." *Silver State Intell. Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1170 (D. Nev. 2014). In paragraph 11, he alleges

that "In the regular course of business, PPC has maintained a digital copy of the December 11, 2019 Preview—as well as the other preview versions of the movie. From that master copy, PPC has burned physical copies of the December 11, 2019 Preview for purposes of this litigation. A true and correct physical copy of December 11, 2019 Preview is being lodged with the Court as Exhibit B." Bertelle says he is PPC's "Executive Vice President of Physical Production" but he never "connects the dots" and it is therefore unclear how or whether he has personal knowledge of any of the facts he alleges, including whether this cut was actually made on December 11, 2019. Bertelle Decl. ¶ 2. *See also id.* ¶¶ 2-4 (stating that he worked in production, performing "behind-the-scenes work in filming the movie" *as opposed to post-production processes, such as editing*). Bertelle does not even state whether he has reviewed the video file, though, that alone would be insufficient to establish authenticity. *See e.g., Voskanyan v. Mcdonnell*, No. CV 21-6259 MWF (KES), 2021 WL 1235032, at *7 (C.D. Cal. Feb. 10, 2021) ("But Dr. Teophilov did not testify to the *authenticity* of the medical records; instead, he merely attested that he had 'reviewed' medical records provided to him.") (emphasis in original).

Nor does the DVD video file indicate sufficient distinctive characteristics to sustain authentication under Rule 901(b)(4). As explained in § III.C, there is no original metadata, such as time created or modified, associated with the video file which could establish that it is what it purports to be.

## V.   PPC'S BELATED "EVIDENCE" MUST BE EXCLUDED UNDER RULE 37

PPC's willful eleventh-hour disclosure strongly justifies the conclusion that, "pursuant to Rule 37(c)(1), [PPC 'is not allowed to use' the [the declaration or Exhibit B] 'to supply evidence on' [Plaintiffs'] Motion for Summary Judgment. Fed. R. Civ. P. 37(c)(1)." *Voyager*, __ F. Supp. 3d ___, 2023 WL 2904591, at *6. Defendant should be precluded from relying on

information contained in the Bertelle Declaration ¶¶ 10, 11 and Exhibit B as no cuts of the Sequel, including the purported December 11, 2019 preview cut, were ever produced or disclosed during discovery, despite being directly responsive to Plaintiffs' repeated discovery requests. Exhibit B is responsive at the very least to Plaintiffs' Requests Nos. 44, 45, and 52, which asked PPC to produce all documents: "supporting [its] Answer"; "on which [it] intend[ed] to rely for any purpose in the Action"; and "which support [its] contention that the 2022 Sequel was 'sufficiently completed' by January 24, 2020." PPC itself admits as much. *See* Dkt. 75-2 ("we don't disagree that the Preview Cut is technically responsive to Request No. 52, which sought all documents supporting PPC's affirmative defense of the Derivative Works Exception. In response to Request No. 52, we agreed to produce documents on which PPC intended to rely."). To be clear, Plaintiffs also expressly asked for such cuts of the Sequel in its meet and confer communications with PPC's counsel, though this is not required for its exclusion under Rule 37. *See generally* § III.B *supra*.

   ***PPC was not substantially justified*** in its failure to timely disclose this purported evidence. It failed to "provide the [document] in response to discovery requests that required its production." *Voyager*, __ F. Supp. 3d ___, 2023 WL 2904591, at *6. PPC "has known during the pendency of []this action" that the document was evidence of its supposed defense. *Id.* Not only that, PPC's counsel's "[d]eclaration provides no explanation for why [PPC allegedly] did not discover the [document was not produced] until [two days] before the filing of [its] Opposition to [Plaintiffs'] Motion for Summary Judgment." *Id.*; *see* Declaration of Molly Lens Supp. App. To File Under Seal ¶ 5 (Dkt. 75) and App. To File Under Seal at 1:16-17 (Dkt. 73) (both documents stating "PPC regrets its inadvertent failure to produce the Preview Cut").

   Furthermore, "inadvertence" is not a recognized justification for failing to produce discoverable evidence. *See e.g., RES Exhibit Servs., LLC v. LNW*

- 11 -

*Gaming, Inc.*, No. CV 22-1953 APG (EJY), 2023 WL 6296050 (D. Nev. Sept. 27, 2023) (finding no substantial justification where party argued it "later bec[ame] aware that its [] production was incomplete" and the withholding of documents was an "inadvertent" "technical error"). If "inadvertence" constituted substantial justification under Rule 37, the mere assertion that a litigant believed they turned over a document would suffice. This would undermine the purposes behind the rule. *See e.g., Foley v. Arostegui*, No. CV 14-0094 RFB (NJK), 2023 WL 6379369, at *5 (D. Nev. Sept. 29, 2023) ("Exclusionary orders ensure that a party will not be able to profit from its own failure to comply.") (excluding evidence on motion for summary judgment) (quoting *United States v. Sumitomo Marine & Fire Ins. Co., Ltd.*, 617 F.2d 1365, 1369 (9th Cir. 1980)); *Van v. Wal-Mart Stores, Inc.*, 678 F. App'x 616 (9th Cir. 2017) ("Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure.") (citations omitted) (affirming judgment where trial court excluded untimely produced documents).

Even if alleged "inadvertence" constituted a substantial justification for untimely production (it does not), PPC has also failed to explain what steps it took to confirm that it had timely produced discoverable documents. PPC "improperly attempts to shift the responsibility to obtain the relevant information onto [Plaintiffs], when it is [PPC's] obligation to timely produce the responsive documents[.]" *Rago v. Select Comfort Retail Corp.*, No. CV 19-2291 FMO (SPx), 2021 WL 3621890, at *8 (C.D. Cal. June 11, 2021) (excluding unproduced documents). *See also Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821-22 (9th Cir. 2019) (affirming exclusion of evidence where the non-disclosing party… "attempted to blame [the opposing party] for th[e] failures instead of justifying or explaining them.")

PPC claims that its preview cut has existed since at least December 2019, but its counsel does not state when it was turned over to them. PPC's supposed

"inadvertence" lacks any credibility as PPC was on *clear notice* of its obligation to produce the alleged cut from Plaintiff's targeted Requests and was on notice of its abject failure to produce such responsive documents, including any prior cuts of the Sequel, in the parties' meet and confer letters and teleconference. *See supra* at § III. PPC cannot now claim such failure was "inadvertent" because PPC and its counsel decided just before filing its Opposition that it might benefit it to submit a preview cut it had previously withheld.

    ***Nor is PPC's late disclosure harmless***. Indeed, all five of the relevant factors weigh in favor of exclusion:

**(1)** The surprise to Plaintiffs is great as Exhibit B was first introduced months after discovery just two days before the parties' summary judgment Oppositions were due;

**(2)** There is no ability to cure the surprise absent a reopening of discovery and continuance of summary judgment. PPC's extremely late production significantly prejudices Plaintiffs who are stripped of their ability to take discovery regarding the preview cut. For instance, Plaintiffs were deprived of the opportunity to question witnesses such as the Sequel's director, Mr. Kosinski, at his September 26, 2023 deposition or the editor(s) involved in creating the cut to, without limitation, test its alleged authenticity. *See e.g., James Stewart Entm't, LLC v. L&M Racing, LLC*, No. ED CV 12-0049, 2013 WL 12248146, at *5 (C.D. Cal. June 28, 2013) ("[G]iven that plaintiffs are now forced to review documents well after the discovery cutoff, forcing plaintiffs to also have to prepare for defendants' use of this late-produced document does prejudice them."); *Rago*, 2021 WL 3621890, at *9 ("Defendant has experienced prejudice due to plaintiff's failure to timely produce these documents, since it has been denied the ability to timely investigate and question plaintiff about the late produced documents, use the documents in defendant's MSJ, fully prepare for the

upcoming July trial… and trust that plaintiff's disclosures are authentic and complete."); *Chisolm v. 7-Eleven, Inc.*, 814 F. App'x 194, 196 (9th Cir. 2020) (affirming summary judgment and finding exclusion of email was not abuse of discretion where "email was not produced until the final deposition, after the discovery cut-off, thereby preventing [party] from deposing any other witness [] about the document").

**(3)** The disruption of a future trial would also be significant as Plaintiffs would have to propound discovery, re-depose Mr. Kosinski, and take the depositions of other witnesses regarding the alleged preview cut;

**(4)** As outlined above, there is abundant evidence of bad faith and willfulness in PPC's failure to produce Exhibit B.

*See Voyager*, __ F. Supp. 3d ___, 2023 WL 2904591, at *5-6.

Accordingly, PPC has not and cannot establish substantial justification for its extremely untimely production, as is its burden.  Nor has PPC demonstrated that Plaintiffs are not prejudiced by its untimely submission. PPC's eleventh hour submission to prop up its half-hearted and legally unsupported defense to 17 U.S.C. § 203(a) must therefore be rejected. *Id.*

**VI.    CONCLUSION**

For the reasons set forth above, this Court should grant Plaintiffs' Motion to Strike, and exclude the untimely Exhibit B and associated portions of the Bertelle Declaration and PPC's Opposition.

DATED: December 3, 2023                    Respectfully submitted,

                                           **TOBEROFF & ASSOCIATES, P.C.**

                                           By:  */s/ Marc Toberoff*
                                                 Marc Toberoff

                                           *Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Shosh Yonay and Yuval Yonay, certifies that this brief complies with the Court's October 23, 2023 Order, Dkt. 51, in that it is 25 pages in length.

Date: December 3, 2023                    TOBEROFF & ASSOCIATES, P.C.

                                          By: _____/s/ Marc Toberoff_____
                                                    Marc Toberoff

                                          *Attorneys for Plaintiffs*