# EXHIBIT B

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
mtoberoff@toberoffandassociates.com

November 21, 2023

<u>Via Email</u>

Molly M. Lens
Matthew Z. Kaiser
Danielle Feuer

Los Angeles, CA 90067-6035
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

**RE:** *Yonay v. Paramount Pictures Corp.*, No. CV 22-3846 PA (GJSx)
Meet and Confer Letter Regarding Defendant's
<u>Untimely Document Production</u>

Dear Molly:

To say that we are surprised by your "supplemental production" of a preview cut of *Top Gun: Maverick* after both parties have already filed their summary judgment motion and one day before their oppositions are due would be an understatement.

As you are aware, I specifically asked Paramount to produce prior cuts of the *Top Gun: Maverick* during our September 22, 2023 meet and confer teleconference at which my associate Spencer Gibbs was present. In response you refused to commit and never got back to me, effectively ignoring the issue. Moreover, on September 14, 2023, prior to our teleconference, I sent you a Rule 37-1 letter in which I wrote: "In addition and without limitation, Paramount has also failed to produce the unedited underlying recordings, audio and/or video [] referenced in emails and elsewhere as documenting the relevant development of the sequel *Top Gun: Maverick* and of *Top Gun*."

Our attempts to meet and confer were themselves precipitated by Paramount's agreement to produce documents responsive to our requests. As pertains here, production of the preview cut would have been responsive to several of Plaintiffs' document requests. *See e.g.*, Plaintiffs' Requests For Production of Documents, Nos. 44, 45, 52, and 56.

Paramount's claim of "inadvertence" lacks any credibility. Paramount was on clear notice of its failure to produce responsive documents. It cannot now claim such failure was "inadvertent" because Paramount and its counsel have decided just before filing Opposition that an unproduced item might support one of its defenses.

**TOBEROFF & ASSOCIATES, P.C.**

November 21, 2023
Molly M. Lens
Page: 2

If Paramount moves forward with its decision to file this document under seal, and cite said document in its Opposition to Plaintiffs' Motion for Summary Judgment (the filing deadline for which is one days away), we will have no choice but to move for its exclusion and attorney's fees under Federal Rule of Civil Procedure 37(c)(1):

> Rule 37(c)(1) [] establishes a self-executing sanction for failing to make required disclosures: "If a party fails to provide information [], the party is *not allowed to use that information* [] *to supply evidence on a motion*, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The court may also 'order payment of the reasonable expenses, including attorney's fees, caused by the failure. This sanction is a "self-executing, automatic sanction to provide a strong inducement for disclosure of material."

*Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, No. SA CV 19-0835, 2021 WL 5994996, at *2 (C.D. Cal. July 7, 2021) (quoting *Yetti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1105-06 (9th Cir. 2001)); *see also Steenwyk v. Steenwyk*, No. CV 22-2375, 2022 WL 7162931 (C.D. Cal. July 11, 2022), *report and recommendation adopted*, 2022 WL 7054770 (C.D. Cal. Oct. 12, 2022) (ordering defendants to pay plaintiff $15,765 for attorney's fees incurred in connection with the ex parte application regarding unproduced documents); *Chisolm v. 7-Eleven, Inc.*, 383 F. Supp. 3d 1032, 1044 (S.D. Cal. 2019), *aff'd*, 814 F. App'x 194, 196 (9th Cir. 2020) (affirming summary judgment and finding exclusion of email was not abuse of discretion as "email was not produced until the final deposition, after the discovery cut-off, [and] prevent[ed] 7-Eleven from deposing any other witness [] about the document").

Paramount cannot justify its late production as the video was: (a) responsive to Plaintiffs' discovery requests; (b) includes information that (purportedly) supports Paramount's defenses (thus obligating it to produce the document); and (c) was generated or last modified several years ago. *See Cortez v. Chipotle Mexican Grill,* No. CV 17-4787, 2018 WL 6017033, at *13 (C.D. Cal. May 7, 2018).

Paramount's late production of the video is prejudicial to Plaintiffs, and, as such, is not harmless. Late production will force Plaintiffs to prepare for Paramount's potential use of the video, without any opportunity to take discovery, including questioning witnesses such as Mr. Kosinski at his deposition, about its authenticity or content. *See e.g., James Stewart Entm't, LLC v. L&M Racing, LLC*, No. ED CV 12-0049, 2013 WL 12248146, at *5 (C.D. Cal. June 28, 2013) ("[G]iven that plaintiffs are now forced to review documents well after the discovery cutoff, forcing plaintiffs to also have to prepare for defendants' use of this late-produced document does prejudice them."); *Rago v. Select Comfort Retail Corp.*, No. CV 19-2291, 2021 WL 3621890, at *9 (C.D. Cal. June 11, 2021); *Chisolm, supra,* 814 F. App'x at 196.

In addition, we contest Paramount's confidential designation as any "creative decisions" reflected in a preview cut of a movie certainly do not merit a Protective Order.

If you continue with your petition to file the preview cut under seal, please include this response.

Sincerely,

Marc Toberoff