# EXHIBIT C

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. # 318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. # 66473)
*alex@kozinski.com*
719 Yarmouth Rd, Suite 101
Palos Verdes Estates, CA 90274
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 2:22-CV-3846-PA-GJS<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PARAMOUNT PICTURES CORPORATION** |

   Pursuant to Rules 34 and 26 of the Federal Rules of Civil Procedure, Plaintiffs Shosh Yonay and Yuval Yonay ("Plaintiffs") hereby propound the following First Set of Requests for Production of Documents ("Requests") on Defendant Paramount Pictures Corporation ("Paramount"). Plaintiffs request that Paramount respond under oath and in writing and produce all Documents and other materials described herein for inspection and copying at the offices of Toberoff & Associates, P.C. at 23823 Malibu Road, Suite 50-363, Malibu, CA 90265, within thirty (30) days of service of this Request. The Requests are continuing in nature, and Paramount is hereby requested to timely supplement its response to each and every Request whenever it learns that the response is in some material aspect incomplete or incorrect in accordance with Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1. "Agreement" means any contract, whether written or oral, express or implied.

2. "Yonay" as used herein, refers to Ehud Yonay.

3. "Work" as used herein, refers to the story written by Ehud Yonay entitled "Top Guns" which was published in the May 1983 issue of *California Magazine*.

4. "1986 Film" as used herein, refers to the 1986 motion picture entitled "Top Gun."

5. "2022 Sequel" as used herein, refers to the 2022 motion picture entitled "Top Gun: Maverick."

6. "Action" as used herein, refers to *Yonay v. Paramount Pictures Corp.*, No. 2:22-CV-3846-PA-GJS (C.D. Cal.).

7. "FAC" as used herein, refers to the First Amended Complaint filed in the Action, Dkt. No. 16.

8. "Writer(s)" as used herein, refers to Ehren Kruger, Eric Warren

Singer, Christopher McQuarrie, Peter Craig, Justin Marks, Ashley Edward Miller, and/or Zack Stentz, and any of their agents, managers, or representatives.

9. "Director" as used herein, refers to Joseph Kosinski and any of his agents, managers, or representatives.

10. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

11. "Concerning" means relating to, referring to, describing, evidencing, or constituting. "Concern" has the same meaning as "Concerning."

12. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

13. "Including" means "including, but not limited to."

14. "Paramount" means Paramount and/or any related or predecessor entities, and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates.

15. "Person" is defined as any natural person or any legal entity, Including any business or governmental entity or association.

16. The terms "Plaintiffs" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party (e.g., "You" or "Your") mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

## INSTRUCTIONS

1. The use of the singular form of any word includes the plural and vice versa.

2. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

3

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. You are instructed to produce all Documents that are responsive to these Requests and that are in Your possession, custody, or control. A Document is in Your "possession, custody, or control" if it is in Your physical possession, or if, as a practical and legal matter, You have the ability, upon request, to obtain possession of the Document or a copy thereof from another Person that has physical possession of the Document.

5. Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

6. No part of a Request shall be left unanswered merely because an objection is made to another part of the Request.

7. If an objection is made to any of these Requests, the response shall state whether Documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive Documents will occur notwithstanding such objection.

8. If any Document or category of Documents is not produced in full, please state that a diligent search and reasonable inquiry has been made in an effort to locate the items, state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Your knowledge, information, and belief, and with as much particularity as possible, the Document or portions of the Document that are not being produced.

9. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, Including all metadata.

10. The collection and production of Documents shall be performed in a

manner that ensures that the source of each Document may be determined, if necessary. In addition, please ensure that all Documents are produced with information (such as metadata) identifying the custodian of every Document, irrespective of whether the Document was obtained electronically or in hard copy.

11. Please produce all Documents maintained or stored electronically in PDF format (branded with production numbers and, as appropriate, redactions and protective order legending) accompanied by data files which reference the beginning and ending image bates numbers for each Document and associated image cross-reference files, family group indications, and all metadata intact and in an appropriate and useable manner. Encrypted or password-protected Documents should be produced in a form permitting them to be reviewed.

12. Please produce Excel files in native format.

13. Documents attached to each other shall not be separated and the parent-child relationship of Documents must be kept intact.

14. Each Document is to be produced as it is kept in the usual course of business, Including all file folders, binders, notebooks, and other devices by which such Documents may be organized or separated.

15. Please organize electronic Documents or other materials produced for inspection in the same manner that You store them (e.g., if a Documents is maintained by a custodian, such as an e-mail residing on an e-mail server, please organize it for production by custodian; if maintained in a subfolder of "My Documents" on a custodian's hard drive, please organize it for production by custodian with path information preserved, etc.).

16. The Requests require production of paper Documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the Documents are to be produced in the boxes, file folders, bindings, or other containers in which the Documents are found. The titles, labels,

or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact. All responsive Documents maintained in paper, hard-copy form shall be produced electronically in PDF format.

17. If You withhold any Document, or portion of a Document, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each Document or portion of a Document withheld:

    a. The place, approximate date, and manner of recording, creating, or otherwise preparing the Document;

    b. The names and organization position, if any, of each author, sender, and recipient of the Document;

    c. A general description of the subject matter of the Document;

    d. The basis of any claim of privilege;

    e. The general nature of the Document (letter, memo, email, etc.); and

    f. If work-product is asserted, the proceeding for which the Document was created.

18. For any Document or category of Documents that was, but no longer is, in Your possession, custody, or control, please describe each such Document as completely as possible and provide the following information:

    a. The reason the Document is no longer in Your possession, custody, or control;

    b. The Person, if any, who has possession, custody, or control or, if unknown, so state; and c. If the Document was destroyed or otherwise disposed of, state (i) the manner of disposal (i.e., destruction, loss, discarding, or other means of disposal), (ii) the date of disposal, (iii) the reason for disposal, (iv) the Person authorizing disposal, (v) the Person disposing of the

Document, and (vi) the name and address of the most recent custodian of the Document.

19. These Requests impose a continuing obligation subsequent to Your initial production within thirty (30) days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement Your response or production if You determine that Your response or production is incomplete or incorrect. Plaintiffs specifically reserve the right to seek supplementary responses and production of Documents before trial.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**

All Documents, Including Communications, Concerning the Work.

**REQUEST FOR PRODUCTION NO. 2.**

All Documents, Including Communications, Concerning Yonay.

**REQUEST FOR PRODUCTION NO. 3.**

All Documents, Including Communications, Concerning any registrations of the Work with the United States Copyright Office.

**REQUEST FOR PRODUCTION NO. 4.**

All Documents, Including Communications, Concerning any registrations of the 1986 Film with the United States Copyright Office.

**REQUEST FOR PRODUCTION NO. 5.**

All Documents, Including Communications, Concerning any registrations of the 2022 Sequel with the United States Copyright Office.

**REQUEST FOR PRODUCTION NO. 6.**

All Agreements Concerning the Work.

**REQUEST FOR PRODUCTION NO. 7.**

All prior drafts or iterations of all Agreements Concerning the Work.

**REQUEST FOR PRODUCTION NO. 8.**

All Documents, Including Communications, reflecting negotiations of any

7

Agreement(s) Concerning the Work.

**REQUEST FOR PRODUCTION NO. 9.**

All Documents, Including Communications, Concerning the development of the story and screenplay of the 1986 Film.

**REQUEST FOR PRODUCTION NO. 10.**

All Documents, Including Communications, Concerning the development of the story and screenplay of the 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 11.**

Documents sufficient to identify any and all material or sources relied upon in the development of the story or screenplay for the 1986 Film.

**REQUEST FOR PRODUCTION NO. 12.**

All Communications Concerning any and all material or sources relied upon in the development of the story or screenplay for the 1986 Film.

**REQUEST FOR PRODUCTION NO. 13.**

Documents sufficient to identify any and all material or sources relied upon in the development of the story or screenplay for the 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 14.**

All Communications Concerning any and all material or sources relied upon in the development of the story or screenplay for the 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 15.**

All drafts, iterations, outlines, treatments, and versions of the 1986 Film's story and screenplay.

**REQUEST FOR PRODUCTION NO. 16.**

All drafts, iterations, outlines, treatments, and versions of the 2022 Sequel's story and screenplay.

**REQUEST FOR PRODUCTION NO. 17.**

Documents showing Your description or characterization of the themes of the Work.

**REQUEST FOR PRODUCTION NO. 18.**

Documents containing Your description or characterization of the themes of the 1986 Film and/or 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 19.**

Documents containing Your description or characterization of the plot of the Work.

**REQUEST FOR PRODUCTION NO. 20.**

Documents containing Your description or characterization of the plot of the 1986 Film and/or 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 21.**

Documents containing Your description or characterization of any of the Work's characters.

**REQUEST FOR PRODUCTION NO. 22.**

Documents showing Your description or characterization of any of the 1986 Film and/or 2022 Sequel's characters.

**REQUEST FOR PRODUCTION NO. 23.**

Documents showing Your description or characterization of the setting(s) of the Work.

**REQUEST FOR PRODUCTION NO. 24.**

Documents showing Your description or characterization of the setting(s) of the 1986 Film and/or 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 25.**

Documents showing Your description or characterization of the mood(s) of the Work.

**REQUEST FOR PRODUCTION NO. 26.**

Documents showing Your description or characterization of the mood(s) of the 1986 Film and/or 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 27.**

Documents showing Your description or characterization of the pace of the Work.

**REQUEST FOR PRODUCTION NO. 28.**

Documents showing Your description or characterization of the pace of the 1986 Film and/or 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 29.**

Documents showing Your description or characterization of the dialogue of the Work.

**REQUEST FOR PRODUCTION NO. 30.**

Documents showing Your description or characterization of the dialogue of the 1986 Film and/or 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 31.**

Documents Concerning Your description or characterization of the Work.

**REQUEST FOR PRODUCTION NO. 32.**

Documents Concerning Your description or characterization of the 2022 Sequel, Including in Your marketing and/or publicizing of the 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 33.**

All Communications between You and any Writer(s) Concerning the Work and/or Yonay.

**REQUEST FOR PRODUCTION NO. 34.**

All Communications between You and the Director Concerning the Work and/or Yonay.

**REQUEST FOR PRODUCTION NO. 35.**

All Communications, Including notes and/or comments, between You and any Writer(s) Concerning the 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 36.**

All Communications between You and any screenwriters, Including notes

and/or comments, Concerning the 1986 Film.

**REQUEST FOR PRODUCTION NO. 37.**

All Communications by or to the Director Concerning the development of the story and/or screenplay of 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 38.**

All Communications between You and any Writer(s) Concerning the Action.

**REQUEST FOR PRODUCTION NO. 39.**

All Communications between You and the Director Concerning the Action.

**REQUEST FOR PRODUCTION NO. 40.**

All Communications between You and any third party (excluding Your attorney(s)) Concerning the Action.

**REQUEST FOR PRODUCTION NO. 41.**

All Agreements between You and any Writer(s) Concerning the 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 42.**

All written material by any Writer(s) Concerning the 2022 Sequel, including all drafts of any screenplay, treatment, or outline.

**REQUEST FOR PRODUCTION NO. 43.**

All interviews of any talent involved in the 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 44.**

All Documents supporting Your Answer (Dkt. 25) filed in the Action.

**REQUEST FOR PRODUCTION NO. 45.**

All Documents on which You intend to rely for any purpose in the Action.

**REQUEST FOR PRODUCTION NO. 46.**

All Documents that support Your contention that the Work and 2022 Sequel are not substantially similar.

**REQUEST FOR PRODUCTION NO. 47.**

All insurance Agreements under which an insurer may be liable to satisfy

all or part of a possible judgment in the Action or to indemnify or reimburse for payments made to satisfy the judgment.

**REQUEST FOR PRODUCTION NO. 48.**

Documents sufficient to show Your total current gross revenues from the 2022 Sequel from all sources and in all media worldwide.

**REQUEST FOR PRODUCTION NO. 49.**

Documents sufficient to show the actual costs of producing the 2022 Sequel (inclusive of any rebates or production incentives that reduced such costs), Including the 2022 Sequel's final budget summary and long-form budget.

**REQUEST FOR PRODUCTION NO. 50.**

Documents sufficient to show Your actual costs to date of distributing and marketing the 2022 Sequel in all media worldwide.

**REQUEST FOR PRODUCTION NO. 51.**

Documents sufficient to show Your actual profits to date from the 2022 Sequel (using ordinary GAAP accounting definitions) in all media worldwide.

**REQUEST FOR PRODUCTION NO. 52.**

All Documents which support Your contention that the 2022 Sequel was "sufficiently completed" by January 24, 2020.

**REQUEST FOR PRODUCTION NO. 53.**

Copies of all production, shooting, and/or postproduction schedules and sub-schedules for the 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 54.**

Documents sufficient to show when principal photography for the 2022 Sequel was completed.

**REQUEST FOR PRODUCTION NO. 55.**

Documents sufficient to show when the last reshoot and/or pickup for the 2022 Sequel was completed.

**REQUEST FOR PRODUCTION NO. 56.**

Documents sufficient to show when the 2022 Sequel was "picture locked" (i.e., when the editing of the 2022 Sequel was completed), Including the dates of all locked cuts and the final picture lock for the 2022 Sequel.

**REQUEST FOR PRODUCTION NO. 57.**

Documents sufficient to show when the final audio mix for the 2022 Sequel was completed.

**REQUEST FOR PRODUCTION NO. 58.**

Documents sufficient to show when all visual effects (aka "VFX") for the 2022 Sequel were completed.

**REQUEST FOR PRODUCTION NO. 59.**

Documents sufficient to show when the color grading for the 2022 Sequel was completed.

**REQUEST FOR PRODUCTION NO. 60.**

Documents sufficient to show when the 2022 Sequel Printmaster was completed.

Date: January 3, 2023            By: _____/s/ Marc Toberoff_____
                                        Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
*mtoberoff@toberoffandassociates.com*
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Plaintiffs*

13

**PROOF OF SERVICE**

I, Jaymie Parkkinen, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On January 3, 2023, I caused the following document:

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PARAMOUNT PICTURES CORPORATION**

to be served as follows:

[ ]   **BY ELECTRONIC MAIL** -  I caused the above-described document to be served by electronic mail transmission on the interested parties noted below, where an electronic mail address is indicated.

[x]   **BY MAIL** – I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On January 3, 2023, I put a true and correct copy of the above-referenced document in a sealed envelope, with postage fully prepaid, and placed the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

1 | Daniel M. Petrocelli
2 | dpetrocelli@omm.com
  | Molly M. Lens
3 | mlens@omm.com
4 | Patrick S. McNally
  | pmcnally@omm.com
5 | O'MELVENY & MYERS LLP
6 | 1999 Avenue of the Stars, 8th Floor
  | Los Angeles, California 90067

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on January 3, 2023, at Malibu, California.

                                              */s/ Jaymie Parkkinen*
                                               Jaymie Parkkinen