# EXHIBIT D

MOLLY M. LENS (S.B. #283867)
mlens@omm.com
DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
PATRICK S. MCNALLY (S.B. #302062)
pmcnally@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone:  (310) 553-6700
Facsimile:   (310) 246-6779

*Attorneys for Paramount Pictures Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. 2:22-CV-3846-PA-GJS<br><br>**PARAMOUNT PICTURES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>HON. PERCY ANDERSON |

**PROPOUNDING PARTY:**   Shosh Yonay and Yuval Yonay

**RESPONDING PARTY:**   Paramount Pictures Corporation

**SET NUMBER:**   One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California (the "Local Rules"), Paramount Pictures Corporation ("Paramount Pictures") hereby responds and objects to Shosh Yonay and Yuval Yonay's (collectively, "Plaintiffs") First Set of Requests for Production (the "Requests" and, individually, a "Request"), served on January 3, 2023 via regular mail, as follows:

## **PRELIMINARY STATEMENT**

These responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by these responses. The fact that Paramount Pictures responds or objects to any of the Requests should not be construed as an admission that it accepts or admits the existence of any facts assumed by such Request, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Paramount Pictures responds to part or all of any of the Requests is not intended to be and shall not be construed as a waiver of any part of any objection to any Request.

The objections and responses set forth below are preliminary and non-binding, are based solely on such information and documentation as are presently available and specifically known to Paramount Pictures after having made a diligent search and reasonable and good faith inquiry, and are made without prejudice to Paramount Pictures' right to: (1) amend, alter, supplement, clarify or otherwise modify these objections and responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any documents, information, facts, evidence, and

1  legal theories which are subsequently discovered or which are now known but

2  whose relevance, significance, or applicability has not yet been ascertained; and

3  (3) offer expert witness opinions on any relevant matter, which opinions may be at

4  variance with these objections and responses or the documents produced

5  in response to Plaintiffs' Requests.

6      Furthermore, Paramount Pictures' responses are made without in any way

7  intending to waive, but on the contrary, intending to preserve:

8      1.      The right to raise—as part of any subsequent proceeding in, or the trial

9  of, this or any other action—all questions of authenticity, foundation, relevancy,

10  materiality, privilege, and admissibility as evidence for any purpose of any

11  documents produced or identified in support of any of the responses to any portion

12  of Plaintiffs' Requests;

13      2.      The right to object on any ground—as part of any subsequent

14  proceeding in, or the trial of, this or any other action—to the use of any documents

15  produced or identified in support of any of the responses to any portion of

16  Plaintiffs' Requests;

17      3.      The right to object to introduction into evidence of any of these

18  responses; and

19      4.      The right to object on any ground at any time to other discovery

20  involving the subject thereof.

21                      **<u>GENERAL OBJECTIONS</u>**

22      1.      Paramount Pictures objects to each and every Request, definition, and

23  instruction that purports to impose obligations beyond those required or permitted

24  by the Federal Rules of Civil Procedure or the Local Rules.  Paramount Pictures

25  interprets each and every Request, definition, and instruction to be consistent with

26  the Federal Rules of Civil Procedure and Local Rules.

27      2.      Paramount Pictures objects to each and every Request, definition, and

28  instruction to the extent it contains inaccurate, incomplete, or misleading

descriptions of the facts, persons, relationships, events, and pleadings underlying this action.  The production of any information shall not constitute Paramount Pictures' agreement with or acquiescence to any such description.

3.     Paramount Pictures objects to each and every Request, definition, and instruction to the extent it seeks documents that are neither relevant to any claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Paramount Pictures will only produce documents consistent with its responses below.

4.     Paramount Pictures objects to each and every Request, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested documents with reasonable particularity as required by Federal Rule of Civil Procedure 34.  To the extent that a Request requires subjective judgment on the part of Paramount Pictures as to what information is requested, Paramount Pictures will produce responsive, non-privileged documents according to its understanding of the Request.

5.     Paramount Pictures objects to each and every Request, definition, and instruction to the extent it seeks documents created on or after May 11, 2022–the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding the 2022 film *Top Gun:  Maverick* ("*Maverick*")–on the grounds that such Requests are overbroad, beyond the scope of the allegations in the First Amended Complaint ("FAC"), seek documents protected by the attorney-client privilege and work product doctrines and not reasonably calculated to lead to the discovery of admissible evidence.  Paramount Pictures further objects to each and every Request, definition, and instruction to the extent it lacks temporal limitation and is thus unduly burdensome and disproportionate to the needs of the case.  Unless otherwise indicated in the specific responses below, Paramount Pictures will not produce documents created on or after May 11, 2022.

6.      Paramount Pictures objects to each and every Request, definition, and instruction to the extent it seeks to require Paramount Pictures to log documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges on or after January 24, 2020, when Plaintiffs served a copyright termination notice, as the burden and expense of logging such documents would outweigh any benefit of logging them.  Unless otherwise indicated in the specific responses below, Paramount Pictures will not log privileged documents created on or after January 24, 2020.

7.      Paramount Pictures objects to each and every Request to the extent it seeks documents that are a matter of public record, already in the possession of Plaintiffs, or otherwise equally available to the public and Plaintiffs.  That said, without committing to undertake a search for documents in the public record, Paramount Pictures will not withhold any responsive documents that it identifies in its files through a reasonably diligent search simply because the documents may also be available in the public record.

8.      Paramount Pictures objects to each and every Request to the extent that it seeks disclosure of documents that are unreasonably cumulative or duplicative of other discovery served in this action, or are obtainable from sources that are more convenient, less burdensome, or less expensive.

9.      Paramount Pictures objects to each and every Request to the extent that it seeks to require Paramount Pictures to use more than reasonable diligence to locate and identify responsive documents or information.  Consistent with its obligations, Paramount Pictures will conduct a reasonably diligent inquiry for responsive documents.

10.     Paramount Pictures objects to each and every Request to the extent it seeks the production of documents restored from backup tapes or archived data sources that are not reasonably accessible.  Paramount Pictures will not search backup tapes or archived data sources.

1      11.    Paramount Pictures objects to each and every Request, definition, and

2   instruction to the extent it seeks the production of documents other than those in

3   Paramount Pictures' possession, custody, or control.  Paramount Pictures will

4   produce documents within its files.

5      12.    Paramount Pictures objects to each and every Request to the extent it

6   seeks the production of documents protected by the attorney-client privilege, the

7   attorney work product doctrine, the common interest or joint defense privileges,

8   rules and agreements governing privacy or confidentiality, or any other applicable

9   privilege or protection recognized under statute or applicable case law.  Inadvertent

10   production by Paramount Pictures of any documents protected by any applicable

11   privilege or protection shall not constitute a waiver of the privilege or protection.

12      13.    Paramount Pictures objects to each and every Request, definition, and

13   instruction to the extent it calls for a response that would infringe upon the

14   legitimate privacy rights of current or former employees, officers, or directors of

15   Paramount Pictures, current or former affiliates, related companies, subsidiaries, or

16   other individuals, to the full extent such privacy rights and expectations are

17   protected by constitution, statute, contract, court order, or public policy.  Paramount

18   Pictures reserves the right to redact or exclude information from documents to

19   protect unnecessary disclosure of nonresponsive or irrelevant sensitive,

20   confidential, or proprietary business information.

21      14.    Paramount Pictures objects to each and every Request to the extent it

22   seeks Paramount Pictures' sensitive, confidential, or proprietary business

23   information.  To the extent such documents are responsive, relevant, and not

24   privileged, Paramount Pictures will disclose such confidential business documents

25   pursuant to the Protective Order, Dkt. 29, and any subsequent revisions to that

26   Protective Order upon which the Parties may agree.

27      15.    Paramount Pictures objects to each and every Request to the extent it

28   seeks the production of "all" documents in Paramount Pictures' possession.  To the

extent that Paramount Pictures undertakes to produce documents, Paramount Pictures will conduct a reasonable search of custodians reasonably likely to have non-cumulative, non-privileged responsive documents as qualified by Paramount Pictures' objections and responses and, in the case of electronic documents, if any, Paramount Pictures will use search terms reasonably expected to yield non-privileged, responsive documents.

16.     Paramount Pictures objects to each Request, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information in advance of their respective deadlines under the Scheduling Order governing this case and/or the Federal Rules of Civil Procedure.  Paramount Pictures will not produce any expert materials or information before such deadlines.

17.     Paramount Pictures objects to each and every Request to the extent it seeks information or the production of documents whose disclosure would otherwise be prohibited by applicable law, rule, regulation, or contract obligation.

18.     Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Paramount Pictures as to the validity of any claim or defense asserted by Plaintiffs.

19.     All objections as to the relevance, authenticity, or admissibility of any documents produced are expressly reserved by Paramount Pictures.

20.     To the extent that Paramount Pictures responds to any of the Requests, it reserves the right to object on any grounds, at any time, to other discovery Requests involving or relating to the subject matter of the Requests that Paramount Pictures has responded to herein.

21.     An objection or an undertaking to produce documents pursuant to a particular Request should not be construed to indicate that responsive documents actually exist.

22.     Paramount Pictures reserves all objections to the use of these responses.  All such objections may be interposed by Paramount Pictures at the time of trial or as otherwise required by the rules or order of the Court.

23.     Paramount Pictures' responses herein shall not in any way constitute an adoption of Plaintiffs' purported "Definitions" of words or phrases or "Instructions" contained in the Requests.  Paramount Pictures objects to the Definitions, Instructions, and Requests to the extent they: (i) are vague, ambiguous, compound, overbroad, unduly burdensome, and not reasonably tailored to avoid imposing undue burden and expense on Paramount Pictures; (ii) seek documents or information for an undefined period of time or, if defined, cover and span an unreasonably long or burdensome time period, and therefore are burdensome and oppressive; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iv) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure or Local Rules; (v) include assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (vi) incorporate other purported defined terms that suffer from such defects.  In responding to the Requests, Paramount Pictures has, where possible, employed what it regards as the reasonable, common-sense interpretation of the Request in light of the relevant issues in the case.

24.     Paramount Pictures objects to each and every Request to the extent that it seeks information or documents relating to the international exploitation of the Work, *Top Gun*, and/or *Maverick*.  Paramount Pictures does not agree to produce any such information or documents, and all the responses below should be understood to limit any agreement to produce documents to those documents relating to the exploitation of the Work, *Top Gun*, and/or *Maverick* in the United States.

25.     Paramount Pictures objects to the definition of "Agreement" as overbroad and unduly burdensome, as the definition includes "any contract,

whether written or oral, express or implied" and is unbounded in time or by persons party to the agreement.  Paramount Pictures cannot feasibly conduct a search for documents relating to oral or implied agreements.  That said, to the extent that Paramount Pictures identifies any documents memorializing any oral or implied agreements, Paramount Pictures will produce such documents.

26.    Paramount Pictures objects to the definition of "Writer(s)" as overbroad and unduly burdensome to the extent it includes "Ehren Kruger, Eric Warren Singer, Christopher McQuarrie, Peter Craig, Justin Marks, Ashley Edward Miller, and/or Zack Stentz, and any of their agents, managers, or representatives." Consistent with the Local Rules, Paramount Pictures will produce responsive, non-privileged documents from individuals reasonably anticipated to have responsive, non-duplicative, non-privileged documents, to the extent such documents are within Paramount Pictures' possession, custody, or control.

27.    Paramount Pictures objects to the definition of "Director" as overbroad and unduly burdensome to the extent it includes "Joseph Kosinski and any of his agents, managers, or representatives."  Agents may capture representatives such as lawyers, whose communications would be privileged and/or protected.  Consistent with the Local Rules, Paramount Pictures will produce responsive, non-privileged documents from individuals reasonably anticipated to have responsive, non-duplicative, non-privileged documents, to the extent such documents are within Paramount Pictures' possession, custody, or control.

28.    Paramount Pictures objects to the definition of "Paramount" as overbroad and unduly burdensome to the extent it includes "any related or predecessor entities, and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates."  In particular, Paramount Pictures objects to productions from affiliates, which Paramount Pictures has no custody or control over.  Consistent with the Local Rules, Paramount Pictures will produce responsive, non-privileged documents from

individuals at Paramount Pictures reasonably anticipated to have responsive, non-duplicative, non-privileged documents.

29.     Paramount Pictures objects to the definition of "Plaintiffs" and "Defendant" as overbroad and unduly burdensome to the extent this definition includes "the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates."  In particular, Paramount Pictures objects to productions from any "corporate parent" or "affiliates," which Paramount Pictures has no custody or control over.  Consistent with the Local Rules, Paramount Pictures will produce responsive, non-privileged documents from individuals at Paramount Pictures reasonably anticipated to have responsive, non-duplicative, non-privileged documents.

30.     Paramount Pictures objects to Instruction No. 4 as overbroad and unduly burdensome to the extent it purports to require Paramount Pictures to obtain possession of documents from public sources equally available to Plaintiffs. Paramount Pictures construes Instruction No. 4 to only oblige Paramount Pictures to request possession of documents from non-public sources within its possession, custody, or control.

31.     Paramount Pictures objects to Instruction No. 9 as overbroad and unduly burdensome to the extent it requires Paramount Pictures to, without exception, harvest documents "in a manner that maintains the integrity and readability of all data, including all metadata."  Paramount Pictures will undertake reasonable efforts to protect data and metadata where practicable but reserves rights to deviate as circumstances require.

32.     Paramount Pictures objects to Instruction No. 10 as overbroad and unduly burdensome to the extent it requires Paramount Pictures to produce "all" documents in "a manner that ensures the source of each document may be determined" and "with information (such as metadata) identifying the custodian of every document, irrespective of whether the document was obtained electronically

PARAMOUNT PICTURES' RESPONSES
AND OBJECTIONS TO FIRST SET RFPS
NO. 2:22-CV-3846-PA-GJS

or in hard copy." Paramount Pictures will undertake reasonable efforts to produce all documents in such format but reserves rights to deviate as circumstances require, for example, with respect to documents collected and/or produced in prior litigations.

33. Paramount Pictures objects to Instruction No. 11 as overbroad and unduly burdensome to the extent it requires Paramount Pictures to, without exception, produce "all Documents maintained or stored electronically in PDF format (branded with production numbers and, as appropriate, redactions and protective order legending) accompanied by data files which reference the beginning and ending image bates numbers for each document and associated image cross-reference files, family group indications, and all metadata intact." Paramount Pictures will undertake reasonable efforts to ensure as such but reserves rights to deviate as circumstances require.

34. Paramount Pictures objects to Instruction No. 12 as overbroad and unduly burdensome to the extent it requires Paramount Pictures to, without exception, "produce Excel files in native format." Paramount Pictures will undertake reasonable efforts to ensure as such but reserves rights to deviate as circumstances require, for example, with respect to documents that contain privileged and/or protected content when viewed in native format.

35. Paramount Pictures objects to Instruction No. 13 as overbroad and unduly burdensome to the extent it requires Paramount Pictures to, without exception, not separate attached documents and to maintain the "parent-child" relationship of documents. Paramount Pictures will undertake reasonable efforts to follow Instruction No. 13 but reserves rights to deviate as circumstances require.

36. Paramount Pictures objects to Instruction Nos. 14–16 as overbroad and unduly burdensome to the extent they require Paramount Pictures to produce hard-copy or electronic documents in the same form and/or order that they are found. Paramount Pictures will undertake reasonable efforts to produce such documents as

1   they are currently stored, kept and/or organized (unless doing so would reveal

2   attorney work product and/or privileged information) but will not produce the file

3   folders, boxes, binders, notebooks, or other devices or containers where any such

4   documents are located.

5         37.   Paramount Pictures objects to Instruction No. 17 to the extent that it

6   purports to require Paramount Pictures to log documents on an individual, as

7   opposed to categorical basis.

8         38.   Paramount Pictures objects to Instruction No. 18 to the extent that it

9   purports to require Paramount Pictures to log documents not in Paramount Pictures'

10   custody or control.

11         39.   Paramount Pictures objects to the time and place identified in the

12   Requests.  Paramount Pictures will produce documents on a rolling basis

13   commencing within a reasonable time after service of these responses and

14   objections.

15   **SPECIFIC OBJECTIONS AND RESPONSES**

16   **REQUEST FOR PRODUCTION NO. 1.**

17        All Documents, Including Communications, Concerning the Work.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1.**

19        In addition to the foregoing General Objections, each of which is

20   incorporated herein by reference, Paramount Pictures specifically objects to this

21   Request to the extent that it:  (i) seeks information or documents protected by the

22   attorney-client privilege, the attorney work product doctrine, or any other

23   applicable privilege or protection; (ii) seeks documents that are beyond the scope of

24   the allegations in the FAC and are not reasonably calculated to lead to the discovery

25   of admissible evidence to the extent it requests documents from after the date that

26   Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick*

27   (and, for the avoidance of doubt, Paramount Pictures will not produce documents

28   created on or after May 11, 2022); and (iii) is unreasonably cumulative and

duplicative of other Requests, including but not limited to Requests Nos. 2, 3, 6, 7, 8, 17, 19, 21, 23, 25, 27, 29, 31, 33, 34, 38, 39, 40 and 46.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents referring to Ehud Yonay's *Top Guns* (the "Work"), following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2.**

All Documents, Including Communications, Concerning Yonay.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) seeks documents outside of Paramount Pictures' possession, custody, and control; (ii) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (iii) seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection; (iv) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); and (v) is unreasonably cumulative and duplicative of other Requests, including but not limited to Requests Nos. 1, 3, 6, 7, 8, 33, 34, 38, 39, and 40.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents referring to Ehud Yonay, following a reasonably diligent search, to the extent any

1   such non-privileged, responsive documents are within Paramount Pictures'

2   possession, custody, or control.

3   **REQUEST FOR PRODUCTION NO. 3.**

4       All Documents, Including Communications, Concerning any registrations of

5   the Work with the United States Copyright Office.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3.**

7       In addition to the foregoing General Objections, each of which is

8   incorporated herein by reference, Paramount Pictures specifically objects to this

9   Request to the extent that it:  (i) seeks documents that are equally or solely within

10  Plaintiffs' possession, custody, and control; (ii) is overbroad, unduly burdensome,

11  compound and oppressive, as seeking information that is not relevant; (iii) seeks

12  documents that are beyond the scope of the allegations in the FAC and are not

13  reasonably calculated to lead to the discovery of admissible evidence to the extent it

14  requests documents from after the date that Plaintiffs sent Paramount Pictures a

15  cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt,

16  Paramount Pictures will not produce documents created on or after May 11, 2022);

17  and (iv) seeks information or documents protected by the attorney-client privilege,

18  the attorney work product doctrine, or any other applicable privilege or protection.

19      Subject to, and without waiving, the General Objections and these specific

20  objections, Paramount Pictures will produce the copyright registration(s) issued by

21  the United States Copyright Office for the Work and responsive, non-privileged

22  correspondence with the United States Copyright Office related to the registration

23  of the Work, following a reasonably diligent search, to the extent any such non-

24  privileged, responsive documents are within Paramount Pictures' possession,

25  custody, or control.

26  **REQUEST FOR PRODUCTION NO. 4.**

27      All Documents, Including Communications, Concerning any registrations of

28

the 1986 Film with the United States Copyright Office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and oppressive, as seeking information that is not relevant; (ii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); and (iii) seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce the copyright registration(s) issued by the United States Copyright Office for the 1986 film *Top Gun* ("*Top Gun*") and responsive, non-privileged correspondence with the United States Copyright Office related to the registration of *Top Gun*, following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5.**

All Documents, Including Communications, Concerning any registrations of the 2022 Sequel with the United States Copyright Office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and oppressive, as seeking information that is not relevant; (ii) seeks documents that are

1  beyond the scope of the allegations in the FAC and are not reasonably calculated to

2  lead to the discovery of admissible evidence to the extent it requests documents

3  from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter

4  regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not

5  produce documents created on or after May 11, 2022); and (iii) seeks information

6  or documents protected by the attorney-client privilege, the attorney work product

7  doctrine, or any other applicable privilege or protection.

8         Subject to, and without waiving, the General Objections and these specific

9  objections, Paramount Pictures will produce the copyright registration(s) issued by

10  the United States Copyright Office for *Maverick* and responsive, non-privileged

11  correspondence with the United States Copyright Office related to the registration

12  of *Maverick*, following a reasonably diligent search, to the extent any such non-

13  privileged, responsive documents are within Paramount Pictures' possession,

14  custody, or control.

15  **REQUEST FOR PRODUCTION NO. 6.**

16         All Agreements Concerning the Work.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6.**

18         Paramount Pictures objects to this Request to the extent that it:  (i) seeks

19  information or documents protected by the attorney-client privilege, the attorney

20  work product doctrine, or any other applicable privilege or protection; and (ii) is

21  vague and ambiguous as to the meaning of "Concerning" as used in this Request,

22  and Paramount Pictures interprets "Concerning" as having the same meaning as

23  "relating to" as to this Request.

24         Subject to, and without waiving, these specific objections and the General

25  Objections, Paramount Pictures will produce non-privileged agreements relating to

26  the Work, following a reasonably diligent search, to the extent any such documents

27

28

1    are within Paramount Pictures' possession, custody, or control.

2    **REQUEST FOR PRODUCTION NO. 7.**

3        All prior drafts or iterations of all Agreements Concerning the Work.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7.**

5        In addition to the foregoing General Objections, each of which is

6    incorporated herein by reference, Paramount Pictures specifically objects to this

7    Request to the extent that it:  (i) is overbroad, unduly burdensome, and—insofar as

8    it calls for the production of "all" drafts or iterations of "any" agreement—seeks

9    documents that are not relevant to any issue in this action and are not reasonably

10   calculated to lead to the discovery of admissible evidence; (ii) seeks information or

11   documents protected by the attorney-client privilege, the attorney work product

12   doctrine, or any other applicable privilege or protection; and (iii) is vague and

13   ambiguous as to the meaning of "Concerning" as used in this Request, and

14   Paramount Pictures interprets "Concerning" as having the same meaning as

15   "relating to" as to this Request.

16       Subject to, and without waiving, these specific objections and the General

17   Objections, Paramount Pictures will produce non-privileged draft agreements

18   relating to the Work, following a reasonably diligent search, to the extent any such

19   non-privileged, responsive documents are within Paramount Pictures' possession,

20   custody, or control.

21   **REQUEST FOR PRODUCTION NO. 8.**

22       All Documents, Including Communications, reflecting negotiations of any

23   Agreement(s) Concerning the Work.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8.**

25       In addition to the foregoing General Objections, each of which is

26   incorporated herein by reference, Paramount Pictures specifically objects to this

27   Request to the extent that it:  (i) is overbroad, unduly burdensome, and—insofar as

28   it calls for the production of "all" documents reflecting negotiations of "any"

- 17 -

agreement—seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence; (ii) seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection; (iii) is vague and ambiguous as to the meaning of "reflecting" as to a negotiation, which is vague and ambiguous in this Request, and Paramount Pictures interprets "reflecting" as having the same meaning as "memorializing" as to this Request; and (iv) is vague and ambiguous as to the meaning of "Concerning" as used in this Request, and Paramount Pictures interprets "Concerning" as having the same meaning as "relating to" as to this Request.

Subject to, and without waiving, these specific objections and the General Objections, Paramount Pictures will produce non-privileged documents memorializing the negotiations of agreements relating to the Work, following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9.**

All Documents, Including Communications, Concerning the development of the story and screenplay of the 1986 Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent  that it:  (i) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection; (iii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after

1  the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

2  *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

3  documents created on or after May 11, 2022); (iv) is vague and ambiguous,

4  including as to the phrase "the development of the story and screenplay of the 1986

5  Film"; and (v) is unreasonably cumulative and duplicative of other Requests,

6  including but not limited to Requests Nos. 11, 12, and 15.

7       Subject to, and without waiving, these specific objections and the General

8  Objections, Paramount Pictures will produce non-privileged, responsive documents

9  concerning the development of the story and screenplay of *Top Gun*, following a

10  reasonably diligent search, to the extent any such non-privileged, responsive

11  documents are within Paramount Pictures' possession, custody, or control.

12  **REQUEST FOR PRODUCTION NO. 10.**

13       All Documents, Including Communications, Concerning the development of

14  the story and screenplay of the 2022 Sequel.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10.**

16       In addition to the foregoing General Objections, each of which is

17  incorporated herein by reference, Paramount Pictures specifically objects to this

18  Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

19  oppressive, particularly because it does not include any restriction based on time,

20  scope, or relevance to the issues in this action; (ii) seeks information or documents

21  protected by the attorney-client privilege, the attorney work product doctrine, or

22  any other applicable privilege or protection; (iii) seeks documents that are beyond

23  the scope of the allegations in the FAC and are not reasonably calculated to lead to

24  the discovery of admissible evidence to the extent it requests documents from after

25  the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

26  *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

27  documents created on or after May 11, 2022); (iv) is vague and ambiguous,

28  including as to the phrase "the development of the story and screenplay of the 2022

- 19 -

Sequel"; and (v) is unreasonably cumulative and duplicative of other Requests, including but not limited to Request Nos. 11, 12, and 15.

Subject to, and without waiving, these specific objections and the General Objections, Paramount Pictures will produce non-privileged scripts, treatments, and outlines, as well as drafts thereof and notes or comments on such scripts, treatments and outlines, for *Maverick*, following a reasonably diligent search, to the extent any such responsive, non-privileged documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11.**

Documents sufficient to identify any and all material or sources relied upon in the development of the story or screenplay for the 1986 Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); (iii) is vague and ambiguous, including as to the phrase "sources relied upon;" and (iv) seeks information more properly suited to an interrogatory.  For the avoidance of doubt, Paramount Pictures will not create any documents in response to this Request.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents sufficient to identify source materials relied on in development of the story or

screenplays of *Top Gun*, following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12.**

All Communications Concerning any and all material or sources relied upon in the development of the story or screenplay for the 1986 Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection; (iii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); and (iv) is vague and ambiguous, including as to the phrase "sources relied upon."

Subject to, and without waiving, the General Objections and these specific objections, in response to Request No. 11, Paramount Pictures has agreed to produce documents sufficient to identify source materials relied on in development of the story or screenplays of *Top Gun*, following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.  If, after reviewing any such materials, Plaintiffs identify materials that they contend are relevant, Paramount Pictures is willing to meet and confer about further responding to this Request.

**REQUEST FOR PRODUCTION NO. 13.**

Documents sufficient to identify any and all material or sources relied upon in the development of the story or screenplay for the 2022 Sequel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); (iii) is vague and ambiguous, including as to the phrase "sources relied upon;" and (iv) seeks information more properly suited to an interrogatory.  For the avoidance of doubt, Paramount Pictures will not create any documents in response to this Request.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents sufficient to identify source materials relied on in development of the story or screenplays of *Maverick*, following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14.**

All Communications Concerning any and all material or sources relied upon in the development of the story or screenplay for the 2022 Sequel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14.**

In addition to the foregoing General Objections, each of which is

incorporated herein by reference, Paramount Pictures specifically objects to this
Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and
oppressive, particularly because it does not include any restriction based on time,
scope, or relevance to the issues in this action; (ii) seeks information or documents
protected by the attorney-client privilege, the attorney work product doctrine, or
any other applicable privilege or protection; (iii) seeks documents that are beyond
the scope of the allegations in the FAC and are not reasonably calculated to lead to
the discovery of admissible evidence to the extent it requests documents from after
the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding
*Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce
documents created on or after May 11, 2022); and (iv) is vague and ambiguous,
including as to the phrase "sources relied upon."

Subject to, and without waiving, the General Objections and these specific
objections, in response to Request No. 13, Paramount Pictures has agreed to
produce documents sufficient to identify materials relied on in development of the
story or screenplays of *Maverick*, following a reasonably diligent search, to the
extent any such non-privileged, responsive documents are within Paramount
Pictures' possession, custody, or control.  If, after reviewing any such source
materials, Plaintiffs identify any sources that they contend are relevant, Paramount
Pictures is willing to meet and confer about further responding to this Request.

**REQUEST FOR PRODUCTION NO. 15.**

All drafts, iterations, outlines, treatments, and versions of the 1986 Film's
story and screenplay.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15.**

In addition to the foregoing General Objections, each of which is
incorporated herein by reference, Paramount Pictures specifically objects to this
Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and
oppressive, particularly because it does not include any restriction based on time,

- 23 -

1   scope, or relevance to the issues in this action; (ii) seeks documents that are beyond

2   the scope of the allegations in the FAC and are not reasonably calculated to lead to

3   the discovery of admissible evidence to the extent it requests documents from after

4   the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

5   *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

6   documents created on or after May 11, 2022); (iii) is vague and ambiguous,

7   including as to the terms "iterations" and "story"; and (iv) is unreasonably

8   cumulative and duplicative of other Requests, including but not limited to Request

9   No. 9.

10      Subject to, and without waiving, these specific objections and the General

11  Objections, Paramount Pictures will produce non-privileged scripts, treatments, and

12  outlines, as well as drafts thereof and notes or comments on such scripts, treatments

13  and outlines, for *Top Gun*, following a reasonably diligent search, to the extent any

14  such responsive, non-privileged documents are within Paramount Pictures'

15  possession, custody, or control.

16  **REQUEST FOR PRODUCTION NO. 16.**

17      All drafts, iterations, outlines, treatments, and versions of the 2022 Sequel's

18  story and screenplay.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16.**

20      In addition to the foregoing General Objections, each of which is

21  incorporated herein by reference, Paramount Pictures specifically objects to this

22  Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

23  oppressive, particularly because it does not include any restriction based on time,

24  scope, or relevance to the issues in this action; (ii) seeks documents that are beyond

25  the scope of the allegations in the FAC and are not reasonably calculated to lead to

26  the discovery of admissible evidence to the extent it requests documents from after

27  the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

28  *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

PARAMOUNT PICTURES' RESPONSES
AND OBJECTIONS TO FIRST SET RFPS
NO. 2:22-CV-3846-PA-GJS

1   documents created on or after May 11, 2022); (iii) is vague and ambiguous,

2   including as to the terms "iterations" and "story"; and (iv) is unreasonably

3   cumulative and duplicative of other Requests, including but not limited to Request

4   No. 10.

5          Subject to, and without waiving, these specific objections and the General

6   Objections, Paramount Pictures will produce non-privileged scripts, treatments, and

7   outlines, as well as drafts thereof and notes or comments on such scripts, treatments

8   and outlines, for *Maverick*, following a reasonably diligent search, to the extent any

9   such responsive, non-privileged documents are within Paramount Pictures'

10  possession, custody, or control.

11  **REQUEST FOR PRODUCTION NO. 17.**

12         Documents showing Your description or characterization of the themes of the

13  Work.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17.**

15         In addition to the foregoing General Objections, each of which is

16  incorporated herein by reference, Paramount Pictures specifically objects to this

17  Request to the extent that it:  (i) is vague and ambiguous as to the meaning of

18  "showing" as used in this Request, and Paramount Pictures interprets "showing" as

19  having the same meaning as "containing" as to this Request; (ii) is overbroad,

20  unduly burdensome, compound and oppressive, particularly because it does not

21  include any restriction based on time, scope, or relevance to the issues in this

22  action; (iii) seeks documents that are beyond the scope of the allegations in the

23  FAC and are not reasonably calculated to lead to the discovery of admissible

24  evidence to the extent it requests documents from after the date that Plaintiffs sent

25  Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the

26  avoidance of doubt, Paramount Pictures will not produce documents created on or

27  after May 11, 2022); (iv) seeks documents that do not relate to the Work; (v) seeks

28  information relating to the exploitation of *Top Gun* and/or *Maverick* outside the

1  United States; and (vi) is unreasonably cumulative and duplicative of other

2  Requests, including but not limited to Request No. 1.

3       Subject to, and without waiving, these specific objections and the General

4  Objections, Paramount Pictures will produce non-privileged documents containing

5  Paramount Pictures' description or characterization of the themes of the Work, to

6  the extent any such non-privileged, responsive documents are within Paramount

7  Pictures' possession, custody, or control.

8  **REQUEST FOR PRODUCTION NO. 18.**

9       Documents containing Your description or characterization of the themes of

10  the 1986 Film and/or 2022 Sequel.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18.**

12       In addition to the foregoing General Objections, each of which is

13  incorporated herein by reference, Paramount Pictures specifically objects to this

14  Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

15  oppressive, particularly because it does not include any restriction based on time,

16  scope, or relevance to the issues in this action; (ii) seeks irrelevant documents and

17  communications specifically concerning *Top Gun*, which is not the subject of the

18  action; (iii) seeks documents that are beyond the scope of the allegations in the

19  FAC and are not reasonably calculated to lead to the discovery of admissible

20  evidence to the extent it requests documents from after the date that Plaintiffs sent

21  Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the

22  avoidance of doubt, Paramount Pictures will not produce documents created on or

23  after May 11, 2022); (iv) seeks information relating to the exploitation of *Top Gun*

24  and/or *Maverick* outside the United States; and (v) is a compound request seeking

25  documents related to two separate films.

26       Subject to, and without waiving, the General Objections and these specific

27  objections, Paramount Pictures will produce responsive, non-privileged documents

28  containing Paramount Pictures' description or characterization of the theme(s) of

- 26 -

*Maverick*, following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19.**

Documents containing Your description or characterization of the plot of the Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); (iii) seeks documents that do not relate to the Work; (iv) seeks information relating to the exploitation of the Work, *Top Gun* and/or *Maverick* outside the United States; and (v) is unreasonably cumulative and duplicative of other Requests, including but not limited to Request No. 1.

Subject to, and without waiving, these specific objections and the General Objections, Paramount Pictures will produce non-privileged documents containing Paramount Pictures' description or characterization of the plot of the Work, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20.**

Documents containing Your description or characterization of the plot of the

1986 Film and/or 2022 Sequel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20.**

In addition to the foregoing General Objections, each of which is
incorporated herein by reference, Paramount Pictures specifically objects to this
Request on the grounds that it:  (i) is overbroad, unduly burdensome, compound
and oppressive, particularly because it does not include any restriction based on
time, scope, or relevance to the issues in this action; (ii) seeks irrelevant documents
and communications specifically concerning *Top Gun*, which is not the subject of
the action; (iii) seeks information relating to the exploitation of the Work, *Top Gun*
and/or *Maverick* outside the United States; (iv) seeks documents that are beyond the
scope of the allegations in the FAC and are not reasonably calculated to lead to the
discovery of admissible evidence to the extent it requests documents from after the
date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding
*Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce
documents created on or after May 11, 2022); and (v) is a compound request
seeking documents related to two separate films.

Subject to, and without waiving, the General Objections and these specific
objections, Paramount Pictures will produce responsive, non-privileged documents
containing Paramount Pictures' description or characterization of the plot of
*Maverick*, following a reasonably diligent search, to the extent any such non-
privileged, responsive documents are within Paramount Pictures' possession,
custody, or control.

**REQUEST FOR PRODUCTION NO. 21.**

Documents containing Your description or characterization of any of the
Work's characters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21.**

In addition to the foregoing General Objections, each of which is
incorporated herein by reference, Paramount Pictures specifically objects to this

1  Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

2  oppressive, particularly because it does not include any restriction based on time,

3  scope, or relevance to the issues in this action; (ii) seeks documents that are beyond

4  the scope of the allegations in the FAC and are not reasonably calculated to lead to

5  the discovery of admissible evidence to the extent it requests documents from after

6  the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

7  *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

8  documents created on or after May 11, 2022); (iii) seeks documents that do not

9  relate to the Work; (iv) seeks information relating to the exploitation of the Work,

10  *Top Gun* and/or *Maverick* outside the United States; and (v) is unreasonably

11  cumulative and duplicative of other Requests, including but not limited to Request

12  No. 1.

13      Subject to, and without waiving, these specific objections and the General

14  Objections, Paramount Pictures will produce non-privileged documents containing

15  Paramount Pictures' description or characterization of any of the purported

16  "characters" of the Work, to the extent any such non-privileged, responsive

17  documents are within Paramount Pictures' possession, custody, or control.

18  **REQUEST FOR PRODUCTION NO. 22.**

19      Documents showing Your description or characterization of any of the 1986

20  Film [sic] and/or 2022 Sequel's characters.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22.**

22      In addition to the foregoing General Objections, each of which is

23  incorporated herein by reference, Paramount Pictures specifically objects to this

24  Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

25  oppressive, particularly because it does not include any restriction based on time,

26  scope, or relevance to the issues in this action; (ii) seeks irrelevant documents and

27  communications specifically concerning *Top Gun*, which is not the subject of the

28  action; (iii) seeks information relating to the exploitation of the Work, *Top Gun*

and/or *Maverick* outside the United States; and (iv) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); and (v) is a compound request seeking documents related to two separate films.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents containing Paramount Pictures' description or characterization of the characters of *Maverick*, following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23.**

Documents showing Your description or characterization of the setting(s) of the Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is vague and ambiguous as to the meaning of "showing" as used in this Request, and Paramount Pictures interprets "showing" as having the same meaning as "containing" as to this Request; (ii) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (iii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the

avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); (iv) seeks documents that do not relate to the Work; (v) seeks documents regarding an actual location; (vi) seeks information relating to the exploitation of the Work, *Top Gun* and/or *Maverick* outside the United States; and (vii) is unreasonably cumulative and duplicative of other Requests, including but not limited to Request No. 1.

Subject to, and without waiving, these specific objections and the General Objections, Paramount Pictures will produce non-privileged documents containing Paramount Pictures' description or characterization of any of the purported "setting(s)" of the Work, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24.**

Documents showing Your description or characterization of the setting(s) of the 1986 Film and/or 2022 Sequel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks irrelevant documents and communications specifically concerning *Top Gun*, which is not the subject of the action; (iii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); (iv) seeks information relating to the exploitation of the Work, *Top Gun* and/or *Maverick* outside the United States; (v) seeks documents regarding

1  an actual location; and (vi) is a compound request seeking documents related to two
2  separate films.

3        Subject to, and without waiving, the General Objections and these specific
4  objections, Paramount Pictures will produce responsive, non-privileged documents
5  containing Paramount Pictures' description or characterization of the setting(s) of
6  *Maverick*, following a reasonably diligent search, to the extent any such non-
7  privileged, responsive documents are within Paramount Pictures' possession,
8  custody, or control.

9  **REQUEST FOR PRODUCTION NO. 25.**

10       Documents showing Your description or characterization of the mood(s) of
11 the Work.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25.**

13       In addition to the foregoing General Objections, each of which is
14 incorporated herein by reference, Paramount Pictures specifically objects to this
15 Request to the extent that it:  (i) is vague and ambiguous as to the meaning of
16 "showing" as used in this Request, and Paramount Pictures interprets "showing" as
17 having the same meaning as "containing" as to this Request; (ii) is overbroad,
18 unduly burdensome, compound and oppressive, particularly because it does not
19 include any restriction based on time, scope, or relevance to the issues in this
20 action; (iii) seeks documents that are beyond the scope of the allegations in the
21 FAC and are not reasonably calculated to lead to the discovery of admissible
22 evidence to the extent it requests documents from after the date that Plaintiffs sent
23 Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the
24 avoidance of doubt, Paramount Pictures will not produce documents created on or
25 after May 11, 2022); (iv) seeks documents that do not relate to the Work; (v) seeks
26 information relating to the exploitation of the Work, *Top Gun* and/or *Maverick*
27 outside the United States; and (vi) is unreasonably cumulative and duplicative of
28

1   other Requests, including but not limited to Request No. 1.

2          Subject to, and without waiving, these specific objections and the General

3   Objections, Paramount Pictures will produce non-privileged documents containing

4   Paramount Pictures' description or characterization of any of the "mood(s)" of the

5   Work, to the extent any such non-privileged, responsive documents are within

6   Paramount Pictures' possession, custody, or control.

7   **REQUEST FOR PRODUCTION NO. 26.**

8          Documents showing Your description or characterization of the mood(s) of

9   the 1986 Film and/or 2022 Sequel.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26.**

11         In addition to the foregoing General Objections, each of which is

12  incorporated herein by reference, Paramount Pictures specifically objects to this

13  Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

14  oppressive, particularly because it does not include any restriction based on time,

15  scope, or relevance to the issues in this action; (ii) seeks irrelevant documents and

16  communications specifically concerning *Top Gun*, which is not the subject of the

17  action; (iii) seeks information relating to the exploitation of the Work, *Top Gun*

18  and/or *Maverick* outside the United States; (iv) seeks documents that are beyond the

19  scope of the allegations in the FAC and are not reasonably calculated to lead to the

20  discovery of admissible evidence to the extent it requests documents from after the

21  date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

22  *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

23  documents created on or after May 11, 2022); and (v) is a compound request

24  seeking documents related to two separate films.

25         Subject to, and without waiving, the General Objections and these specific

26  objections, Paramount Pictures will produce responsive, non-privileged documents

27  containing Paramount Pictures' description or characterization of the "mood(s)" of

28  *Maverick*, following a reasonably diligent search, to the extent any such non-

PARAMOUNT PICTURES' RESPONSES
AND OBJECTIONS TO FIRST SET RFPS
NO. 2:22-CV-3846-PA-GJS

privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 27.**

Documents showing Your description or characterization of the pace of the Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent  that it:  (i) is vague and ambiguous as to the meaning of "showing" as used in this Request, and Paramount Pictures interprets "showing" as having the same meaning as "containing" as to this Request; (ii) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (iii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); (iv) seeks documents that do not relate to the Work; (v) seeks information relating to the exploitation of the Work, *Top Gun* and/or *Maverick* outside the United States; and (vi) is unreasonably cumulative and duplicative of other Requests, including but not limited to Request No. 1.

Subject to, and without waiving, these specific objections and the General Objections, Paramount Pictures will produce non-privileged documents containing Paramount Pictures' description or characterization of the pace of the Work, to the extent any such non-privileged, responsive documents are within Paramount

1    Pictures' possession, custody, or control.

2    **REQUEST FOR PRODUCTION NO. 28.**

3         Documents showing Your description or characterization of the pace of the

4    1986 Film and/or 2022 Sequel.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28.**

6         In addition to the foregoing General Objections, each of which is

7    incorporated herein by reference, Paramount Pictures specifically objects to this

8    Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

9    oppressive, particularly because it does not include any restriction based on time,

10   scope, or relevance to the issues in this action; (ii) seeks irrelevant documents and

11   communications specifically concerning *Top Gun*, which is not the subject of the

12   action; (iii) seeks information relating to the exploitation of the Work, *Top Gun*

13   and/or *Maverick* outside the United States; (iv) seeks documents that are beyond the

14   scope of the allegations in the FAC and are not reasonably calculated to lead to the

15   discovery of admissible evidence to the extent it requests documents from after the

16   date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

17   *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

18   documents created on or after May 11, 2022); and (v) is a compound request

19   seeking documents related to two separate films.

20        Subject to, and without waiving, the General Objections and these specific

21   objections, Paramount Pictures will produce responsive, non-privileged documents

22   containing Paramount Pictures' description or characterization of the pace of

23   *Maverick*, following a reasonably diligent search, to the extent any such non-

24   privileged, responsive documents are within Paramount Pictures' possession,

25   custody, or control.

26   **REQUEST FOR PRODUCTION NO. 29.**

27        Documents showing Your description or characterization of the dialogue of

28   the Work.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29.**

2       In addition to the foregoing General Objections, each of which is

3  incorporated herein by reference, Paramount Pictures specifically objects to this

4  Request to the extent that it:  (i) is vague and ambiguous as to the meaning of

5  "showing" as used in this Request, and Paramount Pictures interprets "showing" as

6  having the same meaning as "containing" as to this Request; (ii) is overbroad,

7  unduly burdensome, compound and oppressive, particularly because it does not

8  include any restriction based on time, scope, or relevance to the issues in this

9  action; (iii) seeks documents that are beyond the scope of the allegations in the

10  FAC and are not reasonably calculated to lead to the discovery of admissible

11  evidence to the extent it requests documents from after the date that Plaintiffs sent

12  Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the

13  avoidance of doubt, Paramount Pictures will not produce documents created on or

14  after May 11, 2022); (iv) seeks documents that do not relate to the Work; (v) seeks

15  information relating to the exploitation of the Work, *Top Gun* and/or *Maverick*

16  outside the United States; and (vi) is unreasonably cumulative and duplicative of

17  other Requests, including but not limited to Request No. 1.

18       Subject to, and without waiving, these specific objections and the General

19  Objections, Paramount Pictures will produce non-privileged documents containing

20  Paramount Pictures' description or characterization of any purported "dialogue" in

21  the Work, to the extent any such non-privileged, responsive documents are within

22  Paramount Pictures' possession, custody, or control.

23  **REQUEST FOR PRODUCTION NO. 30.**

24       Documents showing Your description or characterization of the dialogue of

25  the 1986 Film and/or 2022 Sequel.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30.**

27       In addition to the foregoing General Objections, each of which is

28  incorporated herein by reference, Paramount Pictures specifically objects to this

1   Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

2   oppressive, particularly because it does not include any restriction based on time,

3   scope, or relevance to the issues in this action; (ii) seeks irrelevant documents and

4   communications specifically concerning *Top Gun*, which is not the subject of the

5   action; (iii) seeks information relating to the exploitation of the Work, *Top Gun*

6   and/or *Maverick* outside the United States; (iv) seeks documents that are beyond the

7   scope of the allegations in the FAC and are not reasonably calculated to lead to the

8   discovery of admissible evidence to the extent it requests documents from after the

9   date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

10  *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

11  documents created on or after May 11, 2022); and (v) is a compound request

12  seeking documents related to two separate films.

13          Subject to, and without waiving, the General Objections and these specific

14  objections, Paramount Pictures will produce responsive, non-privileged documents

15  containing Paramount Pictures' description or characterization of the dialogue of

16  *Maverick*, following a reasonably diligent search, to the extent any such non-

17  privileged, responsive documents are within Paramount Pictures' possession,

18  custody, or control.

19  **REQUEST FOR PRODUCTION NO. 31.**

20          Documents Concerning Your description or characterization of the Work.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31.**

22          In addition to the foregoing General Objections, each of which is

23  incorporated herein by reference, Paramount Pictures specifically objects to this

24  Request to the extent  that it:  (i) is vague and ambiguous as to the meaning of

25  "Concerning" as used in this Request, and Paramount Pictures interprets

26  "Concerning" as having the same meaning as "reflecting" as to this Request; (ii) is

27  overbroad, unduly burdensome, compound and oppressive, particularly because it

28  does not include any restriction based on time, scope, or relevance to the issues in

this action; (iii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); (iv) seeks documents that do not relate to the Work; (v) seeks information relating to the exploitation of the Work, *Top Gun* and/or *Maverick* outside the United States; and (vi) is unreasonably cumulative and duplicative of other Requests, including but not limited to Request No. 1.

Subject to, and without waiving, these specific objections and the General Objections, Paramount Pictures will produce non-privileged documents containing Paramount Pictures' description or characterization of the Work, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 32.**

Documents Concerning Your description or characterization of the 2022 Sequel, Including in Your marketing and/or publicizing of the 2022 Sequel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); (iii) seeks information relating to the

- 38 -

exploitation of the Work, *Top Gun* and/or *Maverick* outside the United States; and (iv) is unreasonably cumulative and duplicative of other Requests, including but not limited to Requests Nos. 18, 20, 22, 24, 26, 28, and 30.

Subject to, and without waiving, these specific objections and the General Objections, to the extent that Plaintiffs believe there are additional relevant documents that are not covered by Paramount Pictures' responses to the above referenced requests (*i.e.*, relevant documents that are responsive only to this Request), Paramount Pictures asks that Plaintiffs identify such documents and Paramount Pictures will then make itself available to meet and confer.

**REQUEST FOR PRODUCTION NO. 33.**

All Communications between You and any Writer(s) Concerning the Work and/or Yonay.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks documents that are beyond the scope of the allegations in the FAC, including documents regarding Ehud Yonay that are wholly unrelated to the Work, and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); and (iii) is duplicative and encompassed within Requests Nos. 1, 2, 35, 36, 38, and 40.

Subject to, and without waiving, these specific objections and the General Objections, Paramount Pictures will produce non-privileged documents containing Paramount Pictures' communications with the *Maverick* screenwriters concerning

1   the Work and/or Yonay, to the extent any such non-privileged, responsive

2   documents are within Paramount Pictures' possession, custody, or control.

3   **REQUEST FOR PRODUCTION NO. 34.**

4          All Communications between You and the Director Concerning the Work

5   and/or Yonay.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34.**

7          In addition to the foregoing General Objections, each of which is

8   incorporated herein by reference, Paramount Pictures specifically objects to this

9   Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

10  oppressive, particularly because it does not include any restriction based on time,

11  scope, or relevance to the issues in this action; (ii) seeks documents that are beyond

12  the scope of the allegations in the FAC, including documents regarding Ehud

13  Yonay that are wholly unrelated to the Work, and are not reasonably calculated to

14  lead to the discovery of admissible evidence to the extent it requests documents

15  from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter

16  regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not

17  produce documents created on or after May 11, 2022); and (iii) is duplicative and

18  encompassed within Requests for Production Nos. 1, 2, 37, 39, and 40.

19         Subject to, and without waiving, these specific objections and the General

20  Objections, Paramount Pictures will produce non-privileged documents containing

21  Paramount Pictures' communications with the *Maverick* director concerning the

22  Work and/or Yonay, to the extent any such non-privileged, responsive documents

23  are within Paramount Pictures' possession, custody, or control.

24  **REQUEST FOR PRODUCTION NO. 35.**

25         All Communications, Including notes and/or comments, between You and

26  any Writer(s) Concerning the 2022 Sequel.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35.**

28         In addition to the foregoing General Objections, each of which is

- 40 -

incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); and (iii) is unreasonably duplicative and cumulative of Requests Nos. 18, 20, 22, 24, 26, 28, and 30.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents reflecting notes or comments on screenplays, outlines, or treatments for *Maverick*, following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36.**

All Communications between You and any screenwriters, Including notes and/or comments, Concerning the 1986 Film.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; and (ii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter

regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022).

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce non-privileged communications between Paramount Pictures and any screenwriters for *Top Gun* concerning *Top Gun*, following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 37.**

All Communications by or to the Director Concerning the development of the story and/or screenplay of 2022 Sequel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick*; (iii) is unreasonably duplicative and cumulative of Requests Nos. 18, 20, 22, 24, 26, 28, and 30; and (iv) is vague and ambiguous as to "all" communications "concern[ing]" the development of the "story."

Subject to, and without waiving, these specific objections and the General Objections, to the extent that Plaintiffs believe there are additional relevant documents that are not covered by Paramount Pictures' responses to above referenced requests (*i.e.*, relevant documents that are responsive only to this Request), Paramount Pictures asks that Plaintiffs identify such non-privileged,

1  responsive documents and Paramount Pictures will then make itself available to

2  meet and confer.

3  **REQUEST FOR PRODUCTION NO. 38.**

4      All Communications between You and any Writer(s) Concerning the Action.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38.**

6      In addition to the foregoing General Objections, each of which is

7  incorporated herein by reference, Paramount Pictures specifically objects to this

8  Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

9  oppressive, particularly because it does not include any restriction based on time,

10  scope, or relevance to the issues in this action; (ii) seeks information or documents

11  protected by the attorney-client privilege, the attorney work product doctrine, or

12  any other applicable privilege or protection; (iii) seeks documents that are beyond

13  the scope of the allegations in the FAC and are not reasonably calculated to lead to

14  the discovery of admissible evidence to the extent it requests documents from after

15  the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

16  *Maverick*; and (iv) is unreasonably duplicative and cumulative of Requests Nos. 1,

17  2, 33, 35, 36, and 40.

18      Subject to, and without waiving, these specific objections and the General

19  Objections, to the extent that Plaintiffs believe there are additional relevant

20  documents that are not covered by Paramount Pictures' responses to above

21  referenced requests (*i.e.*, relevant documents that are responsive only to this

22  Request), Paramount Pictures asks that Plaintiffs identify such documents and

23  Paramount Pictures will then make itself available to meet and confer.

24  **REQUEST FOR PRODUCTION NO. 39.**

25      All Communications between You and the Director Concerning the Action.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39.**

27      In addition to the foregoing General Objections, each of which is

28  incorporated herein by reference, Paramount Pictures specifically objects to this

Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and
oppressive, particularly because it does not include any restriction based on time,
scope, or relevance to the issues in this action; (ii) seeks information or documents
protected by the attorney-client privilege, the attorney work product doctrine, or
any other applicable privilege or protection; (iii) seeks documents that are beyond
the scope of the allegations and are not reasonably calculated to lead to the
discovery of admissible evidence to the extent it requests documents from after the
date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding
*Maverick*; and (iv) is cumulative and duplicative of Requests Nos. 1, 2, 34, 37, and
40.

Subject to, and without waiving, these specific objections and the General
Objections, to the extent that Plaintiffs believe there are additional relevant
documents that are not covered by Paramount Pictures' responses to above
referenced requests (*i.e.*, relevant documents that are responsive only to this
Request), Paramount Pictures asks that Plaintiffs identify such documents and
Paramount Pictures will then make itself available to meet and confer.

**REQUEST FOR PRODUCTION NO. 40.**

All Communications between You and any third party (excluding Your
attorney(s)) Concerning the Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40.**

In addition to the foregoing General Objections, each of which is
incorporated herein by reference, Paramount Pictures specifically objects to this
Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and
oppressive, particularly because it does not include any restriction based on time,
scope, or relevance to the issues in this action; (ii) seeks information or documents
protected by the attorney-client privilege, the attorney work product doctrine, or
any other applicable privilege or protection; (iii) seeks documents that are beyond
the scope of the allegations and are not reasonably calculated to lead to the

1  discovery of admissible evidence to the extent it requests documents from after the

2  date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

3  *Maverick*; and (iv) is cumulative and duplicative of Requests Nos. 1, 2, 33, 34, 35,

4  36, 37, 38, and 39.

5  Subject to, and without waiving, these specific objections and the General

6  Objections, to the extent that Plaintiffs believe there are additional relevant

7  documents that are not covered by Paramount Pictures' responses to above

8  referenced requests (*i.e.*, relevant documents that are responsive only to this

9  Request), Paramount Pictures asks that Plaintiffs identify such documents and

10  Paramount Pictures will then make itself available to meet and confer.

11  **REQUEST FOR PRODUCTION NO. 41.**

12  All Agreements between You and any Writer(s) Concerning the 2022 Sequel.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41.**

14  In addition to the foregoing General Objections, each of which is

15  incorporated herein by reference, Paramount Pictures specifically objects to this

16  Request to the extent that it is overbroad and unduly burdensome insofar as it calls

17  for the production of "all" agreements with no restrictions as to time or relevance.

18  Subject to, and without waiving, these specific objections and the General

19  Objections, Paramount Pictures will produce all responsive agreements with the

20  credited writers of *Maverick*, following a reasonably diligent search, to the extent

21  any such responsive documents are within Paramount Pictures' possession,

22  custody, or control.

23  **REQUEST FOR PRODUCTION NO. 42.**

24  All written material by any Writer(s) Concerning the 2022 Sequel, including

25  all drafts of any screenplay, treatment, or outline.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42.**

27  In addition to the foregoing General Objections, each of which is

28  incorporated herein by reference, Paramount Pictures specifically objects to this

- 45 -

Request to the extent that it: (i) is overbroad and unduly burdensome insofar as it calls for the production of "all written material" with no restrictions on time or relevance; and (ii) is unreasonably cumulative and duplicative of Request No. 16.

Subject to, and without waiving, these specific objections and the General Objections, Paramount Pictures will produce non-privileged scripts, treatments, and outlines, as well as drafts thereof and notes and comments on such scripts, treatments, and outlines, for *Maverick*, following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43.**

All interviews of any talent involved in the 2022 Sequel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it: (i) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); and (iii) requests documents that are equally accessible to Plaintiffs as a matter of public record.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce documents sufficient to identify press interviews arranged by Paramount Pictures related to *Maverick* given by the talent involved therewith, following a reasonably diligent search, to the extent any such non-privileged, responsive documents are within Paramount Pictures' possession,

1  custody, or control.

2  **REQUEST FOR PRODUCTION NO. 44.**

3  All Documents supporting Your Answer (Dkt. 25) filed in the Action.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44.**

5  In addition to the foregoing General Objections, each of which is

6  incorporated herein by reference, Paramount Pictures specifically objects to this

7  Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

8  oppressive, particularly because it does not include any restriction based on time,

9  scope, or relevance to the issues in this action; (ii) seeks information or documents

10  protected by the attorney-client privilege, the attorney work product doctrine, or

11  any other applicable privilege or protection; (iii) seeks documents that are beyond

12  the scope of the allegations in the FAC and are not reasonably calculated to lead to

13  the discovery of admissible evidence to the extent it requests documents from after

14  the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

15  *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

16  documents created on or after May 11, 2022); (iv) calls for a legal conclusion; and

17  (v) is duplicative with Request No. 45.

18  Subject to, and without waiving, the General Objections and these specific

19  objections, Paramount Pictures will produce responsive, non-privileged documents

20  on which Paramount Pictures intends to rely, to the extent any such non-privileged,

21  responsive documents are within Paramount Pictures' possession, custody, or

22  control.

23  **REQUEST FOR PRODUCTION NO. 45.**

24  All Documents on which You intend to rely for any purpose in the Action.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45.**

26  In addition to the foregoing General Objections, each of which is

27  incorporated herein by reference, Paramount Pictures specifically objects to this

28  Request to the extent that it:  (i) is overbroad, unduly burdensome, compound and

- 47 -

1  oppressive, particularly because it does not include any restriction based on time,

2  scope, or relevance to the issues in this action; (ii) seeks information or documents

3  protected by the attorney-client privilege, the attorney work product doctrine, or

4  any other applicable privilege or protection; (iii) seeks documents that are beyond

5  the scope of the allegations in the FAC and are not reasonably calculated to lead to

6  the discovery of admissible evidence to the extent it requests documents from after

7  the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

8  *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

9  documents created on or after May 11, 2022); and (iv) calls for a legal conclusion.

10      Subject to, and without waiving, the General Objections and these specific

11  objections, Paramount Pictures will produce responsive, non-privileged documents

12  on which Paramount Pictures intends to rely, to the extent any such non-privileged,

13  responsive documents are within Paramount Pictures' possession, custody, or

14  control.

15  **REQUEST FOR PRODUCTION NO. 46.**

16      All Documents that support Your contention that the Work and 2022 Sequel

17  are not substantially similar.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46.**

19      In addition to the foregoing General Objections, each of which is

20  incorporated herein by reference, Paramount Pictures specifically objects to this

21  Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive;

22  (ii) seeks information or documents protected by the attorney-client privilege, the

23  attorney work product doctrine, or any other applicable privilege or protection; (iii)

24  seeks documents that are beyond the scope of the allegations in the FAC and are not

25  reasonably calculated to lead to the discovery of admissible evidence to the extent it

26  requests documents from after the date that Plaintiffs sent Paramount Pictures a

27  cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt,

28  Paramount pictures will not produce documents created on or after May 11, 2022);

1   and (iv) is cumulative of Request No. 45.

2        Subject to, and without waiving, the General Objections and these specific

3   objections, Paramount Pictures will produce responsive, non-privileged documents

4   on which Paramount Pictures intends to rely to support its contention that the Work

5   and *Maverick* are not substantially similar, to the extent any such non-privileged,

6   responsive documents are within Paramount Pictures' possession, custody, or

7   control.

8   **REQUEST FOR PRODUCTION NO. 47.**

9        All insurance Agreements under which an insurer may be liable to satisfy all

10  or part of a possible judgment in the action or to indemnify or reimburse for

11  payments made to satisfy the judgment.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47.**

13       Subject to, and without waiving, the General Objections, Paramount Pictures

14  will produce documents sufficient to identify any insurance agreements under

15  which a business may be liable to satisfy all or part of a possible judgment in the

16  action as well as the limit of any such policy, following a reasonably diligent

17  search, to the extent any such non-privileged, responsive documents are within

18  Paramount Pictures' possession, custody, or control.

19  **REQUEST FOR PRODUCTION NO. 48.**

20       Documents sufficient to show Your total current gross revenues from the

21  2022 Sequel from all sources and in all media worldwide.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48.**

23       In addition to the foregoing General Objections, each of which is

24  incorporated herein by reference, Paramount Pictures specifically objects to this

25  Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive;

26  (ii) seeks information relating to the exploitation of the Work, *Top Gun* and/or

27  *Maverick* outside the United States; and (iii) is premature and beyond the scope of

28  permissible discovery under the Court's order staying damages discovery until after

PARAMOUNT PICTURES' RESPONSES
AND OBJECTIONS TO FIRST SET RFPS
NO. 2:22-CV-3846-PA-GJS

1  resolution of Paramount Pictures' planned summary judgment motion on liability.

2  *See* Dkt. 30.

3      Paramount Pictures will not produce documents responsive to this Request.

4  **REQUEST FOR PRODUCTION NO. 49.**

5      Documents sufficient to show the actual costs of producing the 2022 Sequel

6  (inclusive of any rebates or production incentives that reduced such costs),

7  Including the 2022 Sequel's final budget summary and long-form budget.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49.**

9      In addition to the foregoing General Objections, each of which is

10  incorporated herein by reference, Paramount Pictures specifically objects to this

11  Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive;

12  (ii) seeks information relating to the exploitation of the Work, *Top Gun* and/or

13  *Maverick* outside the United States; and (iii) is premature and beyond the scope of

14  permissible discovery under the Court's order staying damages discovery until after

15  resolution of Paramount Pictures' planned summary judgment motion on liability.

16  *See* Dkt. 30.

17      Paramount Pictures will not produce documents responsive to this Request.

18  **REQUEST FOR PRODUCTION NO. 50.**

19      Documents sufficient to show Your actual costs to date of distributing and

20  marketing the 2022 Sequel in all media worldwide.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50.**

22      In addition to the foregoing General Objections, each of which is

23  incorporated herein by reference, Paramount Pictures specifically objects to this

24  Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive;

25  (ii) seeks information relating to the exploitation of the Work, *Top Gun* and/or

26  *Maverick* outside the United States; and (iii) is premature and beyond the scope of

27  permissible discovery under the Court's order staying damages discovery until after

28  resolution of Paramount Pictures' planned summary judgment motion on liability.

*See* Dkt. 30.

Paramount Pictures will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 51.**

Documents sufficient to show Your actual profits to date from the 2022 Sequel (using ordinary GAAP accounting definitions) in all media worldwide.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive; (ii) seeks information relating to the exploitation of the Work, *Top Gun* and/or *Maverick* outside the United States; and (iii) is premature and beyond the scope of permissible discovery under the Court's order staying damages discovery until after resolution of Paramount Pictures' planned summary judgment motion on liability. *See* Dkt. 30.

Paramount Pictures will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 52.**

All Documents which support Your contention that the 2022 Sequel was "sufficiently completed" by January 24, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request on the grounds that it:  (i) is overbroad, unduly burdensome, compound and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks information or documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection; and (iii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests

documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022).

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents on which Paramount Pictures intends to rely to support any contentions regarding the production status of *Maverick* as of January 24, 2020.

**REQUEST FOR PRODUCTION NO. 53.**

Copies of all production, shooting, and/or postproduction schedules and sub-schedules for the 2022 Sequel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) is vague and ambiguous as to "sub-schedules" and (iii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022).

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce copies of the final production calendar(s) and postproduction schedule(s) for *Maverick*.

**REQUEST FOR PRODUCTION NO. 54.**

Documents sufficient to show when principal photography for the 2022 Sequel was completed.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54.**

2          In addition to the foregoing General Objections, each of which is

3    incorporated herein by reference, Paramount Pictures specifically objects to this

4    Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive,

5    particularly because it does not include any restriction based on time, scope, or

6    relevance to the issues in this action; (ii) seeks documents that are beyond the scope

7    of the allegations in the FAC and are not reasonably calculated to lead to the

8    discovery of admissible evidence to the extent it requests documents from after the

9    date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

10   *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

11   documents created on or after May 11, 2022); and (iii) seeks information more

12   properly suited to an interrogatory.  For the avoidance of doubt, Paramount Pictures

13   will not create any documents in response to this Request.

14         Subject to, and without waiving, the General Objections and these specific

15   objections, Paramount Pictures will produce responsive, non-privileged documents

16   sufficient to show when principal photography for *Maverick* was completed,

17   following a reasonably diligent search to the extent any such non-privileged,

18   responsive documents exist and are within Paramount Pictures' possession,

19   custody, or control.

20   **REQUEST FOR PRODUCTION NO. 55.**

21         Documents sufficient to show when the last reshoot and/or pickup for the

22   2022 Sequel was completed.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 55.**

24         In addition to the foregoing General Objections, each of which is

25   incorporated herein by reference, Paramount Pictures specifically objects to this

26   Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive,

27   particularly because it does not include any restriction based on time, scope, or

28   relevance to the issues in this action; (ii) is vague and ambiguous as to meaning of

PARAMOUNT PICTURES' RESPONSES
AND OBJECTIONS TO FIRST SET RFPS
NO. 2:22-CV-3846-PA-GJS

"last reshoot and/or pickup," which Paramount Pictures interprets to mean "last reshoot;" (iii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); and (iv) seeks information more properly suited to an interrogatory.  For the avoidance of doubt, Paramount Pictures will not create any documents in response to this Request.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents sufficient to show when the last reshoot and/or pickup for *Maverick* was completed.

**REQUEST FOR PRODUCTION NO. 56.**

Documents sufficient to show when the 2022 Sequel was "picture locked" (i.e., when the editing of the 2022 Sequel was completed), Including the dates of all locked cuts and the final picture lock for the 2022 Sequel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, compound, and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) is vague and ambiguous as to meaning of "picture locked," and "locked cuts and the final picture lock;" (iii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022);

and (iv) seeks information more properly suited to an interrogatory. For the avoidance of doubt, Paramount Pictures will not create any documents in response to this Request.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents sufficient to show the dates on which the cuts of the 2022 Sequel were completed.

**REQUEST FOR PRODUCTION NO. 57.**

Documents sufficient to show when the final audio mix for the 2022 Sequel was completed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it: (i) is overbroad, unduly burdensome, and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) is vague and ambiguous as to meaning of "final audio mix," which Paramount Pictures interprets to mean the final mix; (iii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); and (iv) seeks information more properly suited to an interrogatory. For the avoidance of doubt, Paramount Pictures will not create any documents in response to this Request.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents sufficient to show when the final mix on *Maverick* was completed.

1    **REQUEST FOR PRODUCTION NO. 58.**

2    Documents sufficient to show when all visual effects (aka "VFX") for the

3    2022 Sequel were completed.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 58.**

5    In addition to the foregoing General Objections, each of which is

6    incorporated herein by reference, Paramount Pictures specifically objects to this

7    Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive,

8    particularly because it does not include any restriction based on time, scope, or

9    relevance to the issues in this action; (ii) seeks documents that are beyond the scope

10   of the allegations in the FAC and are not reasonably calculated to lead to the

11   discovery of admissible evidence to the extent it requests documents from after the

12   date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding

13   *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce

14   documents created on or after May 11, 2022); and (iii) seeks information more

15   properly suited to an interrogatory.  For the avoidance of doubt, Paramount Pictures

16   will not create any documents in response to this Request.

17   Subject to, and without waiving, the General Objections and these specific

18   objections, Paramount Pictures will produce responsive, non-privileged documents

19   sufficient to show when visual effects work on *Maverick* was completed.

20   **REQUEST FOR PRODUCTION NO. 59.**

21   Documents sufficient to show when the color grading for the 2022 Sequel

22   was completed.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59.**

24   In addition to the foregoing General Objections, each of which is

25   incorporated herein by reference, Paramount Pictures specifically objects to this

26   Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive,

27   particularly because it does not include any restriction based on time, scope, or

28   relevance to the issues in this action; (ii) seeks documents that are beyond the scope

- 56 -

of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); and (iii) seeks information more properly suited to an interrogatory.  For the avoidance of doubt, Paramount Pictures will not create any documents in response to this Request.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents sufficient to show when color grading on *Maverick* was completed.

**REQUEST FOR PRODUCTION NO. 60.**

Documents sufficient to show when the 2022 Sequel Printmaster was completed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60.**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Paramount Pictures specifically objects to this Request to the extent that it:  (i) is overbroad, unduly burdensome, and oppressive, particularly because it does not include any restriction based on time, scope, or relevance to the issues in this action; (ii) seeks documents that are beyond the scope of the allegations in the FAC and are not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests documents from after the date that Plaintiffs sent Paramount Pictures a cease-and-desist letter regarding *Maverick* (and, for the avoidance of doubt, Paramount Pictures will not produce documents created on or after May 11, 2022); and (iii) seeks information more properly suited to an interrogatory.  For the avoidance of doubt, Paramount Pictures will not create any documents in response to this Request.

Subject to, and without waiving, the General Objections and these specific objections, Paramount Pictures will produce responsive, non-privileged documents

1   sufficient to show when the Printmaster for *Maverick* was completed.

2

3          Dated:  February 6, 2023              O'MELVENY & MYERS LLP

4

5                                               By:   */s/ Molly M. Lens*
                                                      Molly M. Lens

6                                               *Attorneys for Paramount Pictures*
                                                *Corporation*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 1999 Avenue of the Stars, 8th Floor, Los Angeles, California 90067-6035. On February 6, 2023, I served the following:

**PARAMOUNT PICTURES' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid, and placing the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

> Marc Toberoff
> Toberoff & Associates, P.C.
> 23823 Malibu Road, Suite 50-363
> Malibu, CA 90265

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on February 6, 2023, at Los Angeles, California.

> */s/ Maria Alamillo*_____
> Maria Alamillo

PARAMOUNT PICTURES' RESPONSES AND OBJECTIONS TO FIRST SET RFPS NO. 2:22-CV-3846-PA-GJS