# EXHIBIT E

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
jparkkinen@toberoffandassociates.com

March 6, 2023

Via Email

Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

**RE:** *Yonay v. Paramount Pictures Corporation*
**Meet and Confer Letter Regarding Defendant's**
**Responses to Plaintiffs' First RFPs**

Dear Molly:

We write to meet and confer with you pursuant to Local Rule 37-1 concerning Defendant's deficient production and Responses to Plaintiffs' First Set of Requests for Production of Documents (the "RFPs"). We first address Defendant's objections and thereafter Defendant's substantive responses.

## I. Defendant's Objections

For all objections based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, we would like to ensure that Defendant is not withholding any documents based on these asserted privileges. If Defendant does, it must produce a privilege log, itemizing each document withheld within 30 days of such withholding. Please confirm Defendant's agreement.

Defendant has similarly refused to produce documents created after May 11, 2022, the date of Plaintiffs' cease-and-desist letter to Defendant, but *Top Gun: Maverick* ("2022 Sequel") was not even released theatrically until May 27, 2022, and as such, responsive documents dated after May 11 would likely, on their face, be relevant. Defendant's objection is frivolous and must be withdrawn.

Defendant objected to RFP Nos. 17-28, which seek Defendant's description or characterization of the original 1983 *Top Guns* story ("Story"), *Top Gun*'s ("1986 Film"), and the 2022 Sequel's literary devices, on the basis that these RFPs seek "information relating to the exploitation of *Top Gun* and/or *Maverick* outside the United States." These are frivolous objections because, although Plaintiffs' termination rights were effective only in the United States, this is irrelevant to the issue of Paramount's own "descriptions or characterizations" of the Story, 1986 Film, or 2022 Sequel.

**TOBEROFF & ASSOCIATES, P.C.**

March 6, 2023
Molly M. Lens
Page: 2

### II. Defendant's Responses

RFP No. 8 requests all Documents, Including Communications, reflecting negotiations of any Agreement(s) Concerning the Story. Defendant's response to this request misconstrues the terms "reflecting negotiations" to mean "memorializing negotiations." Documents memorializing negotiations implies Documents created after an agreement or consensus has been reached, as opposed to the Communications which took place before such agreement or consensus. To be clear, "reflecting negotiations" includes Documents memorializing negotiations, *as well as Documents, Including Communications, preceding the memorialization*, such as all drafts of such Agreements and all Communications concerning the negotiation of such Agreements. As such, Defendant must amend its response to RFP No. 8 and make a fulsome production of responsive documents without further delay.

RFP No. 9 requests all Documents, Including Communications, Concerning the development of the story and screenplay of the 1986 Film and RFP No. 10 requests all Documents, Including Communications Concerning the development of the story and screenplay of the 2022 Sequel. Defendant's responses to RFP Nos. 9 and 10 state that the phrase "the development of the story and screenplay of the 1986 film [or 2022 Sequel]" is vague and ambiguous. On the contrary, RFP Nos. 9 and 10 are straightforward and clear. The 1986 Film contains many elements taken from the original 1983 Story and the derivative 2022 Sequel contains many elements of the 1986 Film, as well as the Story. Paramount, as a major motion picture studio, knows very well what development of a motion picture story and screenplay refers to in the motion picture industry, as does its counsel. Documents pertaining to both the 1986 Film and 2022 Sequel are relevant, and must be produced. Please confirm Defendant will do so.

RFP Nos. 11 and 13 request Documents sufficient to identify any and all material or sources relied upon in the development of the story or screenplay for the 1986 Film or the 2022 Sequel and RFP Nos. 12 and 14 request all Communications Concerning any and all material or sources relied upon in the development of the story or screenplay for the 1986 Film or the 2022 Sequel. Defendant objects that the phrase "sources relied upon" is vague and ambiguous. However, "sources relied upon" speaks for itself, and obviously means the source material that was used in drafting and creating the stories and screenplays for the 1986 Film and 2022 Sequel. We trust this moots Defendant's objections.

RFP Nos. 15 and 16 request all drafts, iterations, outlines, treatments, and versions of the 1986 Film and the 2022 Sequel's story and screenplay. Defendant objects that the terms "iterations" and "story" are vague and ambiguous. However, "iterations" and "story" speak for themselves. Please confirm that Defendant is not withholding any documents based on these frivolous objections.

RFP No. 43 requests all interviews of any talent involved in the 2022 Sequel. Defendant objects that the request seek "documents that are equally accessible to Plaintiffs as a matter of public record." Although some interviews may be matters of public record, that fact does not make the objection proper. Defendant is required to produce all responsive documents in its possession, custody, or control, regardless of whether such documents are also in the public record. Please confirm Defendant will do so.

**TOBEROFF & ASSOCIATES, P.C.**

March 6, 2023
Molly M. Lens
Page: 3

      RFP No. 53 requests copies of all production, shooting, and/or postproduction schedules and sub-schedules for the 2022 Sequel. Defendant objected that the term "sub-schedules" is vague and ambiguous. "Sub-schedules" refers to schedules within a schedule. For example, a **macro-level schedule** may map out the timing of principal photography, reshoots, and post production. Within that schedule are sub-schedules, such as the schedule for each day within, for example, the postproduction schedule. And further, sub-schedules contain the plan for each hour within each day. Such schedules are often printed out and distributed to the cast and crew in a given day or week. Defendant's promise to produce "copies of the final production calendar(s) and post-production schedule(s) for *Maverick*," but not the sub-schedules will not do. Nor is it sufficient to merely produce the final calendar or schedules. Defendant has asserted, as a purported defense, that the 2022 Sequel was largely completed by the effective termination date of Plaintiffs' notice of termination. Though this is not a legitimate defense, the granular evolution of the 2022 Sequel's production and postproduction schedules are very relevant to it as such schedules will reflect what was completed and not completed as time went on. Please confirm that Defendant will make a fulsome production of all responsive documents.

      RFP No. 56 request Documents sufficient to show when the 2022 Sequel was "picture locked" (i.e., when the editing of the 2022 Sequel was completed), Including the dates of all locked cuts and the final picture lock for the 2022 Sequel and RFP No. 57 requests Documents sufficient to show when the final audio mix for the 2022 Sequel was completed. Such terms are not vague or ambiguous, particularly to a large film studio like Defendant. Please confirm no documents are being withheld based on this frivolous objection.

      Finally, Defendant has only produced some screenplay draft and final contracts, and has thus, failed to produce any documents responsive to most of Plaintiffs' RFPs. Please confirm that Defendant complete its production within two weeks from today.

      We look forward to speaking with you concerning these issues during the parties' scheduled conference. All rights are expressly reserved.

                                            Very truly yours,

                                            Jaymie Parkkinen