Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. # 318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Alex Kozinski (S.B. # 66473)
*alex@kozinski.com*
33 Marguerite Drive
Rancho Palos Verdes, CA 90275
Telephone: (310) 541-5885
Facsimile: (310) 265-4653

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY, an individual, and YUVAL YONAY, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 2:22-CV-3846-PA-GJS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE EVIDENCE NOT PRODUCED DURING DISCOVERY**<br><br>**Hearing Date:** January 8, 2024<br>**Hearing Time:** 1:30 PM<br>**Place:** Courtroom 9A<br>**Judge:** Hon. Percy Anderson |

The motion of Plaintiffs Shosh Yonay and Yuval Yonay ("Plaintiffs") to strike evidence not produced during discovery and offered by Defendant Paramount Pictures Corporation ("PPC") in support of its Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment ("Opposition") (Dkt. 70), came for hearing on January 8, 2024. Having considered the parties' submissions, oral argument, and taken the matter under submission, the Court **GRANTS** Plaintiffs' Motion.

Plaintiffs moved to strike Paragraph 11 of the Declaration of Ralph Bertelle ¶¶ 10, 11, Dkt. 70-9 and Exhibit B thereto, Dkt. 70-11, on the grounds that: (1) introduction of the Exhibit, a digital video file of a purported December 11, 2019 "Preview Cut" of *Top Gun: Maverick* ("Sequel"), was untimely under Rule 26 of the Federal Rules of Civil Procedure and is neither harmless nor substantially justified under Rule 37; and (2) the declarant, Ralph Bertelle fails to provide proper a foundation for or to demonstrate personal knowledge regarding the video; and, as such, the video also cannot be authenticated. Plaintiffs also moved for an order striking portions of PPC's Opposition and Separate Statement of Genuine Disputes and Additional Facts (Dkt. 70-1) which cite to or rely upon the aforementioned video Exhibit.

By PPC's own admission, the alleged preview cut was responsive to discovery requests it received from Plaintiffs. PPC was therefore required to produce this evidence pursuant to Federal Rule of Civil Procedure 26(a) and (e). Yet, PPC did not do so until well after discovery had closed and the parties had both submitted their respective motions for summary judgment. *See* Rule 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."); *see also Van v. Wal-Mart Stores, Inc.*, 678 F. App'x 616 (9th Cir. 2017) ("Rule 37(c)(1) is a 'self-executing,'

'automatic' sanction designed to provide a strong inducement for disclosure.") (citations omitted) (affirming judgment where trial court excluded untimely produced documents).

      The Court finds that PPC has failed to satisfy its burden under Rule 37(c)(1) to show that the belated production was substantially justified or harmless. It is beyond dispute that Plaintiffs will be harmed if the evidence is not stricken as Plaintiffs have been deprived of the ability to take any discovery regarding the purported December 11, 2019 preview cut. *See Voyager Indem. Ins. Co. v. Zalman N., Inc.*, __ F. Supp. 3d ___, 2023 WL 2904591, at *6 (C.D. Cal. Apr. 7, 2023). This issue is compounded by the fact that PPC did not include metadata associated with the original file or declarations from individuals with knowledge of the alleged preview cut's creation.

      PPC's "inadvertence" does not amount to substantial justification under Rule 37(c). If it did, the mere assertion that a litigant believed they turned over a document would suffice. PPC has also failed to explain what steps it took to confirm that it had timely produced discoverable documents. *See id*. at *5. In so doing, PPC improperly attempts to shift the responsibility to obtain the relevant information onto Plaintiffs, when it is PPC's obligation to timely produce the responsive documents. *See e.g. Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821-22 (9th Cir. 2019). PPC "has fallen far short of providing a substantial justification for the failure to comply with discovery obligations. That failure appears to have been entirely within [PPC's] control, and no party other than [PPC] is at fault for [its] failure to obtain and produce the [purported preview cut]." *Voyager*, __ F. Supp. 3d ___, 2023 WL 2904591, at *6.

      Even assuming the belated disclosure was harmless or substantially justified, the evidence sought to be introduced by PPC is not admissible. PPC has not provided the proper foundation for or demonstrated that Ralph Bertelle has personal knowledge regarding the alleged December 2019 preview cut. The

declaration of Ralph Bertelle fails to meet the requirements of Fed. R. Civ. P. 56(c) and (e) since it was not made on personal knowledge and does not set out facts that would be admissible in evidence. Bertelle does not even state whether he has reviewed the video file, though, that alone would be insufficient to establish authenticity. *See e.g., Voskanyan v. Mcdonnell*, No. CV 21-6259 MWF (KES), 2021 WL 1235032, at *7 (C.D. Cal. Feb. 10, 2021) ("Dr. Teophilov did not testify to the *authenticity* of the medical records") (emphasis in original). Nor does the DVD video file indicate sufficient distinctive characteristics to sustain authentication under Rule 901(b)(4).

Accordingly, the Court hereby **ORDERS** that:

1. Paragraph 11 of the Declaration of Ralph Bertelle ¶¶ 10, 11, Dkt. 70-9, is stricken, and may not be used by PPC as evidence;

2. Exhibit B to the Declaration of Ralph Bertelle, Dkt. 70-11, is stricken, and may not be used by PPC as evidence;

3. Paragraphs 444, 445, and 448-450 of PPC's Separate Statement of Genuine Disputes and Additional Facts ("AF") (Dkt. 70-1) ¶¶ is stricken; and

4. Page 22:11-12 (citing AF ¶ 445), 22:20-26 (citing AF ¶¶ 449-50), and 22:28 (n.16) (citing AF ¶¶ 444-45) of PPC's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment (Dkt. 70) is stricken.

**IT IS SO ORDERED.**

Dated: _____        _____
                                    Honorable Percy Anderson
                                    U.S. District Court Judge