MOLLY M. LENS (S.B. #283867)
  mlens@omm.com
MATTHEW KAISER (S.B. #304714)
  mkaiser@omm.com
DANIELLE R. FEUER (S.B. #324174)
  dfeuer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone:  +1 310 553 6700
Facsimile:   +1 310 246 6779

*Attorneys for Defendant*
*Paramount Pictures Corporation*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSH YONAY and YUVAL YONAY,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:22-CV-3846-PA<br><br>**DEFENDANT PARAMOUNT PICTURES CORPORATION'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO MATERIAL OFFERED BY PARAMOUNT PICTURES CORPORATION IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date:** January 8, 2024<br>**Hearing Time:** 1:30 PM<br>**Place:** Courtroom 9A<br>**Judge:** Hon. Percy Anderson |

1      PPC respectfully submits this Response to Plaintiffs Shosh Yonay and Yuval

2  Yonay ("Plaintiffs") Evidentiary Objections to Material Offered by Paramount

3  Pictures Corporation in Support of its Motion for Summary Judgment.

4          **PPC'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS**

5      Plaintiffs' objections (Dkt. 80) to the evidence that PPC offered in support of

6  its Motion for Summary Judgment should be summarily overruled for three

7  reasons:  (1) Plaintiffs filed their objections late; (2) Plaintiffs impermissibly

8  objected solely to pieces of evidence, rather than objecting by paragraph number of

9  PPC's separate statement; and (3) the objections are impermissibly boilerplate.

10      **(1) Untimely**.  The Standing Order in this case requires that evidentiary

11  objections "be addressed in a separate memorandum to be filed ***with the opposition***

12  ***or reply brief of the party***."  Dkt. 37 at 7 (emphasis added); *see also Glass v. Sue*,

13  2010 WL 11549540, at *2 (C.D. Cal. Oct. 27, 2010) ("Any evidentiary objections

14  by the non-moving party to the moving party's evidence must be filed along with

15  the opposition.").  Here, Plaintiffs' opposition to PPC's motion was due (and was

16  filed on) November 22, 2023 (Dkt. 49), rendering any evidentiary objections due

17  that same day.  Plaintiffs, however, ignored this Court's Standing Order and filed

18  their objections on the afternoon of November 23, 2023.  Dkt. 80.  Plaintiffs did not

19  explain their failure to timely file objections, let alone seek leave from the Court to

20  file them out of time.[1]  "If [Plaintiffs] wanted to have these evidentiary objections

21  considered, they should have been filed with the opposition papers."  *Rosen v.*

22  *Cross,* 2013 WL 12130250, at *1 n.2 (C.D. Cal. May 21, 2013) (refusing to

23  consider the untimely filed evidentiary objections); *Nguyen v. Marketsource, Inc.*,

24  2018 WL 2182633, at *3 (S.D. Cal. May 11, 2018) (refusing to consider

25  evidentiary objections filed "a day after [plaintiff's] his opposition brief was due

26

27  [1] Plaintiffs' failure to comply with the case schedule is particularly egregious given
   that the Court has repeatedly extended the schedule at Plaintiffs' request.  *See* Dkts.
28  35-37; Dkts. 48-49.

PPC'S RESPONSE TO PLAINTIFFS'
EVIDENTIARY OBJECTIONS
CASE NO. 2:22-CV-3846-PA

1    according to the Court's briefing schedule"); *see also Elliot v. Spherion Pac. Work,*
2    *LLC*, 368 F. App'x 761, 763 (9th Cir. 2010) ("The court did not abuse its discretion
3    in following the local rules and refusing to consider the [late-filed] evidentiary
4    objections");; *Traylor v. Pyramid Services, Inc.,* 2008 WL 8667410, at *2 (C.D.
5    Cal. Sept. 24, 2008) (denying plaintiffs' late-filed evidentiary objections).

6         **(2) <u>Violate Court's Standing Order</u>**.  Separately, and independently,
7    Plaintiffs' untimely evidentiary objections are deficient because they violate the
8    Court's Standing Order, which requires objections to "be organized **<u>to track the</u>**
9    **<u>paragraph numbers of the separate statement in sequence</u>**."  Dkt. 37 at 7
10   (emphasis in original).  The Court even provides a specific "example of the format
11   contemplated by the Court."  *Id.*  Yet Plaintiffs' objections do not track the
12   paragraph numbers of PPC's separate statement at all—let alone in sequence.
13   Instead, Plaintiffs chose to organize their objections by pieces of evidence.
14   Because Plaintiffs failed to follow straightforward rules, the Court should decline to
15   consider their late-filed, non-conforming evidentiary objections.  *See Fleischer*
16   *Studios, Inc. v. A.V.E.L.A., Inc.*, 2009 WL 7464165, at *2 (C.D. Cal. Feb. 18, 2009)
17   ("District judges are not archaeologists.  They need not excavate masses of papers
18   in search of revealing tidbits—not only because the rules of procedure place the
19   burden on the litigants, but also because their time is scarce. … Lawyers and
20   litigants who decide that they will play by rules of their own invention will find that
21   the game cannot be won.") (*quoting Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662-
22   63 (7th Cir. 1994)); *see also Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 775 (9th
23   Cir. 2002) ("Judges need not paw over the files without assistance from the
24   parties.").

25        **(3) <u>Blanket/Boilerplate</u>**.  Plaintiffs' untimely and non-compliant evidentiary
26   objections violate yet another requirement in the Court's Standing Order—the
27   requirement that objections not be blanket or boilerplate.  The Court's Standing
28

PPC'S RESPONSE TO PLAINTIFFS'
EVIDENTIARY OBJECTIONS
CASE NO. 2:22-CV-3846-PA

1   Order is clear:  "**<u>Do not submit blanket or boilerplate objections to the</u>**

2   **<u>opponent's statements of undisputed fact: these will be disregarded and</u>**

3   **<u>overruled</u>**."  Dkt. 37 at 7 (emphasis in original).  Plaintiffs' evidentiary objections,

4   however, could not be more generic.  And Plaintiffs compound the problem by

5   simply copying-and-pasting the same boilerplate objections and reasserting them

6   over and over again.  For example:

- "<u>Fed. R. Evid. 701, 702, 703</u>: The purported facts citing [*sic*] this document contain improper argument and legal opinion."  Dkt. 80 at 3-9, 15-16, 24-25, (*Repeated verbatim 24 times*).[2]

- "<u>Fed. R. Evid. 106, 901 *et seq.*</u>: Misleading characterization of evidence due to unsupported interpretation, omission of context, incomplete quotation, or otherwise fails to support purported facts."  *Id*. at 2-8, 12, 15, 17, 20, 23 (*Repeated verbatim 25 times*).

- "<u>Fed. R. Evid. 401, 402, 403</u>: The cited documents and testimony have no relevance to the case, and any probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues."  *Id*. at 3-9, 13, 15-40 (*Repeated verbatim 70 times*).

18   The Court should disregard and overrule Plaintiffs' late-filed, non-conforming

19   boilerplate objections.  *See Dolores Press, Inc. v. Robinson*, 2020 WL 4979197, at

20   *2 (C.D. Cal. July 1, 2020) ("As a preliminary issue, the Court declines to consider

21   Plaintiffs' 274 boilerplate objections to almost all of the evidence submitted by

22   Defendants. The Court's scheduling order specifically instructs the parties 'not to

23   submit boilerplate objections to the opponent's statements of undisputed fact' and

24   that 'these will be disregarded and overruled.'"); *Lindsay v. Labrea9 LLC*, 2019

25   WL 6870347, at *2, n.2 (C.D. Cal. July 12, 2019) (overruling Defendant's

26   "boilerplate objections in its response to Plaintiff's Statement of Uncontroverted

27   _____

28   [2] PPC cites to the page numbers in the ECF stamp, not Plaintiffs' page numbers, which begin with page "0."

PPC'S RESPONSE TO PLAINTIFFS'
EVIDENTIARY OBJECTIONS
CASE NO. 2:22-CV-3846-PA

1    Facts"); *Multiple Energy Techs., LLC v. Hologenix*, LLC, 2019 WL 2619649, at *1,

2    n.1 (C.D. Cal. June 3, 2019) ("Hologenix makes a number of boilerplate objections

3    to MET's evidence without any argument. . . Thus, the Court disregards and

4    overrules Hologenix's objections.").

5                                          *        *        *

6          PPC respectfully submits that any one of the above issues would warrant

7    overruling Plaintiffs' objections—together, they demand it.

8

9     Dated:  December 11, 2023                    O'MELVENY & MYERS LLP

10                                                 By:    */s/ Molly M. Lens*
                                                          Molly M. Lens

11                                                 *Attorneys for Defendant*
                                                   *Paramount Pictures Corporation*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PPC'S RESPONSE TO PLAINTIFFS'
EVIDENTIARY OBJECTIONS
CASE NO. 2:22-CV-3846-PA