MOLLY M. LENS (S.B. #283867)
  mlens@omm.com
MATTHEW KAISER (S.B. #304714)
  mkaiser@omm.com
DANIELLE R. FEUER (S.B. #324174)
  dfeuer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone:  +1 310 553 6700
Facsimile:   +1 310 246 6779

*Attorneys for Defendant
Paramount Pictures Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHOSH YONAY and YUVAL YONAY,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 2:22-CV-3846-PA<br><br>**DEFENDANT PARAMOUNT PICTURES CORPORATION'S MEMORANDUM OF EVIDENTIARY OBJECTIONS TO PLAINTIFFS' REPLY EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date:** January 8, 2024<br>**Hearing Time:** 1:30 PM<br>**Place:** Courtroom 9A<br>**Judge:** Hon. Percy Anderson |

Defendant Paramount Pictures Corporation ("PPC") respectfully submits this Memorandum of Evidentiary Objections to the new evidence submitted by Plaintiffs Shosh Yonay and Yuval Yonay ("Plaintiffs") on reply in support of their Motion for Summary Judgment.

This Court's Standing Order requires that "[a]ll facts" in a movant's summary judgment briefing "be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion ***and not to the underlying evidence***." Dkt. 37 at 5 (emphasis added).  In connection with their reply briefing, however, Plaintiffs proffered two new exhibits—Exhibits 44 and 45 to the Toberoff Declaration (Dkt. 86-2 & 86-3)—that are not cited anywhere in their Reply Separate Statement (Dkt. 86-4).  For this reason alone, the Court should decline to consider Exhibits 44 and 45.  But even setting Plaintiffs' failure to follow the Court's Standing Order aside, the Court should decline to consider Exhibits 44 and 45 for the additional reasons explained below.

## OBJECTIONS TO PLAINTIFFS' EXHIBITS 44 AND 45

PPC is mindful that the Court's Standing Order requires that objections "be organized **to track the paragraph numbers of the separate statement in sequence**." Dkt. 37 at 7 (emphasis in original).  But as explained above, Plaintiffs do not cite Exhibits 44 and 45 to the Toberoff Declaration in their Reply Separate Statement.  Because it has no other option, PPC objects to these documents based on their exhibit numbers.

**Toberoff Declaration Exhibit 44 (cited only in Reply Brief at page 11)**.  PPC objects on the following grounds:

(1) <u>Lack of Authenticity</u>.  This Court requires that evidence submitted in support of or in opposition to summary judgment "be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence." Dkt. 37 at 6.  Plaintiffs, however, have not proffered evidence

"sufficient to support a finding that" Exhibit 44 to the Toberoff Declaration is "what [they] claim[]." Fed. R. Evid. 901(a).  Indeed, Plaintiffs' counsel describes Exhibit 44 as a "copy of a May 23, 1983 letter from Defendant Paramount Pictures Corporation."  But Plaintiffs' counsel does not (and cannot) purport to have personal knowledge that Exhibit 44 is what he claims it is.  As such, the exhibit is inadmissible under Rule 901.  *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) ("Because Orr attempted to introduce [a letter] by attaching it to [his counsel's] affidavit, Federal Rule of Civil Procedure 56(e) requires that [his counsel] have personal knowledge of the letter."); *Scott v. Cnty. of San Bernardino*, 2016 WL 6609211, at *4 (C.D. Cal. Jan. 7, 2016) (exhibit was not authenticated where counsel did not establish his own "personal knowledge as to the contents of [the exhibit]").

(2) <u>Lacks Foundation</u>.  In violation of the Court's Standing Order, which requires factual assertion to be supported by citation to the movant's Separate Statement "and not to the underlying evidence" (Dkt. 37 at 5), Plaintiffs do not cite this document in their Separate Statement or Reply Separate Statement.  However, Plaintiffs cite this document in their reply brief in support of the contention that "[i]t is undisputed that PPC drafted its contract with Yonay, including its credit provision."  Dkt. 86 at 11.  That contention lacks foundation and is unsupported by this document, which simply purports to (but does not) attach a draft contract.  The document does not establish that Yonay had no input into the agreement, which is necessary to support the assertion that PPC alone drafted the terms of the attached agreement.  Nor is the agreement itself attached, so the Court cannot assess whether Yonay made subsequent changes and/or whether the final agreement (the "Assignment") matched the draft PPC sent Yonay.

(3) <u>Irrelevant / Improper Legal Argument</u>.  Plaintiffs contend that PPC drafted the Assignment, including its credit provisions, in an effort to invoke the

doctrine of *contra proferentem* (construction against the drafter). But even assuming Exhibit 44 demonstrated that PPC alone drafted the Assignment (and it does not), this legal argument is improper (and incorrect) for two independent reasons. First, the doctrine of *contra proferentem* provides that "***ambiguities*** in a form contract are resolved against the drafter." *Oceanside 84, Ltd. v. Fid. Fed. Bank*, 56 Cal. App. 4th 1441, 1448 (1997) (emphasis added). Thus, to invoke the doctrine, the Court must find that the Assignment is ambiguous—i.e., that "the disputed language is 'reasonably susceptible' to the interpretation urged by [Plaintiffs]." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1223 (9th Cir. 2008). And California law requires that there be "at least some evidentiary support for [the] competing interpretation[] of the contract's language." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). Here, the plain language of the Assignment is not reasonably susceptible to Plaintiffs' interpretation, and Plaintiffs proffer no evidence supporting their strained interpretation. The Assignment is therefore not ambiguous, and the doctrine of *contra proferentem* is inapplicable.

Second, putting aside the fact that the Assignment is unambiguous, *contra proferentem* "is a general rule; it does not operate to the exclusion of all other rules of contract interpretation." *Oceanside*, 56 Cal. App. 4th at 1448; *see Vine v. Bear Valley Ski Co.*, 118 Cal. App. 4th 577, 590 (2004) (same). Put another way, *contra proferentem* is "used when none of the [other] canons of construction succeed in dispelling the uncertainty." *Varga v. Wells Fargo Bank, N.A.*, 2018 WL 7017982, at *5 (C.D. Cal. Sept. 28, 2018), *aff'd*, 796 F. App'x 430 (9th Cir. 2020). Here, even assuming the Assignment were ambiguous (it is not), their proffered interpretation would strip the "produced…hereunder" language straight out of Paragraph 7(b) of the Assignment. Because it is hornbook law that a "contract term should not be construed to render some of its provisions meaningless or irrelevant,"

1  *In re Marriage of Nassimi*, 3 Cal. App. 5th 667, 688 (2016), even assuming PPC
2  alone drafted the Assignment, the Court still could not construe Paragraph 7(b) in
3  the manner Plaintiffs request.

4  (4) <u>Improper Reply Evidence</u>. Plaintiffs proffered Exhibit 44 for the first
5  time in connection with their reply brief. But submitting new evidence as part of a
6  reply is improper where it is not responsive to argument "either raised by the
7  opposition or unforeseen at the time of the original motion."[1] *Townsend v. Monster*
8  *Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) (striking evidence);
9  *Morris v. Guetta*, 2013 WL 440127, *8 (C.D. Cal. Feb. 4, 2013) ("New evidence
10 submitted as part of a reply is improper."); *see also Tovar v. U.S. Postal Serv.*, 3
11 F.3d 1271, 1273 n. 3 (9th Cir. 1993) (striking parts of reply brief presenting new
12 information). Plaintiffs proffer Exhibit 44 as evidence to support their argument
13 that "[i]t is undisputed that PPC drafted its contract with Yonay, including its credit
14 provision." Dkt. 86 at 11. Plaintiffs made this argument in their moving papers.
15 *See* Mot. at 2 ("The Agreement, *drafted by PPC*, …..") (Dkt. 62). They cannot
16 introduce new evidence related to this argument for the first time on reply.

17 **<u>Toberoff Declaration Exhibit 45 (not cited in any filings)</u>.** PPC objects on
18 the following grounds:

19 (1) <u>Lack of Authenticity</u>. This Court requires that evidence submitted in

---

[1] In contrast, PPC's new evidence on reply is limited to evidence rebutting (1) Plaintiffs' new claim, never identified in discovery, that the phrase "Fight's on" (which is a phrase used by real-life Navy aviators to initiate arial combat training) is somehow protected dialogue; and (2) Plaintiffs' argument, raised in opposition to PPC's motion, that *Maverick* was not substantially complete prior the date the Yonays recaptured the copyright in the Article. Since "[e]vidence submitted in support of a reply brief is proper if it rebuts arguments or exhibits proffered in opposition to the motion," the Court can and should consider the new evidence PPC submitted in connection with its reply papers. *See Dubinsky v. Liberty Surplus Insurance Corporation*, 2010 WL 11506086, at *5 n.44 (C.D. Cal. June 15, 2010); *see also Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party").

4

PPC'S MEMORANDUM OF REPLY
EVIDENTIARY OBJECTIONS
CASE NO. 2:22-CV-3846-PA

support of or in opposition to summary judgment "be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence." Dkt. 37 at 6. Plaintiffs, however, have not proffered evidence "sufficient to support a finding that" Exhibit 45 to the Toberoff Declaration "is what [they] claims it is." Fed. R. Evid. 901(a); *In re Homestore.com, Inc. Securities Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) ("[p]rintouts from a web site" were improperly authenticated when unsupported by a declaration from someone with personal knowledge, even when the printouts bore a "URL address and date stamp"); *see also Nuttall v. Juarez*, 2015 WL 13762165, at *1 (C.D. Cal. July 1, 2015) (same).

(2) <u>Hearsay</u>. Exhibit 45 to the Toberoff Declaration is a purported printout of a New York Times article. It contains multiple layers of out-of-court statements that are offered for their truth (i.e., what BBC officials said that PPC purportedly said and what unidentified "producers in question" purportedly told PPC). Thus, it is inadmissible hearsay. *See* Fed. R. Evid. 801; *Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, 2018 WL 1942373, at *6 (C.D. Cal. Mar. 26, 2018) (holding "printouts from Wilkinvest.com and globenewswire.com … even if based in part on [a defendant's] press releases and public filings, are 'simply news postings on the internet' that 'are rife with hearsay'"); *Jennings v. Prudential Ins. Co. of Am.*, 2006 WL 8434409, at *4 (C.D. Cal. Apr. 13, 2006) (sustaining objection because "website printouts are hearsay"); *see also United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) ("The web postings were not statements made by declarants testifying at trial, and they were being offered to prove the truth of the matter asserted. That means they were hearsay.").

(3) <u>Irrelevant</u>. In violation of the Court's Standing Order, which requires factual assertion to be supported by citation to the movant's Separate Statement "and not to the underlying evidence" (Dkt. 37 at 5), Plaintiffs do not cite this

1  document in their Separate Statement or Reply Separate Statement. Indeed, PPC
2  was unable to find any reference whatsoever to this document in any of Plaintiffs'
3  summary judgment filings. For these reasons alone, the Court should decline to
4  consider the document. Regardless, however, the document simply suggests that
5  PPC refused to make film clips from *Top Gun*, *Beverly Hills Cop*, *Days of Thunder*,
6  and *Flashdance* available to BBC filmmakers. That has no bearing on any fact of
7  consequence—indeed, none of those films, including the 1986 *Top Gun* film, are at
8  issue in this case.

9  (4) <u>Improper Reply Evidence</u>. Plaintiffs proffered Exhibit 45 for the first
10  time in connection with their reply brief. But submitting new evidence as part of a
11  reply is improper where it is not responsive to argument "either raised by the
12  opposition or unforeseen at the time of the original motion." *Townsend*, 303 F.
13  Supp. 3d at 1027 (striking evidence); *Morris*, 2013 WL 440127, *8 ("New
14  evidence submitted as part of a reply is improper."); *see also Tovar*, 3 F.3d at 1273
15  n. 3 (striking parts of reply brief presenting new information). While it is unclear
16  what (if anything) Plaintiffs proffer Exhibit 45 for, the exhibit discusses a purported
17  episode of a "Naked Hollywood" documentary concerning several films, including
18  the 1986 *Top Gun* film produced by Don Simpson and Jerry Bruckheimer. In
19  connection with their moving papers, Plaintiffs proffered as Exhibit 37 an
20  unauthenticated (and otherwise inadmissible) exhibit purporting to be a copy of the
21  "Naked Hollywood" episode discussed in Exhibit 45. *See* Dkt. 62-1 ¶¶ 233-235.
22  Because they proffered evidence related to Exhibit 45 in connection with their
23  moving papers, *see id*., Plaintiffs cannot introduce new evidence related to the same
24  subject matter for the first time on reply.

Dated: December 22, 2023

O'MELVENY & MYERS LLP

By: */s/ Molly M. Lens*
 Molly M. Lens

*Attorneys for Defendant
Paramount Pictures Corporation*