# EXHIBIT G

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
*mtoberoff@toberoffandassociates.com*

August 29, 2023

Via Email

Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

**RE:** *Yonay v. Paramount Pictures Corporation*

Dear Molly:

We write in response to your colleague Danielle Feur's email of August 23, 2023, concerning Plaintiffs' production of documents (i.e., YONAY000001-00995). As we explain in greater detail below, we disagree with several of your complaints as well as your conclusion that they "erect[] an improper obstacle to Paramount's review and use of the documents" or that the production violates Magistrate Standish's order stipulated to by the parties. Many if not most of your demands instead appear crafted to harass Plaintiffs and their counsel and subject them to needless busy work, thereby taxing their more limited resources. In the spirit of good faith, however, we address below the purported issues contained in your correspondence.

## I. Separation and Labeling of Documents

Plaintiffs' production originally existed in hardcopy format. It took a significant amount of time for Plaintiffs to scan these documents so that they could be made accessible to Defendant. Having reviewed the scanned documents, it is readily apparent "where one document ends and the next begins." Demarcation is evident through, among other things: titles at the beginning of documents, the use of different fonts, pages numbers and, of course, the content (e.g., the continuation of a sentence from one page to the next.)  We therefore ask you to please inform us, prior to our meet and confer, of the documents exactly (by Bates numbers) as to which you are purportedly unable to determine the beginning and end as alleged, and we are more than willing to resolve any such issue to the extent it is genuine.

Although we dispute your contention regarding demarcation, to avoid wasteful motion practice we are willing in the spirit of compromise to divide the single pdf production into separate pdf's for

**TOBEROFF & ASSOCIATES, P.C.**

August 29, 2023
Molly M. Lens
Page: 2

each document, *provided* that you agree that this resolves the entire purported matter complained of in your August 23 letter.

As to your request for document titles: A party has no duty to organize or label documents beyond producing the material in the format in which they were kept. *National Jewish Health v. WebMD Health Services Group, Inc.,* 305 F.R.D. 247 (D. Colo. 2014). Plaintiff will produce the documents with Bates stamp titles -- the same way you furnished defendant Paramount Pictures Corporation's ("Paramount") production to us.

### II.  Legibility of Documents; OCR

We further disagree with your assessment that "several of the scans are low quality and/or impacted by light/shadows" and again note that no specific documents or pages were identified in your letter as illegible. Please identify by Bates' number, the documents and pages which are purportedly illegible. We encountered no issues reading the text of the documents. If Defendant finds particular pages illegible, it should identify them.  Paramount's overbroad requests called for the production of decades-old documents that were scanned in their current form. It should come as no surprise that 30-40 year old clippings of magazine and newspaper stories written by Ehud Yonay, as requested, are not in pristine condition.

With regard to character recognition, we note that the respective typefaces may make OCR difficult to accomplish. This is also true for the scanned documents you produced on Paramount's behalf, many of which result in inaccurate character recognition and are *effectively unsearchable*. Counsel notes that it has produced 995 pages of documents, a significant portion of which *is* text-searchable. Reviewing the remainder of the production, i.e., the scanned documents, is not a laborious task. By comparison, rescanning all of the documents produced thus far would impose a significant burden on Plaintiffs; in all likelihood would not resolve the issue, and doing so would not be proportional to the discovery needs in this case.

### III.  Metadata

As much of Plaintiffs' document production is comprised of recent scans of decades-old physical documents, your demands concerning metadata ring hollow. Again, the documents produced consist largely of recent PDF scans of decades-old articles and contracts in Shosh Yonay's possession, as one would think. Thus, no meaningful metadata exists in the first instance. Furthermore, "Courts have expressed reservations about the utility of metadata, explaining that it does not necessarily lead to admissible evidence and that it can waste parties' time and money." Karen L. Stevenson, J. & James E. Fitzgerald, *Federal Civil Procedure Before Trial, California & Ninth Circuit Edition* ¶ 11:1851.23 (Rutter Grp., Apr. 2023 rev. ed.) (collecting cases). Paramount has not demonstrated a need for or the viability of metadata associated with the type of documents requested by Paramount or with the documents produced by Plaintiffs. Whatever dubious value such additional information may offer is greatly outweighed by the cost and burden of production. *See e.g., In re Keurig Green Mountain*

2

**TOBEROFF & ASSOCIATES, P.C.**

August 29, 2023
Molly M. Lens
Page: 3


*Single-Serve Coffee Antitrust Litig.,* 14-CV-MD 2542 (VSB)(SLC), 2020 WL 1940557, at *2
(S.D.N.Y. Apr. 22, 2020); *Zhulinska v. Niyazov L. Grp., P.C.*, No. 21-CV-1348 (CBA), 2021 WL
5281115, at *6 (E.D.N.Y. Nov. 12, 2021).



     I am available to meet and confer with you this Thursday, August 31, at 3:00 pm or Friday,
September 1 at 2:30, 3:30, 4:30 or 5 pm.


     All rights are reserved.

                      Very truly yours,

                      Marc Toberoff

3