UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | May 31, 2024 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sail-Salesman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Fees Pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 26(b)(4)(E)(i) ("Motion"), filed by defendant Paramount Pictures Corporation ("Defendant"). (Docket No. 109). The Motion has been fully briefed. (See Docket Nos. 113, 115.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 3, 2024, is vacated and taken off calendar.

**I.    Background**

Plaintiffs Shosh Yonay and Yuval Yonay (collectively, "Plaintiffs") are the widow and son of Ehud Yonay ("Yonay"), the author of a magazine article entitled "Top Guns" (the "Article"). After the Article was published in 1983, Defendant and Yonay executed an Assignment of Rights, assigning the motion picture rights in the Article to Defendant. The Assignment of Rights required Defendant to credit Yonay on the film of any motion picture that was produced under the Assignment of Rights and substantially based upon or adapted from the Article, or any version or adaptation thereof. In 1986, Defendant released the motion picture "Top Gun" (the "Original Film") and credited Yonay. On January 23, 2018, after Yonay's death, Plaintiffs terminated Defendant's rights in the Article pursuant to 17 U.S.C. § 203(a). Defendant then released the sequel to the Original Film, "Top Gun: Maverick" (the "Sequel"), on May 27, 2022, without crediting Yonay.

Plaintiffs commenced this action on June 6, 2022. The First Amended Complaint ("FAC") alleged that the Sequel infringed on Plaintiffs' copyright in the Article and that Defendant breached the Assignment of Rights by not crediting Yonay in the Sequel. (See Docket No. 16 ¶ 52.) Defendant filed a Motion to Dismiss the FAC (Docket No. 20), which the Court denied (Docket No. 24).

On November 6, 2023, the parties filed cross-motions for summary judgment. (Docket Nos. 58, 62.) The Court denied Plaintiffs' motion, granted Defendant's motion, and issued a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | May 31, 2024 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

Judgment in Defendant's favor on April 5, 2024. (Docket No. 105–106.) On April 19, 2024, Defendant filed this Motion.

## II. Legal Standard

Under the Copyright Act, a district court may in its discretion award "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. No precise formula governs whether a court should exercise its discretion to grant attorneys' fees pursuant to § 505. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Rather, "§ 505 grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197, 203, 136 S. Ct. 1979, 1985, 195 L. Ed. 2d 368 (2016). "Courts 'may consider (but [are] not limited to) five factors in making an attorneys' fees determination . . . (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) [objective] reasonableness of [the] losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n, 953 F.3d 638, 653 (9th Cir. 2000) (quoting Wall Data, Inc. v. Los Angeles Cty. Sheriff's Dep't, 447 F.3d 769, 878 (9th Cir. 2006)); see also Shame On You Prods., Inc. v. Banks, 893 F.3d 661, 666 (9th Cir. 2018) (explaining that courts should give "substantial weight" to the reasonableness factor). In applying these factors, courts must remain "faithful to the purposes of the Copyright Act," which was intended to discourage infringement and enrich the public through access to creative works. Fogerty, 510 U.S. at 526–27, 534 n.19; see Kirtsaeng, 579 U.S. at 198.

## III. Analysis

The first factor (Defendant's degree of success) weighs in favor of awarding attorneys' fees. See Tresóna Multimedia, LLC, 953 F.3d at 653 ("Defendants prevailed across the board in this action in the district court . . . . This complete success weighs in favor of an award of attorneys' fees."). However, the Court concludes that the second, third, and fourth factors (frivolousness, motivation, and objective reasonableness) do not support an award of attorneys' fees for the following reasons.

Plaintiffs' claims were motivated by an honestly held belief that the Sequel infringed Yonay's Article and a desire to obtain compensation and credit for Yonay's creative work. See Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1230–31 (9th Cir. 2008) (affirming denial of fees to prevailing defendants where, in addition to other factors, "Plaintiffs' motivation in bringing [their] claims was to protect an interest that they believed was theirs"). Plaintiffs' claims were also not unreasonable or frivolous. The fact that Defendant obtained the motion picture rights in the Article prior to releasing the Original Film, then released the Sequel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | May 31, 2024 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

after Plaintiffs' terminated Defendant's rights, supports this conclusion. Although the Court ultimately found that the Article and Sequel were not substantially similar in their protected elements, that finding does not render Plaintiffs' claims unreasonable or frivolous. See Pasillas v. McDonald's Corp., 927 F.2d 440, 444 (9th Cir. 1991) (explaining that "[d]eterminations about substantial similarity are rarely obvious" and declining to award attorneys' fees where the copyrighted and accused works shared only unprotectable elements). Moreover, the Court found that "the alleged similarities between the Article and the Sequel" were sufficient to overcome Defendant's Rule 12(b)(6) motion. (Docket No. 24 at p. 6.) Accordingly, factors two through four weigh against an award of attorneys' fees.

Defendant contends that the fifth factor weighs in its favor because awarding attorneys' fees would compensate Defendant for its meritorious defense and deter future, meritless claims. To some extent, Defendant's successful defense of this lawsuit supports an award of attorneys' fees. However, because Plaintiffs did not assert unreasonable or frivolous claims, or pursue this action in bad faith this factor ultimately does not weigh in fvor of awarding fees. See Segal v. Rogue Pictures, CV 10-5650 DSF (AJWx), 2012 WL 13005531, at *3 (C.D. Cal. July 19, 2012) ("Given that the Court finds that Plaintiff did not act in bad faith in bringing or pursuing this litigation, neither compensation nor deterrence weigh in favor of awarding fees."). Cf. Shame On You Prods., 893 F.3d at 668 (general considerations of deterrence may support awarding fees against a party who litigated an objectively unreasonable claim or brought a claim in bad faith). Courts may also consider "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763, 766 (9th Cir. 2003); see also King v. IM Glob., No. CV 15-09646 SJO(AGRx), 2017 WL 2620695, at *3 (C.D. Cal. Jan. 25, 2017) ("When looking at [the deterrance] factor in the context of a successful defendant, courts must be careful not to 'discourage "starving artists" from defending copyrights in original works due to the threat of attorney's fees.'" (quoting Brod v. Gen. Publ'g Grp., Inc., 32 F. App'x 231, 236 (9th Cir. 2002))). Although the parties dispute the amount of resources Plaintiffs would have to satisfy an award of attorneys' fees, the Court concludes that the compensation and deterrence factor tips at least slightly against an award of fees, or is neutral at most.

Defendant also contends that an award of attorneys' fees would further the "ultimate aim" of the Copyright Act: "to stimulate artistic creativity for the general public good." (Docket No. 109 at p. 12 (internal quotations omitted).) The successful defense against copyright infringement claims may assure that a defendant's work remains available to the public, thus furthering the goal of stimulating artistic creativity for the general public good. However, it is not the purpose of the Copyright Act to deter litigants from bringing potentially meritorious claims, even if those claims are ultimately unsuccessful. See Scott v. Meyer, No. CV 09-6076 ODW (RZx), 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010); Muromura v. Rubin Postaer &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3846 PA (GJSx) | Date | May 31, 2024 |
|---|---|---|---|
| Title | Shosh Yonay, et al. v. Paramount Pictures Corporation, et al. | | |

Assocs., No. CV 12-09263 DDP (AGRx), 2015 WL 5456583, at *2 (C.D. Cal. Sept. 17, 2015). Here, denying Defendant attorneys' fees would not contravene the ultimate aim of the Copyright Act.

Defendant also requests reimbursement of costs from Plaintiffs in the amount of $4,500. Plaintiffs noticed the deposition of Defendant's expert James McDonald, which lasted 9 hours, and Mr. McDonald charged $500 per hour for his deposition testimony. Rule 26(b)(4)(E)(i) of the Federal Rules of Civil Procedure provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)." And Rule 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." In their Opposition, Plaintiffs do not dispute Defendant's request for Mr. McDonald's deposition costs. Accordingly, the Court awards Defendant $4,500 in costs. See Hellman v. Greystone Nevada, LLC, No. 2:20-cv-00559-JCM-BNW, 2021 WL 7084877, at *1 (D. Nev. Dec. 28, 2021) (explaining that Rule 26(b)(4)(E) entitles an expert to a reasonable fee for testifying at a deposition).

## Conclusion

For the foregoing reasons, the Court declines to award attorneys' fees to Defendant. However, the Court grants Defendant's Motion to the extent it seeks $4,500 in costs for the deposition of James McDonald.

IT IS SO ORDERED.